STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996)
BRIAN C. FRONTINO (State Bar No. 222032)
2029 Century Park East
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
    VW CREDIT LEASING, LTD. and
    VW CREDIT, INC. aka VOLKSWAGEN
    CREDIT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSAHON OMOREGIE, | Case No. C 07-03884 PJH |
|     Plaintiff(s), | **OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND REQUEST FOR SANCTIONS** |
| vs. | |
| BOARDWALK AUTO CENTER, INC. and VW CREDIT LEASING LTD. And VOLKSWAGEN CREDIT, INC. | |
|     Defendant(s). | |

50369812

# I. INTRODUCTION

In furtherance of its stated purpose, i.e., "to foster cooperation among adversaries and counsel," defendants VW Credit Leasing, Ltd. and Volkswagen Credit, Inc., aka VW Credit, Inc. (together, "VCI"), timely provided plaintiff Osahon Omoregie ("Plaintiff") with a properly executed Waiver of Service on August 17, 2007, as requested. Pursuant to Federal Rule of Civil Procedure 4(d), therefore, VCI's response to Plaintiff's Complaint is not due until October 9, 2007. Plaintiff, a Stanford Law School student, now improperly attempts to take VCI's default in this action. Given that VCI has not failed to respond to Plaintiff's Complaint and, instead, was granted an additional 40 days to respond to the Complaint by providing a waiver of service, Plaintiff's Request for Entry of Default should be denied and sanctions awarded in the amount of $1,200.00.

# II. FACTUAL AND PROCEDURAL BACKGROUND

## A.  Service Of The Summons And Complaint

On or about August 6, 2007, Plaintiff sent via U.S. Mail the Summons, Complaint and Waiver of Service form to VCI. (Declaration of Brian C. Frontino ("Frontino Decl.") ¶ 2, Ex. A.) On August 17, 2007, VCI executed and returned the Waiver of Service. (Id. ¶ 3, Ex. B.) Pursuant to the Waiver of Service, VCI has 60 days from the date Plaintiff requests the waiver (August 6, 2007) to respond to the Complaint, i.e., to October 9, 2007.[1]

In the meantime, Plaintiff also sent via U.S. Mail the First Amended Complaint (the "FAC") again directly to VCI on August 14, 2007.[2] VCI's registered agent did not receive the FAC until August 17, 2007. (Id. ¶ 5, Ex. D.) VCI then provided the FAC to its counsel on August 22, 2007, after the Waiver of Service already had been provided to Plaintiff. (Id.)

## B.  Plaintiff's Request For Entry Of Default.

On September 5, 2007, Plaintiff filed a Request for Entry of Default against VCI (the "Request"). In the Request, Plaintiff declares that he effected service pursuant to Federal Rule of Civil Procedure 5(a). (Plaintiff's Request for Entry of Default 2:1-3; Declaration of Osahon

---

[1] The 60-day deadline falls on Sunday, October 7, 2007. Monday, October 8, 2007 is Columbus Day, a designated federal holiday. Pursuant to Federal Rule of Civil Procedure 6(a), VCI's response to the Complaint is therefore due on October 9, 2007.

[2] Plaintiff did not file the FAC until August 20, 2007.

50369812                                   - 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Omoregie in Support of Request for Entry of Default ("Omoregie Decl.") 1:22-25.) In support of his Request, Plaintiff offers a "Certificate of Service," indicating that he sent the FAC to VCI via U.S. Mail on August 14, 2007. (Ooregie Decl., Ex. A.)[3]

On September 5, 2007, after filing the Request, Plaintiff emailed counsel for VCI to advise that he had filed the Request. VCI's counsel repeatedly requested that Plaintiff withdraw the Request because VCI's response to the Complaint is not due until October 9, 2007 and, as Plaintiff is well aware, VCI fully intends to respond to the FAC. (Frontino Decl. ¶ 5.) Plaintiff refused to withdraw the Request of Entry of Default. (Id.)

### III. ARGUMENT

**A.     Plaintiff's Purported Mailing Of The First Amended Complaint Pursuant To Rule 5 Does Not Trigger A Default.**

In federal court, process may be served under either the law of the state in which the district court sits or by personal service pursuant to Federal Rule of Civil Procedure 4. See Staudte v. Abrahams, 172 F.R.D. 155, 156 (E.D. Pa. 1997) (citing Fed. R. Civ. P. 4(e)(1)). For business entities, like VCI, "service upon a domestic or foreign corporation … <u>and from which a waiver of service has not been obtained and filed</u> … shall be effected … in a judicial district of the United States in the manner prescribed for individuals by [Rule 4(e)(1)], or by delivering a copy of the summons and complaint to an officer, a managing general agent, or to any other agent authorized by appointment or by law to receive service of process … ." Fed. R. Civ. P. 4(h) (emphasis added).

"[T]he Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail." Staudte, 172 F.R.D. at 156 (citing Fed. R. Civ. P. 4(e)).[4] Rule 4 is explicit on the requirements for effecting service by mail, i.e., waiver of service, and even liberal construction cannot override the Rule's plain requirements. See Guth v. Andersen, 118 F.R.D. 502, 503-04 (N.D. Cal. 1988) ("Even though plaintiff is proceeding pro se, he has been made aware

---

[3] Notably, as mentioned above, Plaintiff mailed the initial Summons and Complaint to VCI on August 8, 2007, yet there is no mention of such mailing.

[4] Plaintiff also did not comply with the California Code of Civil Procedure for serving process by mail, which also would have extended VCI's response date well beyond September 4, 2007 in any event.

of the requirements of Rule 4 both by communications from defendants' counsel and by earlier orders of this Court.").

Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings and other papers <u>after</u> a court has jurisdiction over that party, i.e., after the party has formally appeared in the action.  See <u>American Tel. & Tel. Co. v. Merry</u>, 592 F.2d 118, 126 (2d Cir. 1979) (service under Rule 5 on party over whom court has no in personam jurisdiction is invalid); <u>Oklahoma Radio Assocs. V. FDIC</u>, 969 F.2d 940, 943 (10th Cir. 1992).

In the Request, Plaintiff purports to have served VCI with process via U.S. Mail pursuant to Rule 5.  Rule 5, however, does not govern service of the Complaint or the FAC here because VCI had not yet formally appeared in the action at the times each of the complaints were served.  Moreover, U.S. Mail is not an adequate method of service upon which to request default, especially where, as here, VCI provided an executed Waiver of Service.

**B.   Regardless Of The Number Of Complaints Plaintiff Files, The Time To Respond Runs From The Waiver Of Service.**

Instead of effecting costly formal service, a plaintiff may request that defendant waive formal service pursuant to Rule 4(d).  By granting such a waiver, the defendant is entitled to an additional 40 days to respond to the complaint.  "A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent … ."  Fed. R. Civ. Proc. 4(d)(3).

On August 8, 2007, Plaintiff mailed the Summons, Complaint and blank Waiver of Service form to VCI.[5]  VCI completed and returned the Waiver of Service, through its counsel, on August 17, 2007.  Pursuant to the Waiver, VCI's response is not due until October 9, 2007 notwithstanding Plaintiff's mailing of the FAC directly to VCI on August 14, 2007.  Indeed, VCI is under a duty to honor Plaintiff's request for Waiver, and acted in accordance with that duty.  See Fed. R. Civ. P.

---

[5] Plaintiff did not include a prepaid means of returning the waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(2)(G), which some courts have found to invalidate service.  See, e.g., <u>Norlock v. City of Garland</u>, 768 F.2d 654 (5th Cir. 1985).

50369812                               - 3 -

4(d)(d). Plaintiff should not be permitted to take advantage of VCI's good faith compliance with Plaintiff's request.

**C.     Sanctions Are Warranted.**

Federal courts have inherent equitable power to assess attorney fees as sanctions against a party whose litigation conduct is found to be "vexatious" or in "bad faith."  See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-767, 100 S. Ct. 2455 (1980).  As Congress has made abundantly clear, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; see also Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997) (sanctions under Section 1927).  The purpose of a Section 1927 fee award is to deter undesirable conduct.  ADO Finance, AG v. McDonnell Douglas Corp., 938 F. Supp. 590, 595 (C.D. Cal. 1996).

As discussed above, Plaintiff was aware as of August 17, 2007 that VCI was represented by counsel.  Instead of inquiring as to why VCI had not responded to the FAC by the date Plaintiff believed VCI's response was due, Plaintiff merely advised VCI's counsel that Plaintiff had already filed a Request for Entry of Default.  VCI immediately reminded Plaintiff that the Waiver of Service extended the response deadline to October 2007, and requested that Plaintiff withdraw the Request.  Plaintiff refused.  VCI repeated its request numerous times and advised Plaintiff that if the Request was not withdrawn, VCI would seek sanctions for unnecessarily multiplying the proceedings in this action.  Plaintiff still refused to come to an amicable solution.  Accordingly, VCI needlessly has incurred $1,200.00 in attorneys' fees opposing the Request.

//
//
//
//
//
//

50369812                           - 4 -

## IV.  CONCLUSION

For the foregoing reasons, VCI requests that the Court deny Plaintiff's Request for Entry of Default and award VCI sanctions in the amount of $1,200.

Dated:  September 6, 2007

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
BRIAN C. FRONTINO


By:  _____/s/ Brian C. Frontino_____
             Brian C. Frontino

Attorneys for Defendants
  VW CREDIT LEASING, LTD. and VW CREDIT, INC., a/k/a VOLKSWAGEN CREDIT, INC.

50369812

- 5 -

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On September 6, 2007, I served the foregoing document(s) described as: **OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND REQUEST FOR SANCTIONS** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Osahon Omoregie
> 42 Otsego Avenue
> New Rochelle, NY 10804
> Telephone: (917) 805-8309
> Facsimile: (413) 803-5514
> oomoregie@gmail.com

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☒ **(VIA ELECTRONIC MAIL DELIVERY)** By causing the above listed document(s) to be delivered to the person(s) at the email address(es) set forth above.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 6, 2007, at Los Angeles, California.

| Dino Shorté | /s/ Dino Shorté |
|---|---|
| [Type or Print Name] | [Signature] |