1  STROOCK & STROOCK & LAVAN LLP
   LISA M. SIMONETTI (State Bar No. 165996)
2  BRIAN C. FRONTINO (State Bar No. 222032)
   2029 Century Park East
3  Los Angeles, California  90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   lacalendar@stroock.com
5
   Attorneys for Defendant
6      VW CREDIT LEASING, LTD. and
       VW CREDIT, INC. aka VOLKSWAGEN
7      CREDIT, INC.

8

9                  **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12  OSAHON OMOREGIE,                         )  Case No. C 07-03884 PJH
                                             )
13             Plaintiff(s),                 )  **DECLARATION OF BRIAN C.**
                                             )  **FRONTINO IN SUPPORT OF**
14        vs.                                )  **OPPOSITION OF DEFENDANTS VW**
                                             )  **CREDIT LEASING, LTD. AND**
15  BOARDWALK AUTO CENTER, INC. and          )  **VOLKSWAGEN CREDIT, INC. TO**
    VW CREDIT LEASING LTD. And               )  **PLAINTIFF'S REQUEST FOR ENTRY**
16  VOLKSWAGEN CREDIT, INC.                  )  **OF DEFAULT AND REQUEST FOR**
                                             )  **SANCTIONS**
17             Defendant(s).                 )
                                             )
18

19

20

21

22

23

24

25

26

27

28

50369822v3

## DECLARATION OF BRIAN C. FRONTINO

1.     I am admitted to practice before this Court and am an associate of Stroock & Stroock & Lavan LLP ("Stroock"), counsel for defendants VW Credit Leasing, Ltd. and Volkswagen Credit, Inc., aka VW Credit, Inc., (together, "VCI") in this action. I submit this Declaration in support of the Opposition of VCI to the Request for Entry of Default filed by plaintiff Osahon Omoregie ("Plaintiff"). The facts set forth herein are true of my own personal knowledge, except where based upon my review of the pleadings and other papers produced in this action. If called as a witness, I could and would competently testify thereto.

2.     On or about August 6, 2007, Plaintiff mailed the Summons, Complaint and Waiver of Service form to VCI. Attached hereto as Exhibit A is a true and correct copy of the Summons, Complaint, Waiver of Service form and other documents received by VCI's registered agent for service of process.

3.     On August 17, 2007, I responded to Plaintiff via letter enclosing the executed Waiver of Service. Attached hereto as Exhibit B is a true and correct copy of my August 17, 2007 letter enclosing the executed Waiver of Service on behalf of VCI.

4.     Plaintiff confirmed receipt of the executed Waiver of Service on August 18, 2007. Attached hereto as Exhibit C is a true and correct copy of Plaintiff's August 18, 2007 email to me.

5.     VCI's registered agent received the First Amended Complaint on August 17, 2007 via mail and forwarded it to VCI who, in turn, forwarded the First Amended Complaint to me on August 22, 2007. Attached hereto as Exhibit D is a true and correct copy of the First Amended Complaint VCI received from its registered agent.

6.     After Plaintiff advised me via email on September 5, 2007 that the Request for Entry of Default had been filed, I attempted to confer with Plaintiff on an alternate course of action, but Plaintiff refused to so agree. I advised Plaintiff that VCI would seek all remedies available to it for having to respond to Plaintiff's unnecessary Request. Attached hereto as Exhibit E is a true and correct copy of the email correspondence between Plaintiff and me on September 5, 2007.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    7.    My hourly rate is $300.00.  I have spent approximately 4 hours reviewing Plaintiff's

2    Request for Entry of Default and supporting papers, researching the issues addressed in the

3    Opposition and drafting the Opposition and this declaration and compiling the attached Exhibits.

4        I declare under penalty of perjury under the laws of the United States that the foregoing is

5    true and correct.  Executed this 6th day of September, 2007, at Los Angeles, California.

6

7                                                    /s/ Brian C. Frontino
                                                    Brian C. Frontino
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Exhibit A

1  Osahon Omoregie
2  42 Otsego Ave.
3  New Rochelle, NY 10804
4  (917) 805-8309
5  (413) 803-5514 (FAX)
6  oomoregie@gmail.com
7
8  Plaintiff
9
10              UNITED STATES DISTRICT COURT
11
12            NORTHERN DISTRICT OF CALIFORNIA
13
14                  OAKLAND DIVISION
15
16
17  OSAHON OMOREGIE,                    )
18                                      )
19                      Plaintiff,      )    Case No. _____
20                                      )
21  vs.                                 )    COMPLAINT
22                                      )
23  BOARDWALK AUTO CENTER, INC. and     )    DEMAND FOR JURY TRIAL
24  VW CREDIT LEASING, LTD. and         )
25  VOLKSWAGEN CREDIT, INC.,            )
26                                      )
27                      Defendants.     )
28  _____    )
29
30      1.    **Jurisdiction.** This court has jurisdiction over this complaint because at least one

31  claim arises under the laws of the United States and all claims in this complaint arise from a

32  common nucleus of operative facts.

33      2.    **Venue.** Venue is appropriate in this court because at least one of the defendants

34  resides in this district, and a substantial amount of the acts giving rise to this lawsuit occurred in

35  this district.

36      3.    **Intradistrict Assignment.** This lawsuit should be assigned to the Oakland

37  Division of this Court because a substantial part of the events which give rise to this lawsuit

38  occurred in San Mateo County.


Complaint

1      4.      Plaintiff Osahon Omoregie ("Omoregie") is an African American of Nigerian

2   national origin.  On September 2, 2005, Omoregie was a graduate of Harvard University and a

3   second-year law student at Stanford Law School.

4      5.      On September 2, 2005, at or about 3:00 p.m., at One Bair Island Road, Redwood

5   City, San Mateo County, California, Omoregie entered into an agreement to lease a 2005 new

6   Jetta Value Edition ("Jetta") from defendant Boardwalk Auto, Inc. ("Boardwalk") who

7   immediately thereafter assigned the lease to defendants VW Credit Leasing, Ltd. and

8   Volkswagen Credit, Inc. (together "Volkswagen").  Exhibit A is the lease agreement.  Exhibit B

9   describes the Jetta.

10      6.      On August 30, 2005, Omoregie obtained a quote for a promotional offer on a

11   2005 Nissan Altima 2.5s Automatic ("Altima") from another dealership.  The offered rate was

12   $199 per month.  Exhibit C.

13      7.      On September 2, 2005, Omoregie arrived at Boardwalk's One Bair Island Road

14   location to discuss the lease of an Altima at the promotional rate of $199 per month.

15      8.      After test driving an Altima, Omoregie test drove a Jetta and became interested in

16   leasing a Jetta.

17      9.      While test driving the Jetta, Del El-Hassani ("El-Hassani"), an employee at

18   Boardwalk, told Omoregie that he believed an offer similar to the Altima $199 per month offer

19   was available for the Jetta through Volkswagen, however, El-Hassani indicated he was not

20   entirely certain.

21      10.     During the negotiation of the lease of the Jetta, Omoregie specifically asked

22   Mourad Zemmama ("Zemmama"), an Assistant Sales Manager at Boardwalk, if a $199 per

23   month promotional offer was available for the Jetta.

Complaint

2

11.    Zemmama, stated that he was unsure and would check with his manager, David Horn, Boardwalk's General Manager. Zemmama then left the room.

12.    On Zemmama's return, he stated that after consulting with his manager, he was certain that a $199 per month promotional offer was not currently available for the Jetta and to their knowledge no such promotional offer had ever existed for any Jetta.

13.    Zemmama then offered to lease Omoregie a Jetta for $299 a month. As a result of subsequent negotiations, Omoregie agree to lease a Jetta for $216 a month, subject to his not being able to locate proof of a $199 per month promotional offer online with the use of a Boardwalk computer.

14.    Omoregie then preformed a search for a $199 per month promotional offer with the aid of a Boardwalk computer. Omoregie was unable to find such an offer and subsequently leased a Jetta for $216 per month.

15.    During the negotiation, Zemmama stated that after contacting Volkswagen regarding Omoregie, Volkswagen had agreed to finance Omoregie's lease. Zemmama then provided Omoregie with a document regarding Volkswagen. Exhibit D.

16.    On or about September 4, 2005, Omoregie learned that in fact a $199 per month promotional offer was being offered for the Jetta on September 2, 2005 by Volkswagen for which Omoregie would have been eligible.

17.    Exhibit E details the Jetta offer. Exhibit E was provided to Omoregie by Sidi Lalou, General Manager of Sales at Boardwalk, on or about November 18, 2005, during a meeting.

18.    Boardwalk was in possession of Exhibit E, or a substantially similar document, on September 2, 2005.

Complaint

3

1       19.     Omoregie is a responsible consumer and prior to September 2, 2005 had

2   maintained an excellent credit history with a high credit score. Omoregie's Experian credit

3   rating on August 29, 2005 was 774. Exhibit F.

4       20.     The effective annual periodic interest rate on Omoregie lease was 2.40%.

5       21.     The effective annual periodic interest rate on the promotional offer offered by

6   Volkswagen was 1.08%.

7       22.     The interest rate on Omoregie's lease was at a higher rate than was held out to

8   other similarly situated members of the public.

9       23.     Omoregie was qualified for the interest rate discussed in Paragraph 21.

10      24.     Omoregie was qualified for the $199 per month promotional offer on the Jetta

11  offered by Volkswagen.

12      25.     The difference in value of the $199 per month promotional offer offered by

13  Volkswagen and the lease Omoregie signed was $2461.95 (not accounting for time value).

14      26.     To date, Omoregie has incurred costs of $9453.95 under obligations imposed by

15  the lease.

16      27.     Boardwalk regularly extends or arranges for the extension of credit and thus is a

17  creditor under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 (2007) ("ECOA").

18      28.     VW Credit Leasing, Ltd. and Volkswagen Credit, Inc. regularly extend or arrange

19  for the extension of credit and thus are creditors under the ECOA.

20      29.    **Count 1.** Boardwalk unlawfully discriminated against Omoregie with respect to a

21  credit transaction on the basis of Omoregie's race, color, or national origin in violation of the

22  ECOA.

Complaint

30.     **Count 2.** Volkswagen unlawfully discriminated against Omoregie with respect to a credit transaction on the basis of Omoregie's race, color, or national origin in violation of the ECOA.

31.     **Count 3.** Boardwalk fraudulently induced Omoregie into entering the lease described in Paragraph 5. The fraudulent statements were made by Zemmama as described in Paragraph 12.

32.     **Count 4.** Volkswagen unlawfully aided and abetted in the fraudulent inducement of Omoregie into entering the lease described in Paragraph 5. The fraudulent statements were made by Zemmama as described in Paragraph 12. Volkswagen was aware, or had sufficient facts to put an ordinary prudent person on notice, that a fraud had been committed. Volkswagen enabled and received the fruits of that fraud.

33.     **Prayer for relief.** Omoregie desires the recession of the lease agreement described in Paragraph 5. Omoregie desires compensatory damages in the amount of $9453.95. Omoregie desires that punitive damages be award against all three defendants for their violation of the ECOA to the statutory maximum of $10,000.00 per defendant for a total of $30,000.00. Omoregie desires that punitive damages be awarded against all three defendants for their fraud in the amount of no less than $1,000,000.00 per defendant for a total of no less than $3,000,000.00.

1                           Respectfully submitted,

2                           By: _____

3                           42 Otsego Ave.

4                           New Rochelle, NY 10804

5                           (917) 805-8309

6                           (413) 803-5514 (FAX)

7                           oomoregie@gmail.com

Complaint

**Volkswagen Credit**
Contact us at (800) 428-4034

# CALIFORNIA
## MOTOR VEHICLE LEASE AGREEMENT



**Exhibit A
2 pages
Redacted**

LEASE DATE

Lessee Billing Address (if different from below)

Primary Residential Address (if different from above)

### Description of Leased Vehicle

[ ] NEW   [ ] USED   [ ] DEMO

### Description of Trade-In Vehicle or Other Property

| YEAR | MAKE | MODEL | | |
|---|---|---|---|---|
| OTHER | | | Agreed-Upon Value of Vehicle | $ |
| | | | Agreed Upon Value (Other) | $ |
| | | | Amount Owed on Trade-in | $ |
| | | | Net Trade-in Allowance | $ |

**1 Amount Due at Lease Signing or Delivery**
(Itemized below)

$

**2 Monthly Payments**
A. Your first Monthly Payment of $ is due
to be followed by payments of $
due on the
each month, beginning on
B. The total of Your Monthly Payments is $

**3 Other Charges (Not part of Your Monthly Payments)**
A. Turn-in Fee
B. If You do not purchase the Vehicle $
B.
C.
Total   $

**4 Total of Payments**
(The amount You will have paid by the
end of the Lease)

$

## 5 *Itemization of Amount Due at Lease Signing or Delivery:

**A. Amount Due at Lease Signing or Delivery:**
1. Capitalized Cost Reduction
2. Taxes on Capitalized Cost Reduction
3. First Monthly Payment
4. Refundable Security Deposit
5. Acquisition Fee
6. Title Fees
7. Registration Fees
8. License Fees
9. Sales Tax
10. Documentary Fee
11.
12.
13. Total

**B. How the Amount Due at Lease Signing or Delivery will be Paid:**
1. Net Trade-in Allowance
2. Rebates and Noncash Credits
3. Amount to be Paid in Cash
4. Amount to be Paid by Credit Card
5.

## 6 Your Monthly Payment is Determined as Shown Below:

A. **Gross Capitalized Cost.** The agreed upon value of the Vehicle
$ and any items You pay over the Lease Term
(such as taxes, fees, service contracts, insurance, and any outstanding
prior credit or lease balance)

B. **Capitalized Cost Reduction.** The amount of any Net Trade-in
Allowance, Rebate, Noncash Credit, or Cash You pay that reduces the
Gross Capitalized Cost

C. **Adjusted Capitalized Cost.** The amount used in calculating
Your Base Monthly Payment

D. **Residual Value.** The value of the Vehicle at the end of the Lease
used in calculating Your Base Monthly Payment

E. **Depreciation and any Amortized Amounts.** The amount
charged for the Vehicle's decline in value through normal use and for
other items paid over the Lease Term

F. **Rent Charge.** The amount charged in addition to the Depreciation
and any Amortized Amounts

G. **Total of Base Monthly Payments.** The Depreciation and any
Amortized Amounts plus the Rent Charge

H. **Lease Payments.** The number of payments in Your Lease
(the number of months in Your Lease : Lease Term)

I. **Base Monthly Payment**

J. **Monthly Sales / Use Tax**

K.

L. **Total Monthly Payment** ("Monthly Payment")

**Early Termination.** You may have to pay a substantial charge if You end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier You end the Lease, the greater this charge is likely to be.

## 7 Excessive Wear and Use. You will be charged for excessive wear based on our standards for normal use and for mileage in excess of _____ miles for the Lease Term with a maximum additional charge of ___ at a rate of $ per mile. You will not receive a credit or rebate if You drive the Vehicle for less mileage than allowed. If this is a vehicle subject mileage includes miles over the Lease Term purchased at $0 ___ per mile, which is provided in Your Monthly Payment.

## 8 Purchase Option at End of Lease Term. You have an option to purchase the Vehicle at the end of the Lease Term for a Purchase Option Amount of $ ___ plus a Purchase Option Fee of $ plus all amounts You owe under the Lease plus any official fees and taxes imposed in connection with the purchase of the Vehicle.

## 9 Other Important Terms. See the front and back of this Lease for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

**10 Itemization of Gross Capitalized Cost**

A. Agreed Upon Value of Vehicle at Lease Signing ................................. $ _____

B. Agreed Upon Value of Accessories and Optional Equipment
   to be Added After Lease Signing

   _____ $ _____

   _____ $ _____

   _____ $ _____

   _____ $ _____

   _____ $ _____

C. Premiums for Insurance Policies .................................................. $ _____

D. Service Contracts ....................................................................... $ _____

E. Charge for Optional Debt Cancellation ........................................ $ N/A

F. Outstanding Prior Credit or Lease Balance .................................. $ _____

G. Acquisition Fee ......................................................................... $ _____

H. Sales Tax .................................................................................. $ _____

I. Initial License, Title and Registration Fees .................................. $ _____

J. Documentary Fee (Not a Government Fee) .................................. $ _____

K. Other ....................................................................................... $ _____

L. **Gross Capitalized Cost** ........................................................... $ _____

**11 Estimated Official Fees and Taxes.** The total estimated amount You will pay during the Lease Term for official fees, vehicle registration, certificate of title, license fees and taxes, including personal property tax, whether included with Your Monthly Payment or assessed otherwise, is $ _____. The actual total of fees and taxes may be higher or lower depending on the value of the Vehicle at the time a fee or tax is assessed.

**12 Service Contract.** Although You are not required to do so, You agree to purchase a contract for certain benefits and repairs of this Vehicle, included below. The term of this protection will be _____ from the Lease Date or from the date of Vehicle delivery or until the Vehicle's odometer shows _____ miles, whichever occurs first. If You have decided to purchase this protection, You have reviewed the terms of the contract which describe the details of this protection and understand a copy of the completed contract will be sent to You as soon as practicable.

NAME AND ADDRESS OF SERVICE CONTRACT PROVIDER

_____

You choose to purchase a Service Contract for $ _____ and pay for it during the Lease Term as part of the Monthly Payment; or You have paid cash for the Service Contract.

☐ LESSEE INITIALS  X _____    ☐ CO-LESSEE INITIALS  X _____

**13 Warranties.** This Vehicle is covered by a limited warranty or extended warranty if indicated below:

☐ Standard New Vehicle Limited Warranty provided by the manufacturer.

☐ Used Vehicle Limited Warranty provided by the manufacturer.

☐ Remainder of Standard New Vehicle Limited Warranty provided by the manufacturer (if used Vehicle).

You acknowledge that You are leasing the Vehicle from Lessor "AS-IS", EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, LESSOR MAKES NO PROMISE AS TO THE MERCHANTABILITY OR SUITABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OF THE VEHICLE. This means that there is no promise that the Vehicle will be fit for use for any particular purpose or even that it will be fit for the normal purpose for which a vehicle is used.

**14 Insurance Verification.** You must maintain the insurance coverage described in the Vehicle Insurance paragraph. You affirm that such insurance is in force on the date of this Lease. Insurance details are as follows:

My Insurance Company _____

Policy Number _____

Effective Date _____  Expiration Date _____

Agent's Name _____

Agent's Address _____

Phone Number _____

Initials of Dealer Employee who verified insurance coverage X _____

Agency Contact Name and Title _____

You must instruct your Agent to send the Policy, Endorsement or Certificate to _____

The name or amount of this value of this Vehicle at the time a fee or tax is assessed.

VOLKSWAGEN CREDIT, P.O. BOX 659300, COCKEYSVILLE, MD 21065-9300

**15 Other Agreements Between You and Lessor.** This space is provided by Lessor to memorialize further, formal and other agreements with You that are not documented elsewhere in the Lease. Except as provided below, You agree that there are no other agreements between You and Lessor relating to the Lease.

_____

You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You.

**THERE IS NO COOLING OFF PERIOD**

California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, You cannot later cancel this Lease simply because You change Your mind, decided the Vehicle costs too much, or wish You had acquired a different Vehicle. You may cancel this Lease only with the agreement of the Lessor or for legal cause, such as fraud.

Notice to Lessee: (1) Do not sign this Lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this Lease; (3) Warning - Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

**You acknowledge that You have read this Lease and have been given a filled in copy of this Lease at the time of signing.**

**LESSEE SIGNATURES**

X _____

This form is designed to comply with existing law as of the date printed at the top right of the form. Changes to the law may render this form obsolete. Before using this form, contact Volkswagen Credit to determine if the form is current.

**LESSOR'S SIGNATURE**

The authorized signature of the Lessor has the effect of: (1) Accepting the terms and conditions of this Lease, and (2) Assigning to Holder by adding in the assignment below all rights, title and interest in and to the Vehicle and this Lease, including all amounts to become due under it subject to the provisions of the Dealer Lease Finance Plan Agreement between Lessor and Holder.

X _____

**GUARANTY**

The undersigned unconditionally guarantees payment to Holder of all liabilities and indebtedness of the above Lessee under the terms of this Lease and full performance under the terms of this Lease. Holder shall not be required to exhaust any recourse or take any action against Lessee before being entitled to payment by the undersigned of all amounts hereby guaranteed. If Lessee defaults, Holder shall have the right to approve any extensions, renewals, modifications or amendments of or any indorsements, liability or obligation under the terms of this Lease without waiving its rights against the undersigned. The undersigned agrees to pay all expenses including, but not limited to, attorneys' fees and legal expenses incurred by Holder if it has to enforce this Guaranty. The undersigned acknowledges having received a copy of this Lease.

X _____

**THIS LEASE CONTINUES ON THE REVERSE SIDE. PLEASE READ BOTH SIDES FOR TERMS AND CONDITIONS.**

# 2005    new JETTA  Value Edition

Exhibit B

Exterior: Platinum Gray    Interior: Velour Anthracite

**Manufacturer's Suggested Retail Price:**    $17,900.00

## STANDARD FEATURES (unless replaced by options)

### PERFORMANCE/HANDLING
- 2.5 liter, 150 horsepower, 170 lbs-ft torque, in-line 5 cylinder engine, Partial Zero Emissions Vehicle
- Front wheel drive
- Electro-mechanical power steering
- Independent strut front suspension
- Multilink independent rear suspension
  - Slip Regulation (ASR)
- Electronic Differential Lock (EDL)
- Anti-lock Braking System (ABS)
- 195/65/R15 H, all season tires

### SAFETY/DURABILITY
- Driver and front passenger front airbag supplemental restraint system
- Driver and front passenger side airbag supplemental restraint system
- Side Curtain Protection (TM) head airbags, front and rear
- 3-point safety belts, all seating positions
- Lower Anchors and Tethers for Children (LATCH)
- Child safety rear door locks
- Daytime running lights
- Height adjustable front safety belts
- Adjustable active front seat head restraints
- Side protection beams
- Front and rear power assisted disc brakes

### COMFORT/CONVENIENCE
- Air conditioning, CFC-free with pollen and dust filter, close control
- Power windows with pinch protection
- Folding key with remote keyless locking
- Power/heatable outside mirrors
- Height adjustable, telescoping steering column
- Center armrest with storage
- Adjustable intermittent front wipers
- Front and rear carpeted floor mats
- Adjustable height and lumbar for front seats
- Split folding rear seat w/ valet lockout
- Dual front visor vanity mirrors
- Front and rear reading lights
- Remote release for fuel filler flap
- Remote release for trunk w/ valet lockout
- Power central locking system

### SPECIAL FEATURES AT NO CHARGE
- 15" steel wheels with full wheel covers
- In-dash, single CD player
- Anti-theft alarm system for vehicle and radio
- Immobilizer theft deterrent system

### WARRANTY INFORMATION
- Volkswagen New Vehicle Limited Warranty
  4 years/50,000 miles (whichever occurs first)
- Powertrain Limited Warranty
  5 years/60,000 miles (whichever occurs first)
- Limited Warranty against Corrosion Perforation
  12 years/unlimited mileage
  Please ask your dealer for a copy of the Volkswagen warranty booklet for details.
  ROADSIDE ASSISTANCE
- 4 years/unlimited mileage
- Provided by a third party supplier

### PACKAGES/OPTIONS

| | |
|---|---|
| Platinum Gray | No Charge |
| Velour Anthracite | No Charge |
| Splash Guards (Set Of 4) | $160.00 |
| 5 Speed Manual Transmission | No Charge |

Destination Charge    $615.00


Volkswagen Credit

better to get you into a Volkswagen than us?

**Total Price:**    **$18,675.00**
Fuel, license, title fees, taxes and dealer installed accessories are not included.

## Osahon Omoregie

**Exhibit C**
**2 pages**

**From:**          Falore Nissan - SRIKAR REDDY [sreddy@users.ccleads.com]
**Sent:**          Tuesday, August 30, 2005 11:47 AM
**To:**            Osahon Omoregie
**Subject:**       Re: Your New Vehicle Purchase Request

Hi Osahon...

Right now we have a Special on leasing 2005 Altima 2.5s Autoamtic.

Here are the details....

Drive off $1999 which includes first month payment.

$199+tax monthly payment for 24 months.

Roughly your payment with tax would be $216 per month and it is 12000 miles per year lease.

This lease offer may end tommorrow, this is special lease from Nissan for 24 months only.


Any questions let me know.

You can reach me on 408-735-6888 or 408-234-4624(cell)

Thanks

REDDY


-----Original Message-----
From: Osahon Omoregie
Sent: August 30, 2005 10:39:45 AM PDT
To: Falore Nissan - SRIKAR REDDY
Subject: Re: Your New Vehicle Purchase Request

Hello Srikar,

Thank you very much for your email. I am actually interested in quotes on how much it would cost to lease this car for either 24 or 36 months. Could you please tell me how much I would need to put down and how much I would then have to pay each month including all applicable fees and tax. I am planning on purchasing a car tomorrow (either an Altima or a comprable care, i.e., Civic or Corolla) and I would like to determine which dealerships to visit, so your quote would be very helpful. If it helps to determine the quotes my credit rating is 774 on Experian. Please let me know as soon as possible so I can plan accordingly.

Thank you very much.

Osahon Omoregie

*Falore Nissan - SRIKAR REDDY <*                          > wrote:

Dear Osahon,

Thank you for your interest in our new 2005 Nissan Altima, here at Falore Nissan. My name is SRIKAR REDDY and I am the Fleet Manager. We are committed to providing our Internet consumers with a simple, efficient and enjoyable shopping experience. Moreover, here at Falore Nissan you can be assured of receiving the premier service in the Sunnyvale area.

The Altima that you requested is in stock. Our Internet sale price for that vehicle is $$17995+Fees (After Rebate) plus all applicable taxes and fees as required by law.

When would be the best time for you to see and test drive this vehicle:
Today or tomorrow?
Morning or afternoon?
Appointment time?
Location (dealership/home/office)?

Please let me know at your earliest convenience (via e-mail or phone). Also, please include the two most convenient phone numbers to reach you at so I can reconfirm this appointment. If I have not heard from you by the end of business today, I will try to touch base prior to leaving the dealership.

Once again, thank you for your inquiry and for choosing Falore Nissan.

Sincerely,
SRIKAR REDDY
Fleet Manager
408-735-6888

2

SEP 2, 2005    TITLING INFORMATION              Store 01 PANDI01   PORT 5009  TITL

**Exhibit D**

```
   1   COMPANY NAME           VW CREDIT INC.
   2     ADDRESS              1401 FRANKLIN BLVD
   3     CITY                 LIBERTYVILLE
   4     STATE                IL
   6     COUNTY                        5 ZIP 60048

   7   TITLING NAME           VOLKSWAGEN CREDIT
   8     ADDRESS              1401 FRANKLIN BLVD.
   9     CITY                 LIBERTYVILLE
  10     STATE                IL           11 ZIP 60048
  12     COUNTY

  13   TITLING LIEN NAME      VOLKSWAGEN CREDIT
  14     ADDRESS              1401 FRANKLIN BLVD.
   5     CITY                 LIBERTYVILLE
   )     STATE                IL           17 ZIP 60048
   8     COUNTY
```

(LINE#) (M=MODIFY) (F3=PREV) (F4=NEXT)
SHIFT F1=FKEYS

**Exhibit E**

## MY2005 new Jetta Sedan
## Available Leases - July 6 - Sept. 6, 2005

| | new Jetta Value Edition | | new Jetta 2.5L | | new Jetta 2.5L with Package 1 | | new Jetta 2.5L with Package 2 | |
|---|---|---|---|---|---|---|---|---|
| | 19 State | New York | 49 State | New York | 49 State | New York | 49 State | New York |
| MSRP (Base) | $16,900.00 | $17,900.00 | $20,300.00 | $20,300.00 | $22,350.00 | $22,350.00 | $25,050.00 | $25,050.00 |
| Automatic Transmission | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Destination Charges | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 |
| Total MSRP | $18,515.00 | $18,515.00 | $21,000.00 | $21,000.00 | $22,965.00 | $22,965.00 | $25,665.00 | $25,665.00 |
| Customer Down Payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| Invoice | $17,049.60 | $17,049.60 | $18,779.00 | $18,779.00 | $20,569.00 | $20,569.00 | $23,036.00 | $23,036.00 |
| VCI Lease Bonus | $450.00 | $450.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 |
| Memo: Available Gross | $851.00 | $851.00 | $1,611.05 | $1,611.05 | $1,781.09 | $1,781.09 | $2,014.00 | $2,014.00 |
| Dealer Discount | $865.95 | $865.95 | $720.05 | $720.05 | $926.58 | $926.58 | $1,152.27 | $1,152.27 |
| Capitalized Cost | $16,908.34 | $16,908.34 | $18,304.95 | $18,304.95 | $20,118.42 | $20,118.42 | $22,592.73 | $22,592.73 |
| | | | | | | | | |
| RV % 12K | 56% | 56% | 54% | 54% | 54% | 54% | 54% | 54% |
| Residual Value $ | $10,183.26 | $10,183.25 | $11,342.70 | $11,342.70 | $12,401.10 | $12,401.10 | $13,859.10 | $13,859.10 |
| Term | 36 | 36 | 36 | 36 | 36 | 36 | 36 | 36 |
| Program Rate | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 |
| Monthly Payment | $199.00 | $199.00 | $205.00 | $205.00 | $239.00 | $239.00 | $269.00 | $269.00 |
| | | | | | | | | |
| Total Monthly Payments | $7,164.00 | $7,164.00 | $7,524.00 | $7,524.00 | $8,294.00 | $8,294.00 | $9,324.00 | $9,324.00 |
| | | | | | | | | |
| Down payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| 1st month payment | $199.00 | $199.00 | $205.00 | $205.00 | $229.00 | $229.00 | $259.00 | $259.00 |
| Security Deposit | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Acquisition fee | $575.00 | $575.00 | $575.00 | $575.00 | $675.00 | $675.00 | $675.00 | $675.00 |
| Total due at signing | $1,844.00 | $2,060.00 | $1,954.00 | $2,120.00 | $1,924.00 | $2,189.00 | $2,004.00 | $2,229.00 |

Excludes tax, title, license, and other fees.

26-Sep-05

<div style="border:1px solid black;">
**Exhibit F**
**2 pages**
**Redacted**
</div>

## YOUR CREDIT REPORT

**Name:** Omoregie, Osahon
**Address:** ██████████
**City, State Zip:** ██████████

**Report #:** ██████████                    **Date Of Report: 2005-08-29**

## CREDIT INFORMATION

**Account:** ████████  **Acct #:** ████████        **Type:** ████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

| Bureau | 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| | Days Past Due | | | | |
| EFX | | | | 2004-04 | |
| XPN | 0 | 0 | 0 | 2002-12 | |
| TUC | 0 | 0 | 0 | 2004-04 | |

**Comments:** ██████████

**Account:** ████████  **Acct #:** ████████        **Type:** ████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

| Bureau | 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| | Days Past Due | | | | |
| EFX | | | | 1999-12 | |
| XPN | 0 | 0 | 0 | 2002-12 | |
| TUC | 0 | 0 | 0 | 2000-06 | |

**Comments:** ██████████

**Account:** ████████  **Acct #:** ████████        **Type:** ████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

Your Credit Report



## CREDIT SCORES

### Your **Equifax** Credit Score



150                  930

**Your Credit Score Factors**

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Total balance of personal finance accounts is too high
- Not enough bank installment debt experience

### Your **Experian** Credit Score



150                  930

**Your Credit Score Factors**

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Not enough bank installment debt experience
- Installment account balances too high in proportion to credit limits

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OSAHON OMOREGIE,

Plaintiff (s),

v.

BOARDWALK AUTO CENTER, INC.,
ET AL.,

Defendant(s).

No. C 07-03884 JCS

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/30/2007 | Complaint filed | |
| 10/12/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 10/26/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 11/2/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

# STANDING ORDER

1.     Civil Law and Motion is heard on Fridays, at 9:30 a.m.  Criminal Law and Motion is heard on Fridays, at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.     Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m.  Case Management Conferences will no longer be recorded, unless requested by the parties.

3.     In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties.  The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4.     Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691.  All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5.     In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters.  After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.  The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc.  Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court.  This Joint Letter shall include a description of every issue in dispute and,

1

1    with respect to each such issue, a detailed summary of each party's final substantive position

2    and their final proposed compromise on each issue.  Upon receipt of the Joint Letter the Court

3    will determine what future proceedings are necessary.

4

5        6.    In all "e-filing" cases, when filing papers in connection with any motion for

6    determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

7    chambers a printed copy of the papers by the close of the next court day following the day the

8    papers are filed electronically.  **These printed copies shall be marked "Chambers Copy" and**

9    **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

10   **marked with the judge's name, case number and "E-Filing Chambers Copy." Parties**

11   **shall not file a paper copy of any document with the Clerk's Office that has already been**

12   **filed electronically.**

13

14       7.    Any proposed stipulation or proposed order in a case subject to electronic filing

15   shall be sent by email to **jcspo@cand.uscourts.gov.**  This address is to be used only for

16   proposed orders unless otherwise directed by the Court.

17       IT IS SO ORDERED.

18

19   Dated: May 29, 2007

20

21   JOSEPH C. SPERO
     United States Magistrate Judge

22

23

24

25

26

27

28

1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7
8           **NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**
9
10              This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel
11      by mail.  If counsel wish to be served with documents generated by the Court, they must register for
12      E-filing pursuant to Local Rule 5-4 and General Order 45.
13              IT IS SO ORDERED.
14
15      Dated: May 30, 2003
16
17                                                      JOSEPH C. SPERO
                                                        United States Magistrate Judge
18
19
20
21
22
23
24
25
26
27
28

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

AO 399 (Rev. 10/95)

<div style="text-align:right">Clear Form</div>

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
<div style="text-align:center">(DEFENDANT NAME)</div>

that I waive service of summons in the action of _____ ,
<div style="text-align:right">(CAPTION OF ACTION)</div>

which is case number _____ in the United States District Court
<div style="text-align:center">(DOCKET NUMBER)</div>

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after _____ ,
<div style="text-align:right">(DATE REQUEST WAS SENT)</div>

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                                            (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
<div style="text-align:center">(TITLE)                                (CORPORATE DEFENDANT)</div>

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
oomoregie@gmail.com

August 6, 2007

Wilmington Trust Company
Registered Agent for
VW Credit Leasing, Ltd.
Rodney Square North
1100th N. Market Street
Wilmington, DE 19890

To whom it may concern:

      Please find attached documents related to the case Osahon Omoregie v. Boardwalk Auto
Center, Inc., et al. (C07-03884).

Sincerely,
Osahon Omoregie

-LEGAL DEPT.-

9 AUG 07  3 : 19

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

# C07-03884 JCS

## NOTICE OF ASSIGNMENT OF CASE

# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

JOSEPH C. SPERO

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT,
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MagAssnNtc-2-03.wpd

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C07-03884    JCS

Plaintiff(s),

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JCS

C07-03884

Plaintiff(s),

v.

Defendant(s).

**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE**
**AND**
**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____          Signature _____

                                Counsel for _____
                                (Plaintiff, Defendant, or indicate "pro se")

# U.S. District Court Northern California

# ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4) Access** dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### 450 GOLDEN GATE AVENUE
### SAN FRANCISCO, CA  94102

## RICHARD W. WIEKING
Clerk of the Court

(415) 522-2000

August 2, 2007

TO:   Osahon Omoregie
      42 Otsego Ave.
      New Rochelle, NY 10804

Re:   **OSAHON OMOREGIE v. BOARDWALK AUTO CENTER, INC., ET AL.**
      C-07-03884 (JCS)

Dear Counsel:

This matter has been randomly assigned to a United States Magistrate Judge for all purposes.

A review of our records discloses that the Consent to Proceed Before a United States Magistrate Judge or Declination to Proceed before a Magistrate Judge and Request for Reassignment to a United States District Judge has not been filed in this case.  All parties are requested to complete **one** of the enclosed forms documenting either consent or declination and to return it to the Court by **August 16, 2007**.

Sincerely,

Richard W. Wieking, Clerk
United States District Court

By: _Karen L. Hom_____

      Karen L. Hom
      Courtroom Deputy

Enclosure: Forms

Exhibit B

# STROOCK

.

**Via Email and U.S. Mail**

August 17, 2007

Brian C. Frontino
Direct Dial  310-556-5943
BFRONTINO@stroock.com

Osahon Omoregie
42 Otsego Avenue
New Rochelle, New York 10804

Re:   Omoregie v. Boardwalk Auto Center, Inc., et al.
        U.S District Court, Northern District of California Case No. 07-cv-03884

Dear Ms. Omoregie:

Please be advised that this office represents VW Credit Leasing, Ltd. and VW Credit, Inc. aka Volkswagen Credit, Inc. (together, "VW") in the above-referenced action. Accordingly, please direct all future communications and correspondence to this office. Per your request, enclosed is the executed Waiver of Service of Summons on behalf of VW.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Brian C. Frontino

Brian C. Frontino

Enclosure

cc:    Lisa M. Simonetti, Esq. (w/o encl.)

50368360v1

2007-08-09  16:28                                          >>        +5105565959    P 24/52

&AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __VW Credit Leasing, Ltd. and__
__VW Credit, Inc. aka Volkswagen Credit, Inc.__, acknowledge receipt of your request
                    (DEFENDANT NAME)

that I waive service of summons in the action of __Omoregie v. Boardwalk Auto Center, Inc., et al.__ ,
                                                                    (CAPTION OF ACTION)

which is case number __3:07-CV-03884-JCS__ in the United States District Court
                              (DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                    __August  6, 2007__ ,
                                                              (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
          (DATE)                              (SIGNATURE)

Printed/Typed Name:  __Brian C. Frontino__

                                              VW Credit Leasing, Ltd. and
As __Attorney__                      of __VW Credit, Inc. aka Volkswagen__
              (TITLE)                        (CORPORATE DEFENDANT) Credit, Inc.

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives
service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later
object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

Exhibit C

**Frontino, Brian**

| | |
|---|---|
| **From:** | Osahon Omoregie [oomoregie@gmail.com] |
| **Sent:** | Saturday, August 18, 2007 7:10 AM |
| **To:** | Frontino, Brian |
| **Subject:** | Fw: Omoregie v. Boardwalk Auto Center, Inc., et al. |

**Attachments:**     Letter to Osahon Omoregie dated 8-17-07.pdf



Letter to
on Omoregie d

Mr. Frontino,

Per the email below, I will now direct all correspondents relating to this matter to your
office.

Please advice your clients that though I have only named VW Credit Leasing and VW Credit
in this complaint, I may latter add other affiliated VW entities as I learn more of their
involvement.

Regards,
Osahon Omoregie


-----Original Message-----
From: "Pekrul, Lore" <lpekrul@stroock.com>

Date: Fri, 17 Aug 2007 18:07:08
To:oomoregie@gmail.com
Cc:"Frontino, Brian" <bfrontino@stroock.com>
Subject: Omoregie v. Boardwalk Auto Center, Inc., et al.


  <<Letter to Osahon Omoregie dated 8-17-07.pdf>>
The attached .pdf file is sent to you from Brian Frontino.  Please respond directly to
bfrontino@stroock.com.  Thank you.

Lore Pekrul
Legal Secretary
Stroock & Stroock & Lavan LLP
2029 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone:  (310) 556-5800
Email:  lpekrul@stroock.com
The information in this communication and any attached documents contain information from
the law firm of Stroock & Stroock & Lavan, LLP that may be confidential and/or privileged.
If you are not the intended recipient, or an agent responsible for delivering it to the
intended recipient, you may not read, copy, distribute or use this information. If you
have received this transmission in error, please notify the sender immediately by reply e-
mail and then delete all electronic copies and destroy any hard copies.

================================================================================
===========================
 IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS in
Circular 230, we inform you that any tax advice contained in this communication (including
any attachment that does not explicitly state otherwise) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

Exhibit D



**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/17/2007
Log Number 512509343

**TO:**   Elizabeth Denks
          VW Credit, Inc.
          3800 Hamlin Road, 2D02
          Auburn Hills, MI, 48326-

**RE:**   **Process Served in California**

**FOR:**  VW Credit, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Osahon Omoregie, Pltf. vs. Boardwalk Auto Center, Inc., et al. including VW Credit, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, First Amended Complaint, Exhibit(s), Motion, Declaration, Proposed Order |
| **COURT/AGENCY:** | United States District Court Northern District of California San Francisco, . Case # 07CV03884 |
| **NATURE OF ACTION:** | Fraudulent inducement of Plaintiff into lease – Seeking Amount $4,009,691.96 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/17/2007 postmarked on 08/14/2007 |
| **APPEARANCE OR ANSWER DUE:** | September 28, 2007 at 9:30 a.m. - Hearing |
| **ATTORNEY(S) / SENDER(S):** | Osahon Omoregie<br>42 Otsego Ave<br>New Rochelle, NY, 10804<br>917-805-8309 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798244231865<br>Image SOP - Page(s): 25 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Dianne Christman<br>818 West Seventh Street<br>Los Angeles, CA, 90017<br>213-337-4615 |

-LEGAL DEPT.-

20 AUG 07   9 : 18

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
oomoregie@gmail.com

August 14, 2007

VW Credit, Inc.
C T Corporation System
Agent for Service of Process
818 West Seventh St
Los Angeles, CA 90017

To whom it may concern:

     Please find attached the First Amended Complaint and a motion to e-file for the case
Osahon Omoregie v. Boardwalk Auto Center, Inc., et al. (C07-03884). This represents the only
First Amended Complaint and a motion to e-file intended to be filed with the Court.

Sincerely,
Osahon Omoregie

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-03884-JCS |
| ) | |
| vs. ) | FIRST AMENDED COMPLAINT |
| ) | |
| BOARDWALK AUTO CENTER, INC. and ) | DEMAND FOR JURY TRIAL |
| VW CREDIT LEASING, LTD. and ) | |
| VW CREDIT, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

1.   **Jurisdiction.** This court has jurisdiction over this complaint because at least one claim arises under the laws of the United States and all claims in this complaint arise from a common nucleus of operative facts.

2.   **Venue.** Venue is appropriate in this court because at least one of the defendants resides in this district, and a substantial amount of the acts giving rise to this lawsuit occurred in this district.

3.   **Intradistrict Assignment.** This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events which give rise to this lawsuit occurred in San Mateo County.

FIRST AMENDED COMPLAINT                                                    1

4.      Plaintiff Osahon Omoregie ("Omoregie") is an African American of Nigerian national origin. On September 2, 2005, Omoregie was a graduate of Harvard University and a second-year law student at Stanford Law School.

5.      On September 2, 2005, at or about 3:00 p.m., at One Bair Island Road, Redwood City, San Mateo County, California, Omoregie entered into an agreement to lease a 2005 new Jetta Value Edition ("Jetta") from defendant Boardwalk Auto Center, Inc. ("Boardwalk") who immediately thereafter assigned the lease to defendants VW Credit Leasing, Ltd. and VW Credit, Inc. (together "Volkswagen"). Exhibit A is the lease agreement. Exhibit B describes the Jetta.

6.      On August 30, 2005, Omoregie obtained a quote for a promotional offer on a 2005 Nissan Altima 2.5s Automatic ("Altima") from another dealership. The offered rate was $199 per month. Exhibit C.

7.      On September 2, 2005, Omoregie arrived at Boardwalk's One Bair Island Road location to discuss the lease of an Altima at the promotional rate of $199 per month.

8.      After test driving an Altima, Omoregie test drove a Jetta and became interested in leasing a Jetta.

9.      While test driving the Jetta, Del El-Hassani ("El-Hassani"), an employee at Boardwalk, told Omoregie that he believed an offer similar to the Altima $199 per month offer was available for the Jetta through Volkswagen, however, El-Hassani indicated he was not entirely certain.

10.      During the negotiation of the lease of the Jetta, Omoregie specifically asked Mourad Zemmama ("Zemmama"), an Assistant Sales Manager at Boardwalk, if a $199 per month promotional offer was available for the Jetta.

FIRST AMENDED COMPLAINT                                                      2

11.    Zemmama, stated that he was unsure and would check with his manager, David Horn, Boardwalk's General Manager. Zemmama then left the room.

12.    On Zemmama's return, he stated that after consulting with his manager, he was certain that a $199 per month promotional offer was not currently available for the Jetta and to their knowledge no such promotional offer had ever existed for any Jetta.

13.    Zemmama then offered to lease Omoregie a Jetta for $299 a month. As a result of subsequent negotiations, Omoregie agreed to lease a Jetta for $216 a month, subject to his not being able to locate proof of a $199 per month promotional offer online with the use of a Boardwalk computer.

14.    Omoregie then preformed a search for a $199 per month promotional offer with the aid of a Boardwalk computer. Omoregie was unable to find such an offer and subsequently leased a Jetta for $219.62 per month.

15.    During the negotiation, Zemmama stated that after contacting Volkswagen regarding Omoregie, Volkswagen had agreed to finance Omoregie's lease. Zemmama then provided Omoregie with a document regarding Volkswagen. Exhibit D.

16.    On or about September 4, 2005, Omoregie learned that in fact a $199 per month promotional offer was being offered for the Jetta on September 2, 2005 by Volkswagen for which Omoregie would have been eligible.

17.    Exhibit E details the Jetta offer. Exhibit E was provided to Omoregie by Sidi Lalou, General Manager of Sales at Boardwalk, on or about November 18, 2005, during a meeting.

18.    Boardwalk was in possession of Exhibit E, or a substantially similar document, on September 2, 2005.

FIRST AMENDED COMPLAINT                                                      3

1    19.    From October 25, 2005 to October 6, 2006, various members of Boardwalk's

2    staff, El-Hassani, Horn, and Lalou, engaged in activities designed to cover up the fraud

3    committed on September 2, 2005.

4    20.    On September 13, 2006 and June 15, 2007, Omoregie notified Volkswagen of the

5    events that occurred on September 2, 2005 and those referred to in Paragraph 19.  Volkswagen

6    refused to disgorge the profits they received or take any other remedial action.

7    21.    As a result of the actions of the defendants, Omoregie has suffered great mental

8    anguish, humiliation, and embarrassment.

9    22.    Omoregie is a responsible consumer and prior to September 2, 2005 had

10    maintained an excellent credit history with a high credit score.  Omoregie's Experian credit

11    rating on August 29, 2005 was 774.  Exhibit F.

12    23.    The effective annual percentage rate on Omoregie lease was 2.40%.

13    24.    The effective annual percentage rate on the promotional offer offered by

14    Volkswagen was 1.08%.

15    25.    The effective annual percentage rate on Omoregie's lease was at a higher rate—

16    122% higher—than was held out to other similarly situated members of the public.

17    26.    Omoregie was qualified for the interest rate discussed in Paragraph 24.

18    27.    Boardwalk and Volkswagen had advanced knowledge of the circumstances which

19    gave rise to this complaint; and this advanced knowledge showed a conscious disregard of the

20    rights and safety of others.

21    28.    Boardwalk and Volkswagen authorized or ratified the bad conduct described in

22    this complaint.

FIRST AMENDED COMPLAINT                                                                4

29. The acts of Boardwalk and Volkswagen giving rise to this complaint were oppressive and/or malicious in nature.

30. Omoregie was qualified for the $199 per month promotional offer on the Jetta offered by Volkswagen.

31. To date, Omoregie has incurred costs of $9691.96 under obligations imposed by the lease.

32. Omoregie has suffered $4,000,000.00 in damages as a result of mental anguish, humiliation, and embarrassment suffered as a result of the defendants' actions.

33. Boardwalk regularly extends or arranges for the extension of credit and thus is a creditor under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. (2007) ("ECOA").

34. VW Credit Leasing, Ltd. and VW Credit, Inc. regularly extend or arrange for the extension of credit and thus are creditors under the ECOA.

35. **Count 1.** Boardwalk unlawfully discriminated against Omoregie with respect to a credit transaction on the basis of Omoregie's race, color, or national origin in violation of the ECOA.

36. **Count 2.** VW Credit, Inc. unlawfully discriminated against Omoregie with respect to a credit transaction on the basis of Omoregie's race, color, or national origin in violation of the ECOA.

37. **Count 3.** VW Credit Leasing, Ltd. unlawfully discriminated against Omoregie with respect to a credit transaction on the basis of Omoregie's race, color, or national origin in violation of the ECOA.

38.   **Count 4.** Boardwalk fraudulently induced Omoregie into entering the lease described in Paragraph 5. The fraudulent statements were made by Zemmama as described in Paragraph 12.

39.   **Count 5.** VW Credit, Inc. unlawfully aided and abetted in the fraudulent inducement of Omoregie into entering the lease described in Paragraph 5. The fraudulent statements were made by Zemmama as described in Paragraph 12. Volkswagen was aware, or had sufficient facts to put an ordinary prudent person on notice, that a fraud had been committed. Volkswagen enabled and received the fruits of that fraud.

40.   **Count 6.** VW Credit Leasing, Ltd. unlawfully aided and abetted in the fraudulent inducement of Omoregie into entering the lease described in Paragraph 5. The fraudulent statements were made by Zemmama as described in Paragraph 12. Volkswagen was aware, or had sufficient facts to put an ordinary prudent person on notice, that a fraud had been committed. Volkswagen enabled and received the fruits of that fraud.

41.   **Prayer for relief 1.** Omoregie respectfully requests that this Court rescind the lease agreement described in Paragraph 5.

42.   **Prayer for relief 2.** Omoregie respectfully requests that this Court award Omoregie actual damages in the amount of $4,009,691.96.

43.   **Prayer for relief 3.** Omoregie respectfully requests that this Court impose punitive damages against all three defendants for their violation of the ECOA to the statutory maximum of $10,000.00 per defendant for a total of $30,000.00.

44.   **Prayer for relief 4.** Omoregie respectfully requests that this Court impose punitive damages against all three defendants for their fraud in the amount of no less than $10,000,000.00 per defendant for a total amount of no less than $30,000,000.00; or if the Court

FIRST AMENDED COMPLAINT

6

1    deems it proper, punitive damages against any defendant in an amount greater and/or a total

2    amount greater than $10,000,000.00 and $30,000,000.00 respectively.

3        45.    **Prayer for relief 5.** Omoregie respectfully requests that this Court grant

4    Omoregie such other and further general relief as this Court finds necessary and proper.

Respectfully submitted,

By: _Osahon Omoregie_

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

FIRST AMENDED COMPLAINT

 

**Volkswagen Credit**
Contact us at (800) 428-4034

# CALIFORNIA
# MOTOR VEHICLE LEASE AGREEMENT



Exhibit A
2 pages
Redacted

| APPROVAL NO. | LESSOR NAME AND BUSINESS ADDRESS | LESSEE(S) NAME AND GARAGING ADDRESS(ES) |
|---|---|---|
| BULLETIN NO. (for internal use only) | | |
| LEASE DATE | | |
| | DEALER NUMBER: | COUNTY: |

Lessee Billing Address (if different from above)
STREET ADDRESS, CITY, STATE, ZIP CODE AND COUNTY

Primary Residential Address (if different from above)
STREET ADDRESS, CITY, STATE, ZIP CODE AND COUNTY

"You", (the "Lessee" and "Co-Lessee", if applicable) agree to lease from Lessor the following Vehicle. If more than one Lessee executes this Lease, each Lessee will be individually liable for the entire amount owing under this Lease. Lessor will assign this Lease and leased Vehicle to VW Credit Leasing, Ltd., or its assignee (the "Holder").

### Description of Leased Vehicle

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE IDENTIFICATION NUMBER | ODOMETER READING | | ☐ NEW | ☐ USED | ☐ DEMO |
|---|---|---|---|---|---|---|---|---|---|

Primary use of Vehicle is for Personal, Family or Household purposes unless the following box is checked: ☐ Primary use of Vehicle is for Business, Commercial or Agricultural purpose

### Description of Trade-in Vehicle or Other Property

| YEAR: | MAKE: | MODEL: | |
|---|---|---|---|
| OTHER: | | Agreed-Upon Value of Vehicle .......... $ | N/A |
| | | Agreed-Upon Value (Other) .......... = $ | N/A |
| | | Amount Owed on Trade-in .......... − $ | N/A |
| | | Net Trade-in Allowance .......... = $ | N/A |

### YOUR PAYMENT CALCULATIONS

**1 Amount Due at Lease Signing or Delivery**
(Itemized below)
$ 2000.00

**2 Monthly Payments**
A. Your first Monthly Payment of $ ___ is due ___ followed by ___ payments of $ ___ due on the ___ of each month, beginning on ___.
B. The total of Your Monthly Payments is $ ___.

**3 Other Charges** (Not part of Your Monthly Payment)
A. Turn-in Fee (if You do not purchase the Vehicle) .......... $ ___
B. N/A .......... $ ___
Total $ ___

**4 Total of Payments**
(The amount You will have paid by the end of the Lease)
$ ___
(Section 1 plus Section 2(B) plus Section 3(C) minus Section 5(A)(1))

### 5 Itemization of Amount Due at Lease Signing or Delivery

**A. Amount Due at Lease Signing or Delivery**
1. Capitalized Cost Reduction .......................... 
2. Taxes on Capitalized Cost Reduction .............
3. First Monthly Payment .............................
4. Refundable Security Deposit .......................
5. Acquisition Fee ......................................
6. Title Fees ...........................................
7. Registration Fees ...................................
8. License Fees ........................................
9. Sales Tax ...........................................
10. Documentary Fee ..................................
11. _____
12. _____
13. _____
14. _____
15. Total .......................................... ▶ $ 2000.00

**B. How the Amount Due at Lease Signing or Delivery will be Paid:**
1. Net Trade-in Allowance .......................... $ N/A
2. Rebates and Noncash Credits ................... $ N/A
3. Amount to be Paid in Cash ..................... $ 2000.00
4. Amount to be Paid by Credit Card .............. $ N/A
5. Total .......................................... ▶ $ 2000.00

### 6 Your Monthly Payment is Determined as Shown Below:

A. **Gross Capitalized Cost.** The agreed upon value of the Vehicle ($ ___ ) and any items You pay over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) .......... $ ___

B. **Capitalized Cost Reduction.** The amount of any Net Trade-in Allowance, Rebate, Noncash Credit, or Cash You pay that reduces the Gross Capitalized Cost ................................................ − $ ___

C. **Adjusted Capitalized Cost.** The amount used in calculating Your Base Monthly Payment ................................. = $ ___

D. **Residual Value.** The value of the Vehicle at the end of the Lease used in calculating Your Base Monthly Payment ......... − $ ___

E. **Depreciation and any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term ..................... = $ ___

F. **Rent Charge.** The amount charged in addition to the Depreciation and any Amortized Amounts .......................... + $ ___

G. **Total of Base Monthly Payments.** The Depreciation and any Amortized Amounts plus the Rent Charge .................... = $ ___

H. **Lease Payments.** The number of payments in Your Lease [the number of months in Your Lease ("Lease Term")] ......... ÷ ___

I. **Base Monthly Payment** ............................... = $ ___

J. **Monthly Sales/Use Tax** .............................. + $ ___

K. **Total Monthly Payment** ("Monthly Payment") ..... = $ ___

**Early Termination.** You may have to pay a substantial charge if You end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier You end the Lease, the greater this charge is likely to be.

**7 Excessive Wear and Use.** You may be charged for Excessive Wear based on our standards for normal use and for mileage in excess of ___ miles for the Lease Term with a maximum odometer reading of ___ at a rate of $0. ___ per mile. You will not receive a credit or rebate if You drive the Vehicle for less mileage than allowed. ☐ If box is checked, above mileage includes ___ miles over the Lease Term purchased at $0. ___ per mile, which is included in Your Monthly Payment. X ___ LESSEE INITIALS   X ___ CO-LESSEE INITIALS

**8 Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the Lease Term for a Purchase Option Amount of $ ___ plus a Purchase Option Fee of $ ___ plus all amounts You owe under the Lease, plus any official fees and taxes imposed in connection with the purchase of the Vehicle.

**9 Other Important Terms.** See the front and back of this Lease for additional information on Early Termination, Purchase Options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

**10** *Itemization of Gross Capitalized Cost*

A. Agreed Upon Value of Vehicle at Lease Signing ................. $ _____
B. Agreed Upon Value of Accessories and Optional Equipment
to be Added After Lease Signing
    N/A _____ $   N/A
    N/A _____ $   N/A
    N/A _____ $   N/A
    N/A _____ $   N/A
    N/A _____ $   N/A
    N/A _____ $   N/A
    N/A _____ $   N/A

C. Premiums for Insurance Policies:
    _____ $   N/A
    _____ $   N/A

D. Service Contracts:
    N/A _____ $   N/A
    _____ $   N/A

E. Charge for Optional Debt Cancellation ................. $   N/A
F. Outstanding Prior Credit or Lease Balance ............. $   N/A
G. Acquisition Fee ....................................... $   N/A
H. Sales Tax ............................................. $   N/A
I. Initial License, Title and Registration Fees .......... $   55.00
J. Documentary Fee (Not a Government Fee) ................ $   N/A
K. Other:
    _____ $   N/A
    _____ $   N/A

L. *Gross Capitalized Cost* ............................. $ _____

**11** *Estimated Official Fees and Taxes.* The total estimated amount You will pay during the Lease Term for official fees, vehicle registration, certificate of title, license fees and taxes, including personal property tax, whether included with Your Monthly Payment or assessed otherwise, is $ _____ . The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the Vehicle at the time or times assessed.

**12** *Service Contract.* Although You are not required to do so, You agree to purchase a contract for certain services and repairs of the Vehicle. If invalided below, The form of this protection will be _____ months from the Lease Date or from the date of Vehicle delivery or until the Vehicle's odometer shows _____ miles, whichever occurs first. If You have decided to purchase this protection. You have reviewed the terms of the contract which describe the details of this protection and understand a copy of the completed contract will be sent to You as soon as practicable.

NAME AND ADDRESS OF SERVICE CONTRACT PROVIDER
N/A

You choose to purchase a Service Contract for $ _____ N/A _____ and pay for it during the Lease Term as part of the Monthly Payment; or You have paid cash for the Service Contract.

X _____    X _____
    LESSEE INITIALS         CO-LESSEE INITIALS

**13** *Warranties.* This Vehicle is covered by a limited warranty or extended warranty if indicated below.
☐ Standard New Vehicle Limited Warranty provided by the manufacturer.
☐ Used Vehicle Limited Warranty provided by the manufacturer.
☐ Remainder of Standard New Vehicle Limited Warranty provided by the manufacturer (if Used Vehicle).
☐ N/A

You acknowledge that You are leasing the Vehicle from Lessor "AS-IS", EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE. LESSOR MAKES NO PROMISE AS TO THE MERCHANTABILITY, SUITABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OF THE VEHICLE. This means that there is no promise that the Vehicle will be fit for use for any particular purpose or even that it will be fit for the normal purpose for which a vehicle is used.

**14** *Insurance Verification.* You must maintain the insurance coverage described in the Vehicle Insurance paragraph. You affirm that such insurance is in force on the date of this Lease; insurance details are as follows:
My Insurance Company ▮▮▮▮▮▮▮▮
Policy Number ▮▮▮▮▮▮▮▮
Effective Date ▮▮▮▮▮▮     Expiration Date ▮▮▮▮▮▮
Agent's Name ▮▮▮▮▮▮▮▮
Agent's Address ▮▮▮▮▮▮▮▮▮▮▮▮
Phone Number ▮▮▮▮▮▮
Initials of Dealer Employee who verified insurance coverage X ▮▮▮▮▮
Agency Contact Name and Title ▮▮▮▮▮▮▮▮
You must instruct your Agent to send the Policy, Endorsement or Certificate to:

VOLKSWAGEN CREDIT, P.O. BOX 650300, COCKEYSVILLE, MD 21065-0300

**15** *Other Agreements Between You and Lessor.* This space is provided by Lessor to memorialize trade-in, turn-in and other agreements with You that are not documented elsewhere in the Lease. Except as provided below, You agree that there are no other agreements between You and Lessor relating to the Lease.

You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You.

**THERE IS NO COOLING OFF PERIOD**
California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, You cannot later cancel this Lease simply because You change Your mind, decided the Vehicle costs too much, or wish You had acquired a different Vehicle. You may cancel this Lease only with the agreement of the Lessor or for legal cause, such as fraud.
Notice to Lessee: (1) Do not sign this Lease before You read it or if it contains any blank spaces to be filled in: (2) You are entitled to a completely filled in copy of this Lease: (3) Warning - Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

You acknowledge that You have read this Lease and have been given a filled in copy of this Lease at the time of signing.

**LESSEE SIGNATURE(S)**
LESSEE SIGNATURE (INCLUDE TITLE, if BUSINESS)     CO-LESSEE SIGNATURE
X _____    X _____

This form is designed to comply with existing laws as of the date printed at the top right of this form. Changes to the law may render this form obsolete. Before using this form, contact Volkswagen Credit to determine if a new form is available.

**LESSOR SIGNATURE**
The authorized signature of the Lessor has the effect of: (1) Accepting the terms and conditions of this Lease, and (2) Assigning to Holder as indicated in the assignment below all rights, title and interest in and to the Vehicle and this Lease, including all amounts to become due under it, subject to the provisions of the Direct Lease Finance Plan Agreement between Lessor and Holder.

LESSOR     AUTHORIZED REPRESENTATIVE     TYPE/PRINT NAME OF AUTHORIZED REPRESENTATIVE
X _____

**GUARANTY**
The undersigned unconditionally guarantees payment to Holder of all liabilities and indebtedness of the above Lessee under the terms of this Lease and full performance under the terms of this Lease. Holder shall not be required to exhaust any recourse or take any action against Lessee before being entitled to payment by the undersigned of all amounts hereby guaranteed. If Lessee defaults, Holder shall have the right to approve any extensions, renewals, modifications or compromises of any indebtedness, liability or obligation under the terms of this Lease without waiving its rights against the undersigned. The undersigned agrees to pay all expenses (including, but not limited to, attorneys' fees and legal expenses) incurred by Holder if it has to enforce this Guaranty. The undersigned acknowledges having received a copy of this Lease.

GUARANTOR (PRINT NAME)     SIGNATURE
    X _____

STREET     CITY     STATE     ZIP CODE     TELEPHONE NUMBER
    ( )

**THIS LEASE CONTINUES ON THE REVERSE SIDE. PLEASE READ BOTH SIDES FOR TERMS AND CONDITIONS.**
LESSEE/CUSTOMER

# 2005 new JETTA Value Edition

**Exterior: Platinum Gray    Interior: Velour Anthracite**

Exhibit B

**Manufacturer's Suggested Retail Price:    $17,900.00**

**STANDARD FEATURES** (unless replaced by options)

## PERFORMANCE/HANDLING
- 2.5 liter, 150 horsepower, 170 lbs-ft torque, in-line 5 cylinder engine, Partial Zero Emissions Vehicle
- Front wheel drive
- Electro-mechanical power steering
- Independent strut front suspension
- Multilink independent rear suspension
- Anti-Slip Regulation (ASR)
- Electronic Differential Lock (EDL)
- Antilock Braking System (ABS)
- 195/65/R15 H, all season tires

## SAFETY/DURABILITY
- Driver and front passenger front airbag supplemental restraint system
- Driver and front passenger side airbag supplemental restraint system
- Side Curtain Protection (TM) head airbags, front and rear
- 3-point safety belts, all seating positions
- Lower Anchors and Tethers for CHIldren (LATCH)
- Child safety rear door locks
- Daytime running lights
- Height adjustable front safety belts
- Adjustable active front seat head restraints
- Side protection beams
- Front and rear power assisted disc brakes

## COMFORT/CONVENIENCE
- Air conditioning, CFC-free with pollen and dust filter
- Cruise control
- Power windows with pinch protection
- Folding key with remote keyless locking
- Power/heatable outside mirrors
- Height adjustable, telescoping steering column
- Center armrest with storage
- Adjustable intermittent front wipers
- Front and rear carpeted floor mats
- Adjustable height and lumbar for front seats
- Split folding rear seat w/valet lockout
- Dual front visor vanity mirrors
- Front and rear reading lights
- Remote release for fuel filler flap
- Remote release for trunk w/ valet lockout
- Power central locking system

## SPECIAL FEATURES  AT NO CHARGE
- 15" steel wheels with full wheel covers
- In-dash, single CD player
- Anti-theft alarm system for vehicle and radio
- Immobilizer theft deterrent system

### WARRANTY INFORMATION
- Volkswagen New Vehicle Limited Warranty
- 4 years/50,000 miles (whichever occurs first)
- Powertrain Limited Warranty
- 5 years/60,000 miles (whichever occurs first)
- Limited Warranty against Corrosion Perforation
- 12 years/unlimited mileage
  Please ask your dealer for a copy of the Volkswagen warranty booklet for details.
### ROADSIDE ASSISTANCE
- 4 years/unlimited mileage
- Provided by a third party supplier

### PACKAGES/OPTIONS
| | |
|---|---|
| Platinum Gray | No Charge |
| Velour Anthracite | No Charge |
| Splash Guards  (Set Of 4) | $160.00 |
| 5 Speed Manual Transmission | No Charge |

Destination Charge    $615.00

 Volkswagen Credit

better to get you into a Volkswagen than us?

**Total Price:    $18,675.00**
Fuel, license, title fees, taxes and dealer installed accessories are not included.

**Osahon Omoregie**

Exhibit C
2 pages

From:     Falore Nissan - SRIKAR REDDY [sreddy@users.ccleads.com]
Sent:     Tuesday, August 30, 2005 11:47 AM
To:     Osahon Omoregie
Subject:     Re: Your New Vehicle Purchase Request

Hi Osahon...

Right now we have a Special on  leasing 2005 Altima 2.5s Autoamtic.

Here are the details....

Drive off $1999 which includes first month payment.

$199+tax monthly payment for 24 months.

Roughly your payment with tax would be $216 per month and it is 12000 miles per year lease.

This lease offer may end tommorrow, this is special lease from Nissan for 24 months only.


Any questions let me know.

You can reach me on 408-735-6888 or 408-234-4624(cell)

Thanks

REDDY


-----Original Message-----
From: Osahon Omoregie
Sent: August 30, 2005 10:39:45 AM PDT
To: Falore Nissan - SRIKAR REDDY
Subject: Re: Your New Vehicle Purchase Request

Hello Srikar,

Thank you very much for your email. I am actually interested in quotes on how much it would cost to lease this car for either 24 or 36 months. Could you please tell me how much I would need to put down and how much I would then have to pay each month including all applicable fees and tax. I am planning on purchasing a car tomorrow (either an Altima or a comprable care, i.e., Civic or Corolla) and I would like to determine which dealerships to visit, so your quote would be very helpful. If it helps to determine the quotes my credit rating is 774 on Experian. Please let me know as soon as possible so I can plan accordingly.


Thank you very much,

1

Osahon Omoregie

*Falore Nissan - SRIKAR REDDY* <_____> wrote:

Dear Osahon,

Thank you for your interest in our new 2005 Nissan Altima, here at Falore Nissan. My name is SRIKAR REDDY and I am the Fleet Manager. We are committed to providing our Internet consumers with a simple, efficient and enjoyable shopping experience. Moreover, here at Falore Nissan you can be assured of receiving the premier service in the Sunnyvale area.

The Altima that you requested is in stock. Our Internet sale price for that vehicle is $$17995+Fees (After Rebate) plus all applicable taxes and fees as required by law.

When would be the best time for you to see and test drive this vehicle:
Today or tomorrow?
Morning or afternoon?
Appointment time?
Location (dealership/home/office)?

Please let me know at your earliest convenience (via e-mail or phone). Also, please include the two most convenient phone numbers to reach you at so I can reconfirm this appointment. If I have not heard from you by the end of business today, I will try to touch base prior to leaving the dealership.

Once again, thank you for your inquiry and for choosing Falore Nissan.

Sincerely,
SRIKAR REDDY
Fleet Manager
408-735-6888

2

SEP 2, 2005    TITLING INFORMATION    Store 01 FANDIO ORT S009  TITL    **Exhibit D**

```
1   COMPANY NAME        VW CREDIT INC.
2       ADDRESS         1401 FRANKLIN BLVD
3       CITY            LIBERTYVILLE
4       STATE           IL          5 ZIP 60048
6       COUNTY

7   TITLING NAME        VOLKSWAGEN CREDIT
8       ADDRESS         1401 FRANKLIN BLVD.
9       CITY            LIBERTYVILLE
10      STATE           IL         11 ZIP 60048
12      COUNTY

13  TITLING LIEN NAME   VOLKSWAGEN CREDIT
14      ADDRESS         1401 FRANKLIN BLVD.
15      CITY            LIBERTYVILLE
16      STATE           IL         17 ZIP 60048
18      COUNTY
```

```
(LINE#)(M=MODIFY)(F3=PREV)(F4=NEXT)
SHIFT F1=FKEYS
```

**Exhibit E**

## MY2005 new Jetta Sedan
## Available Leases - July 6 - Sept. 6, 2005

| | new Jetta Value Edition | | new Jetta 2.5L | | new Jetta 2.5L with Package 1 | | new Jetta 2.5L with Package 2 | |
|---|---|---|---|---|---|---|---|---|
| | 49 State | New York | 49 State | New York | 49 State | New York | 49 State | New York |
| MSRP (Base) | $17,900.00 | $17,900.00 | $20,350.00 | $20,390.00 | $22,350.00 | $22,350.00 | $25,650.00 | $25,050.00 |
| Automatic Transmission | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Destination Charges | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 |
| Total MSRP | $18,515.00 | $18,515.00 | $21,005.00 | $21,005.00 | $22,965.00 | $22,965.00 | $25,065.00 | $25,695.00 |
| Customer Down Payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| Invoice | $17,049.00 | $17,049.00 | $18,779.00 | $18,779.00 | $20,569.00 | $20,569.00 | $23,036.00 | $23,036.00 |
| VCI Lease Bonus | $450.00 | $450.00 | $760.00 | $760.00 | $760.00 | $760.00 | $760.00 | $760.00 |
| Memo Available Gross | $851.00 | $851.00 | $1,611.00 | $1,611.00 | $1,781.00 | $1,781.00 | $2,014.00 | $2,014.00 |
| Dealer Discount | $86.66 | $86.66 | $700.05 | $700.05 | $926.58 | $926.58 | $1,152.27 | $1,152.00 |
| Capitalized Cost | $16,908.34 | $16,908.34 | $18,384.95 | $18,384.95 | $20,113.42 | $20,118.42 | $22,592.73 | $22,592.73 |
| RV % 12K | 55% | 55% | 54% | 51% | 54% | 54% | 54% | 54% |
| Residual Value $ | $10,183.25 | $10,183.25 | $11,342.70 | $11,342.70 | $12,401.10 | $12,401.10 | $13,859.10 | $13,859.10 |
| Term | 36 | 36 | 36 | 36 | 36 | 36 | 36 | 36 |
| Program Rate | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 |
| Monthly Payment | $199.00 | $199.00 | $209.00 | $209.00 | $229.00 | $223.00 | $259.00 | $259.00 |
| Total Monthly Payments | $7,164.00 | $7,164.00 | $7,524.00 | $7,524.00 | $8,244.00 | $8,244.00 | $9,324.00 | $9,324.00 |
| Down payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| 1st month payment | $199.00 | $199.00 | $209.00 | $209.00 | $229.00 | $229.00 | $259.00 | $259.00 |
| Security Deposit | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Acquisition fee | $375.00 | $800.00 | $575.00 | $800.00 | $575.00 | $800.00 | $575.00 | $800.00 |
| Total due at signing | $1,844.00 | $2,069.00 | $1,954.00 | $2,179.00 | $1,974.00 | $2,199.00 | $2,004.00 | $2,229.00 |

Excludes tax, title, license, and other fees.

28-Jun-05

**Exhibit F
2 pages
Redacted**

## YOUR CREDIT REPORT

Name: Omoregie, Osahon
Address:
City, State Zip:

Report #:

Date Of Report: 2005-08-29

## CREDIT INFORMATION

| Account: | | Acct #: | | | | | Type: | | Amount |
|---|---|---|---|---|---|---|---|---|---|
| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | | Past Due |
| EFX | | | | | | | | | |
| XPN | | | | | | | | | |
| TUC | | | | | | | | | |

| Bureau | 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| | | Days Past Due | | | |
| EFX | | | | 2004-04 |  |
| XPN | 0 | 0 | 0 | 2002-12 | |
| TUC | 0 | 0 | 0 | 2004-04 | |

Comments:

| Account: | | Acct #: | | | | | Type: | | Amount |
|---|---|---|---|---|---|---|---|---|---|
| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | | Past Due |
| EFX | | | | | | | | | |
| XPN | | | | | | | | | |
| TUC | | | | | | | | | |

| Bureau | 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| | | Days Past Due | | | |
| EFX | | | | 1999-12 | |
| XPN | 0 | 0 | 0 | 2002-12 | |
| TUC | 0 | 0 | 0 | 2000-08 | |

Comments:

| Account: | | Acct #: | | | | | Type: | | Amount |
|---|---|---|---|---|---|---|---|---|---|
| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | | Past Due |
| EFX | | | | | | | | | |
| XPN | | | | | | | | | |
| TUC | | | | | | | | | |

AVE



XPN
XPN

XPN
XPN

XPN
XPN

XPN
XPN

XPN

XPN

## CREDIT SCORES

### Your **Equifax** Credit Score



150 ═══════════════════════════ 930

738

#### Your Credit Score Factors

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Total balance of personal finance accounts is too high
- Not enough bank installment debt experience

### Your **Experian** Credit Score



150 ═══════════════════════════ 930

774

#### Your Credit Score Factors

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Not enough bank installment debt experience
- Installment account balances too high in proportion to credit limits

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BOARDWALK AUTO CENTER, INC. and )<br>VW CREDIT LEASING, LTD. and )<br>VW CREDIT, INC., )<br>)<br>Defendants. )<br>) | Case No. 07-cv-03884-JCS<br><br>SEPTEMBER 28, 2007, 9:30 A.M.<br><br>MOTION TO E-FILE |

    1.    **Notice of motion.** This is a motion to e-file. The date of the hearing is September 28, 2007 at 9:30 a.m.

    2.    **Statement of purpose.** The purpose of this motion is to request permission for the pro se litigant, Osahon Omoregie ("Omoregie"), to electronically file documents with the Court.

    3.    **Memorandum of points and authorities.** Omoregie respectfully requests that the Court give him leave to electronically file documents related to this case pursuant to General Order 45 and Local Rule 5-4.

MOTION TO E-FILE

1

1    4.    Omoregie is able to meet all the technical requirements of electronically filing and

2    agrees to abide by all e-filing and other rules and orders of the Court. (Declaration of Osahon

3    Omoregie).

4    5.    Omoregie respectfully requests that the Court determine this motion without a

5    hearing, or, if necessary, by telephone conference call.

MOTION TO E-FILE                                                                                    2

Respectfully submitted,

By: _____

42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

MOTION TO E-FILE

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE,                                )<br>                                                          )<br>                                 Plaintiff,        )<br>                                                          )<br>vs.                                                        )<br>                                                          )<br>BOARDWALK AUTO CENTER, INC. and  )<br>VW CREDIT LEASING, LTD. and          )<br>VW CREDIT, INC.,                              )<br>                                                          )<br>                                 Defendants.   )<br>                                                          ) | Case No. 07-cv-03884-JCS<br><br>DECLARATION OF OSAHON OMOREGIE IN SUPPORT OF PLAINTIFF'S MOTION TO E-FILE |

    1.    I, Osahon Omoregie, am able to meet all the technical requirements of electronically filing.

    2.    I agree to abide by all e-filing and other rules and orders of the court.


    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on 9 day of August, 2007

DECLARATION OF OSAHON OMOREGIE IN
SUPPORT OF PLAINTIFF'S MOTION TO E-FILE

Respectfully submitted,

By: _____

42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

DECLARATION OF OSAHON OMOREGIE IN
SUPPORT OF PLAINTIFF'S MOTION TO E-FILE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

OSAHON OMOREGIE,                    )
                                    )
                Plaintiff,          )       Case No. 07-cv-03884-JCS
                                    )
vs.                                 )       [PROPOSED] ORDER
                                    )
BOARDWALK AUTO CENTER, INC. and     )
VW CREDIT LEASING, LTD. and         )
VW CREDIT, INC.,                    )
                                    )
                Defendants.         )
_____)

    1.    The pro se litigant, Osahon Omoregie, is given leave to electronically file

documents related to this case pursuant to General Order 45 and Local Rule 5-4.

It is so ordered this ____ day of _____, 2007


_____
Joseph C. Spero
Magistrate Judge

[PROPOSED] ORDER

Exhibit E

## Frontino, Brian

| | |
|---|---|
| **From:** | Osahon Omoregie [oomoregie@gmail.com] |
| **Sent:** | Wednesday, September 05, 2007 2:43 PM |
| **To:** | Frontino, Brian |
| **Subject:** | RE: Omoregie v. Boardwalk Auto Center, Inc., et al. |

I notified you of the request for entry of default as a courtesy. I have not filed a motion. I have requested that the court clerk enter a default for you failure to timely respond. Please review the actual documents. I do not believe that you are entitled to oppose such a request. If you have good cause for not responding, you may motion the judge to have the default set aside, if a default is even given. Your clients and Boardwalk have drawn this matter out long enough and have not shown a desire to take it seriously, so for those and other reasons, I am not willing to withdraw my request or agree to any extension of time.

Before you submit any documents to the court, I would advise you to properly investigate this matter on your sides and find out what actually happened, if not you may risk sanction by the court. I again direct you to take note of document six on the docket.

Regards,
Osahon Omoregie

-----Original Message-----
From: Frontino, Brian [mailto:bfrontino@stroock.com]
Sent: Wednesday, September 05, 2007 5:01 PM
To: Osahon Omoregie
Subject: RE: Omoregie v. Boardwalk Auto Center, Inc., et al.

Mr. Omoregie:

You served the First Amended Complaint in the same manner that you served the Complaint. Thus, the same rules apply until an appearance has been made.

We are not receiving anything from the Court or you. The response was not due yesterday because I provided you with a Waiver of Service. I would be glad to come to an agreement with you as to when VW's response to the First Amended Complaint is due, but unless you immediately withdraw your motion, I intend to file an opposition today. I would hate to start the case off on a negative note like this. If we are going to be working together to resolve the case, it would be better if we proceed amicably.

Let me know how you want to proceed.

Brian C. Frontino, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Direct:    310-556-5943
Fax:  310-556-5959
Email:    bfrontino@stroock.com

-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Wednesday, September 05, 2007 1:49 PM
To: Frontino, Brian
Subject: Re: Omoregie v. Boardwalk Auto Center, Inc., et al.

Mr. Frontino,

I thank you for giving me one more opportunity; but the issue is that your clients failed to respond to the First Amended Complaints that were mailed on the 14th, not the summons and complaints that were physically served on them also on the 14th. Thus, the certificate of service was included in the declaration and the proof of service was not.

1

The actual proof of service was filed with the court on 8/20. Please check the court docket. Please note that the due date for the response to the complaint was yesterday. Thus, per Rule 15(a), your response to the First Amended Complaint was due yesterday.

Has your firm not been reviewing the docket?

Regards,
Osahon Omoregie

-----Original Message-----
From: "Frontino, Brian" <bfrontino@stroock.com>

Date: Wed, 5 Sep 2007 13:14:43
To:"Osahon Omoregie" <oomoregie@gmail.com>
Subject: RE: Omoregie v. Boardwalk Auto Center, Inc., et al.


Mr. Omoregie:

I have reviewed your Declaration in Support of your Motion for Entry of Default. As your "Certificate of Service" plainly states, you served VW Credit, Inc. and VW Credit Leasing Ltd. by U.S. Mail, which is not proper service of the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4. However, we provided you with the Waiver of Service, which gives us until October 8 to respond to the complaint. I will ask you one more time to withdraw your motion.

Brian C. Frontino, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Direct:    310-556-5943
Fax:    310-556-5959
Email:    bfrontino@stroock.com

-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Wednesday, September 05, 2007 1:08 PM
To: Frontino, Brian
Subject: Re: Omoregie v. Boardwalk Auto Center, Inc., et al.

Mr. Frontino,

Both your clients were served in person on 8/14. The proof of services are on file with the court.


Regards,
Osahon Omoregie

-----Original Message-----
From: "Frontino, Brian" <bfrontino@stroock.com>

Date: Wed, 5 Sep 2007 13:00:04
To:"Osahon Omoregie" <oomoregie@gmail.com>
Subject: RE: Omoregie v. Boardwalk Auto Center, Inc., et al.


Osahon:

You did not serve the Summons and Complaint in person as required by Federal Rule of Civil Procedure 4. Rather, you mailed the Summons and Complaint with a Waiver of Service pursuant to Federal Rule of Civil Procedure 4(d). As you know, we completed the Waiver of Service and sent that to you on August 17, 2007. Accordingly, defendant VW Credit, Inc. has 60 days to respond to your complaint, i.e., October 8, 2007. Fed. R. Civ. Proc. 4(d)(3). Immediately withdraw your motions for default, otherwise we will seek all available remedies available to

defendant VW Credit Leasing, Ltd. aka VW Credit, Inc.

Brian C. Frontino, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Direct:     310-556-5943
Fax:   310-556-5959
Email:       bfrontino@stroock.com

-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Wednesday, September 05, 2007 8:10 AM
To: Frontino, Brian
Subject: Omoregie v. Boardwalk Auto Center, Inc., et al.

I am writing to inform you that I have applied to the court to have a
default enter against your client for their favor to timely respond in
the above action.

Regards,
Osahon Omoregie
(917) 805-8309
oomoregie@gmail.com

=================================================================
=====================================
IRS Circular 230 Disclosure:  To ensure compliance with requirements
imposed by the IRS in Circular 230, we inform you that any tax advice
contained in this communication (including any attachment that does not
explicitly state otherwise) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
=================================================================
=====================================


=================================================================
=====================================
IRS Circular 230 Disclosure:  To ensure compliance with requirements
imposed by the IRS in Circular 230, we inform you that any tax advice
contained in this communication (including any attachment that does not
explicitly state otherwise) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
=================================================================
=====================================


=================================================================
===================================
IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed
by the IRS in Circular 230, we inform you that any tax advice contained in
this communication (including any attachment that does not explicitly state
otherwise) is not intended or written to be used, and cannot be used, for
the purpose of (i) avoiding penalties under the Internal Revenue Code or
(ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.
=================================================================
===================================

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           )    ss
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On September 6, 2007, I served the foregoing document(s) described as: **DECLARATION OF BRIAN C. FRONTINO IN SUPPORT OF OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND REQUEST FOR SANCTIONS** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Osahon Omoregie
> 42 Otsego Avenue
> New Rochelle, NY 10804
> Telephone: (917) 805-8309
> Facsimile: (413) 803-5514
> oomoregie@gmail.com

☒  **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☒  **(VIA ELECTRONIC MAIL DELIVERY)** By causing the above listed document(s) to be delivered to the person(s) at the email address(es) set forth above.

☐  **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 6, 2007, at Los Angeles, California.

Dino Shorté                              /s/ Dino Shorté
[Type or Print Name]                     [Signature]

50369822v3