Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| OSAHON OMOREGIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-cv-03884 PJH |
| | ) | |
| vs. | ) | October 31, 2007, 9:30 A.M. |
| | ) | |
| BOARDWALK AUTO CENTER, INC. and | ) | MOTION TO DIRECT THE |
| VW CREDIT LEASING, LTD. and | ) | CLERK TO ENTER DEFAULTS |
| VW CREDIT, INC., | ) | AGAINST ALL DEFENDANTS |
| | ) | UNDER RULE 55(a) |
| Defendants. | ) | |

**Notice of Motion.** Please take notice that Osahon Omoregie ("Omoregie") will make this motion for hearing before this Court on October 31, 2007, at 9:30 a.m., or as soon thereafter as the matter can be heard, in Courtroom No. 3, 17th Floor of the United States Courthouse located at 450 Golden Gate Ave., San Francisco, CA 94102.

**Statement of Purpose.** Plaintiff, Omoregie, moves the Court for (a) an order directing the Clerk, pursuant to Federal Rules of Civil Procedure Rule 55(a), to enter defaults against Defendants, Boardwalk Auto Center, Inc. ("Boardwalk"), VW Credit Leasing, Ltd. ("VWL"),

and VW Credit, Inc. ("VWC") for their failure to timely respond to the First Amend Complaint ("FAC"); and (b) an order directing each defendant to show cause why a default should be set aside.

**Memorandum of Points and Authorities.**

## TABLE OF CONTENTS

**I. ISSUES PRESENTED** ............................................................................................ 3

**II. STATEMENT OF FACTS** .................................................................................... 4

   **1.   Service of Defendants** ................................................................ 4

   **2.   Request for Entry of Default** ..................................................... 5

**III. ARGUMENTS** ...................................................................................................... 6

   **1.   Under Rule 55(a), the Clerk Must Enter a Default Once a Plaintiff Has Presented Sufficient Facts Showing That a Defendant Has Failed to Timely Respond, Therefore, As Omoregie Has Presented Such Sufficient Facts Against All Defendants, He Is Entitled to Have a Default Entered Against All Defendants** .................................................. 7

    **A.  Under Rule 55(a), the Clerk's Role is Purely Ministerial** ............................................. 7

    **B.  Under Rule 55(a), a Plaintiff Is Still Entitled to Have an Entry of Default Entered in Against a Defendant When a Clerk Has Declined to Enter a Properly Made Request for an Entry of Default** ................................................................. 8

    **C.  Omoregie Presented Sufficient Facts to the Clerk Showing That All Defendants Had Failed to Timely Respond to the FAC and Thus Is Entitled to Have an Entry of Default Entered Against All Defendants** ............................................ 9

   **2.   Frontino's Opposition Was Inappropriate** ................................................ 11

    **A.  Frontino's Opposition Was Procedurally Inappropriate** ........................................... 12

**B.  Even if Frontino's Opposition Was Procedurally Proper, It Was Based on Factual and Legal Misrepresentations and Therefore Any Decision Based on It Was Improper** ........................................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

Chandler Leasing Corp. v. UCC Inc., 91 F.R.D. 81 (N.D. Ill 1981) ........................................... 7, 8

Downing v. O'Brien, 325 A.2d 526 (Me 1974) ............................................................................ 8

Fisher v. Taylor, 1 F.R.D. 448 (E.D. Tenn. 1998) .................................................................. 8, 11

Gaglio v. Silverman (In re Suprema Specialties, Inc.), 330 B.R. 40 (D.N.Y. 2005).................... 11

McManus v. American States Ins. Co., 201 F.R.D. 493 (C.D. Cal. 2000)................................... 11

Oklahoma Radio Assocs. v. FDIC, 969 F.2d 940 (10th Cir. 1992)....................................... 10, 14

Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884 (9th Cir. 2001)..................................... 7, 8

United States v. Brow, 2006 U.S. Dist. LEXIS 64361 (E.D.N.Y. 2006) ............................. passim

United States v. Landsberger, 1995 U.S. Dist. LEXIS 15274 (D. Ariz. 1995) .......................... 7, 8

**Other Authorities**

10-55 Moore's Fed. Prac. - Civ. ................................................................................................. 8

4-27 MB Practice Guide: Fed Pretrial Civ. P. in CA......................................................... passim

Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc.: Civ............................................. 7

# I. ISSUES PRESENTED

Under Rule 55(a), the Clerk <u>must</u> enter a default once a plaintiff has presented sufficient facts showing that a defendant has failed to timely respond as required by the Federal Rule of Civil Procedure. The task assigned to the Clerk is a purely ministerial one. Since Omoregie presented the Clerk with sufficient facts showing that all defendants failed to timely respond to the FAC, he is entitled to have a default entered against all three defendants. To maintain the integrity of the Rules of Civil Procedure such defaults should be entered and the defendants should be made to show cause why the defaults should be set aside. To the extent that Frontino's opposition was considered by the Clerk, it should not have been as it was procedurally improper and based on factual and legal misrepresentations.

# II. STATEMENT OF FACTS

1.    <u>Service of Defendants</u>.

On July 30, 2007, the above action was filed. (Omoregie Decl. ¶ 3.) The following day, packages containing waiver of service forms were sent to the registered agents of service for all three defendants, along with the summons, the complaint, and supplement documents. <u>Id</u>., ¶ 4. Additional supplemental documents were sent to all defendants on August 6, 2007. <u>Id</u>., ¶ 8.

On August 2, 2007, Boardwalk's General Manager, Jeff Seiffe ("Seiffe"), accepted and signed for delivery of the waiver of service form. <u>Id</u>., ¶ 5. Seiffe apparently then changed his mind and decided to refuse the delivery. <u>Id</u>

On August 7, 2007, Omoregie received the refused delivery containing the waiver of service form. <u>Id</u>., ¶ 9. The next day, Omoregie had Boardwalk personally served with process.

<u>Id.</u>, ¶ 11.  On August 10, 2007, after being personally served, Boardwalk again refused correspondence related to this action addressed to their registered agent of service.  <u>Id.</u>, ¶ 8.

On August 2, 2007, VWC's registered agent of service accepted delivery of the waiver of service form.  <u>Id.</u>, ¶ 6.  The delivery was addressed to CT Corporation System ("CT Corp.") as the registered agent of service for "Volkswagen Credit, Inc."  <u>Id.</u>  On August 13, 2007, Omoregie received a letter dated August 3, 2007, in which CT Corp. stated that they were unable to deliver the waiver of service form to VWC as "Volkswagen Credit, Inc. [was] not listed on [their] records."[1]  <u>Id.</u>, ¶ 12.  The following day, Omoregie had both VWC and VWI personally served with process via their registered agents of service.  <u>Id.</u>, ¶ 13.

The proofs of service for all three defendants were filed with the Court on August 20, 2007.  <u>Id.</u>, ¶ 14.  The due dates of the answers for each defendant were listed on the court docket as August 28, 2007 for Boardwalk and September 4, 2007 for VWL and VWC.  <u>Id.</u>

On August 14, 2007, Omoregie served the FAC on all three defendants by first class mail pursuant to Rules 5(a) and 5(b)(2)(B).  <u>Id.</u>, ¶ 15.  The FAC was received by VWL on August 16, 2007 and by Boardwalk and VWC on August 17, 2007.  <u>Id.</u>, ¶ 16.  The FAC was filed with the Court on August 20, 2007.  <u>Id.</u>, ¶ 14.

2.    **Request for Entry of Default.**

On August 28, 2007, Boardwalk filed an answer to the original complaint filed on July 30, 2007.  <u>Id.</u>, ¶ 18.

One September 5, 2007, Omoregie filed two separate requests directed to the Clerk. The first requesting the Clerk to enter default against Boardwalk for their failure to respond to the

---

[1] A reasonable investigation of the documents sent to CT Corp. would have revealed that the summons and complaint were directed towards VWC.  That such an investigation was not conduct is not the focus of this motion, however, it should be noted.

FAC; and, the second requesting the Clerk to enter defaults against both VWL and VWC also for their failure to respond to the FAC.  Id., ¶ 19.  Omoregie then informed the relevant counsel for each defendant that he had sought an entry of default against their clients.  Id., ¶ 24.  The next day, Brian Frontino ("Frontino") of Stroock & Stroock & Lavan LLP ("Stroock"), filed an opposition directed at the request for an entry of default against VWL and VWC on behalf of those defendants.  Id., ¶ 20.

Also on September 6, 2007, Boardwalk filed an answer to the FAC.  Id., ¶ 18.  Patrick Co ("Co") of Clapp Moroney Bellagamba & Vucinich ("Clapp"), which represents Boardwalk, informed Omoregie that it was Clapp's view that their answer to the FAC was timely since Co personally believed that it was "inconceivable" that a FAC could be filed after it was served.[2] Letter from Co, counsel to Boardwalk, to Omoregie, Plaintiff (Sept. 6, 2007) (Omoregie Decl. Ex. J.); (Omoregie Decl. ¶ 21.)  Co stated that his firm had therefore decided to consider the FAC's filing date of August 20, 2007 as the day on which to begin calculating the date that Boardwalk's answer to the FAC was due.  By Co's estimate, Boardwalk's answer to the FAC was thus due on September 9, 2007.

On September 12, 2007, the Clerk declined to enter defaults against any of the defendants.  (Omoregie Decl. ¶ 22.)  Frontino's opposition to the request was considered as an objection to the requests and was apparently used in the determination to decline all the requests. Id.  The requests were declined as premature.  Id

### III. ARGUMENTS

---

[2] Though, this will be discussed below, it is worth noting now that it is procedurally impossible for a non-e-filing plaintiff to file a FAC before serving it on a defendant under Fed. R. Civ. P. 5(e), as a certificate of service is required to be filed with all papers required to be served upon another party after service of the original complaint.

1. **Under Rule 55(a), the Clerk Must Enter a Default Once a Plaintiff Has Presented Sufficient Facts Showing That a Defendant Has Failed to Timely Respond, Therefore, As Omoregie Has Presented Such Sufficient Facts Against All Defendants, He Is Entitled to Have a Default Entered Against All Defendants.**

A. **Under Rule 55(a), the Clerk's Role is Purely Ministerial.**

It is important to distinguish between an entry of default under Rule 55(a) and a default judgment. An entry of default under Rule 55(a) is primarily a formal matter. United States v. Brow, 2006 U.S. Dist. LEXIS 64361, at *3 (E.D.N.Y. 2006). The entry of default "provides trial courts with a significant tool for enforcing compliance with rules of procedure… encouraging orderly and efficient judicial systems … [and] also serves to protect diligent parties who have acted expeditiously and in accordance with Rules." Chandler Leasing Corp. v. UCC Inc., 91 F.R.D. 81, 83 (N.D. Ill 1981); see generally Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc: Civ. § 2693. However, unlike default judgments, entries of default under Rule 55(a) are not final adjudications of liability. United States v. Landsberger, 1995 U.S. Dist. LEXIS 15274, at * 14-5 (D. Ariz. 1995); Brow, 2006 U.S. Dist. LEXIS 64361 at *3. For this reason, it is only default judgments that are generally disfavored in this Circuit. See Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); 4-27 MB Prac. Guide: Fed Pretrial Civ. P. in CA § 7.02[2].

Rule 55(a) reads: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." This rule bestows on the Clerk a purely ministerial task. Brow, 2006 U.S. Dist. LEXIS 64361 at *3; Landsberger, 1995 U.S. Dist. LEXIS 15274 at * 14-5. A task in which it is clear no discretion is to be used.

<u>Downing v. O'Brien</u>, 325 A.2d 526, 528 (Me 1974) (finding that under a Maine Rule of Civil Procedure similar to Fed. R. Civ. P. 55(a) the Clerk was not authorized to use his discretion.). The Clerk is tasked with using <u>only</u> the facts that are made to appear by affidavit or otherwise by the party requesting the entry to determine if the non-requesting party is actually in default. <u>Brow</u>, 2006 U.S. Dist. LEXIS 64361 at * 6-7; 10-55 <u>Moore's Fed. Prac. – Civ.</u> § 55.11[3][b]. Upon such a finding, the Clerk is mandated to enter default on such a non-requesting party. <u>Landsberger</u>, 1995 U.S. Dist. LEXIS 15274 at * 14; 4-27 <u>MB Prac. Guide: Fed Pretrial Civ. P. in CA</u> § 27.05[4].  The Clerk is not permitted to weigh the various arguments of requesting and non-requesting parties to determine the soundness of such a request.  When a Clerk does weigh such conflicting arguments he has overstepped his authority under Rule 55(a) and thus his determination is void. <u>Downing</u>, 325 A.2d at 528.


**B.  <u>Under Rule 55(a), a Plaintiff Is Still Entitled to Have an Entry of Default Entered in Against a Defendant When a Clerk Has Declined to Enter a Properly Made Request for an Entry of Default</u>.**

Under Rule 55(a), upon a proper showing that a defendant has failed to plead or otherwise defend as provided by the rules, a plaintiff is entitled to a default against that party. Fed. R. Civ. P 55(a); Landsberger, 1995 U.S. Dist. LEXIS 15274 at * 14.  Such an entitlement, which is clear by the very language of Rule 55(a),[3] helps to encourage an orderly and efficient judicial system and protect diligent parties. <u>Chandler Leasing Corp.</u>, 91 F.R.D. at 83.  A firmly established procedure has developed to protect defendants from defaults that are by their nature unfair.  See <u>Speiser, Krause & Madole P.C.</u>, 271 F.3d at 886; 4-27 <u>MB Prac. Guide: Fed Pretrial</u>

---

[3] Though by its language, Rule 55(a) appears to give only the Clerk the authority to enter defaults, courts have held that a court may also perform this task. <u>Brow</u>, 2006 U.S. Dist. LEXIS 64361 at * 6-7; <u>Fisher v. Taylor</u>, 1 F.R.D. 448, 448 (E.D. Tenn. 1998).

<u>Civ. P. in CA</u> § 27.19.  Once a default has been entered against a defendant, that defendant can then move the court upon a proper showing to set the default aside.  <u>Id</u>.  This procedure has helped to balance the need to maintain an orderly and efficient judicial system with a desire to see justice fairly applied.  To maintain this balance it is important that defendants who are in default be made to make a showing of why such a default should be set aside.  Thus when a Clerk has failed to properly perform his role under Rule 55(a), it is proper for the Court to direct the Clerk to enter a default, see <u>Brow</u>, 2006 U.S. Dist. LEXIS 64361 at * 7, and also to direct the defaulting defendants to show cause why their defaults should be set aside.

## C.  <u>Omoregie Presented Sufficient Facts to the Clerk Showing That All Defendants Had Failed to Timely Respond to the FAC and Thus Is Entitled to Have an Entry of Default Entered Against All Defendants</u>.

To obtain an entry of default under Rule 55(a), a plaintiff must make a request to the Clerk and show by affidavit or declaration: 1) "The defaulting party was properly served with the complaint or other pleading seeking affirmative relief," 2) "The defaulting party has failed to serve or file a responsive pleading or motion," and 3) "The applicable time for serving a responsive pleading or motion, including any extensions, has expired."  4-27 <u>MB Prac. Guide: Fed Pretrial Civ. P. in CA</u> § 27.05[3].

As described above, all three defendants were physically served with process.  The pleading at issue in the requests for entry of default was the FAC, which was properly served on the defendants in accordance with Rule 5.  Rule 5 governs the service of all papers required to be served subsequent to the original complaint.  Contrary to Frontino's assertion in his opposition, (Frontino Opp'n 3), to be valid such service does not require a prior appearance by the party

being served.  The only prerequisite to such service is that the court obtain personal jurisdiction

over the party served.  <u>Oklahoma Radio Assocs. v. FDIC</u>, 969 F.2d 940, 943 (10th Cir. 1992).

Such jurisdiction can be obtained through physical service of process.  <u>Id</u>.  Thus, since the proofs

of service were on file with the court, by stating that the pertinent defendants in each request had

been served with the FAC pursuit to Rule 5(a), Omoregie provided the Clerk with the fact that

the defaulting parties were properly served.

As the court docket has reflected since August 20, 2007, an answer was due from

Boardwalk on August 28, 2007, and from VWL and VWC on September 4, 2007.  As a FAC

was filed and served on all three defendants, answers to that FAC were thus due on the greater of

10 days from service or the time remaining to respond to the original complaint.  Fed. R. Civ. P.

15(a).  In his correspondence explaining his belief that Boardwalk's answer to the FAC was

timely, Co not only takes it upon himself to use the filing date as opposed to the date of service

to calculate the due date for the answer to the FAC, he also gives his firm an additional ten days

to respond to the FAC.[4]  Letter from Co (Omoregie Decl. Ex. J.).  Such contentions are absurd

and without legal justification in case law or statute.  4-27 <u>MB Prac. Guide: Fed Pretrial Civ. P.

in CA</u> § 9.11[2]; see Fed. R. Civ. P. 4(e)(2), 15(a).  It must again be noted, that Co's justification

for using the filing date not the date of service (that it was "inconceivable" that one would serve

a FAC before filing) is based on the absence of a procedural impossibility.  As Boardwalk was

served with the FAC on August 14, 2007 and their answer to the original complaint was due on

August 28, 2007; by a simple application of Rule 15(a) it is clear that their answer to the FAC

was due on August 28, 2007.  Similarly, as VWL and VWC were served with the FAC on

_____

[4] If one was to use the date of filing to determine when Boardwalk's answer to the FAC was due,
the due date for the answer would be August 30, 2007; and thus Boardwalk's answer would still
be untimely.  Co, however, adds ten additional days to those provided by Rule 15(a) and
concludes that Boardwalk's answer was due on September 9, 2007.

August 14, 2004 and their answers to the original complaint were due on September 4, 2007; by the same simple application of Rule 15(a) it is clear that their answer to the FAC were due on September 4, 2007.

As the court record reflected on September 5, 2007, no party had filed an answer to the FAC. Though Boardwalk did file a hastily prepared answer to the FAC the following day, it was still untimely and thus provides no protection against a request for default made earlier. McManus v. American States Ins. Co., 201 F.R.D. 493, 499 (C.D. Cal. 2000); Gaglio v. Silverman (In re Suprema Specialties, Inc.), 330 B.R. 40, 46 (D.N.Y. 2005). Additionally, Boardwalk's answer to the original complaint is insufficient to avoid a default for failure to timely respond to the FAC. 4-27 MB Prac. Guide: Fed Pretrial Civ. P. in CA § 27.04[1]. Thus by stating that the pertinent defendants in each request had not file or served an answer to the FAC by their expected due dates, Omoregie provided the Clerk with the facts that the defendants had failed to respond to the FAC and that the applicable times for serving answers to the FAC had expired.

Thus from the proceeding argument, it is clear that the requests for entries of default made to the Clerk, and the accompanying declarations, provided the Clerk with sufficient facts to properly carry out his function under Rule 55(a) and enter defaults against all three defendants. As the Clerk failed to carry out his mandated role under Rule 55(a), it would thus be proper for the Court to direct the Clerk to enter defaults against all defendants in this action. See Brow, 2006 U.S. Dist. LEXIS 64361 at * 6-7; Fisher, 1 F.R.D. at 448 (E.D. Tenn. 1998).

**2.    Frontino's Opposition Was Inappropriate.**

A.  **Frontino's Opposition Was Procedurally Inappropriate.**

From a reading of Rule 55(a), it is clear that Rule 55(a) does not envision the Clerk using his discretion to rule over conflicting factual or legal assertions.  The Rule is straightforward in laying out the procedure for obtaining an entry of default.  <u>Brow</u>, 2006 U.S. Dist. LEXIS 64361 at *6 – 7; 4-27 <u>MB Prac. Guide: Fed Pretrial Civ. P. in CA</u> § 27.03.  Additionally, the case law supports the obvious conclusion that the Clerk's role is purely a ministerial one, not an adjudicatory one.  By filing his opposition, Frontino forced the Clerk to adjudicate over a matter in which he had no authority to use his discretion.  Frontino's opposition should thus not have been considered by the Clerk and should not now be considered.

Additionally, Frontino's opposition was procedurally bizarre.  As Omoregie's request was directed towards the Clerk, one would assume that any opposition, though inappropriate, would similarly be directed towards the Clerk.  However, in his opposition, Frontino asks for the granting of sanctions, which clearly is beyond the Clerk's authority.  As Frontino made no attempt to direct his opposition specifically at either the Court or the Clerk, this may have added to the confusion that resulted in the Clerk declining the request.


B.  **Even if Frontino's Opposition Was Procedurally Proper, It Was Based on Factual and Legal Misrepresentations and Therefore Any Decision Based on It Was Improper.**

Frontino's opposition was based on several factual and legal misrepresentations that would make any decision based on it improper.  The most glaring misrepresentation comes in the form of an omission.  Though in his correspondence with Omoregie on September 5, 2007, Frontino was informed on three separate occasions that his clients were physically served with

process (Omoregie Decl. ¶ 23); he made no mention of this in his opposition.  Additionally, Frontino was directed to the entry that had been on the docket for over two weeks showing that his clients had a responsive pleading due on September 4, 2007.  <u>Id</u>.  Frontino was informed that this entry indicated the returned proofs of service from the physical service of his clients.  <u>Id</u>.  Yet, when Frontino submitted his opposition he made no mention of this fact.  Frontino made no attempt to either admit or deny.  Such conscious disregard of what would be a material fact,[5] of which he was made aware, shows a desire to mislead.  Though it is possible that Frontino's disregard of this fact was due to an improper investigation and a hastily drafted opposition, rather than a desire to mislead, the opposition itself is still misleading and thus should not have been, or be, considered.

As has been state above, the waiver of service forms were sent on July 31, 2007 (a fact further proven by CT Corp.'s letter dated August 3, 2006, returning the waiver, (Omoregie Decl. Ex. E)).  Also, it is important to note that Stroock defends two separate and distinct clients, only one of whom received a waiver of service form.  In his opposition, Frontino sidesteps this fact by combining the identities of his clients early in his opposition.  In this manner Frontino does not have to deal with the fact that though he only received a waiver of service request for one client he sent in a waiver for two.[6]

Additionally, Frontino asserts in his opposition that service under Rule 5 is only valid after the party being served has made a formal appearance.  (Frontino Opp'n 3.)  That is a flatly

---

[5] Rule 4(d)(3) is quite clear that a defendant is entitled to an additional 40 days to respond only if they return a requested waiver "before being served with process."  Any other reading of this rule that would allow the benefit of a waiver of service of process after process has been served would twist its meaning to an illogical conclusion.

[6] Additionally, the peculiar nature of the waiver that Frontino points to should also be noted.  In addition to containing the wrong date that the request was sent and listing two defendants when only one defendant received a waiver, it is curiously undated.  This may have just been an oversight on Frontino's part, but it also may point to a desire to deceive.

untrue statement of law that is not supported by case law, statute, or either of the two cases that

Frontino cites.  See 4-27 <u>MB Prac. Guide: Fed Pretrial Civ. P. in CA</u> § 5.17[2].  While it is true

that Rule 5 requires a court to have jurisdiction over a party served pursuant to it; this does not

necessarily mean Rule 5 requires that the party served have made a formal appearance.  Personal

service of process can also give a court personal jurisdiction over a defendant, which would then

allow service under Rule 5.  "Rule 4 service of process provides the mechanism by which a court

having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the

person of the party served."  <u>Oklahoma Radio Assocs.</u>, 969 F.2d 940, 943 (10th Cir. 1992).[7]

Frontino's opposition thus contained numerous factual and legal misrepresentations that

only served to distract the Clerk from the straightforward task assigned to him by Rule 55(a).

The opposition thus should not have been considered by the Clerk and should now not be

consider.

Respectfully submitted,

By: <u>s// Osahon Omoregie</u>

Pro Se

---

[7] As a side note, in an apparent attempt to insinuate that Omoregie is inexperienced with federal practice and hint at his being at fault, Frontino describe Omoregie as a law student.  However, Omoregie is actually an associate at a major law firm in New York.  Though it is also possible that Frontino's mistake was a simple error in math (a second-year law student in 2005 should presumably no longer be in law school in the summer of 2007), it should be noted that the implications resulting from this inappropriate mischaracterization may have aided in preventing the Clerk from properly performing his duty.