Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE,          )<br>                                              )<br>                        Plaintiff,   )<br>                                              )<br>vs.                                         )<br>                                              )<br>BOARDWALK AUTO CENTER, INC. and )<br>VW CREDIT LEASING, LTD. and )<br>VW CREDIT, INC.,                 )<br>                                              )<br>                        Defendants.  )<br>_____) | Case No. 07-cv-03884 PJH<br><br>DECLARATION OF OSAHON OMOREGIE IN SUPPORT OF PLAINTIFF'S |

1. I, Osahon Omoregie, declare as follows:

2. I am the Plaintiff in this action.

3. On July 30, 2007, I filed the above action.

4. On July 31, 2007, I sent packages containing waiver of service forms, the summons, the complaint, and additional supplemental documents to all three defendants.

5. On August 2, 2007, Jeff Seiffe ("Seiffe"), General Manager of Boardwalk Auto Center, Inc. ("Boardwalk"), accepted and signed for delivery of the waiver of service form. Seiffe then refused delivery.

6. VWC's registered agent of service, CT Corporation System ("CT Corp."), received the waiver of service form on August 2, 2007. The delivery was addressed to the CT Corp. as the registered agent of service for "Volkswagen Credit, Inc."

7. Exhibit A are records sent to me by the United States Postal Service. These records show that the waiver of service forms were sent to all three defendants on July 31, 2007. The records show that on August 2, 2007, Seiffe on behalf of Boardwalk accepted delivery of the waiver of service form. The records also show that Boardwalk also refused delivery of the waiver of service form that same day. The records also show that Volkswagen Credit, Inc. ("VWC") also received the waiver of service form on August 2, 2007.

8. On August 6, 2007, I sent additional supplemental documents to all three defendants. Boardwalk refused delivery of these documents, which were addressed to their registered agent of service, on August 10, 2007. Exhibit B is a record sent to me by the United States Postal Service. This record shows that Boardwalk refused delivery of that correspondence on August 10, 2007.

9. On August 7, 2007, I received the refused waiver of service form from Boardwalk.

10. Exhibit C is a photocopy of the envelope, which contained the refused waiver of service form.

11. On August 8, 2007, Boardwalk was personally served with process. Exhibit D is a copy of the proof of service.

12. On August 13, 2007, Omoregie received a letter dated August 3, 2007, in which CT Corp. stated that they were unable to deliver the waiver of service form to VWC as

"Volkswagen Credit, Inc. [was] not listed on [their] records." Exhibit E is a copy of that letter I received from CT Corp.

13.    On August 8, 2007, VWC and Volkswagen Credit Leasing, Ltd. (VWL) were personally served with process. Exhibit F is a copy of both proofs of service.

14.    The proofs of service for all three defendants and the First Amended Complaint ("FAC") were filed on August 20, 2007. Exhibit G is a copy of the court docket. Entry 6 indicates that the due dates of the answers for each defendant were August 28, 2007 for Boardwalk and September 4, 2007 for VWL and VWC.

15.    On August 14, 2007 all three defendants were properly served by me with the FAC in this action in accordance with Rules 5(a) and 5(b)(2)(B). Exhibit H is a copy of the certificate of service.

16.    The FAC was received by VWL on August 16, 2007 and by Boardwalk and VWC on August 17, 2007.

17.    Exhibit I are records sent to me by the United States Postal Service. These record show that the FAC was sent to all defendants on August 14, 2007, and was received by VWL on August 16, 2007 and by Boardwalk and VWC on August 17, 2007.

18.    On August 28, 2007, Boardwalk filed an answer to the original complaint filed on July 30, 2007. On September 6, 2007, Boardwalk served and filed an answer to the FAC.

19.    On September 5, 2007, I filed two separate requests directed at the Clerk to enter defaults against Boardwalk, and VWC and VWL all for their failure to respond to the FAC. These requests appear on the court docket as entries 10 and 12.

20. On September 6, 2007, Brian Frontino ("Frontino") of Stroock & Stroock & Lavan LLP, filed an opposition directed at the request for an entry of default against VWL and VWC on behalf of these defendants. This opposition appears on the court docket as entry 19.

21. On September 6, 2007, Patrick Co of Clapp Moroney Bellagamba & Vucinich, which represents Boardwalk, sent me a letter in which he justified Boardwalk's submission of their answer to the FAC. Exhibit J is a copy of that letter.

22. On September 12, 2007, I learned that my requests for entry of default had been declined. I learned that Frontino's opposition had been considered as an objection to my request, and used in the determination to decline my requests as premature.

23. On September 5, 2007, I informed Frontino on three occasions that his clients were physically served. I also directed him to the entry on the court docket reflecting that his client had a responsive pleading due on September 4, 2007. Exhibit K is a copy of that conversation, which was submitted by Frontino as an exhibit to his declaration in support of his opposition.

24. On September 5, 2007, I informed the relevant counsel for each defendant that I had sought an entry of default against their clients.

25. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2007.

By: s// Osahon Omoregie

Pro Se