Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOARDWALK AUTO CENTER, INC. and ) <br> VW CREDIT LEASING, LTD. and ) <br> VW CREDIT, INC., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 07-cv-03884 PJH <br><br> DECLARATION OF OSAHON OMOREGIE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS |

    1.    I, Osahon Omoregie, declare as follows:

    2.    I am the Plaintiff in this action.

    3.    On July 30, 2007, I filed the above action.

    4.    On July 31, 2007, I sent packages containing waiver of service forms, the summons, the complaint, and additional supplemental documents to VW Credit Leasing, Ltd. ("VWL") and VW Credit, Inc. ("VWI").

5. VWC's registered agent of service, CT Corporation System ("CT Corp."), received the waiver of service form on August 2, 2007. The delivery was addressed to CT Corp. as the registered agent of service for "Volkswagen Credit, Inc."

6. Exhibit A are records sent to me by the United States Postal Service. These records show that the waiver of service forms were sent to VWL and VWC on July 31, 2007. These records also show that VWC received the waiver of service form on August 2, 2007.

7. On August 6, 2007, I sent additional supplemental documents to VWL and VWC.

8. On August 13, 2007, I received a letter dated August 3, 2007, in which CT Corp. stated that they were unable to deliver the waiver of service form to VWC as "Volkswagen Credit, Inc. [was] not listed on [their] records." Exhibit B is a copy of the letter that I received from CT Corp.

9. On August 8, 2007, VWC and VWL were personally served with process. Exhibit C is a copy of both proofs of service.

10. The proofs of service for VWL and VWC and the First Amended Complaint ("FAC") were filed on August 20, 2007. Exhibit D is a copy of the court docket. Entry 6 indicates that the due dates of the answers for VWL and VWC were September 4, 2007.

11. On August 14, 2007, VWL and VWC were served by me with the FAC in this action in accordance with Rules 5(a) and 5(b)(2)(B). Exhibit E is a copy of the certificate of service.

12. The FAC was received by VWL on August 16, 2007 and by VWC on August 17, 2007.

13. Exhibit F are records sent to me by the United States Postal Service. These record show that the FAC was sent to VWL and VWC on August 14, 2007, and was received by VWL on August 16, 2007 and by VWC on August 17, 2007.

14. On August 17, 2007, Frontino returned one waiver of service form for both VWL and VWC. A copy of this form has been included as Exhibit J.

15. I was out of the country from August 16, 2007 to August 29, 2007. I was informed of the waiver by a family member who was checking my mail on August 23, 2007.

16. On September 5, 2007, I filed a request directed at the Clerk to enter defaults against VWC and VWL all for their failure to respond to the FAC. These requests appear on the court docket as entries 10.

17. On September 6, 2007, Brian Frontino ("Frontino") of Stroock & Stroock & Lavan LLP, filed an opposition directed at the request for an entry of default against VWL and VWC on behalf of these defendants. This opposition appears on the court docket as entry 19 and has been included as Exhibit G.

18. On September 12, 2007, I learned that my request for entry of default had been declined. I learned that Frontino's opposition had been considered as an objection to my request, and used in the determination to decline my requests as premature.

19. On September 5, 2007, I informed Frontino on three occasions that his clients were physically served with process. I also directed him to the entry on the court docket reflecting that his clients had a responsive pleading due on September 4, 2007. I informed him that this entry corresponded to the returned proofs of service relating to the physical service of his clients on August 14, 2007. Exhibit H is a copy of that conversation, which was submitted by Frontino as an exhibit to his declaration in support of his opposition.

20. After Frontino submitted his opposition, I again notified Frontino by email that his clients had been physically served and requested that he withdraw his submission. Exhibit I is a copy of that email.

21. On September 5, 2007, Frontino indicated his intention to file an opposition to the request. I informed him that he was not entitled to submit such an opposition as only a request to the Clerk, not a motion to the Court, had been made. I also informed him that the submission of any document without an adequate investigation on his part could lead to his being sanctioned by the Court.

22. On September 5, 2007, I informed Frontino that I had sought an entry of default against his clients.

23. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 3, 2007.

By: s// Osahon Omoregie

Pro Se