Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| OSAHON OMOREGIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-cv-03884 PJH |
| | ) | |
| vs. | ) | NOVEMBER 14, 2007, 9:00 A.M. |
| | ) | |
| BOARDWALK AUTO CENTER, INC. and VW CREDIT LEASING, LTD. and VW CREDIT, INC., | ) | MOTION TO STRIKE |
| | ) | |
| Defendants. | ) | |

**Notice of Motion.** Please take notice that Osahon Omoregie ("Omoregie") will make this motion for hearing before this Court on November 14, 2007, at 9:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom No. 3, 17th Floor of the United States Courthouse located at 450 Golden Gate Ave., San Francisco, CA 94102.

**Statement of Purpose.** Plaintiff, Omoregie, moves the Court for an order pursuant to Federal Rule of Civil Procedure 12(f) striking both answers filed by Defendant Boardwalk Auto

Center, Inc. ("Boardwalk") and deeming all averments in the First Amended Complaint ("FAC") admitted by Boardwalk.

**Memorandum of Points and Authorities.**

## TABLE OF CONTENTS

**I. ISSUES PRESENTED** .......... 4
**II. STATEMENT OF FACTS** .......... 4
**1. Service of Defendant** .......... 4
**2. Clapp's Pre-filing Investigation** .......... 5
**3. Defendant's Answers** .......... 6
**A. Answer 1** .......... 6
**B. Answer 2** .......... 6
**III. ARGUMENTS** .......... 7
**1. Under Rule 12(f), a Court May Strike a Pleading That Is Grossly in Violation of Rule 8** .......... 7
**2. Boardwalk's Answers Are Grossly In Violation of Rule 8** .......... 8
**A. Boardwalk's Denials Are Grossly in Violation of Rule 8** .......... 8
**B. Boardwalk's Affirmative Defenses Are In Gross Violation of Rule 8** .......... 10
**3. Boardwalk's Answers Should Be Struck and All Averments of the FAC Should Be Deemed Admitted** .......... 11
**4. Timeliness of Motion** .......... 12
**5. Relationship to Rule 11** .......... 13
**6. Relationship to Motion for Entry of Defaults** .......... 13

## TABLE OF AUTHORITIES

**Cases**

American Mach. & Metals, Inc. v. De Bothezat Impeller Co., 8 F.R.D. 306 (D.C..N.Y. 1948).... 8
Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992 (M.D. Fla. 1976) .......... 8
Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269 (S.D.N.Y. 1999) .......... 12

Florida Monument Builders v. All Faiths Mem'l Gardens, 1984 U.S. Dist. LEXIS 24879 (S.D. Fla. 1984) .......... 9

Gilbert v. Johnston, 127 F.R.D. 145 (N.D. Ill. 1989) .......... 8, 9

Golemi v. Creative Food Design, Ltd., 116 F.R.D. 73 (D.D.C 1987) .......... 13

Hamer v. Career Coll. Ass'n, 979 F.2d 758 (9th Cir. 1992) .......... 10

Lunsford v. United States, 570 F.2d 221 (8th Cir. 1977) .......... 12

Mossman v. Roadway Express, Inc., 789 F.2d 804 (9th Cir. 1986 .......... 10

Narragansett Tribe of Indians v. S. Rhode Island Land Dev. Corp., 418 F. Supp. 798 (D.C.R.I. 1976) .......... 8

Naton v. Bank of California, 72 F.R.D. 550 (N.D. Cal 1976) .......... 8

Porto Transport, Inc. v. Consolidated Diesel Elec. Corp., 20 F.R.D. 1 (S.D.N.Y. 1956) .......... 8

Rodick v. City of Schenectady, 1 F.3d 1341 (2nd Cir. 1993) .......... 10

United States v. Chung-Shiaing Wang, 404 F. Supp. 2d 1155 (N.D. Cal. 2005) .......... 12

**Other Authorities**

10-55 Moore's Fed. Prac. - Civ. .......... 8

## I. ISSUES PRESENTED

Under Rule 12(f), upon motion, or on its own initiative, a Court may strike an entire pleading, even one untimely submitted, that grossly violates the requirements of Rule 8. As Boardwalk's counsel filed their answers without even first consulting their clients, or apparently conducting any other form of investigation, both answers as a matter of law must be seen to grossly violate Rule 8. Boardwalk's answers merely served as placeholder pleadings that were solely meant to avoid an entry of default against Boardwalk. Such placeholder pleadings should not be tolerated in federal courts. It would thus be appropriate for this Court to strike Boardwalk's answers and deem all averments in the FAC as admitted by Boardwalk.

## II. STATEMENT OF FACTS

**1. Service of Defendant.**

On July 30, 2007, the above action was filed. (Omoregie Decl. ¶ 3.) The following day, a package containing a waiver of service form was sent to Boardwalk. The package was addressed to Boardwalk's registered agent of service and also contained the summons, the complaint, and supplemental documents. Id., ¶ 4. Additional supplemental documents were sent to Boardwalk on August 6, 2007. Id., ¶ 7.

On August 2, 2007, Boardwalk's General Manager, Jeff Seiffe ("Seiffe"), accepted and signed for delivery of the waiver of service form. Id., ¶ 5. Seiffe apparently then changed his mind and decided to refuse the delivery. Id.

On August 7, 2007, Omoregie received the refused delivery containing the waiver of service form. Id., ¶ 8. The next day, Omoregie had Boardwalk personally served with process.

Id., ¶ 10. On August 10, 2007, after being personally served, Boardwalk again refused correspondence related to this action addressed to their registered agent of service. Id., ¶ 7.

The proof of service for Boardwalk was filed with the Court on August 20, 2007. Id., ¶ 11. The due date of the answer was listed on the court docket as August 28, 2007. Id.

On August 14, 2007, Omoregie served the FAC on Boardwalk by first-class mail pursuant to Rules 5(a) and 5(b)(2)(B). Id., ¶ 12. The FAC was received by Boardwalk on August 17, 2007. Id., ¶ 14. The FAC was filed with the Court on August 20, 2007. Id., ¶ 11.

On August 17, 2007, Boardwalk retained Merrill, Nomura & Molineux, LLP ("Merrill") as their legal counsel. Id., ¶ 13. On that day, Clay Coelho ("Coelho"), an attorney at Merrill, requested that Omoregie stipulate to ten additional days for Boardwalk to respond to the complaint. Id., ¶ 13. Citing Boardwalk's refusal of the waiver of service form, among other reasons, Omoregie declined Coelho's request. Id., ¶ 27. On August 22, 2007, Coelho confirmed receipt of the FAC. Id., ¶ 30. On the same day, Coelho was informed that the FAC had been filed with the Court on August 20, 2007. Id., ¶ 28.

**2.      Clapp's Pre-filing Investigation.**

On August 28, 2007, the day their answer was due, Boardwalk retained Clapp as their new legal counsel. Id., ¶ 16. On that same day, Joshua Rose ("Rose"), an attorney at Clapp, attempted to contact Omoregie regarding obtaining a two-week extension to investigate the allegations raised in the original complaint. Id., ¶ 17. Omoregie, however, was out of the country and Rose was not able to reach him. Id., ¶ 18. Later that day, Rose and Jeffery Vucinich ("Vucinich"), another attorney at Clapp, filed an answer to the original complaint on behalf of Boardwalk ("Answer 1"). Id., ¶ 19.

On October 2, 2007, Patrick Co ("Co"), an attorney at Clapp, sent Omoregie a letter, as an email attachment, regarding a motion for sanctions that Omoregie had served on Clapp. Letter from Co, counsel to Boardwalk, to Omoregie, Plaintiff (Oct. 2, 2007) (Omoregie Decl. Ex. J); (Omoregie Decl. ¶ 29.) In that letter, Co admitted that Clapp had filed both of Boardwalk's answers before meeting with Boardwalk. (Omoregie Decl. ¶ 29.) Co additionally admitted that Clapp had filed both answers for the purpose of avoiding Boardwalk's default. Id. Co requested that Omoregie stipulate to Boardwalk's future amendment of its answer. Id. As of the filing of this motion, Omoregie have received neither the stipulation nor the amended answer referred to by Co. Id., ¶ 29.

**3. Defendant's Answers.**

**A. Answer 1.**

Answer 1 contained twenty-eight nearly identical denials of all the averments in the original complaint. Id., ¶ 24. Each response stated that the ". . . answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein." Id. Answer 1 also without equivocation denied each and every allegation in the counts relating to Boardwalk. Id. Additionally, it contained thirty-three affirmative defenses. Id.

**B. Answer 2.**

On September 5, 2007, Omoregie requested that the Clerk enter a default against Boardwalk for their failure to respond to the FAC. Id., ¶ 20. On the same day, Omoregie notified Clapp that they had failed to timely respond to the FAC, and that he would be seeking an

entry of default against Boardwalk. Id., ¶ 21. Omoregie further informed Clapp that he would be seeking Rule 11 sanctions against Rose, Vucinich, and Clapp regarding their filing of Answer 1. Id., ¶ 22.

On September 6, 2007, Co and Vucinich filed an answer to the FAC on behalf of Boardwalk ("Answer 2"). Id., ¶ 19. Answer 2 was very similar to Answer 1. Id., ¶ 25. Answer 2 contained twenty-seven denials based on lack of information or belief and the same thirty-three affirmative defenses found in Answer 1. Id. The only real differences between both answers were that in Answer 2, Boardwalk admitted that a claim based on the Equal Credit Opportunities Act ("ECOA") arises under federal law, that they operate a car dealership in Redwood City, CA, and specifically denied four of the five allegations found in the FAC but not in the original complaint. Id.

On September 6, 2007, Co sent Omoregie a letter in which he claimed that it was Clapp's view that Answer 2 was timely since Co personally believed that it was "inconceivable" that a FAC could be filed after it was served. Letter from Co, counsel to Boardwalk, to Omoregie, Plaintiff (Sept. 6, 2007) (Omoregie Decl. Ex. L.); (Omoregie Decl. ¶ 31.) Co stated that his firm had, therefore, decided to consider the FAC's filing date of August 20, 2007 as the day on which to begin calculating the date that Boardwalk's answer to the FAC was due. By Co's estimate, Boardwalk's answer to the FAC was due on September 9, 2007.

## III. ARGUMENTS

### 1. Under Rule 12(f), a Court May Strike a Pleading That Is Grossly in Violation of Rule 8.

"While traditional disfavor of motion to strike stems from its potential for abuse as a dilatory tactic, this drawback must be balanced against motion's intended use as primary procedure for objecting to insufficient defense…" Narragansett Tribe of Indians v. S. Rhode Island Land Dev. Corp., 418 F. Supp. 798, 801 (D.C.R.I. 1976).  Defenses are legally insufficient if, on their face, they are patently frivolous or clearly invalid as a matter of law.  Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  Such defenses should only be stricken if it is clear that they would have no possible bearing on the subject matter of the case.  Naton v. Bank of California, 72 F.R.D. 550, 552 n. 4 (N.D. Cal 1976).  An entire pleading may be stricken if it contains entirely legally insufficient defenses and thus is grossly in violation of the requirements of Rule 8.  See American Mach. & Metals, Inc. v. De Bothezat Impeller Co., 8 F.R.D. 306, 308 (D.C.N.Y. 1948).

**2. Boardwalk's Answers Are Grossly In Violation of Rule 8.**

**A. Boardwalk's Denials Are Grossly in Violation of Rule 8.**

Under Rule 8, denials based on lack of knowledge or belief are typically available to defendants with respect to factual allegations on matters not of public record, often within the control of the plaintiff, or not easily accessed by the defendant.  10-55 Moore's Fed. Prac. - Civ., §8.06(5); see Porto Transp., Inc. v. Consol. Diesel Elec. Corp., 20 F.R.D. 1, 1-2 (S.D.N.Y. 1956).  For a defendant to obtain the benefit of a deemed denial under Rule 8(b), they must specify that no level of knowledge or information possessed by them would support even a belief.  10-55 Moore's Fed. Prac. - Civ., §8.06(5); See Gilbert v. Johnston, 127 F.R.D. 145, 146 (N.D. Ill. 1989).

As admitted by Co, Clapp did not meet with its client, Boardwalk, before it filed either of Boardwalk's answers. The purpose of both their answers was simply to avoid default. Neither answer did anything to advance this litigation. From many of the denials made by Clapp, it is clear that no investigation went into the production of either answer. For example, in Paragraph 5 of Answer 1, Clapp is unable to specifically admit or deny whether Omoregie and Boardwalk entered an agreement,[1] or even the place of business of their defendant.[2] Additionally, in Paragraphs 2 and 3 of both answers, Boardwalk denies whether venue and intradistrict assignment of this case are proper based on lack of information or belief. As venue and intradistrict assignment of this case rely heavily on Boardwalk's location in San Mateo County, Paragraph 2 and 3 in both answers essentially deny that Boardwalk is located in San Mateo County by stating that Boardwalk is without information or belief to form an adequate opinion on its own location.[3] Many of the other denials in the answers similarly lead to the conclusion that no investigation was conducted by Clapp prior to the filing of either answer. These denials can be seen as nothing more than an abuse of the privilege, to deny based on lack of information or belief, provided under Rule 8(b).

It is possible that Clapp's attorneys confused the difference between an attorney not having sufficient information or belief about a fact and a denial in an answer based on lack of information or belief, which signifies that the defendant does not have sufficient information or belief about that fact. Compare Florida Monument Builders v. All Faiths Mem'l Gardens, 1984 U.S. Dist. LEXIS 24879, 2-3 (S.D. Fla. 1984) with Gilbert, 127 F.R.D. at 146 (N.D. Ill. 1989).

---

[1] A copy of the Agreement entered into by Omoregie and Boardwalk was attached to both complaints as Exhibit A.
[2] The place of business of Boardwalk is identified on the Agreement that was attached to both complaints as Exhibit A.
[3] That Boardwalk's place of business is located in San Mateo County is also identified on the Agreement that was attached to both complaints as Exhibit A.

When an attorney does not have sufficient information or belief about a fact, they have an affirmative duty under Rule 11 to inform themselves before making a statement concerning that fact in a filing to the court. Fed. R. Civ. P. 11(b). Courts have recognized that in cases where attorneys do not have sufficient time to conduct a full investigation into necessary facts, they may rely solely on statements of their defendants. Hamer v. Career Coll. Ass'n, 979 F.2d 758, 759 (9th Cir. 1992); Rodick v. City of Schenectady, 1 F.3d 1341, 1351 (2nd Cir. 1993). Attorneys, however, are not allowed to use their personal ignorance to plead for their clients, as was apparently the case here.

**B. Boardwalk's Affirmative Defenses Are In Gross Violation of Rule 8.**

In both its answers, Boardwalk exerts the same thirty-three affirmative defenses.[4] Many of these affirmative defenses, at least twenty-one, have no legitimate relation to this action and amount to frivolous legal contentions, in gross violation of Rule 8(c). For example, the twenty-second affirmative defense concerns breaches or failures to perform contracts. However, as any reasonable reading of either complaint shows, breaches or failures to perform contracts are in no way related to any of the allegations of this action. Since there is no factual connection to this case, the assertion of this affirmative defense is a legally frivolous contention. As another example, the thirty-first affirmative defense states, the "answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show an affirmative link between defendant and the acts which allegedly violated plaintiff's rights." However, the complaints clearly states that an employee of Boardwalk while in the clear scope of his employment was directly involved in the events that gave rise to this

[4] It has been noted before in this Circuit that the inclusion of thirty-seven affirmative defenses is extraordinary. Mossman v. Roadway Express, Inc., 789 F.2d 804, 806 (9th Cir. 1986) (discussing the district court's opinion).

action. As there is no arguable legal or factual basis for this affirmative defense, it is also a frivolous legal contention. The vast majority of Boardwalk's affirmative defenses likewise have no legitimate connection to this case, i.e., no chance of success, and are frivolous legal contentions, which were made in gross violation of Rule 8(c)'s privilege to assert such defenses.

**3. <u>Boardwalk's Answers Should Be Struck and All Averments of the FAC Should Be Deemed Admitted</u>.**

Clapp filed two placeholder pleadings[5] for Boardwalk in an attempt to avoid default. Co's admission that Clapp had not met with Boardwalk and the content of the answers, show that the purpose of the answers were not to fairly meet the allegations of the complaint but simply avoid default. The answer in no way advanced this litigation. That these answers are in gross violation of Rule 8 and present legally insufficient and impertinent defenses is clear. Such placeholder pleadings should not be tolerated in federal courts. Though Rose's attempts to contact Omoregie to obtain an extension showed an early desire to proceed in good faith, the decision of Clapp's attorney's to abdicate their responsibility as members of the court and file entirely frivolous documents with this Court for the sole purpose of meeting deadlines is what cannot be tolerated.

Boardwalk's behavior should also be noted. They showed a desire to avoid participation in this action by refusing mail addressed to their registered agent of service before and after being physically served with process. They waited nine days to obtain counsel, then for

[5] The term placeholder pleading is used here to refer to pleadings that are filed solely to meet a party's requirement to plead. The substance of such pleadings is immaterial to the actual litigation and does nothing to advance it. Placeholder pleadings merely avoid default for the filing party and buy them additional time.

unknown reasons obtained new counsel to file their answer on the day it was due. They share responsibility for placing Clapp in the position it found itself in on August 28, 2007.

The Court should thus strike both answers and deem all averments of the FAC admitted by Boardwalk. It is important that Boardwalk not be given leave to amend their answer as this will encourage the use of such placeholder pleadings in federal courts in the future.

**4.     Timeliness of Motion.**

Boardwalk's answer to the FAC was served and filed twenty-nine days prior to the filing of this motion. Though Rule 12(f) seems to require parties to bring a motion to strike, if no responsive pleading is permitted, within twenty days after the service of the pleading upon which the motion is based, several district courts, including this one, and appellate courts, have found that since courts may strike portions of a pleading on their own initiative, they may properly entertain a motion made outside of the twenty-day limit. United States v. Chung-Shiaing Wang, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005) ("Plaintiffs' delay, however, presents no bar to considering the motion on its merits. Rule 12(f) clearly permits a Court on its own initiative, at any time, to strike. . . . In effect, the Court's discretion renders the twenty (20) day rule essentially unimportant." (quoting Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999)); see also Lunsford v. United States, 570 F.2d 221, 227 n. 11 (8th Cir. 1977). Thus, given this Districts view on the unimportance of the twenty-day rule and the egregiousness of Boardwalk's violation of Rule 8, the Court may properly consider this motion, or the issues raised by this motion under its own initiative, even if the motion is viewed as not meeting the requirements of the twenty-day rule.[6]

---

[6] Alternatively, Boardwalk raises set-off as an affirmative defense in both answers. (Def.'s Answers, Affirmative Defense 23.) However, set-off is more accurately described as a counter-

**5.      Relationship to Rule 11.**

It is clear that Rose, Vucinich, Co, and Clapp violated Rule 11 in the filing of both of Boardwalk's answers. At the very least Rule 11 mandates some affirmative investigation before the filing of any document with the court. See Golemi v. Creative Food Design, Ltd., 116 F.R.D. 73, 77 (D.D.C 1987). Clapp's attorney's, by their own admission, did not even meet with their client before they filed its answers. Despite the assertion of Co, Letter from Co (Oct. 2, 2007) (Omoregie Decl. Ex. J), based on the content of the answers, it is doubtful whether any meaningful investigation was conducted prior to the filing of either answer.[7] From the fact that Rose and Vucinich failed to respond to the right complaint, it is possible that neither of them even reviewed the court docket before filing Answer 1.[8] Additionally, Clapp's professed belief that they had until September 9, 2007 to file an answer to the FAC, though absurd, must also be considered against Clapp.

Rule 11 sanctions are not being requested in this motion due to Rule 11's requirements that such motions be separately made and filed 21-days after service of the offending party. However, it should be noted that under Rule 11(c)(2)(B), the Court may, on its own initiative, order Clapp and its attorneys to show cause why they have not violated Rule 11(b). Rule 11(c) would also allow the Court to strike both answers.

**6.      Relationship to Motion for Entry of Defaults.**

---

claim. Under Rule 8(c), the Court may recategorize it as such, which would thus allow for a reply and result in the twenty-day rule not being applicable. This would thus allow the Court to properly consider this motion if it views the twenty-day rule as a bar to consideration.
[7] The only additional pre-filing investigation that appears to have been conducted in regards to Answer 2 was a comparison between both complaints and then a decision to deny all the new allegations relating to Boardwalk raised in the FAC.
[8] The court docket has reflected since August 20, 2007 that a FAC was filed.

It is still the plaintiff's position that Boardwalk has failed to timely respond to the FAC and should thus have a default entered against them. The substance of both answers is an additional wrong that the Court should view separately from Boardwalk's failure to timely respond to the FAC. A motion to strike under Rule 12(f) should not be seen as a waiver of default. In order to help maintain the integrity of the Court and its procedures, it is important that Boardwalk face the consequences from all of its abuses of the Federal Rule of Civil Procedure. If the Court were to strike both answers and deem all averments in the FAC admitted by Boardwalk under Rule 12(f), a default could, and should, still be entered against Boardwalk pursuant to Rule 55(a). To the extent that the remedies under Rule 55(a) and Rule 12(f) are mutually exclusive, an entry of default should be entered against Boardwalk; and if Boardwalk is successful in setting aside such a default, then both answers should still be stricken without leave to amend and all the averments in the FAC should be deemed admitted by Boardwalk.

Respectfully submitted,

By: s// Osahon Omoregie

Pro Se