STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996)
BRIAN C. FRONTINO (State Bar No. 222032)
2029 Century Park East, Suite 1600
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendants
  VW CREDIT LEASING, LTD. and
  VW CREDIT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| OSAHON OMOREGIE | Case No. 07-CV-03884-PJH |
| Plaintiff, | **ANSWER OF DEFENDANTS VW CREDIT LEASING, LTD. AND VW CREDIT, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| BOARDWALK AUTO CENTER, INC. and VW CREDIT LEASING, LTD. and VW CREDIT, INC., | Action Filed: July 30, 2007 |
| Defendants. | |

ANSWER OF DEFENDANTS VW CREDIT LEASING, LTD. AND VW CREDIT, INC. TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 07-CV-03884-PJH

LA 50372065v1

Defendants VW Credit Leasing, Ltd. and VW Credit, Inc. (together, "VCI") hereby answer the First Amended Complaint (the "FAC") filed by plaintiff Osahon Omoregie ("Plaintiff") as follows:

## JURISDICTION

1. Answering Paragraph 1 of the FAC, VCI admits that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

## VENUE

2. Answering Paragraph 2 of the FAC, VCI admits that venue is proper in this District.

## INTRADISTRICT ASSIGNMENT

3. Answering Paragraph 3 of the FAC, VCI neither admits nor denies the allegations contained therein.

4. Answering Paragraph 4 of the FAC, VCI lacks knowledge sufficient to admit or deny the facts contained in Paragraph 4 and, on that basis, neither admits nor denies the allegations contained therein.

5. Answering Paragraph 5 of the FAC, VCI admits that Plaintiff entered into a California Motor Vehicle Lease Agreement (the "Agreement") with defendant Boardwalk Auto Center, Inc. ("Boardwalk") and that VCI agreed to provide the financing for the Agreement. VCI lacks knowledge or information as to the truth of the remaining allegations contained in Paragraph 5 and, on that basis, denies the remaining allegations contained therein.

6. Answering Paragraph 6 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

7. Answering Paragraph 7 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

8. Answering Paragraph 8 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

9. Answering Paragraph 9 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

10. Answering Paragraph 10 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

11. Answering Paragraph 11 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

12. Answering Paragraph 12 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13 of the FAC, VCI alleges that Plaintiff agreed to lease the 2005 Volkswagen Jetta, VIN 3VWPG71K75M633938, (the "Vehicle"), for 36 months at $237.74 per month, which includes a base monthly payment of $219.62 and tax on each payment of $18.12. VCI lacks knowledge or information as to the truth of the remaining allegations contained in Paragraph 13 and, on that basis, denies the remaining allegations contained therein.

14. Answering Paragraph 14 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of the FAC, VCI admits that it approved Plaintiff's application for financing on the Vehicle lease. VCI lacks knowledge or information as to the truth of the remaining allegations contained in Paragraph 15 and, on that basis, denies the remaining allegations contained therein.

16. Answering Paragraph 16 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

17. Answering Paragraph 17 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

19. Answering Paragraph 19 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

20. Answering Paragraph 20 of the FAC, denies the allegations contained therein.

21. Answering Paragraph 21 of the FAC, VCI denies the allegations contained therein.

22. Answering Paragraph 22 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

23. Answering Paragraph 23 of the FAC, VCI denies the allegations contained therein.

24. Answering Paragraph 24 of the FAC, VCI denies the allegations contained therein.

25. Answering Paragraph 25 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

26. Answering Paragraph 26 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

27. Answering Paragraph 27 of the FAC, VCI denies the allegations contained therein.

28. Answering Paragraph 28 of the FAC, VCI denies the allegations contained therein.

29. Answering Paragraph 29 of the FAC, VCI denies the allegations contained therein.

30. Answering Paragraph 30 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

31. Answering Paragraph 31 of the FAC, VCI denies the allegations contained therein.

32. Answering Paragraph 32 of the FAC, VCI denies the allegations contained therein.

33. Answering Paragraph 33 of the FAC, VCI lacks knowledge or information as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

34. Answering Paragraph 34 of the FAC, VCI admits the allegations contained therein.

**COUNT 1 – VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. SECTION 1691, ET SEQ.**

35. Answering Paragraph 35 of the FAC, this Paragraph contains no allegations directed to VCI. Accordingly, VCI neither admits or denies the allegations contained in Paragraph 35.

**COUNT 2 – VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. SECTION 1691, ET SEQ.**

36. Answering Paragraph 36 of the FAC, VCI denies the allegations contained therein.

### COUNT 3 – VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. SECTION 1691, ET SEQ.

37. Answering Paragraph 37 of the FAC, VCI denies the allegations contained therein.

### COUNT 4 – FRAUDULENT INDUCEMENT

38. Answering Paragraph 38 of the FAC, this Paragraph contains no allegations directed to VCI. Accordingly, VCI neither admits or denies the allegations contained in Paragraph 38.

### COUNT 5 – AIDING AND ABETTING

39. Answering Paragraph 39 of the FAC, VCI denies the allegations contained therein.

### COUNT 6 – AIDING AND ABETTING

40. Answering Paragraph 40 of the FAC, VCI denies the allegations contained therein.

### PRAYER

41. Answering Plaintiff's Prayer for Relief, Paragraph 41 of the FAC, VCI denies that Plaintiff is entitled to rescission of the Agreement.

42. Answering Plaintiff's Prayer for Relief, Paragraphs 42 through 45, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI, including actual and/or punitive damages or any other damages.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the FAC and all claims alleged therein, VCI alleges as follows on information and belief:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

43. The FAC, and each purported claim alleged therein, fails to state a claim against VCI.

### SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

44. The FAC, and each purported claim alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including without limitation 15 U.S.C. § 1691e(f).

### THIRD AFFIRMATIVE DEFENSE

### Failure to Mitigate

45. To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the FAC, which VCI denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

### Good Faith/Reasonable Commercial Standards

46. With respect to the matters alleged in the FAC, VCI at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements, thus precluding Plaintiff from any recovery as against VCI.

### FIFTH AFFIRMATIVE DEFENSE

### Estoppel

47. The FAC is barred, in whole or in part, by Plaintiff's conduct, actions and inactions which amount to and constitute an estoppel of the claims and any relief sought thereby.

### SIXTH AFFIRMATIVE DEFENSE

### Waiver

48. The FAC, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the FAC.

### SEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

49. Plaintiff's claims in the FAC are barred, in whole or in part, by virtue of Plaintiff's conduct, actions or inactions, under the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

#### Laches

50.  Plaintiff has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to VCI, and such claims therefore are barred pursuant to the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

#### Consent

51.  By the Plaintiff's conduct, acts and/or omissions, Plaintiff consented to and acquiesced in VCI's alleged conduct.

### TENTH AFFIRMATIVE DEFENSE

#### Independent/Intervening Conduct

52.  Plaintiff is barred from recovery in that the harm alleged in the FAC was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of VCI.

### ELEVENTH AFFIRMATIVE DEFENSE

#### Contributory Negligence

53.  VCI alleges that, if Plaintiff sustained any loss as a result of the matters alleged in the FAC, such loss, if any, was caused and contributed to by Plaintiff's conduct, and such conduct on his part constitutes a bar to any recovery or, in the alternative, recovery, if any, should be reduced in proportion to the extent such conduct was a cause of his loss, if any.

### TWELFTH AFFIRMATIVE DEFENSE

#### Constitutional Limitations on Punitive Damages

54.  The claims for punitive damages are barred, in whole or in part, by the Excessive Fines and/or Due Process Clauses of the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

### Ratification

55. The FAC, and each purported claim therein, is barred by Plaintiff's conduct, actions and inactions under the doctrine of ratification.

### FOURTEENTH AFFIRMATIVE DEFENSE

### Business Justification

56. VCI did not consider Plaintiff's racial background in connection with his application for financing with VCI. Rather, VCI's decision was based solely on legitimate business needs.

### FIFTEENTH AFFIRMATIVE DEFENSE

### Reservation of Rights to Assert Additional Affirmative Defenses

57. VCI reserves the right to assert such other and further affirmative defenses as may be appropriate through the course of the litigation.

WHEREFORE, VCI prays as follows:

1. That Plaintiff take nothing by this action;

2. That judgment be entered against Plaintiff and in favor of VCI;

3. That VCI be awarded its costs incurred in this action, including, where applicable under the law, its reasonable attorneys' fees; and

4. That this Court grant such other relief as the Court deems just and proper.

Dated: October 9, 2007

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
BRIAN C. FRONTINO

By: /s/ Brian C. Frontino
        Brian C. Frontino

Attorneys for Defendants
   VW CREDIT LEASING, LTD. and VW CREDIT, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On October 9, 2007, I served the foregoing document(s) described as: **ANSWER OF DEFENDANTS VW CREDIT LEASING, LTD. AND VW CREDIT, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Osahon Omoregie
> 42 Otsego Avenue
> New Rochelle, NY 10804
> Telephone: (917) 805-8309
> Facsimile: (413) 803-5514
> oomoregie@gmail.com

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☒ **(VIA ELECTRONIC MAIL DELIVERY)** By causing the above listed document(s) to be delivered to the person(s) at the email address(es) set forth above.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 9, 2007, at Los Angeles, California.

| Dino Shorté | /s/ Dino Shorté |
|---|---|
| [Type or Print Name] | [Signature] |