1  JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
   PATRICK R. CO, ESQ. BAR#: 200160
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  1111 Bayhill Drive, Suite 300
   San Bruno, CA  94066
4  (650) 989-5400  (650) 989-5499 FAX

5  Attorneys for Defendant
   BOARDWALK AUTO CENTER, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  OSAHON OMOREGIE,                      CASE NO.:  C07-03884 PJH

12          Plaintiff,                    **DEFENDANT BOARDWALK AUTO
                                          CENTER, INC.'S MEMORANDUM OF
13  v.                                    POINTS AND AUTHORITIES IN
                                          SUPPORT OF ITS OPPOSITION TO
14  BOARDWALK AUTO CENTER, INC.;          PLAINTIFF'S REQUEST FOR ENTRY
    VW CREDIT LEASING, LTD; AND           OF DEFAULT, AND/OR IN THE
15  VOLKSWAGEN CREDIT, INC.,              ALTERNATIVE MOTION TO SET
                                          ASIDE ENTRY OF DEFAULT**
16          Defendants.

17                                        Date:   November 7, 2007
                                          Time:  9:00am
18                                        Courtroom: 3, 17th Floor
                                          Judge: Hon. Phyllis J. Hamilton
19
                                          Complaint filed:  07/30/07
20

21

22

23

24

25

26

27

28  **DEFENDANT BOARDWALK AUTO CENTER, INC.'S
    OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
    DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
    MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
    CASE NO. C07-03884 PJH**

## Table of Contents

I.   INTRODUCTION AND STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.   DEFENDANT BOARDWALK'S ANSWER TO THE
        ORIGINAL COMPLAINT PREVENTED ENTRY OF DEFAULT. . . . . . . . 4

    1.   Boardwalk's Answer To The Original Complaint
        Put Plaintiff And The Court On Notice of Boardwalk's
        Intent To Defend This Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    2.   The Existence of Boardwalk's Filed Answer
        To the Original Complaint and The Filing of Boardwalk's
        Answer To The First Amended Complaint
        Justifies The Court Clerk's Denial of Entry of Default. . . . . . . . . . 5

    B.   GOOD CAUSE EXISTS TO SET
        ASIDE THE ENTRY OF DEFAULT. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    1.   Plaintiff OSAHON OMOREGIE'S Conduct in
        Requesting Default Even When he Knew of
        BOARDWALK's Intent On Defending This Action and
        Intent To Answer The First Amended Complaint
        Constitutes Good Cause To Set Aside Entry of Default. . . . . . . . . . 6

    2.   Plaintiff's Service by Mail of the
        First Amended Complaint Was Invalid. . . . . . . . . . . . . . . . . . . . . . 7

        a.   Plaintiff's Position Is Inconsistent with Rule 5's
            Requirement That Pleadings Asserting
            New Claims For Relief Against A Defendant
            Who Has Not Appeared Must Be Served
            Pursuant To Rule 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C.   THERE EXISTS A GOOD AND MERITORIOUS DEFENSE
    TO THE CLAIMS FOR RELIEF ALLEGED. . . . . . . . . . . . . . . . . . . . . 8

D.   PLAINTIFF'S MOTION CONSTITUTES
    UNNECESSARY PROCEEDINGS AND  AN ATTEMPT TO
    DRIVE UP THE COST OF THIS LAWSUIT. . . . . . . . . . . . . . . . . . . . . 9

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ii

DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH

G:\Data\DOCS\0173\03851\OppDef
ault\Opp.ReqEntryDefault

**Table of Authorities**

**Cases:**

Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.

(9th Cir. 1988) 840 F.2d 685, 689 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe

139 U.S. App.D.C. 256 (D.C. Cir. 1970), 432 F.2d. 689 . . . . . . . . . . . . . . . . . . . . . 4

Washington National Insurance Company v. Hendricks

855 F.Supp. 1542 (WD WI . 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

TCI Group Life Ins. Plan v. Knoebber

(9th Cir. 2001) 244 F3d 691, 696 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Franchise Holding II, LLC. V Huntington Restuarants Group, Inc.

(9th Cir. 2004) 375 F.3d 922, 926. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Brady v. United States

(9th Cir. 2000) 211 F.3d 499, 504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hritz v. Woma Corp.

(3rd Cir. 1984) 732 F.2d 1178, 1181 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Securities & Exchange Commission v. McNulty

(2nd Cir. 1998) 137 F.3d 732, 740 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sassower v Field

(1992, CA2 NY) 973 F2d 75, cert den (1993) 507 US 1043, 123 L Ed 2d 497, 113 S Ct 1879,

rehearing denied (1993) 508 US 968, 124 L Ed 2d 698, 113 S Ct 2952 . . . . . . . . . . . . . . . . 10

**Statutes:**

F.R.C.P. 55(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

F.R.C.P. 55(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

F.R.C.P. 55(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iii

DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH

G:\Data\DOCS\0173\03851\OppDef
ault\Opp.ReqEntryDefault

FRCP 55 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FRCP 60(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

F.R.C.P. 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.R.C.P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. §1927. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iii

DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH

G:\Data\DOCS\0173\03851\OppDef
ault\Opp.ReqEntryDefault

# I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff OSAHON OMOREGIE (hereinafter sometimes referred to as "OMOREGIE") has filed this lawsuit arising out of his lease of a Volkswagen Jetta on September 2, 2005. After driving the car for almost two years, Mr. OMOREGIE first filed his original complaint on July 30, 2007. That complaint was purportedly served on defendant BOARDWALK AUTO CENTER, INC.(hereinafter sometimes referred to as "BOARDWALK") on August 8, 2007.[1]  On August 14, 2007, before any appearance had been made by BOARDWALK or any contact by plaintiff made with BOARDWALK's attorneys, OMOREGIE served his First Amended Complaint on BOARDWALK. He did not file that First Amended Complaint until August 20, 2007.

On or about August 18, 2007 corporate counsel for defendant BOARDWALK contacted Mr. OMOREGIE, informing him of their representation of BOARDWALK, and requesting an extension of time to respond to the original complaint. [See Declaration of Clay Coelho, Esq. in Support of Opposition to Plaintiff's Request for Default or in the Alternative to Set Aside Entry of Default] At that time, corporate counsel for BOARDWALK was unaware that plaintiff had purportedly served a First Amended Complaint on BOARDWALK. [See Declaration of Clay Coelho, Esq. in Support of Opposition to Plaintiff's Request for Default or in the Alternative to Set Aside Entry of Default] Mr. OMOREGIE, responded to corporate counsel for BOARDWALK by stating that "Boardwalk was served on the 8th". By making that statement and omitting the fact that he had served a First Amended Complaint on August 14, 2007, OMOREGIE attempted to mislead Mr. Coelho into believing that the operative pleading was the original complaint.[2] [See Declaration of Clay Coelho,

---

[1]    OMOREGIE misrepresents the facts in his moving papers. His papers state that Mr. Jeff Seiffe of BOARDWALK first accepted and then refused delivery of the waiver of service on August 2, 2007. [See OMOREGIE Motion, pg. 4, lines 21-24]. However, the documents from USPS indicate that the package was accepted on August 2, 2007 and signed for [See OMOREGIE DECLARATION, Exhibit A]; BOARDWALK never returned an executed waiver of service.

[2]    OMOREGIE is the person making misrepresentations by omission, not only to opposing counsel, but to this Court by leaving out these facts in his moving papers.

DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH                                    1

G:\Data\DOCS\0173\03851\OppDef
ault\Opp.ReqEntryDefault

1  Esq. in Support of Opposition to Plaintiff's Request for Default or in the Alternative to Set Aside

2  Entry of Default] Also at that time, Mr. OMOREGIE refused the extension of time, and indicated his

3  intent to file for a default on August 29, 2007.  [See Declaration of Clay Coelho, Esq. in Support of

4  Opposition to Plaintiff's Request for Default or in the Alternative to Set Aside Entry of Default]

5  OMOREGIE also refused to provide corporate counsel with a proof of service regarding the original

6  complaint.  [See Declaration of Clay Coelho, Esq. in Support of Opposition to Plaintiff's Request

7  for Default or in the Alternative to Set Aside Entry of Default]

8       On or about August 22, 2007, corporate counsel for BOARDWALK learned of the First

9  Amended Complaint, and contacted Mr. OMOREGIE regarding the same.[3]  [See Declaration of Clay

10 Coelho, Esq. in Support of Opposition to Plaintiff's Request for Default or in the Alternative to Set

11 Aside Entry of Default] OMOREGIE refused to discuss the matter, and told counsel to "check with

12 the court to determine what has been filed."  [See Declaration of Clay Coelho, Esq. in Support of

13 Opposition to Plaintiff's Request for Default or in the Alternative to Set Aside Entry of Default]

14 OMOREGIE further told counsel that he was not to be contacted regarding this matter unless "the

15 court requires we discuss or possible settlement offers."[4]  [See Declaration of Clay Coelho, Esq. in

16 Support of Opposition to Plaintiff's Request for Default or in the Alternative to Set Aside Entry of

17 Default]

18      On August 28, 2007, the file was transferred to the law firm of Clapp, Moroney, Bellagamba

19 & Vucinich for handling.  [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's

20 Request for Entry of Default and to Set Aside Entry of Default]  After reviewing the file, Mr. Rose

21

22  [3]    Before any appearance had been made by defendant BOARDWALK, plaintiff purported
        to serve by mail an unfiled FIRST AMENDED COMPLAINT on BOARDWALK on
23      August 14, 2007. [See Exhibit A to the Declaration of Osahon Omoregie in Support of
        Plaintiff's Request for Entry of Default Against Boardwalk Auto Center, Inc., on file
24      herein. ]

25  [4]    Viewing these facts in hindsight, it is clear that Mr. OMOREGIE was planning to
        furtively take a default on the First Amended Complaint, despite knowing that defendant
26      BOARDWALK was represented by counsel and knowing that BOARDWALK intended
        on defending this action.
27

28

    G:\Data\DOCS\0173\03851\OppDef
    ault\Opp.ReqEntryDefault

1   contacted Mr. OMOREGIE to try and obtain an extension of time to file a response to the complaint.

2   Mr. Rose called Mr. OMOREGIE several times, and e-mailed Mr. OMOREGIE. Mr. OMOREGIE

3   did not respond. [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Request for

4   Entry of Default and to Set Aside Entry of Default]

5        In order to protect the client's interests, counsel for defendant BOARDWALK then filed an

6   answer to OMOREGIE's complaint, thereby making its first formal appearance. [See Declaration

7   of Joshua Rose in Support of Opposition to Plaintiff's Request for Entry of Default and to Set Aside

8   Entry of Default] At that time, counsel for BOARDWALK was unaware of the existence of the First

9   Amended Complaint. [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Request

10  for Entry of Default and to Set Aside Entry of Default]

11       On or about September 5, 2007, counsel for defendant BOARDWALK first learned of the

12  existence of the First Amended Complaint. Counsel for BOARDWALK requested that plaintiff

13  OMOREGIE send them a copy of that First Amended Complaint, informing him that BOARDWALK

14  would be filing an appropriate response to that First Amended Complaint. [See Vucinich Letter Dated

15  September 5, 2007, attached to the Declaration of Patrick R. Co as *Exhibit 1*] Despite learning that

16  BOARDWALK's counsel did not have a copy of that first amended complaint, had answered the

17  original complaint, and in fact was attempting to get a copy of the first amended complaint in order

18  to answer it, OMOREGIE requested entry of default.    On September 6, 2007 defendant

19  BOARDWALK AUTO CENTER, INC. filed its answer to the First Amended Complaint. [See

20  BOARDWALK AUTO CENTER INC.'s Answer to First Amended Complaint, attached to the

21  Declaration of Patrick R. Co as *Exhibit 2*]

22       On September 6, 2007, counsel for BOARDWALK wrote Mr. OMOREGIE and requested that

23  he withdraw his request for default. [See Co Letter dated September 6, 2007, attached to the

24  Declaration of Patrick R. Co as *Exhibit 3*] Mr. Omoregie responded. [See OMOREGIE letter dated

25  September 6, 2007, attached to the Declaration of Patrick R. Co as *Exhibit 4*]

26  ///

27

28  **DEFENDANT BOARDWALK AUTO CENTER, INC.'S**
    **OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF**
    **DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF**
    **MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT**
    **CASE NO. C07-03884 PJH**                         3

## II. ARGUMENT

**A.    DEFENDANT BOARDWALK'S ANSWER TO THE ORIGINAL COMPLAINT PREVENTED ENTRY OF DEFAULT.**

**1.    Boardwalk's Answer To The Original Complaint Put Plaintiff And The Court On Notice of Boardwalk's Intent To Defend This Action.**

No default can be entered if defendant has filed a response indicating its intention to defend the action. F.R.C.P. 55(a); <u>Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.</u> (9th Cir. 1988) 840 F.2d 685, 689; <u>Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe</u> 139 U.S. App.D.C. 256 (D.C. Cir. 1970), 432 F.2d. 689; <u>Washington National Insurance Company v. Hendricks</u>, 855 F.Supp. 1542 (WD WI . 1994).

Rule 55(a) provides for entry of default against a party which "**has failed to plead or otherwise defend...**" Rule 55(a), (emphasis added).  In this case, it was clear from the record that before default was attempted by OMOREGIE, defendant BOARDWALK had not only plead, but intended to defend this action.

In *Livermore*, a default judgment was attempted without first giving notice to the defendant. <u>Livermore</u> at 690-691.  Before the entry of default, the defendant and plaintiff had been in communication by letter and telephone. <u>Id.</u> at 690.  After those settlement discussions stalled, the entry of default was made without any notice to the defendant. <u>Id.</u> at 691. The evidence indicated that plaintiff concealed its intent to enter default from defendant. <u>Id.</u> at 690-691.  The plaintiff then moved for a default judgment. <u>Id.</u> at 691.  The Appellate Court held that the correspondence by the defendant constituted an appearance sufficient to Rule 55(b)(2). <u>Id.</u> at 692.  The Court reasoned that defendant had made clear its intent to defend the suit, and there was nothing to suggest that defendant would be otherwise than diligent in doing so. <u>Id.</u> at 692.  The Court further noted that the plaintiff did not want to stimulate the defendant into action by informing the defendant in advance of the default. <u>Id.</u> at 692.  The Court also found there was no prejudice to the plaintiff. <u>Id.</u> at 692.

In <u>Washington National Insurance Company v. Hendricks</u>, 855 F.Supp. 1542 (WD WI . 1994),

DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH                    4

G:\Data\DOCS\0173\03851\OppDef
ault\Opp.ReqEntryDefault

1  the defendant had answered the original complaint. After plaintiff filed an amended complaint, adding

2  an additional claim under a different statute under alternative grounds for relief, defendant failed to

3  file an answer within the prescribed time. Defendant subsequently filed an answer three months later.

4  The plaintiff moved for a default. The Court denied the motion for default judgment.

5       The Court in <u>Washington</u> noted that there was no prejudice to the plaintiff. <u>Id.</u> at 1549. The

6  Court further reasoned that the original and first amended complaint were sufficient similar so that

7  defendant's denial was completely predictable and could not have caused the plaintiff to alter the

8  manner in which it litigated the case. <u>Id.</u> The Court further found that the defendant had actively

9  pursued the matter in all other respects. <u>Id.</u>

10      In our case, defendant BOARDWALK AUTO CENTER, INC. plead to the original complaint

11  by filing its answer to the original complaint on August 28, 2007. At that time, plaintiff OMOREGIE

12  knew that BOARDWALK intended to defend the action, and was represented by counsel. Upon

13  learning of the existence of the First Amended Complaint, counsel for BOARDWALK called and

14  wrote OMOREGIE, requesting that he provided a copy of that First Amended Complaint so that

15  counsel could prepare a response. Instead Mr. OMOREGIE refused to provide a copy, and refused

16  an extension of time to for defendants to respond. Despite having full knowledge of BOARDWALK's

17  intent to defend this action,[5] OMOREGIE filed his request for entry of default.

18           **2.    The Existence of Boardwalk's Filed Answer To the Original
                      Complaint and The Filing of Boardwalk's Answer To The
19                    First Amended Complaint Justifies The Court Clerk's
                      Denial of Entry of Default.**
20

21      Federal Rule of Civil Procedure 55 allows for default to be taken against a party which fails

22  to plead or otherwise defend. F.R.C.P. 55(a). The Rule allows the clerk to enter such a default under

23  those circumstances. F.R.C.P. 55(a), and F.R.C.P. 55(b)(1).

24

25

26  _____

[5]    OMOREGIE knew by August 18, 2007 that defendant BOARDWALK was represented
       by counsel and that BOARDWALK intended on defending this action. [See Declaration
27     of Clay Coelho, Esq. in Support of Opposition to Request for Entry of Default]

28  **DEFENDANT BOARDWALK AUTO CENTER, INC.'S**
    **OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF**
    **DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF**
    **MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT**        5
    **CASE NO. C07-03884 PJH**

1    In this case, it would have been clear to the Court Clerk that defendant BOARDWALK had

2  not only plead, but intended on defending this action.  The existence of BOARDWALK's answer in

3  the Court's file precluded the Clerk from entering default.

4    Moreover, OMOREGIE further ignores the fact that BOARDWALK's answer to the first

5  amended complaint was filed before the default was entered. OMOREGIE filed his request for default

6  with the Court Clerk on September 5, 2007.  BOARDWALK's answer was filed on September 6,

7  2007. Even though OMOREGIE puts blame on the Court Clerk, he has absolutely no evidence that

8  the Clerk even had time to consider those papers before the Answer was filed on September 6, 2007.

9    Regardless, the Court Clerk obviously had notice of BOARDWALK's intent to defend, since

10  BOARDWALK'S answer  to the original complaint was already on file, and properly denied

11  OMOREGIE'S request for entry of default.

12    In this case, no default should have been entered (if in fact it has been entered) since defendant

13  BOARDWALK had filed its answer to the original complaint, making clear its intention to defend the

14  action.

15    **B.    GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT.**

16         **1.    Plaintiff OSAHON OMOREGIE'S Conduct in Requesting
               Default Even When he Knew of BOARDWALK's Intent**
17              **On Defending This Action and Intent To Answer The First
               Amended Complaint Constitutes Good Cause To Set Aside**
18              **Entry of Default.**

19    In the event the Court determines that default should have been entered, the trial court has

20  authority to set aside the entry of default for good cause shown.  FRCP 55 (c).   That standard is

21  similar to that which must be demonstrated to set aside a default judgment under FRCP 60(b)(1). <u>TCI</u>

22  <u>Group Life Ins. Plan v. Knoebber</u> (9th Cir. 2001) 244 F3d 691, 696, <u>Franchise Holding II, LLC. V</u>

23  <u>Huntington Restuarants Group, Inc.</u> (9th Cir. 2004) 375 F.3d 922, 926. Moreover, a court has broader

24  discretion in setting aside an entry of default than a default judgment. <u>Brady v. United States</u> (9th Cir.

25  2000) 211 F.3d 499, 504.

26    In this case, good cause exists to set aside entry of default (if entered by the Court).  As stated,

27

28  DEFENDANT BOARDWALK AUTO CENTER, INC.'S
     OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
     DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
     MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
     CASE NO. C07-03884 PJH                        6                G:\Data\DOCS\0173\03851\OppDef
                                                                    ault\Opp.ReqEntryDefault

1  Mr. OMOREGIE knew of defendant's intent to defend this action. He was aware that an answer had
2  been filed by defendant BOARDWALK to his original complaint. He was aware of that fact on
3  August 28, 2007, when the answer was electronically filed. OMOREGIE was also aware that
4  defendants were attempting to ascertain the existence of the First Amended Complaint, and file an
5  answer to it. Mr. OMOREGIE refused to provide counsel for BOARDWALK a copy of that First
6  Amended Complaint, and instead filed his request for entry of default.

7       In addition, the default took counsel for BOARDWALK by complete surprise. Defendant's
8  counsel was unaware of the existence of a First Amended Complaint. [See Declaration of Joshua
9  Rose; Declaration of Patrick R. Co; Declaration of Clay Coelho]. The surprise was compounded, and
10 in fact enabled, by Mr. OMOREGIE. His lack of professional courtesy[6] in informing counsel of the
11 First Amended Complaint, even after realizing BOARDWALK's intent to defend the action, is
12 unexplained in his moving papers. He mislead Mr. Coelho into believing that the operative complaint
13 was the original complaint filed on August 8, 2007. He mislead Mr. Coelho by stating to him on
14 August 18, four days after allegedly serving the First Amended Complaint, that the "compliant" had
15 been served on August 8, 2007. OMOREGIE also gives no explanation as to why he proceeded with
16 a default after BOARDWALK filed an Answer in response to the original complaint, making clear
17 BOARDWALK's intent to defend against this lawsuit. OMOREGIE attempts to construe himself as
18 an innocent complainant, while in reality he was crafting his plan to surreptitiously take a default from
19 the start.

20       **2.    Plaintiff's Service by Mail of the First Amended**
          **Complaint Was Invalid.**
21

22       In addition, the Court should set aside entry of default since service was invalid.

23 / / /

24 / / /

25

26 _____

    [6]      OMOREGIE states in his pleadings that he is a Stanford Law Graduate, and is employed
27           by a large New York law firm, and should be held to the same standards as an attorney.

28 _____
   DEFENDANT BOARDWALK AUTO CENTER, INC.'S
   OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
   DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
   MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT          7
   CASE NO. C07-03884 PJH

   G:\Data\DOCS\0173\03851\OppDef
   ault\Opp.ReqEntryDefault

1

          **a.**    **Plaintiff's Position Is Inconsistent with
Rule 5's Requirement That Pleadings**

2

                 **Asserting New Claims For Relief Against A
Defendant Who Has Not Appeared Must Be**

3

                 **Served Pursuant To Rule 4.**

4
      OMOREGIE asserts that he validly served the First Amended Complaint by mail, even though

5
defendant BOARDWALK had not yet made an appearance in the action.  The First Amended

6
Complaint asserts new claims for relief against BOARDWALK.  However, an analysis of Rule 5

7
makes clear that it does not apply to amended complaints on defendants who have not yet made an

8
appearance in the case.

9
      Federal Rule of Civil Procedure Rule 5 states in pertinent part:

10
      "No service need be made on parties in default for failure to appear <u>except that</u>
<u>pleadings asserting new or additional claims for relief against them shall be served</u>

11
<u>upon them in the manner provided for service of summons in Rule 4.</u>"

12
F.R.C.P. 5 (emphasis added).

13
      Rule 5 clearly requires personal service of an amended complaint where the defendant has not

14
yet made an appearance in the case and is in default.  The obvious intent of the rule is to insure that

15
a party has notice of the claims against her, by requiring  personal service of those new claims

16
pursuant to Rule 4.

17
      Plaintiff's interpretation of the rules would allow for service of an amended complaint by mail

18
service on a party that had not yet appeared in the action.  Plaintiff's interpretation of the rule makes

19
no sense. That interpretation is in direct conflict with Rule 5's requirement that personal service of an

20
amended complaint be made on a party that not only had not yet appeared, but was in default.

21
Obviously, the rule that applies to a party already in default must likewise be meant to apply to a party

22
served, but not yet  appeared.

23
    **C.**    **THERE EXISTS A GOOD AND MERITORIOUS DEFENSE TO THE
CLAIMS FOR RELIEF ALLEGED.**

24

25
      There exists a good and meritorious defense to the claims for relief asserted by Mr.

26
OMOREGIE in his First Amended Complaint.  The evidence in this case will show that the special

27

28
DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH        8                  G:\Data\DOCS\0173\03851\OppDef
ault\Opp.ReqEntryDefault

1  lease offer did not apply to the particular vehicle that Mr. OMOREGIE was interested in leasing; that

2  the vehicle OMOREGIE ended up leasing was not the advertised car that the lease offer applied to;

3  that OMOREGIE; that the lease offer itself was subject to additional costs and fees; that Mr.

4  OMOREGIE was not discriminated against by BOARDWALK as a result of his race. [See Declaration

5  of Patrick R. Co in Support of Opposition to Request for Entry of Default Or in the Alternative to Set

6  Aside Entry of Default]

7       Defendant need only show that there is a bona fide chance that it will prevail. Hritz v. Woma

8  Corp. (3rd Cir. 1984) 732 F.2d 1178, 1181.  The standard is not a likelihood of success.  Rather, the

9  defendant need only show that the defense allegations, if proven, would constitute a complete defense.

10  Securities & Exchange Commission v. McNulty (2nd Cir. 1998) 137 F.3d 732, 740.  In this case, all

11  of the facts the defense asserts, if proven true, would be a complete defense.

12       **D.    PLAINTIFF'S MOTION CONSTITUTE UNNECESSARY
            PROCEEDINGS AND AN ATTEMPT TO DRIVE UP THE COST OF
13          THIS LAWSUIT.**

14       Plaintiff's motion is moot since plaintiff's request was denied by the clerk, and

15  BOARDWALK's answer has already been filed and accepted by the Court.[7]  The pleadings constitute

16  unnecessary proceedings. 28 U.S.C. §1927.  Plaintiff's actions are an attempt to drive up the costs

17  of this lawsuit, and to drive up the attorneys fees involved in this lawsuit.  The relevant statute states:

18  **28 USC § 1927. Counsel's liability for excessive costs**

19  **Any attorney or other person admitted to conduct cases in any court of the United States or any
    Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously
20  may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees
    reasonably incurred because of such conduct.**

21

22

23  [7]  Despite that fact, Mr. OMOREGIE has filed a Motion to Strike as well as this Motion for
        Entry of Default.  In addition, Mr. OMOREGIE has served defendant BOARDWALK
24      with a Motion for Rule 11 Sanctions against BOARDWALK's attorneys, on the grounds
        that an improper investigation was conducted before filing the answers on behalf of
25      BOARDWALK.  Pursuant to Rule 11's safe harbor provision, counsel for Boardwalk has
        prepared an Amended Answer and has requested OMOREGIE's stipulation to allow
26      filing of that answer.  However, it is unlikely that plaintiff will agree to that stipulation,
        and will ultimately file his motion for Rule 11 sanctions against Boardwalk's attorneys.
27

28  DEFENDANT BOARDWALK AUTO CENTER, INC.'S
    OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
    DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
    MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
    CASE NO. C07-03884 PJH                                    9

    G:\Data\DOCS\0173\03851\OppDef
    ault\Opp.ReqEntryDefault

1  Even though plaintiff is in pro per, he alleges in his pleadings that he is a Stanford Law

2  graduate and working at a major law firm in New York. [Statute would support sanctions against

3  attorney representing herself since it is designed to curb abusive tactics by lawyers, even if they are

4  their own client. Sassower v Field (1992, CA2 NY) 973 F2d 75, cert den (1993) 507 US 1043, 123

5
   L Ed 2d 497, 113 S Ct 1879, rehearing denied (1993) 508 US 968, 124 L Ed 2d 698, 113 S Ct 2952]
6

7  Defendants request the court admonish plaintiff from filing any such further pleadings,

8  sanction him accordingly, and as a sanction, order that any costs associated with this motion incurred

9  by plaintiff are disallowed for any future calculations of fees or costs in the event of a judgment.

10                              **III. CONCLUSION**

11
12  Plaintiff failed to properly serve defendant BOARDWALK AUTO CENTER, INC. with the

13  First Amended Complaint. Moreover, it was obvious to Mr. OMOREGIE that BOARDWALK was

14  represented by counsel, and that BOARDWALK had answered the original complaint. It was also

15  made clear to OMOREGIE that BOARDWALK's counsel intended to answer the First Amended

16  Complaint, and intended to defend this action.    Since the Court had notice of defendant

17
    BOARDWALK's answer and intent to defend the lawsuit, the Court Clerk properly denied plaintiff's
18
19  request for entry of default.

20  OMOREGIE purposely tried to deceive opposing counsel into believing that the original

21  complaint was the operative complaint, even though he had already served the First Amended

22  Complaint. Due to Mr. OMOREGIE's deceit, counsel for BOARDWALK was taken by complete

23  surprise by the request for entry of default.

24  ///

25  ///

26
27  ///

28
DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH                          10                 G:\Data\DOCS\0173\03851\OppDef
                                                                    ault\Opp.ReqEntryDefault

1        For these reasons, defendants request that the Court deny plaintiff's request for entry of default,

2    or in the alternative, set aside entry of default and deem defendant's First Amended Answer to the

3    First Amended Complaint filed and entered.

4    Date:    October 10, 2007                    CLAPP, MORONEY,

5                                                 BELLAGAMBA & VUCINICH

6

7                                                      **/S/**

8                                                 By:_____

9                                                 Jeffrey M. Vucinich
                                                   Patrick R. Co
                                                   Attorney for Defendant,

10                                                BOARDWALK AUTO CENTER, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
**DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF
DEFAULT, AND OR IN THE ALTERNATIVE NOTICE OF
MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT
CASE NO. C07-03884 PJH**                    11

G:\Data\DOCS\0173\03851\OppDef
ault\Opp.ReqEntryDefault