JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR#: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>Plaintiff,<br><br>v.<br><br>BOARDWALK AUTO CENTER, INC.;<br>VW CREDIT LEASING, LTD; AND<br>VOLKSWAGEN CREDIT, INC.,<br><br>Defendants. | CASE NO.: C07-03884 PJH<br><br>**DEFENDANT BOARDWALK AUTO CENTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**<br><br>Date:        November 14, 2007<br>Time:       9:30am<br>Courtroom: 3, 17th Floor<br>Judge:      Phyllis J. Hamilton<br><br>Complaint filed: 07/30/07 |

### I. INTRODUCTION

On or about September 28, 2007, Plaintiff OSAHON OMOREGIE served a Rule 11 Motion for Sanctions against Jeffrey M. Vucinich, Patrick R. Co, and Joshua W. Rose in the amount of $1,000.00 a piece for filing the answers on behalf of BOARDWALK AUTO CENTER. Plaintiff's motion indicated the date of hearing as November 7, 2007. As such, October 17, 2007 is the last day for defendant to file an opposition. Pursuant to the 21 day safe harbor provision of Rule 11, BOARDWALK has prepared an amended answer curing the complained of defects in the prior pleadings, and has forwarded that amended answer to Mr. OMOREGIE. Defendant BOARDWALK's attorneys have attempted to contact Mr. OMOREGIE regarding whether or not he intends on filing

1   the motion with the Court. However, OMOREGIE has refused to respond. Defendant anticipates that
2   Mr. OMOREGIE will file his Rule 11 Motion sometime after the 21 day safe harbor provision of Rule
3   11, and so has filed this opposition so that OMOREGIE may not claim that it was untimely.

4       Furthermore, plaintiff's motion for Rule 11 Sanctions is moot, since defendant BOARDWALK
5   AUTO CENTER has prepared a proposed First Amended Answer curing the alleged defects, and has
6   requested Mr. OMOREGIE stipulate to filing that First Amended Answer. In addition, the answers
7   were filed as a consequence of Mr. OMOREGIE's behavior, so that the imposition of sanctions is not
8   warranted. For these reasons, defendant BOARDWALK requests the Court deny plaintiff's motion.

## II. STATEMENT OF FACTS

10      Plaintiff OMOREGIE refused to grant extensions of time to answer either his original
11  complaint and his amended complaint. He did so with the intent to immediately take a default despite
12  the fact that BOARDWALK was presented by counsel, and despite the fact that he knew
13  BOARDWALK intended on defending this action. By his own actions, he forced counsel for
14  BOARDWALK to hastily file answers in order to protect its clients interests.

15      Initially, corporate counsel for BOARDWALK contacted OMOREGIE. Correspondences
16  between Mr. Coelho and Mr. OMOREGIE are provided by BOARDWALK. [See Declaration of Clay
17  Coelho, Esq. in Support of Opposition to Motion for Default, attached as *Exhibit 10* to the Declaration
18  of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions] As can be seen from
19  those correspondences, on August 18, 2007, OMOREGIE informed Mr. Coelho that the date of
20  service was on *August 8, 2007.* However, at that time, he had already purported to serve the First
21  Amended Complaint on August 14, 2007. The deception lies in the fact that it was clear to
22  OMOREGIE that Mr. Coelho was operating on the assumption that the original complaint was the
23  operative complaint, and by stating that the "complaint" was filed on August 8, 2007, OMOREGIE
24  perpetuated that error. He perpetuated that error by omitting any mention of the operative First
25  Amended Complaint in his discussions with Mr. Coelho, and by failing to inform him that the First
26  Amended Complaint was (allegedly) served on August 14, 2007.

27      It is further apparent in those e-mail correspondences, that Mr. OMOREGIE not only refused

to grant an extension of time, but further refused to speak to defendant's counsel concerning any issues other than those ordered by the Court and settlement offers. [See Declaration of Clay Coelho, Esq. in Support of Opposition To Request for Entry of Default, attached as *Exhibit 10* to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions] In hindsight, it is clear that OMOREGIE did so in order to attempt to surreptitiously take a default.

On August 28, 2007, the file was transferred to the law firm of Clapp, Moroney, Bellagamba & Vucinich for handling. [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Opposition to Motion for Rule 11 Sanctions] After reviewing the file, Mr. Rose contacted Mr. OMOREGIE to try and obtain an extension of time to file a response to the complaint. Mr. Rose called Mr. OMOREGIE several times, and e-mailed Mr. OMOREGIE. Mr. OMOREGIE did not respond. [See Declaration of Joshua Rose in Support of Opposition to Motion for Rule 11 Sanctions]

In order to protect the client's interests and prevent OMOREGIE from taking a default, counsel for defendant BOARDWALK then filed an answer to OMOREGIE's complaint, thereby making its first formal appearance. [See Declaration of Joshua Rose in Support of Opposition to Motion for Rule 11 Sanctions] At that time, counsel for BOARDWALK was unaware of the existence of the First Amended Complaint. [See Declaration of Joshua Rose in Support of Opposition to Motion for Rule 11 Sanctions] A client interview was then scheduled for September 6, 2005.

A few days later on or about September 5, 2007, and before the client interview could occur, counsel for defendant BOARDWALK first learned of the existence of the First Amended Complaint. OMOREGIE had called as a "courtesy" to inform counsel that he had filed for default. Counsel for BOARDWALK requested that plaintiff OMOREGIE send them a copy of that First Amended Complaint, informing him that BOARDWALK would be filing an appropriate response to that First Amended Complaint. [See Vucinich Letter Dated September 5, 2007, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions as *Exhibit 1*] Despite learning that BOARDWALK's counsel did not have a copy of that first amended complaint, had answered the original complaint, and in fact was attempting to get a copy of the first amended complaint in order to answer it, OMOREGIE requested entry of default. On September 6, 2007

defendant BOARDWALK AUTO CENTER, INC. filed its answer to the First Amended Complaint. [See BOARDWALK AUTO CENTER INC.'s Answer to First Amended Complaint, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions as *Exhibit 2*]

On September 6, 2007, counsel for BOARDWALK wrote Mr. OMOREGIE and requested that he withdraw his request for default. [See Co Letter dated September 6, 2007, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions as *Exhibit 3*] Mr. Omoregie responded. [See OMOREGIE letter dated September 6, 2007, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions as *Exhibit 4*]

After his request for entry of default was denied by the Court Clerk, he moved to Request Entry of Default. He next served a Rule 11 Motion on defendant BOARDWALK based essentially on the same defects in BOARDWALK's answers that is the subject of the motion to strike on file. After receiving the Rule 11 Motion, BOARDWALK, conferred with Mr. OMOREGIE, and informed him of its intent to amend its answer pursuant the "safe harbor" provision of Rule 11, thereby curing any alleged defects in BOARDWALK's answer. [See Letter dated October 2, 2007, attached herein as *Exhibit X* to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions] BOARDWALK further requested that OMOREGIE stipulate to allow BOARDWALK to file its amended answer. [See Letter dated October 16, 2007, attached herein as *Exhibit 6,* e-mail correspondence dated October 17, 2007 to OMOREGIE, attached as *Exhibit 7*; see proposed First Amended Answer, attached as *Exhibit 8*; to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions] Mr. OMOREGIE was silent as to those requests.

Although this Opposition may appear premature, Mr. OMOREGIE's Rule 11 Motion [See Rule 11 Motion, attached herein as *Exhibit 9* to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions], states the hearing date as November 7, 2007. Defendants believe that the motion was served on or about September 28, 2007.[1] If so, the safe harbor expires on October 19, 2007. However, the Opposition is due on October 17, 2007. Defendant

---

[1] No proof of service accompanied the motion. However, Omoregie's Declaration in Support thereof was apparently executed on September 28, 2007.

anticipates that Mr. OMOREGIE will eventually file his motion after the safe harbor date has elapsed, given the fact that he has pending a motion to strike as well as a motion for entry of default, and is no way amenable to stipulating to allow defendants leave to file an amended answer.

## II. ARGUMENT

Since the proposed Amended Answer cures the defects OMOREGIE complains of, the Court should deny the motion. Furthermore, OMOREGIE's actions in precipitating the events leading to the expedited filing of the answers stains his hands, and bars him from bringing this motion.

Rule 11 is intended to deter dilatory tactics or abusive pre-trial tactics and to streamline litigation by excluding baseless filings. Cooter & Gell v. Hartmarx Corp. (1990) 496 U.S. 384.[2] The rule is not intended to chill creative advocacy or enthusiasm in pursuing factual or legal theories. Greenberg v. Sala (9th Cir. 1987) 822 F.2d. 882, 887. The creativity must be in service of a good faith application of the law or at least a good faith request for a change in the law. Gaiardo v. Ethyl Corp. (3d Cir. 1987) 835 F.2d 479, 484. The motion should not be made or threatened for minor, inconsequential violations. See Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 590. Sanctions are discretionary. The court is not required to impose sanctions, even in the event of a clear violation. Committee Notes on Amendments to Federal Rules of Civil Procedure, (1993) 146 FRD 401, 587.

Certification is designed to create an affirmative duty of investigation as to law and fact to deter frivolous actions. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc. (1991) 498 U.S. 533, 550. The test is whether the paper filed was frivolous or legally unreasonable. Zaldivar v. City of Los Angeles (9th Cir. 1986) 780 F.2d 823, 831. Notwithstanding, reasonableness is measured at the time the pleading is presented to the court FRCP 11(b); Jones v. International Riding Helmets, Ltd. (11th Cir. 1995) 49 F.3d. 692, 695. Federal Rule 11 explicitly states that reasonableness is measured "under the circumstances."

---

[2] The irony is that plaintiff's motion itself is constitutes dilatory and abusive pre-trial tactics.

FRCP 11(b). Factors considered as to what constitutes a reasonable inquiry include how much time for investigation was available before filing. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc. (1991) 498 U.S. 533 550; Hamer v. Career College Association (9th Cir. 1992) 979 F.2d. 758, 759; Advisory Committee Notes to Rule 11 (1983) 97 FRD 165, 199. Another factor is whether prudent lawyers, "to be safe," would join the defendant or include the claims asserted. Townsend v. Holman Consulting Corp. (9th Cir. 1990) 914 F.2d 1136, 1142; Mir v. Little Company of Mary Hospital (9th Cir. 1988) 844 F.2d. 646, 653.

In our case, the circumstances are such as to provide this court ample grounds for denying the motion.

### A. DEFENDANT'S PROPOSED AMENDED ANSWER MAKES PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS MOOT ON THE GROUNDS THAT THE PROPOSED ANSWER CURES THE ALLEGED DEFECTS.

Defendant's motion is moot, since the proposed First Amended Answer corrects the allegedly defective pleading.

Rule 11 provides for a 21 day safe harbor provision, giving the offending party time to amend its pleadings. FRCP 11(c)(1)(A). To avoid sanctions, the party need only appropriately correct the Rule 11 violation. FRCP (c)(1)(A). If the party appropriately corrects or withdraws the challenged pleading or other paper within this time period, the sanctions motion cannot be filed or presented to the court. FRCP (c)(1)(A); Photocircuits Corp. v. Marathon Agents, Inc. (ED NY 1995) 162 FRD 449, 451-452.

Since answering, BOARDWALK's counsel has had an opportunity to conduct further investigation into the allegations of plaintiff's complaint, and has prepared an amended answer based on the more complete knowledge of the case. [See Boardwalk's First Amended Answer to Plaintiff's First Amended Complaint, attached as *Exhibit 8* to the Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions] Defendant has requested OMOREGIE's stipulation to allow leave to file that answer. However, plaintiff has not responded to those request. In addition, plaintiff has filed a motion for entry of default, and a motion to strike. Defendant BOARDWALK

1  intends to file a motion for leave to file the amended answer after resolution of these pending motions.
2  [See Declaration of Patrick R. Co in Support of Opposition to Motion for Rule 11 Sanctions]
3  However, Mr. Omoregie has refused to execute that stipulation. Since BOARDWALK'S proposed
4  amended answer cures the defects alleged by plaintiff, the motion should be denied.

   **B. OMOREGIE'S REFUSAL TO GRANT ANY EXTENSIONS OF TIME TO ANSWER HIS COMPLAINTS, AND HIS REFUSAL TO STIPULATE TO ALLOW BOARDWALK TO FILE AN AMENDED ANSWER, BARS HIM FROM BRINGING THIS MOTION.**

   Plaintiff's unclean hands bars this motion, since defendant's lack of a thorough investigation was caused by plaintiff's refusal to grant an extension of time to answer.

   The doctrine of unclean hands requires and immediate and necessary relationship between the alleged misconduct and the equity sought by that party. (See Keystone Driller Co. v. General Excavator Co., 290 U.S. 240 (1933) (Courts apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity he seeks in respect of the matter in litigation). The doctrine

   > "necessarily gives wide range to the equity court's use of discretion. It is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion. Accordingly one's misconduct need not have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim."

   Precision Instrument Mfg. Co. v. Automotive Maintenance Machine Co., 324 U.S. 806, 815 (1945).

   Here, the equity that plaintiff seeks is directly related to his conduct. OMOREGIE refused to grant extensions of time to answer either his original complaint and amended complaint. He did so knowing that the defendant was represented by counsel, and intended on defending the action. By doing so, he forced counsel for defendant BOARDWALK to hastily file an answer to protect the client's interest. Pursuant to the safe harbor provision of Rule 11, defendant's counsel has prepared a proposed Amended Answer and a stipulation for filing of that answer. Mr. Omoregie refused to execute that stipulation. Notwithstanding his refusal to grant extensions of time to answer and to

stipulate to allow an amended answer, he is filing this motion for failure to cure the very defects he is preventing defendants from curing. OMOREGIE's hands are unclean, and defendant BOARDWALK requests the Court deny his motion.

### III. CONCLUSION

The motion for Rule 11 Sanctions is moot since the alleged defects are cured in defendant's proposed Amended Answer. Moreover, the Court should deny this motion on the grounds that plaintiff has unclean hands due to his conduct which resulted in the time constraints in answer his complaints.

For these reasons, defendant BOARDWALK AUTO CENTER respectfully requests the Court deny plaintiff's motion, allow filing of the first amended answer, and allow this litigation to be resolved on its merits.

Dated: October 17, 2007

CLAPP, MORONEY,
BELLAGAMBA & VUCINICH

By: _____
Jeffrey M. Vucinich
Patrick R. Co
Attorneys for Defendant
BOARDWALK AUTO CENTER