# EXHIBIT "8"

JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR#: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOARDWALK AUTO CENTER, INC.;<br>VW CREDIT LEASING, LTD; AND<br>VOLKSWAGEN CREDIT, INC.,<br><br>　　　　Defendants. | CASE NO.: C07-03884 JCS<br><br>**DEFENDANT BOARDWALK AUTO CENTER, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>First Amended Complaint filed August 20, 2007<br><br>**JURY TRIAL DEMANDED** |

COMES NOW defendant, BOARDWALK AUTO CENTER, INC., and in answer to the First Amended Complaint of Plaintiff, OSAHON OMOREGIE, on file herein, admits, denies, and alleges as follows:

1. Answering the allegations contained in Paragraph 1, answering defendant admits that plaintiff's claim for violations under the Equal Credit Opportunity Act 15 U.S.C. §1691 arises from federal law. Defendant further admits that this Court has jurisdiction over this action.

2. Answering the allegations contained in Paragraph 2, answering defendant admits that venue of this case is proper in the Northern District of California-San Francisco Division.

3. Answering the allegations contained in Paragraph 3, defendant admits that the case is properly venued in San Francisco Division of this Court or the Oakland Division of this Court,

but that since the events which give rise to this lawsuit occurred in San Mateo County, which is geographically closer to San Francisco than Oakland, the San Francisco venue is more proper.

      4.     Answering the allegations contained in Paragraph 4, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

      5.     Answering the allegations contained in Paragraph 5, answering defendant admits that it operates a car dealership at One Bair Island Road, Redwood City, CA. Defendant further admits that on or about September 2, 2005 Omoregie entered into a lease with Boardwalk Auto Center for a 2005 Jetta Value Edition, VIN 3VWPG71K75M633938. Defendant admits that the lease was assigned to Volkswagen Credit Leasing, Ltd. and VW Credit.

      6.     Answering the allegations contained in Paragraph 6, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

      7.     Answering the allegations contained in Paragraph 7, answering defendant admits that it operates a car dealership at One Bair Island Road, Redwood City, CA. Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

      8.     Answering the allegations contained in Paragraph 8, answering defendant admits that plaintiff Omoregie leased a Jetta. Defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the allegations therein.

      9.     Answering the allegations contained in Paragraph 9, answering defendant admits the allegations of therein.

      10.    Answering the allegations contained in Paragraph 10, answering defendant admits the allegations therein.

11. Answering the allegations contained in Paragraph 11, answering defendant admits the allegations therein.

12. Answering the allegations contained in Paragraph 12, answering defendant denies the allegations therein.

13. Answering the allegations contained in Paragraph 13, answering defendant admits that Omoregie agreed to lease a Jetta, VIN 3VWPG71K75M633938, for the terms stated in the lease contract. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the other allegations therein.

14. Answering the allegations contained in Paragraph 14, answering defendant admits that Omoregie agreed to lease a Jetta, VIN 3VWPG71K75M633938, for the terms stated in the lease contract. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the other allegations therein.

15. Answering the allegations contained in Paragraph 15, answering defendant admits that Volkswagen agreed to finance Omoregie's lease. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

16. Answering the allegations contained in Paragraph 16, answering defendant specifically denies that the $199.00 lease offer applied to the Volkswagen leased by Mr. Omoregie, VIN 3VWPG71K75M633938. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the other allegations therein.

17. Answering the allegations contained in Paragraph 17, answering defendant specifically denies that the exact lease offer stated in Exhibit E of plaintiff's complaint applied to the Jetta leased by Mr. Omoregie, VIN 3VWPG71K75M633938. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of

1  that paragraph and, basing its denial on that ground, denies the other allegations therein.

2      18.    Answering the allegations contained in Paragraph 18, answering defendant admits the allegations therein.

4      19.    Answering paragraph 19 of the Complaint, Defendants specifically deny all these allegations.

6      20.    Answering the allegations contained in Paragraph 20, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

9      21.    Answering the allegations contained in Paragraph 21, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

12     22.    Answering the allegations contained in Paragraph 22, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

15     23.    Answering the allegations contained in Paragraph 23, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

18     24.    Answering the allegations contained in Paragraph 24, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

21     25.    Answering the allegations contained in Paragraph 25, answering defendant specifically denies the allegations therein.

23     26.    Answering the allegations contained in Paragraph 26, answering defendant specifically denies that the Jetta leased by Mr. Omoregie, VIN 3VWPG71K75M633938, qualified for the lease offer stated in Exhibit E of plaintiff's complaint.

26     27.    Answering paragraph 27 of the Complaint, Defendant specifically denies all these allegations.

28. Answering paragraph 28 of the Complaint, Defendant specifically denies all these allegations.

29. Answering paragraph 29 of the Complaint, Defendant specifically denies all these allegations.

30. Answering paragraph 30 of the Complaint, Defendant specifically denies that the vehicle leased by Omoregie qualified for the $199 lease offer.

31. Answering the allegations contained in Paragraph 31, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

32. Answering the allegations contained in Paragraph 32, answering defendant specifically denies that Omoregie suffered any damages as a result of his lease.

33. Answering the allegations contained in Paragraph 33, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

34. Answering the allegations contained in Paragraph 34, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

## FIRST CAUSE OF ACTION/COUNT
## DISCRIMINATION IN VIOLATION OF ECOA
## (AGAINST BOARDWALK AUTO CENTER, INC.)

35. Answering the allegations contained in Paragraph 35, answering defendant incorporates by reference its responses to Paragraphs 1 through 34, inclusive, as if said responses were fully set forth herein.

36. Answering the allegations contained in Paragraph 35, answering defendant specifically denies each and every allegation contained within.

## SECOND CAUSE OF ACTION/COUNT
## DISCRIMINATION IN VIOLATION OF ECOA

**(AGAINST VOLKSWAGEN CREDIT, INC.)**

37.     The allegations contained in Paragraph 36 are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

### THIRD CAUSE OF ACTION/COUNT
### DISCRIMINATION IN VIOLATION OF ECOA
### (AGAINST VW CREDIT LEASING, LTD.)

38.     The allegations contained in Paragraph 37 are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

### FOURTH CAUSE OF ACTION/COUNT
### FRAUD/FRAUDULENT INDUCEMENT
### (AGAINST BOARDWALK AUTO CENTER, INC.)

39.     Answering the allegations contained in Paragraph 38, answering defendant incorporates by reference its responses to Paragraphs 1 through 36, inclusive, as if said responses were fully set forth herein.

40.     Answering the allegations contained in Paragraph 38, answering defendant specifically denies each and every allegation contained within.

### FIFTH CAUSE OF ACTION/COUNT
### FRAUD/FRAUDULENT INDUCEMENT
### (AGAINST VOLKSWAGEN CREDIT, INC.)

41.     Answering the allegations contained in Paragraph 39, answering defendant specifically denies that Omoregie was fradulently induced into entering the lease.  Defendant specifically denies that Zemmama made any fraudulent statements to Omoregie.  As the other allegations contained in Paragraph 39 are directed at defendants other than the answering defendant no response is required from this answering defendant as to those other allegations.

### SIXTH CAUSE OF ACTION/COUNT
### FRAUD/FRAUDULENT INDUCEMENT
### (AGAINST VW CREDIT LEASING, LTD.)

42. Answering the allegations contained in Paragraph 40, answering defendant specifically denies that Omoregie was fradulently induced into entering the lease. Defendant specifically denies that Zemmama made any fraudulent statements to Omoregie. As the other allegations contained in Paragraph 40 are directed at defendants other than the answering defendant no response is required from this answering defendant as to those other allegations.

### PRAYER(S) FOR RELIEF

43. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 41, answering defendant denies that Plaintiff is entitled rescission of the lease agreement.

44. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 42, answering defendant denies that Plaintiff is entitled to damages in any amount.

45. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 43, answering defendant denies that Plaintiff is entitled to punitive damages arising from alleged violations of the ECOA.

46. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 44, answering defendant denies that Plaintiff is entitled to punitive damages arising from alleged fraud.

47. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 45, answering defendant denies that Plaintiff is to any relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the complaint fails to state a cause of action against this answering defendant in that the lease offer did not apply to the vehicle ultimately leased by plaintiff, and that there was no discriminatory conduct on the part of defendant or its employees.

### SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault--Plaintiff)

As a separate and distinct affirmative defense to the Complaint, this answering defendant

alleges that plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by plaintiff, in that the plaintiff negotiated the very terms of the lease that he entered into. Under principles of comparative fault, plaintiff must bear sole, or partial responsibility for its alleged injuries, damages, or other alleged loss, if any, using a percentage allocation of plaintiff's fault or negligence.

### THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault–Third Parties)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the happening of the incidents complained of, and loss and damage, if any, which the plaintiff allegedly sustained, was caused wholly or in part by the fault of persons, firms, corporations, or entities other than this answering defendant, and such fault is imputed to the plaintiff and either eliminates or comparatively reduces the percentage of fault, if any, of defendant with respect to the matters complained of in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused the injuries, if any, in that plaintiff with full knowledge, negotiate the very terms of the lease that he complains of.

### FIFTH AFFIRMATIVE DEFENSE

### (Superseding Cause/Sole Proximate Cause)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the damages, if any, suffered by plaintiff were caused by the acts and/or omissions of persons or entities other than answering defendants, which acts were the superseding and/or sole proximate cause of plaintiff's alleged damages. Accordingly, any recovery by plaintiff from

answering defendant should be barred or reduced to the extent of such responsibility.

## SIXTH AFFIRMATIVE DEFENSE

**(Lawful Acts)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that at all times relevant herein, each of the acts alleged to have been committed by the answering defendant was committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within its legal responsibility and discretion, in that defendant believes that the vehicle plaintiff leased was not an ad car requiring the terms of the $199 lease offer from Volkswagen.

## SEVENTH AFFIRMATIVE DEFENSE

**(Plaintiff's Intentional Acts)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff by his own conduct, induced and intentionally caused and brought about the conduct of which plaintiff complains, and the injuries, loss and damages complained of, and plaintiff's intentional conduct either bars or reduces any potential recovery, in that plaintiff agreed to the terms of the lease which he entered into, and knew that the vehicle he leased was not an ad car.

## EIGHTH AFFIRMATIVE DEFENSE

**(Plaintiff's Consent/Ratification)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff consented to, authorized and ratified the acts complained of in the complaint and that said consent was both express and implied, in that plaintiff negotiated and agreed to the terms of the lease.

## NINTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's causes of action are barred by virtue of the doctrine of unclean hands, in that he negotiated and knowingly entered into the lease with knowledge of the terms therein.

### TENTH AFFIRMATIVE DEFENSE

**(Mitigation)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff has failed to mitigate his alleged damages, if any, which he claims to have sustained, and its recovery, if any, should be barred or diminished accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Periods of Limitation)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each and every cause of action is barred by virtue of plaintiff's failure to comply with the requirements of Code of Civil Procedure §§ 335 et seq. including, but not limited to 335.1, 340.6 and 337, as well as period of limitations prescribed in 15 U.S.C. § 1691.

### TWELVTH AFFIRMATIVE DEFENSE

**(Estoppel)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff directed, ordered, approved and ratified defendant's conduct and plaintiff is therefore estopped from asserting any claim based thereon, in that he negotiated and agreed to the terms of the lease.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Defendant Entitled To Attorneys' Fees)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant

alleges that plaintiff's action is frivolous, unreasonable and without foundation and therefore defendant is entitled to attorneys' fees and costs, in that the vehicle leased by plaintiff was not subject to the lease offer by Volkswagen since it was a different vehicle, and that neither defendant nor its employees discriminated in any way against plaintiff, and plaintiff negotiated and agreed to the terms of the lease, and that plaintiff knew that the vehicle he leased was not in fact an ad car before bringing this lawsuit.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that at all times herein mentioned, there is no proximate causation between any act or omission by answering defendant and plaintiff's alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Negligent or Fraudulent Misrepresentation or Inducement)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that it had no knowledge of the alleged falsity of any representations complained of by plaintiff. In addition, answering defendant alleges that it believed to be true the representations, if any, made by this answering defendant to or concerning plaintiff and plaintiff had reasonable grounds for believing any and all representations made by this defendant to plaintiff, and that they were true representations. Moreover, answering defendant suppressed no facts or representations which it was bound to disclose, and gave no information or other facts which were likely to mislead for want of communication of said first mentioned facts or representations. Furthermore, defendant alleges that with respect to the acts, omissions and other conduct complained of by plaintiff, and with respect to the resulting actions taken, or other actions not taken by plaintiff, there does not

exist and/or was not justifiable reliance by plaintiff. Finally, answering defendant entertained and had no interest to practice deceit upon and/or defraud or oppress plaintiff by making any representations complained of by plaintiff and/or by making any actual representations, if any, by this defendant to plaintiff. This defense is based on the fact that the vehicle plaintiff leased was not an ad car, and that plaintiff, a Harvard graduate and Stanford law graduated, negotiated the very terms of the lease upon which he is complaining.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Defendants' Full Performance Under Contract)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that prior to the commencement of this action, this answering defendant duly performed, satisfied and discharged all duties and obligations that it may have owed to the plaintiff arising out of any and all agreements, representations or contracts made by it or on behalf of this answering defendant and this action is therefore barred by the provisions of California Civil Code Section 1473.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Set-Off/Reduction)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's Complaint is barred and the amount plaintiff may recover is reduced, because this answering defendant is entitled to a set-off from any recovery to the extent of the value of all benefits received by, available to, paid, incurred, or payable on plaintiff's behalf, and for the value of services rendered and costs advanced by this answering defendant on plaintiff's behalf in the event of a finding of any liability in favor of plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Waiver)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that without acknowledging that defendant committed any of the acts alleged in the Complaint, or that such matters occurred in the manner alleged, or at all, defendant contends that plaintiff, both expressly and through his conduct, waived the right to complain of the conduct alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Doctrine of Laches)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each cause of action in the Complaint are barred by the doctrine of laches in that plaintiff unreasonably delayed in bringing this action and such delay caused prejudice to defendant, in that plaintiff claims to have learned of the alleged Volkswagen lease offer only a few days after signing the lease.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Unwarranted Action)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that this action was not warranted by existing law as against defendant and/or was brought for an improper purpose and defendant is entitled to sanctions for plaintiff's violation of Federal Rule of Civil Procedure 11.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Insufficient Knowledge/Unstated Defenses)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant presently has insufficient knowledge or information on which to form a belief as to whether defendant may have additional, as yet unstated defenses available. Additionally, plaintiff had not pled his claims with

sufficient particularity and detail to allow defendant to determine all of the affirmative defenses available to it. Defendant, therefore, reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to state facts upon which to support a claim for exemplary or punitive damages. In addition, plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded. Moreover, plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages pursuant to Civil Code § 3294, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1 §17, of the Constitution of the State of California. Moreover, plaintiff's Complaint violates defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed. Additionally, to the extent that the Complaint seeks exemplary or punitive damages, pursuant to California Civil Code Section 3294, the Complaint violates defendant's rights to procedural due process under Article 1, Section 7 of the Constitution of the State of California and, therefore, fails to state a cause of action in which either punitive and/or exemplary damages can be awarded. Finally, the Complaint to the extent that it seeks punitive or exemplary damages, pursuant to California Civil Code Section 3294,

violates defendant's right to substantive due process as provided by the Constitution of the State of California and, therefore, fails to state a cause of action supporting the exemplary or punitive damages claimed. Defendant's conduct was not motivated by evil motive or intent, nor reckless or callous indifference to the rights of others, thus punitive damages are not awardable against defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Discrimination)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show unlawful discrimination by defendant, against plaintiff, with respect to a credit transaction on the basis of plaintiff's race, color, or national origin, or in violation of the Equal Credit Opportunity Act (ECOA), in that the exact lease offer stated in Exhibit E of plaintiff's complaint did not apply to the Jetta leased by Mr. Omoregie, VIN 3VWPG71K75M633938, and that defendant nor its employees participated in any discriminatory conduct toward plaintiff. Any inquiry of plaintiff by defendant, if any, was made with a non-discriminatory, legitimate, legal and bona fide purpose.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Fraud, Fraudulent Inducement)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show fraud by defendant, fraudulent statements by defendant, or that defendant fraudulently induced plaintiff to enter into a lease agreement.

WHEREFORE, this answering defendant prays for judgment against plaintiff as follows:

1. That the plaintiff takes nothing by way of his Complaint;

2. That all costs of suit, including attorneys' fees, be awarded to the answering defendant;

3. That judgment be entered in favor of the answering defendant; and

4. That this Court award such further relief it deems just an proper.

**DEMAND FOR JURY TRIAL**

This answering defendant hereby demands a trial by jury in this action.

DATED: October    , 2007

                                               CLAPP, MORONEY, BELLAGAMBA
                                                   and VUCINICH


By: _____
    JEFFREY M. VUCINICH
    PATRICK R. CO
    Attorneys for Defendant
    BOARDWALK AUTO CENTER, INC.