STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996)
BRIAN C. FRONTINO (State Bar No. 222032)
2029 Century Park East
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
    VW CREDIT LEASING, LTD. and
    VW CREDIT, INC. aka VOLKSWAGEN
    CREDIT, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE, | Case No. C 07-03884 PJH |
| Plaintiff(s), | **OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT** |
| vs. | |
| BOARDWALK AUTO CENTER, INC. and VW CREDIT LEASING LTD. And VOLKSWAGEN CREDIT, INC. | Hearing Date:<br>Date:   November 14, 2007<br>Time:   9:00 a.m.<br>Crtrm: 3 |
| Defendant(s). | |

LA 50371907v1

OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN
CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
Case No. C 07-03884 PJH

# I. INTRODUCTION

Default proceedings exist to protect diligent parties from nonresponsive parties, which plainly is not an issue here. In addition, defaults generally are disfavored and, wherever possible, cases should be decided on their merits. These tenets are not furthered by the perpetual vexatious conduct of plaintiff Osahon Omoregie ("Plaintiff").

Commensurate with the express policy in favor of minimizing the cost of litigation, and their obligation to do so as stated in Federal Rule of Civil Procedure 4(d)(2), defendants VW Credit Leasing, Ltd. and VW Credit, Inc., aka Volkswagen Credit, Inc. (together, "VCI"), duly provided Plaintiff with a properly executed Waiver of Service on August 17, 2007.[1] Accordingly, VCI's response to Plaintiff's Complaint was not due until October 9, 2007.[2] Purportedly serving a First Amended Complaint on August 14, 2007 by U.S. Mail does not cut short VCI's extended time to respond to Plaintiff's claims.

Indeed, upon Plaintiff's initial request to the Clerk to enter VCI's default, VCI filed an Opposition demonstrating that it had complied with the Federal Rules of Civil Procedure regarding waivers of service and requested that default not be entered.[3] In light of the principle disfavoring defaults and realizing that VCI indeed intended to respond to Plaintiff's Complaint, which it has since done, the Clerk denied Plaintiff's Request. Instead of simply proceeding with the litigation, Plaintiff now makes the instant Motion, further wasting the Court's (and VCI's) time and resources. Given that VCI has not failed to respond to Plaintiff's Complaint, and never was at risk of doing so, Plaintiff's Motion for Entry of Default should be denied.

---

[1] Although Plaintiff argues that Volkswagen Credit Leasing, Ltd. and VW Credit, Inc. have tried to "sidestep" the fact that they are distinct legal entities by defining themselves as one party, Plaintiff admits that he served a Waiver of Service on both defendants. (Motion 4:16-19; Declaration of Osahon Omoregie ("Omoregie Decl.") ¶ 4.) VCI's counsel, representing both defendants, sent back a single Waiver of Service on behalf of both defendants. (Declaration of Brian C. Frontino ("Frontino Decl.") ¶ 4, Ex. C.) In addition, Plaintiff himself defines the two VCI defendants together in the Complaint. (FAC ¶ 5.)

[2] VCI timely responded to Plaintiff's Complaint on October 9, 2007. (See Docket Entry No. 39.)

[3] VCI respectfully requests the Court's pardon for incorrectly naming its response to Plaintiff's Request for Entry of Default an "Opposition" rather than an "Objection."

LA 50371907v1                                    - 1 -

OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN
CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
Case No. C 07-03884 PJH

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Service Of The Summons And Complaint

Between July 31, 2007 and August 6, 2007, Plaintiff sent various documents to VCI, including a Waiver of Service form. (Declaration of Brian C. Frontino ("Frontino Decl.") ¶ 2, Ex. A.) On August 17, 2007, VCI executed and returned the Waiver of Service. (Id. ¶ 4, Ex. C.) Pursuant to the Waiver of Service, VCI has 60 days from the date Plaintiff requests the waiver (no later than August 6, 2007) to respond to the Complaint, i.e., to October 9, 2007.[4] (See id. ¶ 3, Exs. A, B.)

In the meantime, Plaintiff also sent the First Amended Complaint (the "FAC") to VCI's registered agent, CT Corporation, on August 14, 2007 via U.S. Mail.[5] (Declaration of Osahon Omoregie in Support of Plaintiff's Motion for Entry of Default ("Omoregie Decl.") ¶¶ 15-17, Exs. H, I.) In support of the instant Motion, however, Plaintiff now cites two suspicious proofs of supposed personal service as Exhibit F to his declaration, contradicting his Certificate of Service by Certified Mail attached as Exhibit H to his declaration, which expressly states in the bottom left corner that it relates to the FAC. (Compare Omoregie Decl. Ex. F with Ex. H.) First, the purported personal proof of service on VW Credit Leading, Ltd. indicates that only the Summons and (initial) Complaint were served by hand on August 14, 2007, yet Plaintiff declares that these same documents already were served on July 31, 2007. Rather, it was the FAC that was served on August 14, 2007, not the Summons and initial Complaint. Second, the purported personal proof of service on VW Credit, Inc. is a proof of service for a civil subpoena, not the FAC. Moreover, VCI's registered agent's records reflect that they received the FAC on August 16 and 17, 2007 via Certified Mail, not personal service. (Frontino Decl. ¶ 5, Ex. D; see also Omoregie Decl. ¶¶ 15-17, Exs. H, I.) VCI then provided the FAC to its counsel on August 22, 2007, after the Waiver of Service already had been provided to Plaintiff. (Id.)

---

[4] The 60th day fell on Sunday, October 7, 2007. Monday, October 8, 2007 is Columbus Day, a designated federal holiday. See Fed. R. Civ. P. 6(a). Pursuant Rule 6, VCI's response to the Complaint was therefore due on October 9, 2007, which VCI adhered to.

[5] Plaintiff did not file the FAC until August 20, 2007.

LA 50371907v1

- 2 -

### B. Plaintiff's Request For Entry Of Default

On September 5, 2007, without first notifying VCI, Plaintiff filed a Request for Entry of Default against VCI (the "Request"). In the Request, Plaintiff declared that he effected service pursuant to Federal Rule of Civil Procedure 5(a). (Plaintiff's Request for Entry of Default 2:1-3; Declaration of Osahon Omoregie in Support of Request for Entry of Default ("First Omoregie Decl.") 1:22-25.)[6] In support of the Request, Plaintiff offered a "Certificate of Service," indicating that he sent the FAC to VCI via Certified Mail on August 14, 2007, which he also offers in support of the instant Motion. (First Omoregie Decl., Ex. A; Omoregie Decl., Ex. H.)

On September 5, 2007, after filing the Request, Plaintiff emailed counsel for VCI to advise that he had filed the Request. VCI's counsel repeatedly requested that Plaintiff withdraw the Request because VCI's response to the Complaint was not due until October 9, 2007 and, as Plaintiff was well aware, VCI fully intended to respond to the FAC. (Frontino Decl. ¶ 6, Ex. E.) Plaintiff refused to withdraw the Request. (Id.)

### C. The Instant Motion

The Clerk denied the Request and filed a Declination of Default as to defendants Boardwalk Auto Center, Inc. ("Boardwalk"), VW Credit Leasing, Ltd. and VW Credit, Inc. on September 12, 2007. (See Docket Entry No. 22.) Notwithstanding the Clerk's proper Declination of Default, Plaintiff nonetheless filed the instant Motion seeking an Order directing the Clerk to enter default against Boardwalk and VCI. Once again, Plaintiff admits in the Motion that he mailed the original Complaint to VCI on July 31, 2007 and mailed additional documents on August 6, 2007, but also claims to have personally served VCI with the FAC as well. (Omoregie Decl. ¶¶ 4, 8, 13, 15, Exs. F, H, I.) Contrarily, VCI's registered agent's records reflect that it received the FAC via Certified Mail on August 17, 2007. (Frontino Decl., ¶ 5, Ex. D.) Plaintiff supports this fact with Exhibit I to his declaration, which includes records from the United States Postal Service reflecting that Volkswagen Credit Leasing, Ltd. received the FAC on August 16, 2007 via Certified Mail and that

---

[6] Plaintiff's Request for Entry of Default and Declaration in support thereof are located at Docket Entries 11 and 12.

LA 50371907v1
- 3 -
OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
Case No. C 07-03884 PJH

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  VW Credit, Inc. received the FAC on August 17, 2007 also via Certified Mail. (Omoregie Decl. ¶
2  17, Ex. I.)

### III. ARGUMENT

**A.  The Clerk Was Justified In Declining Plaintiff's Request Based On The Facts Presented.**

As Plaintiff points out, the clerk need only enter a default "[w]hen a party against whom a judgment for affirmative relief is sought <u>has failed to plead or otherwise defend</u> … ." Fed. R. Civ. P. 55(a) (emphasis added). The purpose of this rule is to protect diligent litigants from delay caused by nonresponsive parties. See <u>Swaim v. Moltan Co.</u>, 73 F.3d 711, 716 (7th Cir. 1996) (commenting that it is the district court's duty to "ensure 'that litigants who are vigorously pursuing their cases are not hindered by those who are not' in an environment of limited judicial resources").

Here, there was no failure by VCI to plead or otherwise defend the instant action. VCI duly executed the requested waiver of service and promptly provided the same to Plaintiff on August 17, 2007. Without notifying VCI's counsel in advance, as good practice and common courtesy would dictate, Plaintiff submitted the Request to the clerk on September 5, 2007. Although VCI's counsel immediately attempted to resolve the issue amicably with Plaintiff, he refused to do so. VCI incorrectly styled its subsequent Objection to the Request as an "Opposition," but the Clerk plainly realized that the facts presented by Plaintiff did not support a valid entry of default -- <u>i.e.</u>, that no failure to plead or defend was present -- given the Waiver of Service that Plaintiff failed to mention in the Request. Accordingly, the Clerk denied Plaintiff's Request.

**B.  Plaintiff's Purported Mailing Of The First Amended Complaint Pursuant To Rule 5 Did Not Render VCI Vulnerable To An Entry Of Default.**

In federal court, process may be served under either the law of the state in which the district court sits or by personal service pursuant to Federal Rule of Civil Procedure 4. See <u>Staudte v. Abrahams</u>, 172 F.R.D. 155, 156 (E.D. Pa. 1997) (citing Fed. R. Civ. P. 4(e)(1)). For business entities, like VCI, "service upon a domestic or foreign corporation … <u>and from which a waiver of</u>

LA 50371907v1                              - 4 -

OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN
CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
Case No. C 07-03884 PJH

service has not been obtained and filed ... shall be effected ... in a judicial district of the United States in the manner prescribed for individuals by [Rule 4(e)(1)], or by delivering a copy of the summons and complaint to an officer, a managing general agent, or to any other agent authorized by appointment or by law to receive service of process ... ." Fed. R. Civ. P. 4(h) (emphasis added).

Indeed, "the Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail." Staudte, 172 F.R.D. at 156 (citing Fed. R. Civ. P. 4(e)).[7] Rule 4 is explicit on the requirements for effecting service by mail, i.e., waiver of service, and even liberal construction cannot override the Rule's plain requirements. See Guth v. Andersen, 118 F.R.D. 502, 503-04 (N.D. Cal. 1988) ("Even though plaintiff is proceeding pro se, he has been made aware of the requirements of Rule 4 both by communications from defendants' counsel and by earlier orders of this Court."). It is not until a party has formally appeared in an action, thus giving the Court jurisdiction over that party, that Rule 5 governs service of pleadings and other papers. See American Tel. & Tel. Co. v. Merry, 592 F.2d 118, 126 (2d Cir. 1979) (service under Rule 5 on party over whom court has no in personam jurisdiction is invalid); Oklahoma Radio Assocs. V. FDIC, 969 F.2d 940, 943 (10th Cir. 1992).

In the Request, Plaintiff purported to have served VCI with the FAC via Certified Mail pursuant to Rule 5 on August 14, 2007. (See First Omoregie Decl. Ex. A.) Notably, Plaintiff made no mention of the purported personal service he supposedly effected, nor did he attach the purported personal proofs of service that he now attaches as Exhibit H to his current declaration. (Compare First Omoregie Decl. Exs. A, B with Omoregie Decl. Exs. F, H.) Rule 5, however, does not govern service of the Complaint or the FAC here because VCI had not yet formally appeared in the action at the times each of the complaints were served. Moreover, as the authorities cited above make clear, U.S. Mail is not an adequate method of service upon which to request default, especially where, as here, VCI provided an executed Waiver of Service.

---

[7] Plaintiff also did not comply with the California Code of Civil Procedure for serving process by mail, which also would have extended VCI's response date well beyond September 4, 2007 in any event.

LA 50371907v1

- 5 -

OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
Case No. C 07-03884 PJH

Furthermore, Plaintiff's belated citation to his purported personal proofs of service now attached as Exhibit F to his current declaration should not be considered as they are highly suspect. The purported personal proof as to VW Credit Leasing, Ltd. indicates service of the Summons and <u>initial</u> Complaint, not the FAC as Plaintiff claims to have served on August 14, 2007. The purported personal proof as to VW Credit, Inc., is a proof of service for a subpoena in a civil case. These factors coupled with Plaintiff's repeated insistence that VCI received the FAC on August 16 and 17, 2007 according to his U.S. Postal Service records (Exhibit I to Plaintiff's Declaration) strongly support VCI's position that no personal service ever was effected.

## C. Regardless Of The Number Of Complaints Plaintiff Files, The Time To Respond Runs From The Waiver Of Service.

Instead of effecting costly formal service, a plaintiff may request that the defendant waive formal service pursuant to Rule 4(d). By granting such a waiver, the defendant is entitled to an additional 40 days to respond to the complaint. Fed. R. Civ. Proc. 4(d)(3) ("A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent … .").

VCI completed and returned the Waiver of Service, through its counsel, on August 17, 2007. Pursuant to the Waiver, VCI's response was not due until October 9, 2007 notwithstanding Plaintiff's mailing of the FAC directly to VCI on August 14, 2007. Indeed, VCI is under a duty to honor Plaintiff's request for Waiver, and acted in accordance with that duty. <u>See</u> Fed. R. Civ. P. 4(d)(d). Plaintiff should not be permitted to take advantage of VCI's good faith compliance with Plaintiff's request for a waiver by simply serving a new complaint with minor changes. To do so would completely undermine the policy behind encouraging defendants to honor a request for a service waiver. If such conduct were permitted, the benefit to defendants for honoring a request for a waiver would be eviscerated by plaintiffs simply implementing any single change to a complaint and immediately serving a slightly amended complaint upon receipt of a defendant's executed waiver.

## IV. CONCLUSION

For the foregoing reasons, VCI requests that the Court deny the Motion to Direct Entry of Default.

Dated: October 17, 2007

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
BRIAN C. FRONTINO

By: /s/ Brian C. Frontino
    Brian C. Frontino

Attorneys for Defendants
VW CREDIT LEASING, LTD. and VW CREDIT, INC., a/k/a VOLKSWAGEN CREDIT, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On October 17, 2007, I served the foregoing document(s) described as: **OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND REQUEST FOR SANCTIONS** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Osahon Omoregie
42 Otsego Avenue
New Rochelle, New York 10804
Telephone: (917) 805-8309
Facsimile: (413) 803-5514
oomoregie@gmail.com

Patrick R. Co, Esq.
Clapp Moroney Bellagamba Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, California 94066
Telephone: (650) 989-5400
Facsimile: (650) 989-5499
pco@clappmoroney.com

☒ **(VIA ELECTRONIC MAIL DELIVERY)** By causing the above listed document(s) to be delivered to the person(s) at the email address(es) set forth above.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

☒ **(VIA ELECTRONIC CASE FILING)** I filed electronically the documents listed above, using the United States District Court's, Northern District of California electronic case filing service, on October 17, 2007. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 17, 2007, at Los Angeles, California.

| Dino Shorté | /s/ Dino Shorté |
|---|---|
| [Type or Print Name] | [Signature] |

LA 50371907v1

- 8 -

OPPOSITION OF DEFENDANTS VW CREDIT LEASING, LTD. AND VOLKSWAGEN CREDIT, INC. TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
Case No. C 07-03884 PJH