1  STROOCK & STROOCK & LAVAN LLP
   LISA M. SIMONETTI (State Bar No. 165996)
2  BRIAN C. FRONTINO (State Bar No. 222032)
   2029 Century Park East
3  Los Angeles, California  90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   lacalendar@stroock.com
5
   Attorneys for Defendant
6      VW CREDIT LEASING, LTD. and
       VW CREDIT, INC. aka VOLKSWAGEN
7      CREDIT, INC.

8

9                  **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | OSAHON OMOREGIE,                    ) Case No. C 07-03884 PJH
                                         )
13 |         Plaintiff(s),                ) **OPPOSITION OF STROOCK &**
                                         ) **STROOCK & LAVAN LLP AND BRIAN**
14 |     vs.                              ) **C. FRONTINO TO PLAINTIFF'S**
                                         ) **MOTION FOR SANCTIONS**
15 | BOARDWALK AUTO CENTER, INC. and     )
   VW CREDIT LEASING LTD. And           ) Hearing Date:
16 | VOLKSWAGEN CREDIT, INC.             ) Date:   November 14, 2007
                                         ) Time:   9:00 a.m.
17 |         Defendant(s).                ) Crtrm:  3
                                         )

LA 51004068v1

# I. INTRODUCTION

Stroock & Stroock & Lavan LLP and Brian C. Frontino (together, "Stroock"), counsel for defendants VW Credit Leasing, Ltd. and VW Credit, Inc., aka Volkswagen Credit, Inc. (together, VCI"), hereby oppose the frivolous Motion of plaintiff Osahon Omoregie ("Plaintiff") for Sanctions against Stroock. Plaintiff accuses Stroock of perpetrating a fraud on the Court in connection with Stroock's efforts to avoid Plaintiff's bad faith attempt to secure an invalid default against VCI in this action. Nothing could be further from the truth. Stroock simply executed its duties to defend VCI and advise the Court that VCI indeed intended to respond to Plaintiff's Complaint.

It is shocking that Plaintiff makes these accusations when he himself wholly failed to advise the Court (or the Clerk) of the relevant facts. Long before Plaintiff made his Request for Default to the Clerk on September 5, 2007, Plaintiff received a letter from Stroock on August 17, 2007 advising him that it represented VCI and enclosing a duly executed Waiver of Service. Without any further communication, Plaintiff simply filed his Request for Default and advised Stroock of the Request <u>after</u> he filed it. Obviously, Stroock could not stand by and await the Clerk's entry of default knowing that Plaintiff completely omitted these facts from the record. Accordingly, Stroock filed an opposition to Plaintiff's Request for Default setting forth the facts demonstrating no failure of VCI to plead or otherwise defend. On these facts, there is no basis for sanctions and the Motion should be denied in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A.    Service Of The Summons And Complaint**

Between July 31, 2007 and August 6, 2007, Plaintiff sent various documents to VCI, including a Waiver of Service form. (Declaration of Brian C. Frontino ("Frontino Decl.") ¶ 2, Ex. A.) On August 17, 2007, VCI executed and returned the Waiver of Service. (<u>Id.</u> ¶ 4, Ex. C.) Pursuant to the Waiver of Service, VCI has 60 days from the date Plaintiff requests the waiver (no

later than August 6, 2007) to respond to the Complaint, i.e., to October 9, 2007.[1]  (See id. ¶ 3, Exs. A, B.)

In the meantime, Plaintiff also sent the First Amended Complaint (the "FAC") to VCI's registered agent, CT Corporation, on August 14, 2007 via U.S. Mail.[2]  (Declaration of Osahon Omoregie in Support of Plaintiff's Motion for Entry of Default ("Omoregie Decl.") ¶¶ 15-17, Exs. H, I.)  In support of the instant Motion, however, Plaintiff now cites two suspicious proofs of supposed personal service as Exhibit F to his declaration, contradicting his Certificate of Service by Certified Mail attached as Exhibit H to his declaration, which expressly states in the bottom left corner that it relates to the FAC.  (Compare Omoregie Decl. Ex. F with Ex. H.)  First, the purported personal proof of service on VW Credit Leading, Ltd. indicates that only the Summons and (initial) Complaint were served by hand on August 14, 2007, yet Plaintiff declares that these same documents already were served on July 31, 2007.  Rather, it was the FAC that was served on August 14, 2007, not the Summons and initial Complaint.  Second, the purported personal proof of service on VW Credit, Inc. is a proof of service for a civil subpoena, not the FAC.  Moreover, VCI's registered agent's records reflect that they received the FAC on August 16 and 17, 2007 via Certified Mail, not personal service.  (Frontino Decl. ¶ 5, Ex. D; see also Omoregie Decl. ¶¶ 15-17, Exs. H, I.)  VCI then provided the FAC to its counsel on August 22, 2007, after the Waiver of Service already had been provided to Plaintiff.  (Id.)

**B.  Plaintiff's Request For Entry Of Default And VCI's "Opposition"**

On September 5, 2007, without first notifying VCI, Plaintiff filed a Request for Entry of Default against VCI (the "Request").  In the Request, Plaintiff declared that he effected service pursuant to Federal Rule of Civil Procedure 5(a).  (Plaintiff's Request for Entry of Default 2:1-3; Declaration of Osahon Omoregie in Support of Request for Entry of Default ("First Omoregie

---

[1] The 60th day fell on Sunday, October 7, 2007.  Monday, October 8, 2007 is Columbus Day, a designated federal holiday.  See Fed. R. Civ. P. 6(a).  Pursuant Rule 6, VCI's response to the Complaint was therefore due on October 9, 2007, which VCI adhered to.

[2] Plaintiff did not file the FAC until August 20, 2007.

LA 51004068v1                                    - 2 -

OPPOSITION OF STROOCK & STROOCK & LAVAN LLP AND BRIAN C. FRONTINO TO
PLAINTIFF'S MOTION FOR SANCTIONS
Case No. C 07-03884 PJH

Decl.") 1:22-25.)[3]  In support of the Request, Plaintiff offered a "Certificate of Service," indicating that he sent the FAC to VCI only via Certified Mail on August 14, 2007, which he also offers in support of the instant Motion.  (First Omoregie Decl., Ex. A; Omoregie Decl., Ex. H.)  Notably, Plaintiff omits from the Request and his Declaration that he had received Stroock's August 17, 2007 letter advising him that Stroock represented VCI and enclosing the Waiver of Service.  (See Docket Entries 12, 13.)

On September 5, 2007, after filing the Request, Plaintiff emailed counsel for VCI to advise that he had filed the Request.  VCI's counsel repeatedly requested that Plaintiff withdraw the Request because VCI's response to the Complaint was not due until October 9, 2007 and, as Plaintiff was well aware, VCI fully intended to respond to the FAC.  (Frontino Decl. ¶ 6, Ex. E.)  Plaintiff refused to withdraw the Request.  (Id.)

Left without any option, VCI immediately prepared and filed an "Opposition" to the Request.  Admittedly, the document should have been styled an "Objection," but that would have been the only difference.  The factual statements contained therein, demonstrating that VCI had not failed to plead or otherwise defend, would have been identical.  Accordingly, the outcome likely would have been the same.

**C.   The Instant Motion**

In the instant Motion, Plaintiff asserts that Stroock improperly opposed the Request and, in that Opposition, somehow misrepresented the facts of how Plaintiff effected service of the Complaint and/or First Amended Complaint on VCI.  Plaintiff seeks $6,000 in sanctions.

### III.  ARGUMENT

**A.   Sanctions Are Not Warranted Where, As Here, No Bad Faith Conduct Has Occurred.**

While District Courts do retain the inherent power to curb bad-faith litigation practices through the use of sanctions, that power is not derived from any particular rule or statute.  Rather, the Court's inherent power to sanction is governed by "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

---

[3] Plaintiff's Request for Entry of Default and Declaration in support thereof are located at Docket Entries 12 and 13.

LA 51004068v1                                      - 3 -

1  Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123 (1991) (internal quotations and

2  citation omitted).  These powers, however, "must be exercised with restraint and discretion."

3  Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S. Ct. 2455 (1980).  Thus, prior to

4  exercising its inherent sanctioning power, the Court must find that the party (or attorney) to be

5  sanctioned "acted in bad faith, vexatiously, wantonly or for oppressive reasons."  Chambers, 501

6  U.S. at 45-46.  Since no such conduct occurred here, sanctions are not warranted.

7      Upon receipt of the Complaint and other documents from VCI, Stroock diligently evaluated

8  those documents to determine when VCI's response to the Complaint was due.  (Declaration of

9  Brian C. Frontino ("Frontino Decl.") ¶¶ 2-3.)  Included with the documents served on VCI was a

10  blank Waiver of Service form.  In completing that Waiver of Service form, Stroock diligently

11  considered all of the information and documents available to determine the date Plaintiff "sent" the

12  Waiver.  (Id. ¶ 2.)  Stroock concluded that the Waiver was sent on August 6, 2007 and calculated

13  VCI's response to Plaintiff's Complaint from that date.  Stroock then promptly provided Plaintiff

14  with the duly executed Waiver of Service and advised Plaintiff that it represented VCI.  These facts

15  simply do not demonstrate bad faith or vexatious, wanton or oppressive conduct.

16      Notably, Plaintiff remained silent for almost an entire month after Stroock provided

17  Plaintiff with the executed Waiver on behalf of both VCI entities, which plainly indicated that VCI

18  intended to respond to Plaintiff's Complaint "60 days from August 6, 2007."  As good practice and

19  common courtesy would dictate, Plaintiff should have contacted Stroock immediately if he truly

20  believed there was a discrepancy with the response date calculated by Stroock.  Such a course of

21  action could have entirely avoided the subsequent excessive and burdensome motion practice.

22  **B.**   **Stroock Was Justified In Defending Against Plaintiff's Improper Request For Default.**

23      A default cuts off a defendant's right to appear in an action or to present evidence.  Clifton

24  v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927).  Defaults, therefore, are of substantial consequence to

25  defendants, but only are proper where there is a complete failure to plead or otherwise defend.  See

26  Fed. R. Civ. P. 55(a).  However, a defendant does not communicate its intent to plead or defend an

27  action solely through answers and pleading challenges.  Rather, any response indicating an intent to

28

LA 51004068v1                                - 4 -

OPPOSITION OF STROOCK & STROOCK & LAVAN LLP AND BRIAN C. FRONTINO TO
PLAINTIFF'S MOTION FOR SANCTIONS
Case No. C 07-03884 PJH

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  defend should prevent an entry of default.  See, e.g., de Antonio v. Solomon, 42 F.R.D. 320, 322

2  (D. Ma. 1967) (asserting Fifth Amendment was sufficient to prevent entry of default).

3        Having provided a Waiver of Service, VCI believed its response to Plaintiff's Complaint,

4  amended or not, was due on October 9, 2007.  Plaintiff did not indicate anything to the contrary

5  upon receipt of Stroock's August 17, 2007 letter and the Waiver of Service enclosed therewith.

6  Rather, Plaintiff abruptly filed the Request and advised Stroock of the filing after the fact.

7  Realizing that the Clerk could enter default on the Request at any moment, Stroock immediately

8  filed an Opposition.  In the Opposition, Stroock merely sought to demonstrate that VCI

9  unequivocally intended to defend the action and indeed had provided Plaintiff with a Waiver of

10  Service extending VCI's time to respond to the Complaint, all of which Plaintiff omitted from the

11  Request and his Declaration in support thereof.

12        All of the factual assertions in that Opposition are truthful and honest, and carry through to

13  the Opposition to Plaintiff's Motion to Direct Entry of Default concurrently filed with this

14  Opposition.  At no time has Stroock attempted to hide or misrepresent anything, and its Opposition

15  to the Request was necessary to avoid an undeserved default while VCI gathered the facts

16  necessary to prepare its Answer to the Complaint, which VCI has since filed.

17        Plaintiff argues that because he provided Stroock with additional purported "facts" relating

18  to service of the documents after he filed the Request, Stroock should have withdrawn its

19  Opposition.  This argument is nonsense and only demonstrates Plaintiff's own bad faith conduct.

20  By this argument, Plaintiff suggests that VCI simply should have acquiesced to Plaintiff's Request

21  for Default when it absolutely intended to defend the action and firmly believed that its response to

22  Plaintiff's Complaint was not due until October 9, 2007.  Moreover, while Plaintiff accuses Stroock

23  of hiding facts from the Court, he brazenly omitted the fact that Stroock had contacted him and

24  provided the Waiver of Service long before he filed the Request on September 5, 2007.  (See

25  Docket Entries 12-13.)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51004068v1     - 5 -
OPPOSITION OF STROOCK & STROOCK & LAVAN LLP AND BRIAN C. FRONTINO TO
PLAINTIFF'S MOTION FOR SANCTIONS
Case No. C 07-03884 PJH

## IV.  CONCLUSION

For the foregoing reasons, VCI requests that the Court deny the Motion for Sanctions in its entirety.

Dated:  October 17, 2007

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
BRIAN C. FRONTINO

By:       /s/ Brian C. Frontino
          Brian C. Frontino

Attorneys for Defendants
VW CREDIT LEASING, LTD. and VW CREDIT, INC., a/k/a VOLKSWAGEN CREDIT, INC.

LA 51004068v1     - 6 -

OPPOSITION OF STROOCK & STROOCK & LAVAN LLP AND BRIAN C. FRONTINO TO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. C 07-03884 PJH

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On October 17, 2007, I served the foregoing document(s) described as: **OPPOSITION OF STROOCK & STROOCK & LAVAN LLP AND BRIAN C. FRONTINO TO PLAINTIFF'S MOTION FOR SANCTIONS** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Osahon Omoregie | Patrick R. Co, Esq. |
| 42 Otsego Avenue | Clapp Moroney Bellagamba Vucinich |
| New Rochelle, New York 10804 | 1111 Bayhill Drive, Suite 300 |
| Telephone: (917) 805-8309 | San Bruno, California 94066 |
| Facsimile: (413) 803-5514 | Telephone: (650) 989-5400 |
| oomoregie@gmail.com | Facsimile: (650) 989-5499 |
| | pco@clappmoroney.com. |

☒ **(VIA ELECTRONIC MAIL DELIVERY)** By causing the above listed document(s) to be delivered to the person(s) at the email address(es) set forth above.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

☒ **(VIA ELECTRONIC CASE FILING)** I filed electronically the documents listed above, using the United States District Court's, Northern District of California electronic case filing service, on October 17, 2007. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 17, 2007, at Los Angeles, California.

| | |
|---|---|
| Brian Frontino | /s/ Brian Frontino |
| [Type or Print Name] | [Signature] |

LA 51004068v1

- 7 -

OPPOSITION OF STROOCK & STROOCK & LAVAN LLP AND BRIAN C. FRONTINO TO PLAINTIFF'S MOTION FOR SANCTIONS
Case No. C 07-03884 PJH