Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOARDWALK AUTO CENTER, INC. and ) <br> VW CREDIT LEASING, LTD. and ) <br> VW CREDIT, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 07-cv-03884 PJH <br><br> NOVEMBER 14, 2007, 9:00 A.M. <br><br> MOTION FOR RULE 11 <br> SANCTIONS |

**Notice of Motion.** Please take notice that Osahon Omoregie ("Omoregie") will make this motion for hearing before this Court on November 14, 2007, at 9:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom No. 3, 17th Floor of the United States Courthouse located at 450 Golden Gate Ave., San Francisco, CA 94102.

**Statement of Purpose.** Plaintiff, Omoregie, moves the Court for (a) an order pursuant to Federal Rule of Civil Procedure 11(c) imposing appropriate sanctions, in the amount of $1000 each, on Joshua Rose ("Rose"), Jeffery Vucinich ("Vucinich"), and Patrick Co ("Co"), attorneys

MOTION FOR RULE 11 SANCTIONS - 1

representing Defendant Boardwalk Auto Center, Inc.'s ("Boardwalk"), and on their law firm, Clapp, Moroney, Bellagamba & Vucinich ("Clapp"), for presenting two answers to this Court that were not based on reasonable inquiries, contained denials that were made in bad faith, and contained affirmative defenses that were frivolous legal contentions, (b) and an order pursuant to Federal Rule of Civil Procedure Rule 11(c) striking both answers and deeming all averments in the First Amended Complaint ("FAC") admitted by Boardwalk.

**Memorandum of Points and Authorities.**

## TABLE OF CONTENTS

I. **ISSUES PRESENTED** .................................................................................................................... 4
II. **STATEMENT OF FACTS** ............................................................................................................. 4
  1. **Service of Defendant** ............................................................................................................ 4
  2. **Defendant's Answers** ........................................................................................................... 5
    A. **Answer 1** ............................................................................................................................ 5
    B. **Answer 2** ............................................................................................................................ 6
III. **ARGUMENTS** ............................................................................................................................... 7
  1. **Defendant's Answers Were Not Made After a Reasonable Inquiry in Violation of Rule 11** .................................................................................................................................... 7
    A. **Under Rule 11(b), an Attorney Must Conduct a Reasonable Investigation Under the Circumstances Before Filing a Pleading with the Court** ....................................... 7
    B. **A Reasonable Investigation Was Not Conducted By Defendant's Counsel Before Answer 1 Was Filed** ........................................................................................................... 8
    C. **A Reasonable Investigation Was Not Conducted By Defendant's Counsel Before Answer 2 Was Filed** ........................................................................................................... 8
  2. **Defendant's Denials Were Not Made in Good Faith in Violation of Rule 11** ............... 9
    A. **Under Rule 11, an Attorney Must Make Denials in Good Faith** ................................ 9
    B. **Defendant's Denials in Answer 1 Were Not Made in Good Faith** ............................ 10
    C. **Defendant's Denials in Answer 2 Were Not Made in Good Faith** ............................ 11
  3. **Defendant's Affirmative Defenses Were Frivolous Legal Contentions in Violation of Rule 11** .................................................................................................................................. 12

A. **Under Rule 11, an Attorney Must Not Make Affirmative Defenses That Are Frivolous Legal Contentions** ........................................................................................... 12

B. **Defendant's Affirmative Defenses in Both Answers Were Frivolous Legal Contentions** ................................................................................................................. 12

4. **Appropriate Sanctions under Rule 11** ........................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

Arena v. Luckenbach S.S. Co., 279 F.2d 186 (1st Cir. 1960) ....................................................... 7

Bodenhamer Bldg. Corp. v. Architectural Research Corp., 989 F.2d 213 (6th Cir. 1993) ............ 7

Florida Monument Builders v. All Faiths Mem'l Gardens, 1984 U.S. Dist. LEXIS 24879 (S.D. Fla. 1984) .................................................................................................................................. 7

Gilbert v. Johnston, 127 F.R.D. 145 (N.D. Ill. 1989) ............................................................... 9, 10

Golemi v. Creative Food Design, Ltd., 116 F.R.D. 73 (D.D.C 1987) ............................................ 8

Hamer v. Career Coll. Ass'n, 979 F.2d 758 (9th Cir. 1992) ......................................................... 11

Harvey Aluminum, Inc. v. NLRB, 335 F.2d 749 (9th Cir. 1964) .................................................. 14

Mohammed v. Union Carbide Corp., 606 F. Supp. 252 (E.D. Mich. 1985) ................................... 7

Mossman v. Roadway Express, Inc., 789 F.2d 804 (9th Cir. 1986) ............................................. 12

Pierce v. F.R. Tripler & Co., 955 F2d 820 (2d Cir. 1992) ........................................................... 12

Porto Transport, Inc. v. Consolidated Diesel Elec. Corp., 20 F.R.D.1 (S.D.N.Y. 1956) ............... 9

Rodick v. City of Schenectady, 1 F.3d 1341 (2nd Cir. 1993) ....................................................... 12

**Other Authorities**

10-55 Moore's Fed. Prac. - Civ. ............................................................................................... 9, 12

4-27 MB Practice Guide: Fed Pretrial Civ. P. in CA .................................................................... 9

## I. ISSUES PRESENTED

Under Rule 11(b), a Defendant's answer may only be presented to the Court after a reasonable investigation under the circumstances. Such an answer may not contain denials that are made in bad faith or affirmative defenses that are frivolous legal contentions. By presenting two answers to this Court that were not based on reasonable investigations under the circumstances, contained denials that were made in bad faith, and affirmative defenses that were frivolous legal contentions, Rose, Vucinich, Co, and Clapp violated Rule 11(b). Additionally, their client, Boardwalk, showed a conscious desire to not take this suit seriously. As a result of their actions, it would thus be proper for the Court, in order to deter repetition of this conduct by others similarly situated in the future, to sanction Rose, Vucinich, Co, and Clapp each in the amount of $1,000, and strike both answers and deem all averments in the FAC admitted by Boardwalk.

## II. STATEMENT OF FACTS

**1.   Service of Defendant.**

On July 30, 2007, the above action was filed. (Omoregie Decl. ¶ 3.) The following day, a package containing a waiver of service form was sent to Boardwalk. The package was addressed to Boardwalk's registered agent of service and also contained the summons, the complaint, and supplemental documents. Id., ¶ 4. Additional supplemental documents were sent to Boardwalk on August 6, 2007. Id., ¶ 7.

On August 2, 2007, Boardwalk's General Manager, Jeff Seiffe ("Seiffe"), accepted and signed for delivery of the waiver of service form. Id., ¶ 5. Seiffe apparently then changed his mind and decided to refuse the delivery. Id.

On August 7, 2007, Omoregie received the refused delivery containing the waiver of service form. Id., ¶ 8. The next day, Omoregie had Boardwalk personally served with process. Id., ¶ 10. On August 10, 2007, after being personally served, Boardwalk again refused correspondence related to this action addressed to their registered agent of service. Id., ¶ 7.

The proof of service for Boardwalk was filed with the Court on August 20, 2007. Id., ¶ 11. The due date of the answer was listed on the court docket as August 28, 2007. Id.

On August 14, 2007, Omoregie served the FAC on Boardwalk by first-class mail pursuant to Rules 5(a) and 5(b)(2)(B). Id., ¶ 12. The FAC was received by Boardwalk on August 17, 2007. Id., ¶ 14. The FAC was filed with the Court on August 20, 2007. Id., ¶ 11.

## 2.  Defendant's Answers.

### A.  Answer 1.

On August 17, 2007, Boardwalk retained Merrill, Nomura & Molineux, LLP ("Merrill") as their legal counsel. Id., ¶ 13. On August 28, 2007, the day their answer was due, Boardwalk retained Clapp as their new legal counsel. Id., ¶ 16. On that same day, Rose attempted to contact Omoregie regarding obtaining a two-week extension to investigate the allegations raised in the original complaint. Id., ¶ 17. Omoregie, however, was out of the country and Rose was not able to reach him. Id., ¶ 18. Later that day, Rose and Vucinich filed an answer on behalf of Boardwalk ("Answer 1"). Id., ¶ 19.

Answer 1 responded to the original complaint filed on July, 31, 2007, not the FAC filed on August 20, 2007. Id., ¶ 19. Answer 1 contained twenty-eight nearly identical denials of all the averments in the original complaint. Id., ¶ 23. Each response stated that the ". . . answering defendant alleges that it is without sufficient information or belief to enable it to answer each and

every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein." Id. Answer 1 also without equivocation denied each and every allegation in the counts relating to Boardwalk. Id. Additionally, it contained thirty-three affirmative defenses. Id.

### B. Answer 2.

On September 5, 2007, Omoregie requested that the Clerk enter a default against Boardwalk for their failure to respond to the FAC. Id., ¶ 20. On the same day, Omoregie notified Clapp that they had failed to timely respond to the FAC, and that he would be seeking an entry of default against Boardwalk. Id., ¶ 20. Omoregie further informed Clapp that he would be seeking Rule 11 sanctions against Rose, Vucinich, and Clapp regarding their filing of Answer 1. Id., ¶ 20.

On September 6, 2007, Co and Vucinich filed an answer to the FAC on behalf of Boardwalk ("Answer 2"). Id., ¶ 19. Co informed Omoregie that it was Clapp's view that Answer 2 was timely since Co personally believed that it was "inconceivable" that a FAC could be filed after it was served.[1] Letter from Co, counsel to Boardwalk, to Omoregie, Plaintiff (Sept. 6, 2007) (Omoregie Decl. Ex. J.); (Omoregie Decl. ¶ 23.) Co stated that his firm had, therefore, decided to consider the FAC's filing date of August 20, 2007 as the day on which to begin calculating the date that Boardwalk's answer to the FAC was due. By Co's estimate, Boardwalk's answer to the FAC was due on September 9, 2007.

Answer 2 was very similar to Answer 1. (Omoregie Decl. ¶ 25.) Answer 2 contained twenty-seven denials based on lack of information or belief and the same thirty-three affirmative

---

[1] It is worth noting that it is procedurally impossible for a non-e-filing plaintiff to file a FAC before serving it on a defendant under Fed. R. Civ. P. 5(e), as a certificate of service is required to be filed with all papers that are required to be served upon another party after service of the original complaint.

defenses found in Answer 1. Id. The only real differences between both answers were that in Answer 2, Boardwalk admitted that a claim based on the Equal Credit Opportunities Act ("ECOA") arises under federal law, that they operate a car dealership in Redwood City, CA, and specifically denied four of the five allegations found in the FAC but not in the original complaint. Id.

### III. ARGUMENTS

**1.  Defendant's Answers Were Not Made After a Reasonable Inquiry in Violation of Rule 11.**

**A.  Under Rule 11(b), an Attorney Must Conduct a Reasonable Investigation Under the Circumstances Before Filing a Pleading with the Court.**

Rule 11(b) requires that attorneys must make a reasonable inquiry before signing any documents filed with the court. Fed. R. Civ. P. 11(b); Florida Monument Builders v. All Faiths Mem'l Gardens, 1984 U.S. Dist. LEXIS 24879, 2-3 (S.D. Fla. 1984). The rule requires that attorneys at the very least undertake some affirmative conduct in an investigation into the facts and law at issue. Mohammed v. Union Carbide Corp., 606 F. Supp. 252, 261 (E.D. Mich. 1985). Improperly filed answers have been found to serve as a legitimate basis for sanctions under Rule 11. Bodenhamer Bldg. Corp. v. Architectural Research Corp., 989 F.2d 213, 217 (6th Cir. 1993). An attorney has breached their obligation under Rule 11 if they make statements in an answer without affirmatively believing that a basis for those statements exists. Arena v. Luckenbach S.S. Co., 279 F.2d 186, 188-9 (1st Cir. 1960). Though time constraints may be considered in determine the reasonableness and sufficiency of an attorney's investigation, some

pre-filing inquiry is always necessary. Golemi v. Creative Food Design, Ltd., 116 F.R.D. 73, 77 (D.D.C 1987).

**B. A Reasonable Investigation Was Not Conducted By Defendant's Counsel Before Answer 1 Was Filed.**

Boardwalk's new counsel, Clapp, was clearly not able to conduct a reasonable investigation even under the circumstance, before they filed Answer 1. By the admission of Rose, Clapp believed they required two weeks to properly investigate the allegations of the complaint. Yet, Clapp filed Answer 1 the day that they were retained by Boardwalk. Though one would assume that Boardwalk's previous counsel, Merrill, would have had time to conduct a reasonable investigation and transfer their findings to Clapp to use in Answer 1, the bad faith responses to Omoregie's allegation and frivolous affirmative defenses, which will be discussed below, clearly show that this did not occur.[2] In fact, Answer 1 shows that clearly Clapp did not conduct an investigation before Answer 1 was filed.

**C. A Reasonable Investigation Was Not Conducted By Defendant's Counsel Before Answer 2 Was Filed.**

Similarly, Answer 2 also appears to have been submitted without a proper investigation into the allegations raised in the FAC. The only difference in answers appears to be that the preparers of Answer 2 gave the FAC a slightly more thorough read than the preparers of Answer 1 gave the original complaint. In Answer 2, Clapp was able to admit that a claim under the ECOA, a federal statute, arises under federal law, and that their clients operated a dealership

---

[2] As will be discussed below, the initial investigation conducted by Clapp was not even sufficient enough to determine that their clients operated a car dealership at their place of business, or to determine that their place of business was located in San Mateo County.

located in Redwood City, CA.  Clapp also was able to specifically deny four of the five allegations raised in the FAC but not raised in the original complaint.[3]  As will be discussed below, many of the bad-faith denials present in Answer 1 were still present in Answer 2.  Thus, the only pre-filing investigation that appears to have been conducted in regards to Answer 2 was a comparison between both complaints and then a decision to deny all the new allegations relating to Boardwalk raised in the FAC.  Such a pre-filing investigation, especially given Clapp's professed belief that they had until September 9, 2007 to respond to the FAC and their notices that Omoregie intended to seek Rule 11 sanctions against them for Answer 1, cannot be considered to have been a reasonable investigation.

**2.    Defendant's Denials Were Not Made in Good Faith in Violation of Rule 11.**

   **A.  Under Rule 11, an Attorney Must Make Denials in Good Faith.**

Answering defendants must base their denials on lack of information or belief formed only after a reasonable inquiry.  Fed. R. Civ. P. 11(b)(4); 4-27 MB Practice Guide: Fed Pretrial Civ. P. in CA, §8.09(7).  Claims of lack of knowledge are typically available to defendants with respect to factual allegations on matters not of public record, often within the control of the plaintiff, or not easily accessed by the defendant.  10-55 Moore's Fed. Prac. - Civ., §8.06(5); see Porto Transp., Inc. v. Consol. Diesel Elec. Corp., 20 F.R.D.1, 1-2 (S.D.N.Y. 1956).  For a defendant to obtain the benefit of a deemed denial under Rule 8(b), they must specify that no level of knowledge or information possessed by them would support even a belief.  Gilbert v. Johnston, 127 F.R.D. 145, 146 (N.D. Ill. 1989); 10-55 Moore's Fed. Prac. - Civ., §8.06(5).  Under Rule 11, there exists a difference between an attorney not having sufficient information or

---

[3] The only allegation raised in the FAC but not in the original complaint that was not specifically denied by Clapp addressed the actions of Boardwalk's co-defendants.

belief about a fact, and a denial in an answer based on lack of sufficient information or belief, which signifies that a defendant does not have sufficient information or belief about that fact. Compare Florida Monument Builders, 1984 U.S. Dist. LEXIS 24879 at 2-3. with Gilbert, 127 F.R.D. at 146.

### B. Defendant's Denials in Answer 1 Were Not Made in Good Faith.

Answer 1 contained twenty-eight nearly identical denials that were all based on lack of information or belief. That many of these denials involve facts that cannot be denied to be in the possession of Boardwalk shows a clear lack of good faith on the part of Clapp. For example, in Paragraph 5 of Answer 1, Clapp is unable to specifically admit or deny whether Omoregie and Boardwalk entered an agreement,[4] or even the place of business of their defendant.[5] Additionally, in Paragraphs 2 and 3 of Answer 1, Boardwalk denies whether venue and intradistrict assignment of this case are proper based on lack of information or belief. As venue and intradistrict assignment of this case rely heavily on Boardwalk's location in San Mateo County, Paragraph 2 and 3 of the answer essentially deny that Boardwalk is located in San Mateo County by stating that Boardwalk is without information or belief to form an adequate opinion on their location.[6] It is clear that this information must have been in the possession of Boardwalk at the time that Clapp filed Answer 1. Additionally, Answer 1 contained numerous other denials based on lack of information or belief that were similarly made in bad faith. In fact, twenty-four of the twenty-eight paragraphs in the original complaint addressed factual

---

[4] A copy of the Agreement entered into by Omoregie and Boardwalk was attached to both complaints as Exhibit A.
[5] The place of business of Boardwalk is identified on the Agreement that was attached to both complaints as Exhibit A.
[6] That Boardwalk's place of business is located in San Mateo County is also identified on the Agreement that was attached to both complaints as Exhibit A.

allegations that were either in the control of the defendant or easily assessable to them. Such denials show a clear lack of good faith on the part of Clapp.

### C. **Defendant's Denials in Answer 2 Were Not Made in Good Faith.**

As has been stated above, Answer 2 is substantially similar to Answer 1. That Clapp is able to specifically admit that the ECOA creates a cause of action that arises under federal jurisdiction, that their client operates a dealership in Redwood City, and specifically deny four new allegations raised in the FAC, does not significantly detract from the fact that the twenty-one of the remaining twenty-seven paragraphs in the FAC addressed factual allegations that were either in the control of the defendant or easily assessable to them. Clapp is still unable to specifically admit or deny the simple fact of whether Boardwalk's location makes venue and intradistrict assignment proper, i.e., whether Redwood City is located in San Mateo County. Such denials show a clear lack of good faith.

It is possible that Clapp's attorneys confused the difference between an attorney not having sufficient information or belief about a fact and a denial in an answer based on lack of sufficient information or belief, which signifies that the defendant does not have sufficient information or belief about that fact. When an attorney does not have sufficient information or belief about a fact, they have an affirmative duty under Rule 11 to inform themselves before making a statement concerning that fact in a filing to the court. Courts have recognized that in cases where attorneys do not have sufficient time to conduct a full investigation into necessary facts they may rely solely on statements of their defendants. Hamer v. Career Coll. Ass'n, 979 F.2d 758, 759 (9th Cir. 1992); Rodick v. City of Schenectady, 1 F.3d 1341, 1351 (2nd Cir.

1993). Attorneys, however, are not allowed to use their personal ignorance to plead for their clients, as was apparently the case here.

**3.  Defendant's Affirmative Defenses Were Frivolous Legal Contentions in Violation of Rule 11.**

    **A. Under Rule 11, an Attorney Must Not Make Affirmative Defenses That Are Frivolous Legal Contentions.**

To avoid sanctions under Rule 11(b), defendants must have nonfrivolous arguments for their legal contentions. 10-55 Moore's Fed. Prac. - Civ., §8.06(2); Fed. R. Civ. P. 11(b)(2). Legally frivolous positions are those that clearly have no chance of success. See Pierce v. F.R. Tripler & Co., 955 F2d 820, 830 (2d Cir. 1992).

    **B. Defendant's Affirmative Defenses in Defendant's Answer to the Original Complaint and The First Amended Complaint Were Frivolous Legal Contentions.**

In both their answers, Boardwalk exerts the same thirty-three affirmative defenses.[7] Many of these affirmative defenses, at least twenty-one, have no legitimate relation to this action and thus amount to frivolous legal contentions. For example, the twenty-second affirmative defense concerns breaches or failures to perform contracts. However, as any reasonable reading of either complaint shows, breaches or failures to perform contracts are in no way related to any of the allegations of this action. Since there is no factual connection to this case, the assertion of this affirmative defense is a legally frivolous contention. As another example, the thirty-first affirmative defense states, the "answering defendant alleges that the Complaint, and each alleged

---

[7] It has been noted before in this Circuit that the inclusion of thirty-seven affirmative defenses is extraordinary. Mossman v. Roadway Express, Inc., 789 F.2d 804, 806 (9th Cir. 1986) (discussing the district court's opinion).

cause of action thereof, fails to allege and/or has not stated facts sufficient to show an affirmative link between defendant and the acts which allegedly violated plaintiff's rights." However, the complaints clearly states that an employee of Boardwalk while in the clear scope of his employment was directly involved in the events that gave rise to this action.  As there is no arguable legal or factual basis for this affirmative defense, it is also a frivolous legal contention. The vast majority of Boardwalk's affirmative defenses likewise have no legitimate connection to this case, i.e., no chance of success, and are frivolous legal contentions.

### 4.     Appropriate Sanctions under Rule 11.

From the substance of the answer, it is questionable whether either Rose or Vucinich properly read the complaint.  The fact that they failed to respond to the right complaint indicates that they may not even have reviewed the court docket (which is accessible to all parties via PACER) before submitting the answer.  Though Rose's attempts to contact Omoregie to obtain an extension showed an early desire to proceed in good faith, the decision of Rose and Vucinich to abdicate their responsibility as members of the court and file an entirely frivolous document for the sole purpose of meeting a deadline should not be tolerated by the court.  They claimed not to have information or belief to admit any of the allegations, so they denied them all.  They then went on to unequivocally deny all the counts related to their client.  Their actions only help to perpetuate the stereotype of disingenuous practitioners that many attorneys must deal with. Additionally, after being put on notice that sanctions would be sought against them for their conduct, Clapp's attorneys, Co and Vucinich, repeated substantially the same conduct the next day.  Clapp's attorney's also attempted to escape default by knowingly submitting an untimely answer after a request for default had been entered.  They then proceeded to put forth an absurd

justification for their actions.  For these, and the reason stated above, it is thus appropriate that Rose, Co, Vucinich, and their firm, be sanctioned for their actions.

Boardwalk's delinquent behavior in this action must also be noted.  They showed a desire to avoid participation in this action by refusing mail addressed to their registered agent of service before and after being physically served with process.  They waited nine days to obtain counsel, then for unknown reasons obtained new counsel to file their answer on the day it was due.  They share responsibility for placing Clapp in the position it found itself in on August 28, 2007.  It is thus appropriate that they receive the rather severe sanction of having both answers struck as shams and having all averments in the FAC deemed admitted by them.  <u>Harvey Aluminum, Inc. v. NLRB</u>, 335 F.2d 749, 758 (9th Cir. 1964) (finding that "[A]n answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham. In such circumstances the facts alleged in the complaint stand admitted.").

It should also be noted that Boardwalk is proceeding against a pro se plaintiff.  It is possible that this is why Clapp believed that they could file the type of answers that they did and why Boardwalk believed they were not required to take this action seriously.  As such, the level of sanctions against Clapp and Boardwalk should be higher than normal to deter such future action by defendants and attorneys who face pro se plaintiffs.

>

Respectfully submitted,

By: <u>s// Osahon Omoregie</u>

Pro Se

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies service of the foregoing Motion and supporting Declaration was made upon the following counsel, via U.S. mail on the 28th day of September, 2007.


Jeffrey Michael Vucinich
Clapp Moroney Bellagamba & Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066


Lisa Marie Simonetti
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086


            s// Osahon Omoregie

            Osahon Omoregie
            42 Otsego Ave.
            New Rochelle, NY 10804
            (917) 805-8309
            (413) 803-5514 (FAX)
            oomoregie@gmail.com