Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOARDWALK AUTO CENTER, INC. and ) <br> VW CREDIT LEASING, LTD. and ) <br> VW CREDIT, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 07-cv-03884 PJH <br><br> DECLARATION OF OSAHON OMOREGIE IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS |

1. I, Osahon Omoregie, declare as follows:

2. I am the Plaintiff in this action.

3. On July 30, 2007, I filed the above action.

4. On July 31, 2007, I sent a package containing a waiver of service form, the summons, the complaint, and additional supplemental documents to Boardwalk Auto Center, Inc. ("Boardwalk").

5. On August 2, 2007, Jeff Seiffe ("Seiffe"), General Manager of Boardwalk, accepted and signed for delivery of the waiver of service form. Seiffe then refused delivery.

6. Exhibit A are records sent to me by the United States Postal Service. These records show that the waiver of service form was sent to Boardwalk on July 31, 2007. The records show that on August 2, 2007, Seiffe on behalf of Boardwalk accepted delivery of the waiver of service form. The records also show that Boardwalk also refused delivery of the waiver of service form that same day.

7. On August 6, 2007, I sent additional supplemental documents to Boardwalk. Boardwalk refused delivery of these documents, which were addressed to their registered agent of service, on August 10, 2007. Exhibit B is a record sent to me by the United States Postal Service. This record shows that Boardwalk refused delivery of that correspondence on August 10, 2007.

8. On August 7, 2007, I received the refused waiver of service form from Boardwalk.

9. Exhibit C is a photocopy of the envelope, which contained the refused waiver of service form.

10. On August 8, 2007, Boardwalk was personally served with process. Exhibit D is a copy of the proof of service.

11. The proof of service for Boardwalk and the First Amended Complaint ("FAC") were filed on August 20, 2007. Exhibit E is a copy of the court docket. Entry 6 indicates that the due date for Boardwalk's answer was August 28, 2007.

12. On August 14, 2007 Boardwalk was properly served by me with the FAC in accordance with Rules 5(a) and 5(b)(2)(B). Exhibit F is a copy of the certificate of service.

13. On August 17, 2007, I was notified by Clay Coelho that his firm, Merrill, Nomura & Molineux, LLP, would be representing Boardwalk in this action. Exhibit G is a copy of that email notification.

14. The FAC was received by Boardwalk on August 17, 2007.

15. Exhibit H is a record sent to me by the United States Postal Service. This record shows that the FAC was sent to Boardwalk on August 14, 2007, and was received on August 17, 2007.

16. On August 28, 2007, I was notified by Joshua Rose ("Rose") that his firm, Clapp, Moroney, Bellagamba & Vucinich, would also be representing Boardwalk in this action. Exhibit I is a copy of that email notification.

17. On August 28, 2007, Rose attempted to contact me via email and phone regarding obtaining a two-week extension to file Boardwalk's answer.

18. On August 28, 2007, I was out of the country.

19. On August 28, 2007, Boardwalk filed an answer to the original complaint, which appears on the docket as entry 8. On September 6, 2007, Boardwalk served and filed an answer to the FAC, which appears on the docket as entry 17.

20. On September 5, 2007, I filed a request directed at the Clerk to enter default against Boardwalk for their failure to respond to the FAC. This request appears on the court docket as entry 10.

21. On September 5, 2007, I informed Clapp that I had sought an entry of default against their client.

22.     On September 5, 2007, I informed Clapp that I would seek Rule 11 sanctions against Rose, Vucinich, and their firm in regards to their filing of Boardwalk's answer to the original complaint.

23.     On September 6, 2007, Patrick Co of Clapp Moroney Bellagamba & Vucinich, which represents Boardwalk, sent me a letter in which he justified Boardwalk's submission of their answer to the FAC.  Exhibit J is a copy of that letter.

24.     Boardwalk's answer to the original complaint contained twenty-eight nearly identical denials of all of the averments in the original complaint.  Each response stated that the ". . . answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein." The answer also without equivocation denied each and every allegation in the counts relating to Boardwalk. Additionally, the answer contained thirty-three affirmative defenses.

25.     Boardwalk's answer to the FAC is very similar to their answer to the original complaint.  The answer to the FAC contained twenty-seven denials based on lack of information or belief and the same thirty-three affirmative defense found in Answer 1.  The only real differences between both answers were that in the answer to the FAC, Boardwalk admitted that a claim based on the Equal Credit Opportunities Act arises under federal law, that they operate a car dealership in Redwood City, CA, and specifically denied four of the five allegations found in the FAC but not the original complaint.

26.     On September 12, 2007, I learned that my requests for entry of default had been declined.

27.     I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF OSAHON OMOREGIE IN SUPPORT
OF PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS - 4

Executed on September 28, 2007.

By: s// Osahon Omoregie

Pro Se