Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| OSAHON OMOREGIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-cv-03884 PJH |
| | ) | |
| vs. | ) | |
| | ) | |
| BOARDWALK AUTO CENTER, INC. and | ) | DECLARATION OF OSAHON |
| VW CREDIT LEASING, LTD. and | ) | OMOREGIE IN SUPPORT OF |
| VW CREDIT, INC., | ) | PLAINTIFF'S MOTION TO |
| | ) | SHORTEN TIME |
| Defendants. | ) | |
|_____| ) | |

I, Osahon Omoregie, declare as follows:

**1.    Reason for Requested Shortening of Time.**

On October 19, 2007, I was contacted and informed by Nichole Heuerman, Calendar

Clerk for this Court that the motion for sanctions brought pursuant to Federal Rule of Civil

Procedure 11(c) (the "Motion") against Defendant Boardwalk Auto Center, Inc. ("Boardwalk")

and their counsel was improperly noticed.  I was told that I must either re-notice the Motion for

at least 35 days from the date on which it was filed, October 19, 2007, or make a motion to

shorten the time on which the Motion could be heard.  It is my belief that, pursuant to Civil L.R. 7-7 (b)(1) and (2), I am prohibited from re-noticing the Motion for at least 35 days from the date on which it was filed without an order from the Court or a stipulation from the parties effected (as discussed below, I did not believe that it was advisable to seek such a stipulation).  Therefore, this motion to shorten the time on which the Motion can be heard is being brought.

The Motion was brought in response to Boardwalk's filing of two answers.  The Motion was served on September 28, 2007.  The Motion was originally noticed for November 7, 2007 at 9:30 am.  Subsequent to serving the Motion, I was informed that this Court heard its motions on Wednesdays at 9:00 am.[1]  Additionally, on October 7, 2007, the Court ordered that the hearing dates for two motions noticed on November 7, 2007 and one on November 14, 2007 be consolidated to November 14, 2007.  In order to comply with the Court's desired intent of minimizing appearances by moving hearings scheduled on November 7, 2007 to November 14, 2007, I re-noticed the Motion to November 14, 2007.[2]  On October 17, 2007, Boardwalk timely filed their opposition to the Motion.  On October 19, 2007, I filed the Motion with the Court.

Civil L.R. 7-2 states that all motions "must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion."  The Motion was served on September 28, 2007 and originally noticed for November 7, 2007, which was 40 days from service.  Rule 11(c) requires that no motion may be made pursuant to it until at least 21 days after service.  As the Motion was served on September 28, 2007 and filed on October 19, 2007, it was filed 21 days after service.  I am unsure of how the

---

[1] I mistakenly noticed the Motion for 9:30 am, as he did two other motions, before he was informed that this Court heard its motions at 9:00 am.  I humbly apologize to the Court for any confusion this may have caused.
[2] Additionally, I desired to correct the incorrect hearing time.

Motion was incorrectly noticed, but humbly apologize to the Court if it was incorrectly noticed

and ask that the Motion be heard on November 14, 2007.

I could not find any case law on point regarding the relationship between Civil Rule 7-2

and Rule 11's twenty-one day safe harbor provision.  I respectfully request that, if the Court

finds it proper, guidance be given on the exact requirements for noticing a Rule 11 motion in the

Northern District of California.[3]

**2.     Efforts Made to Obtain a Stipulation to the Time Change.**

No efforts have been made to obtain a stipulation to the time change.  Currently there are

allegations of various levels of misconduct and deceit being claimed against the counsels for all

three defendants and against me.  Though I believes that a proper examination of the facts by the

Court will show me to be the innocent party, [4] at this point, I also believe that it would be best if

direct contact between me and opposing counsel be limited.  Upon advice from other attorneys, I

have begun the process of obtaining counsel to represent me in this action in the hopes that this

will deter any further misconduct.  For this reason, I have refrained from communication with

opposing counsel and have made no attempt to obtain a stipulation.

**3.     Substantial Harm or Prejudice That Would Occur If the Court Did Not Change the**

**Time.**

If the Court does not change the time for this hearing it will result in multiple

appearances by the representation for me and Boardwalk.  This will result in a waste of the

Court's, mine, and Boardwalk's resources.  Additionally, as the subject matters of the motions

are very similar, a single hearing will be the most efficient use of resources.

---

[3] It is unclear whether a  hearing must be noticed for not less 56 days after service to be
compliant with both Civil L.R. 7-2 and Rule 11.

[4] Fortunately all the communications between me and the counsel for the defendants has been via
email or regular mail so a complete record exists.

If the Motion is rescheduled there will be no harm to me or Boardwalk.  Per the Court's order rescheduling the remaining motions to November 14, 2007, I still consider the original briefing schedule to be in effect.  Thus, I consider the due date of his reply to be October 24, 2007.[5]  This will result in the reply being due seven days after Boardwalk's opposition was due and thus cause no prejudice to Boardwalk or advantage to me.

**4.**    **i.  Compliance with 37-1 (a).**

The underlying motion does not involve disclosures or discovery disputes, so therefore Civil L.R. 37-1 (a) is inapplicable.

**ii.  Nature of the Underlying Motion and Positions of Parties**.

The Motion was brought because I claimed that Boardwalk's counsel filed two answers with the Court without conducting reasonable investigations, made denials in bad faith, and presented affirmative defenses that were frivolous legal contentions.  Boardwalk's counsel has not challenged this, instead they claim that they were made to file Boardwalk's answers as a result of my conduct and that the Motion is now moot.

**5.**    **Previous Time Modifications.**

As stated above, I incorrectly noticed two previous motions for 9:30 am.  These motions, a motion to direct the clerk to enter defaults and a motion for sanctions, were re-noticed to November 7, 2007 at 9:00 am.  The Court by order has moved these two motions to November 14, 2007.

**6.**    **Effect the Requested Time Modification Would Have on the Schedule for the Case.**

No schedule has been set for this case, thus this requested time modification would have no effect on the schedule of the case.

---

[5] Per Civil L.R. 7-3 (c), this due date would have been proper if the original hearing date of November 7, 2007 was still in effect.

1

2      I declare under penalty of perjury that the foregoing is true and correct.

3

4      Executed on October 22, 2007.

5
                                                    By: /s/ Osahon Omoregie
6
                                                    Pro Se
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF OSAHON OMOREGIE IN SUPPORT
OF PLAINTIFF'S MOTION TO SHORTEN TIME - 5