JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
PATRICK R. CO, ESQ. BAR#: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOARDWALK AUTO CENTER, INC.;<br>VW CREDIT LEASING, LTD; AND<br>VOLKSWAGEN CREDIT, INC.,<br><br>　　　　Defendants. | CASE NO.: C07-03884 PJH<br><br>**DEFENDANT BOARDWALK AUTO CENTER'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWERS**<br><br>Date:　　　　November 14, 2007<br>Time:　　　　9:00am<br>Courtroom:　3, 17th Floor<br>Judge:　　　Hon. Phyllis J. Hamilton<br><br>Complaint filed: 07/30/07 |

## I. INTRODUCTION

Plaintiff OMOREGIE refused to grant extensions of time to answer either his original complaint and his amended complaint. He did so with the intent to immediately take a default despite the fact that BOARDWALK was presented by counsel, and despite the fact that he knew BOARDWALK intended on defending this action. By his own actions, he forced counsel for BOARDWALK to hastily file answers in order to protect its clients interests.

After his request for entry of default was denied by the Court Clerk, he moved to Request Entry of Default. He next served a Rule 11 Motion on defendant BOARDWALK based essentially on the same defects in BOARDWALK's answers that is the subject of this motion to strike. After

receiving the Rule 11 Motion, BOARDWALK, conferred with Mr. OMOREGIE, and informed him of its intent to amend its answer pursuant the "safe harbor" provision of Rule 11, thereby curing any alleged defects in BOARDWALK's answer. BOARDWALK further requested that OMOREGIE stipulate to allow BOARDWALK to file its amended answer. After informing Mr. OMOREGIE of BOARDWALK's intent to amend that answer, he filed this motion.

Counsel for BOARDWALK nevertheless submitted a stipulation and order to OMOREGIE requesting his agreement to allow BOARDWALK to file an amended answer. OMOREGIE refused to stipulate to allow BOARDWALK leave to file an amended answer.

Since the proposed Amended Answer cures the defects OMOREGIE complains of, the Court should deny the motion. Furthermore, OMOREGIE's actions in precipitating the events leading to the expedited filing of the answers stains his hands, and bars him from bringing this motion.

## II. STATEMENT OF FACTS

Foremost in the analysis of the facts surround this motion are the actions of OMOREGIE himself.

In his moving papers, OMOREGIE readily concedes that he outright refused an extension of time requested by Clay Coelho, Esq. to answer the original complaint. However, he leaves out several interesting facts.

A more complete version of the e-mail correspondences between Mr. Coelho and Mr. OMOREGIE are provided by BOARDWALK. [See Declaration of Clay Coelho, Esq. in Support of Opposition to Motion for Default, attached as *Exhibit 10* to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike] As can be seen from the portions deleted by OMOREGIE in his motion, on August 18, 2007, OMOREGIE informed Mr. Coelho that the date of service was on August 8, 2007. [See Declaration of Clay Coelho, Esq. in Support of Opposition to Motion for Default, attached as *Exhibit 10* to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike] The deception lies in the fact that it was clear to OMOREGIE that Mr. Coelho was operating on the assumption that the original complaint was the operative complaint, and by stating that the "complaint" was filed on August 8, 2007, OMOREGIE perpetuated that error. He

perpetuated that error by omitting any mention of the operative First Amended Complaint in his discussions with Mr. Coelho, and by failing to inform him that the First Amended Complaint was (allegedly) served on August 14, 2007. [See Declaration of Clay Coelho, Esq. in Support of Opposition to Motion for Default, attached as *Exhibit 10* to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike]

It is further apparent in those e-mail correspondences, that Mr. OMOREGIE not only refused to grant an extension of time, but further refused to speak to defendant's counsel concerning any issues other than those ordered by the Court and settlement offers. [See Declaration of Clay Coelho, Esq. in Support of Opposition to Motion for Default, attached as *Exhibit 10* to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike]  In hindsight, it is clear that OMOREGIE did so in order to attempt to surreptitiously take a default.

On August 28, 2007, the file was transferred to the law firm of Clapp, Moroney, Bellagamba & Vucinich for handling.  [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Motion to Strike]  After reviewing the file, Mr. Rose contacted Mr. OMOREGIE to try and obtain an extension of time to file a response to the complaint.  [Declaration of Joshua Rose in Support of Opposition to Plaintiff's Motion to Strike]  Mr. Rose called Mr. OMOREGIE several times, and e-mailed Mr. OMOREGIE.  [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Motion to Strike]  Mr. OMOREGIE did not respond. [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Request for Entry of Default and to Set Aside Entry of Default, on file herein]

In order to protect the client's interests and prevent OMOREGIE from taking a default, counsel for defendant BOARDWALK then filed an answer to OMOREGIE's complaint, thereby making its first formal appearance.    [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Motion to Strike] At that time, counsel for BOARDWALK was unaware of the existence of the First Amended Complaint.   [See Declaration of Joshua Rose in Support of Opposition to Plaintiff's Motion to Strike] A client interview was then scheduled for September 6, 2005. [See Declaration of Patrick R. Co in Support of Opposition to Motion to Strike]

A few days later on or about September 5, 2007, and before the client interview could occur,

counsel for defendant BOARDWALK first learned of the existence of the First Amended Complaint. OMOREGIE had called as a "courtesy" to inform counsel that he had filed for default. [See Vucinich Letter and e-mail Dated September 5, 2007, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 1*] Counsel for BOARDWALK requested that plaintiff OMOREGIE send them a copy of that First Amended Complaint, informing him that BOARDWALK would be filing an appropriate response to that First Amended Complaint. [See Vucinich Letter and e-mail Dated September 5, 2007, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 1*]

Despite learning that BOARDWALK's counsel did not have a copy of that first amended complaint, had answered the original complaint, and in fact was attempting to get a copy of the first amended complaint in order to answer it, OMOREGIE requested entry of default. On September 6, 2007 defendant BOARDWALK AUTO CENTER, INC. filed its answer to the First Amended Complaint. [See BOARDWALK AUTO CENTER INC.'s Answer to First Amended Complaint, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 2*]

On September 6, 2007, counsel for BOARDWALK wrote Mr. OMOREGIE and requested that he withdraw his request for default. [See Co Letter dated September 6, 2007, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 3*] Mr. Omoregie responded. [See OMOREGIE e-mail dated September 6, 2007, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 4*]

On or about October 28, 2007, OMOREGIE served a motion for Rule 11 Sanctions based on alleged defects in BOARDWALK's answer. [See Motion for Rule 11 Sanctions, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 9*] On After receiving plaintiff's motion and pursuant to Rule 11's safe harbor provision, counsel for BOARDWALK wrote Mr. OMOREGIE on October 2, 2007 conferring with him on BOARDWALK's intent to file an amended answer. [See October 2, 2007 Letter, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 5*] Counsel for BOARDWALK then

prepared an amended answer curing the complained of defects in the answer on file, along with a stipulation to allow filing of that amended answer, and forwarded them to Mr. OMOREGIE. [See October 16, 2007 Letter, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 6*; Stipulation Re: First Amended Complaint, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 7*; Proposed First Amended Answer, attached to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike as *Exhibit 8*]

However, plaintiff has refused to stipulate to allow BOARDWALK leave to file that first amended complaint, and has instead chose to file, yet again, another unnecessary pleading.[1] [See Declaration of Patrick R Co in Support of Opposition to Motion to Strike]

## II. ARGUMENT

Motions to Strike are disfavored because they are often used as dilatory tactics, and because of the policy favoring resolution of cases on their merits. Stanbury Law Firm v. I.R.S., (8th Cir. 2000) 221 F.3d 1059; RDF Media Ltd. V. Fox Broadcasting Co.,(CD CA 2005) 372 F. Supp.2d 556; Bureerong v. Uvawas, (CD CA 1996) 922 F.Supp. 1450, 1478; Fogerty v. Fantasy, Inc., 1994 510 U.S. 517, 984 F.2d 1524. Motions to strike affirmative defenses are disfavored. Proctor & Gamble v. Nabisco Brands, 697 F.Supp. 1362 (D.Del. 1988). When ruling on a motion, the Court shall construe all facts in favor of the nonmoving party, and deny the motion if the defense is sufficient under the law. The Federal Rules intend a liberal pleading standard. Leatherman v. Tarrant County Narcotic Intelligence and Coordination Unit 507 U.S. 163, 168 (1993).

In this instance, several reasons exist for the Court to view this motion with particular disfavor, providing grounds for denial.

///

---

[1] Plaintiff has filed a Motion for Entry of Default even after the Clerk had justifiably denied the request for default. Plaintiff has filed this motion to strike, even though his Motion for Entry of Default addresses the same pleading. Defendant has also filed/attempted to file a motion for Rule 11 sanctions, addressing the very same issues, continuing the steady stream of unnecessary pleadings he has filed in this Court.

A. **DEFENDANT'S PROPOSED AMENDED ANSWER MAKES PLAINTIFF'S MOTION TO STRIKE MOOT ON THE GROUNDS THAT THE PROPOSED ANSWER CURES THE ALLEGED DEFECTS.**

Defendant's Motion to Strike is Moot, since the proposed First Amended Answer corrects the allegedly defective pleading.

A rule 12(f) motion is designed for excision of material from pleadings, not for dismissal of claims in their entirety. Day v. Moscow (2nd Cir. 1992) 955 F.2d 807.

Since answering, BOARDWALK's counsel has had an opportunity to conduct further investigation into the allegations of plaintiff's complaint, and has prepared an amended answer based on the more complete knowledge of the case. [See Boardwalk's First Amended Answer to Plaintiff's First Amended Complaint, attached as *Exhibit 5* to the Declaration of Patrick R. Co in Support of Opposition to Motion to Strike] In addition, plaintiff has already served a Rule 11 motion for sanctions based on the defects in the answers filed on Boardwalk's behalf. [See Omoregie's Motion for Rule 11 Sanctions, attached herein as *Exhibit 6* to the Declaration of Patrick R. Co in Support of Motion to Strike] Pursuant to the safe harbor provision of Rule 11, defendant's counsel prepared a proposed Amended Answer and a stipulation for filing of that answer. However, Mr. Omoregie has refused to execute that stipulation. Since BOARDWALK'S proposed amended answer cures the defects alleged by plaintiff, the motion to strike is moot.

B. **OMOREGIE'S REFUSAL TO GRANT ANY EXTENSIONS OF TIME TO ANSWER HIS COMPLAINTS, AND HIS REFUSAL TO STIPULATE TO ALLOW BOARDWALK TO FILE AN AMENDED ANSWER, BARS HIM FROM BRINGING THIS MOTION BASED ON THE INABILITY OF COUNSEL TO CONDUCT AN INVESTIGATION BEFORE FILING ANSWERS TO THOSE COMPLAINTS.**

Plaintiff's unclean hands bars this motion, since defendant's lack of a thorough investigation was caused by plaintiff's refusal to grant a reasonable extension of time to answer.

The doctrine of unclean hands requires and immediate and necessary relationship between the alleged misconduct and the equity sought by that party. (See Keystone Driller Co. v. General Excavator Co., 290 U.S. 240 (1933) (Courts apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity he

seeks in respect of the matter in litigation). The doctrine

> "necessarily gives wide range to the equity court's use of discretion. It is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion. Accordingly one's misconduct need not have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim."

Precision Instrument Mfg. Co. v. Automotive Maintenance Machine Co., 324 U.S. 806, 815 (1945).

Here, the equity that plaintiff seeks is directly related to his conduct. OMOREGIE refused to grant extensions of time to answer either his original complaint and amended complaint. He did so knowing that the defendant was represented by counsel, and intended on defending the action. By doing so, he forced counsel for defendant BOARDWALK to hastily file an answer to protect the client's interest. Moreover, plaintiff has already served a Rule 11 motion for sanctions based on the defects in the answers filed on Boardwalk's behalf. Pursuant to the safe harbor provision of Rule 11, defendant's counsel has prepared a proposed Amended Answer and a stipulation for filing of that answer. Mr. Omoregie refused to execute that stipulation. Notwithstanding his refusal to grant extensions of time to answer and to stipulate to allow an amended answer, he is filing this motion for failure to cure the very defects his actions precipitated, and which he refuses to stipulate to correct. OMOREGIE's hands are unclean, and defendant BOARDWALK requests the Court deny his motion.

///
///
///
///
///
///
///
///
///

The motion to strike is moot since the alleged defects are cured in defendant's proposed Amended Answer. Moreover, the Court should deny this motion on the grounds that plaintiff has unclean hands due to his conduct which resulted in the time constraints in answer his complaints. For these reasons, defendant BOARDWALK AUTO CENTER respectfully requests the Court deny plaintiff's motion, allow filing of the first amended answer, and allow this litigation to be resolved on its merits.

Dated: October 23, 2007

CLAPP, MORONEY,
BELLAGAMBA & VUCINICH

By: _____
Jeffrey M. Vucinich
Patrick R. Co
Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.