JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR#: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>Plaintiff,<br><br>v.<br><br>BOARDWALK AUTO CENTER, INC.;<br>VW CREDIT LEASING, LTD; AND<br>VOLKSWAGEN CREDIT, INC.,<br><br>Defendants. | CASE NO.: C07-03884 PJH<br><br>**DECLARATION OF PATRICK R. CO, ESQ. IN SUPPORT OF DEFENDANT BOARDWALK AUTO CENTER, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Date: November 14, 2007<br>Time: 9:00am<br>Courtroom: 3, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton<br><br>Complaint filed: 07/30/07 |

I, PATRICK R. CO, declare that:

1. I am an attorney licensed to practice law in and before all of the Courts of the State of California and the United States District Court-Northern District of California, and am an associate of the law firm of Clapp, Moroney, Bellagamba and Vucinich, attorneys of record for defendant BOARDWALK AUTO CENTER, INC.

2. On or about September 5, 2007, I first became aware that plaintiff OMOREGIE had filed a First Amended Complaint, and that plaintiff was attempting to take a default. My firm requested that Mr. OMOREGIE provide us with a copy of that complaint, so that we could file an appropriate response. A true and correct copy of Mr. Vucinich's letter and e-mail chain is attached

DECLARATION OF PATRICK R. CO, ESQ. IN SUPPORT OF
DEFENDANT BOARDWALK AUTO CENTER, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE;
Case No. C07-03884 PJH

G:\Data\DOCS\0173\03851\MtnStrike\Mot-Strike.DecPRC.pld

herein as *Exhibit 1.*

3. I was aware that Mr. Vucinich had a meeting with the client on the afternoon of September 6, 2007, and would obtain further information concerning this case as a result of that meeting.

4. Realizing that Mr. OMOREGIE would not grant an extension of time, on September 6, 2007 I prepared an Answer to the First Amended Complaint based on the investigation I had conducted on the case to that point. My investigation consisted of reviewing the pleadings, reviewing the client documents in our file, and my discussions with Mr. Vucinich and Mr. Rose concerning the case. Due to Mr. OMOREGIE's reluctance to grant an extension, that is the only investigation I had time to conduct.

5. I wrote Mr. OMOREGIE and requested that he withdraw his request for entry of default based on the fact that he knew our firm was handling the matter on behalf of defendant BOARDWALK, and that BOARDWALK intended on defending this action. A true and correct copy of the Answer to the First Amended Complaint is attached herein as *Exhibit 2*, and a copy of the letter I wrote to OMOREGIE is attached herein as *Exhibit 3.*

6. Mr. OMOREGIE responded to that e-mail on September 6, 2007. A true and correct copy of his e-mail is attached herein as *Exhibit 4.*

7. Our firm has conducted an investigation into the allegations made in plaintiff's First Amended Complaint. There exists a good and meritorious defense to plaintiff's claims in that the defendant asserts the following: the evidence in this case will show that the special lease offer did not apply to the particular vehicle that Mr. OMOREGIE was interested in leasing; that the vehicle OMOREGIE ended up leasing was not the advertised car that the lease offer applied to; that the lease offer itself was subject to additional costs and fees; that Mr. OMOREGIE was not discriminated against by BOARDWALK as a result of his race.

8. Attached herein as *Exhibit 5* is a true and correct copy of the letter I wrote Mr. OMOREGIE on October 2, 2007 conferring with him on BOARDWALK's intent to file an amended answer.

9. Attached here in as *Exhibit 6* is a true and correct copy of the letter I wrote to Mr. OMOREGIE on October 16, 2007 requesting that he execute a stipulation allowing BOARDWALK to file a first amended answer. I also called Mr. OMOREGIE on the same day, requesting him to advise me as to whether he would agree to the stipulation or not. Since that time, Mr. OMOREGIE went ahead and filed his motion. Mr. OMOREGIE has still not contacted me as of the time of preparation of this amended declaration.

10. Attached herein as *Exhibit 7* is a true and correct copy of the stipulation I sent to Mr. OMOREGIE regarding BOARDWALK's First Amended Answer. Counsel for Volkswagen has stipulated to allow BOARDWALK to file the amended pleading.

11. Attached herein as *Exhibit 8* is the proposed First Amended Answer sent to Mr. OMOREGIE, and which defendant BOARDWALK shall seek leave to file with the Court in order to replace its current answer on file.

12. Attached herein as *Exhibit 9* is a copy of the Motion for Rule 11 Sanctions served by Mr. OMOREGIE on defendant BOARDWALK, which was served on or about September 28, 2007 and received by my office on or about October 1, 2007.

13. Attached herein as *Exhibit 10* is the Declaration of Clay Coelho, Esq.

Defendant BOARDWALK shall file a motion for leave to file the proposed First Amended Answer after resolution of the pending Motion for Entry of Default, Motion to Strike, and the Motion for Rule 11 Sanctions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 23rd day of October 2007, at San Bruno, California.

_____
Patrick R. Co