# EXHIBIT "2"

1 | JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR#: 200160
2 | CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
3 | 1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
4 | (650) 989-5400 (650) 989-5499 FAX

5 | Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

6

7

8 |                    UNITED STATES DISTRICT COURT

9 |                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | OSAHON OMOREGIE,                    CASE NO.: C07-03884 JCS

12 |              Plaintiff,             **DEFENDANT BOARDWALK AUTO
                                        CENTER, INC.'S ANSWER TO
13 | v.                                 PLAINTIFF'S FIRST AMENDED
                                        COMPLAINT**
14 | BOARDWALK AUTO CENTER, INC.;
VW CREDIT LEASING, LTD; AND            First Amended Complaint filed August 20,
15 | VOLKSWAGEN CREDIT, INC.,           2007

16 |              Defendants.           **JURY TRIAL DEMANDED**

17

18 |       COMES NOW defendant, BOARDWALK AUTO CENTER, INC., and in answer to the First

19 | Amended Complaint of Plaintiff, OSAHON OMOREGIE, on file herein, admits, denies, and alleges

20 | as follows:

21 |       1.    Answering the allegations contained in Paragraph 1, answering defendant admits that

22 | plaintiff's claim for violations under the Equal Credit Opportunity Act 15 U.S.C. §1691 arises from

23 | federal law. Except as expressly admitted, Defendant alleges that it is without sufficient information

24 | or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on

25 | that ground, denies the allegations therein.

26 |       2.    Answering the allegations contained in Paragraph 2, answering defendant alleges that

27 | it is without sufficient information or belief to enable it to answer each and every allegation of that

28

DEFENDANT BOARDWALK AUTO CENTER, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT  C07-03884            G:\Data\DOCS\0173\03851\Answer
JCS                                                          .FirstAmended.wpd

paragraph and, basing its denial on that ground, denies the allegations therein.

3.    Answering the allegations contained in Paragraph 3, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

4.    Answering the allegations contained in Paragraph 4, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

5.    Answering the allegations contained in Paragraph 5, answering defendant admits that it operates a car dealership at One Bair Island Road, Redwood City, CA.  Except as expressly admitted, alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

6.    Answering the allegations contained in Paragraph 6, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

7.    Answering the allegations contained in Paragraph 7, answering defendant admits that it operates a car dealership at One Bair Island Road, Redwood City, CA.  Except as expressly admitted, alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

8.    Answering the allegations contained in Paragraph 8, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

9.    Answering the allegations contained in Paragraph 9, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

10.    Answering the allegations contained in Paragraph 10, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

11.    Answering the allegations contained in Paragraph 11, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

12.    Answering the allegations contained in Paragraph 12, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

13.    Answering the allegations contained in Paragraph 13, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

14.    Answering the allegations contained in Paragraph 14, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

15.    Answering the allegations contained in Paragraph 15, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

16.    Answering the allegations contained in Paragraph 16, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

17.    Answering the allegations contained in Paragraph 17, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

18.    Answering the allegations contained in Paragraph 18, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

19.    Answering paragraph 19 of the Complaint, Defendants specifically deny all these allegations.

20.    Answering the allegations contained in Paragraph 20, answering defendant alleges

1   that it is without sufficient information or belief to enable it to answer each and every allegation of

2   that paragraph and, basing its denial on that ground, denies the allegations therein.

3       21.     Answering the allegations contained in Paragraph 21, answering defendant alleges

4   that it is without sufficient information or belief to enable it to answer each and every allegation of

5   that paragraph and, basing its denial on that ground, denies the allegations therein.

6       22.     Answering the allegations contained in Paragraph 22, answering defendant alleges

7   that it is without sufficient information or belief to enable it to answer each and every allegation of

8   that paragraph and, basing its denial on that ground, denies the allegations therein.

9       23.     Answering the allegations contained in Paragraph 23, answering defendant alleges

10  that it is without sufficient information or belief to enable it to answer each and every allegation of

11  that paragraph and, basing its denial on that ground, denies the allegations therein.

12      24.     Answering the allegations contained in Paragraph 24, answering defendant alleges

13  that it is without sufficient information or belief to enable it to answer each and every allegation of

14  that paragraph and, basing its denial on that ground, denies the allegations therein.

15      25.     Answering the allegations contained in Paragraph 25, answering defendant alleges

16  that it is without sufficient information or belief to enable it to answer each and every allegation of

17  that paragraph and, basing its denial on that ground, denies the allegations therein.

18      26.     Answering the allegations contained in Paragraph 26, answering defendant alleges

19  that it is without sufficient information or belief to enable it to answer each and every allegation of

20  that paragraph and, basing its denial on that ground, denies the allegations therein.

21      27.     Answering paragraph 27 of the Complaint, Defendants specifically deny all these

22          allegations.

23      28.     Answering paragraph 28 of the Complaint, Defendants specifically deny all these

24          allegations.

25      29.     Answering paragraph 29 of the Complaint, Defendants specifically deny all these

26  allegations.

27      30.     Answering the allegations contained in Paragraph 30, answering defendant alleges

28

that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

31.    Answering the allegations contained in Paragraph 31, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

32.    Answering the allegations contained in Paragraph 32, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

33.    Answering the allegations contained in Paragraph 33, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

34.    Answering the allegations contained in Paragraph 34, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

**FIRST CAUSE OF ACTION/COUNT**

**DISCRIMINATION IN VIOLATION OF ECOA**

**(AGAINST BOARDWALK AUTO CENTER, INC.)**

35.    Answering the allegations contained in Paragraph 35, answering defendant incorporates by reference its responses to Paragraphs 1 through 34, inclusive, as if said responses were fully set forth herein.

36.    Answering the allegations contained in Paragraph 35, answering defendant denies each and every allegation contained within.

**SECOND CAUSE OF ACTION/COUNT**

**DISCRIMINATION IN VIOLATION OF ECOA**

**(AGAINST VOLKSWAGEN CREDIT, INC.)**

37.    The allegations contained in Paragraph 36 are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

1
2
3

### THIRD CAUSE OF ACTION/COUNT

### DISCRIMINATION IN VIOLATION OF ECOA

### (AGAINST VW CREDIT LEASING, LTD.)

4   38.  The allegations contained in Paragraph 37 are directed at defendants other than the

5 answering defendant and therefore no response is required from this answering defendant. ·

6

### FOURTH CAUSE OF ACTION/COUNT

7

### FRAUD/FRAUDULENT INDUCEMENT

8

### (AGAINST BOARDWALK AUTO CENTER, INC.)

9   39.  Answering the allegations contained in Paragraph 38, answering defendant

10 incorporates by reference its responses to Paragraphs 1 through 36, inclusive, as if said responses were

11 fully set forth herein.

12   40.  Answering the allegations contained  in Paragraph 38, answering defendant denies

13 each and every allegation contained within.

14

### FIFTH CAUSE OF ACTION/COUNT

15

### FRAUD/FRAUDULENT INDUCEMENT

16

### (AGAINST VOLKSWAGEN CREDIT, INC.)

17   41.  The allegations contained in Paragraph 39 are directed at defendants other than

18 the answering defendant and therefore no response is required from this answering defendant.

19

### SIXTH CAUSE OF ACTION/COUNT

20

### FRAUD/FRAUDULENT INDUCEMENT

21

### (AGAINST VW CREDIT LEASING, LTD.)

22   42.  The allegations contained in Paragraph 40 are directed at defendants other than

23 the answering defendant and therefore no response is required from this answering defendant.

24

### PRAYER(S) FOR RELIEF

25   43.  Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 41,

26 answering defendant denies that Plaintiff is entitled rescission of the lease agreement.

27   44.  Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 42,

28

1    answering defendant denies that Plaintiff is entitled to damages in any amount.

2       45.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 43,

3   answering defendant denies that Plaintiff is entitled to punitive damages arising from alleged

4   violations of the ECOA.

5       46.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 44,

6   answering defendant denies that Plaintiff is entitled to punitive damages arising from alleged fraud.

7       47.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 45,

8   answering defendant denies that Plaintiff is to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State A Claim)

12      As a separate and distinct affirmative defense to the Complaint, this answering defendant

13   alleges that the complaint fails to state a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Comparative Fault–Plaintiff)

16      As a separate and distinct affirmative defense to the Complaint, this answering defendant

17   alleges that plaintiff was careless, negligent and at fault in and about the matters complained of, and

18   that such carelessness, negligence and fault proximately and concurrently caused the alleged damages

19   sustained by plaintiff.   Under principles of comparative fault, plaintiff must bear sole, or partial

20   responsibility for its alleged injuries, damages, or other alleged loss, if any, using a percentage

21   allocation of plaintiff's fault or negligence.

### THIRD AFFIRMATIVE DEFENSE

#### (Comparative Fault–Third Parties)

24      As a separate and distinct affirmative defense to the Complaint, this answering defendant

25   alleges that the happening of the incidents complained of, and loss and damage, if any, which the

26   plaintiff allegedly sustained, was caused wholly or in part by the fault of persons, firms, corporations,

27   or entities other than this answering defendant, and such fault is imputed to the plaintiff and either

28

eliminates or comparatively reduces the percentage of fault, if any, of defendant with respect to the matters complained of in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused the injuries, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Superseding Cause/Sole Proximate Cause)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the damages, if any, suffered by plaintiff were caused by the acts and/or omissions of persons or entities other than answering defendants, which acts were the superseding and/or sole proximate cause of plaintiff's alleged damages. Accordingly, any recovery by plaintiff from answering defendant should be barred or reduced to the extent of such responsibility.

## SIXTH AFFIRMATIVE DEFENSE

### (Privileged Acts)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that its actions concerning plaintiff were reasonable and privileged as necessary for valid purposes.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lawful Acts)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that at all times relevant herein, each of the acts alleged to have been committed by the answering defendant was committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within its legal responsibility and discretion.

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Wilful Misconduct)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and plaintiff's willful and gross behavior either bars or reduces any potential recovery.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Intentional Acts)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff by his own conduct, induced and intentionally caused and brought about the conduct of which plaintiff complains, and the injuries, loss and damages complained of, and plaintiff's intentional conduct either bars or reduces any potential recovery.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Consent/Ratification)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff consented to, authorized and ratified the acts complained of in the complaint and that said consent was both express and implied.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's causes of action are barred by virtue of the doctrine of unclean hands.

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff has failed to mitigate his alleged damages, if any, which he claims to have sustained, and its recovery, if any, should be barred or diminished accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Periods of Limitation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each and every cause of action is barred by virtue of plaintiff's failure to comply with the requirements of Code of Civil Procedure §§ 335 et seq. including, but not limited to 335.1, 340.6 and 337, as well as period of limitations prescribed in 15 U.S.C. § 1691.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each and every cause of action is barred by qualified immunity. Answering defendant acted at all relevant times with a reasonable and good faith belief in the validity of its conduct, and are immunized from liability for plaintiff's claims by qualified immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff directed, ordered, approved and ratified defendant's conduct and plaintiff is therefore estopped from asserting any claim based thereon.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Defendant Entitled To Attorneys' Fees)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's action is frivolous, unreasonable and without foundation and therefore defendant is entitled to attorneys' fees and costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that this action is barred due to the doctrines of res judicata and/or collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that at all times herein mentioned, there is no proximate causation between any act or omission by answering defendant and plaintiff's alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Negligent or Fraudulent Misrepresentation or Inducement)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that it had no knowledge of the alleged falsity of any representations complained of by plaintiff. In addition, answering defendant alleges that it believed to be true the representations, if any, made by this answering defendant to or concerning plaintiff and plaintiff had reasonable grounds for believing any and all representations made by this defendant to plaintiff, and that they were true representations. Moreover, answering defendant suppressed no facts or representations which it was bound to disclose, and gave no information or other facts which were likely to

mislead for want of communication of said first mentioned facts or representations. Furthermore,

defendant alleges that with respect to the acts, omissions and other conduct complained of by

plaintiff, and with respect to the resulting actions taken, or other actions not taken by plaintiff,

there does not exist and/or was not justifiable reliance by plaintiff. Finally, answering defendant

entertained and had no interest to practice deceit upon and/or defraud or oppress plaintiff by

making any representations complained of by plaintiff and/or by making any actual

representations, if any, by this defendant to plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Defendants' Full Performance Under Contract)

As a separate and distinct affirmative defense to the Complaint, this answering

defendant alleges that prior to the commencement of this action, this answering defendant duly

performed, satisfied and discharged all duties and obligations that it may have owed to the plaintiff

arising out of any and all agreements, representations or contracts made by it or on behalf of this

answering defendant and this action is therefore barred by the provisions of California Civil Code

Section 1473. In addition, plaintiff had full knowledge that this defendant had not breached the

contract, if any, and had not waived their right to performance on the dates agreed upon, in that

plaintiff elected to treat the contract as still alive, viable, and binding, and thereafter plaintiff accepted

further performance of the contract from these defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Passive Negligence)

As a separate and distinct affirmative defense to the Complaint, this answering defendant

alleges that if plaintiff in fact sustained any damages or injuries by reason of any alleged act, omission

or negligence on the part of this defendant, such acts, omissions or negligence were passive or

secondary in nature, whereas the plaintiff was active and primary in character, as a result of which plaintiff is not entitled to recovery from this defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Plaintiff's Breach of Contract)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff failed to meet and perform all necessary covenants, conditions and promises required by him to be performed in accordance with the terms and conditions of the contract. Thus, plaintiff breached the alleged contract(s) that is (are) the subject of this alleged Complaint. Moreover, this answering defendant alleges that the actions of the plaintiff prevented the defendant from performing in any way, and released defendant from any duty or liability to plaintiff. Should any breach of duty have occurred on the part of the defendant, said breach was waived by the conduct and actions of the plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Set-Off/Reduction)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's Complaint is barred and the amount plaintiff may recover is reduced, because this answering defendant is entitled to a set-off from any recovery to the extent of the value of all benefits received by, available to, paid, incurred, or payable on plaintiff's behalf, and for the value of services rendered and costs advanced by this answering defendant on plaintiff's behalf in the event of a finding of any liability in favor of plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

As a separate and distinct affirmative defense to the Complaint, this

1  answering defendant alleges that without acknowledging that defendant committed any of the acts

2  alleged in the Complaint, or that such matters occurred in the manner alleged, or at all, defendant

3  contends that plaintiff, both expressly and through his conduct, waived the right to complain of the

4  conduct alleged in the Complaint.

5
6                          **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

7                                   **(Doctrine of Laches)**

8          As a separate and distinct affirmative defense to the Complaint, this

9  answering defendant alleges that each cause of action in the Complaint are barred by the doctrine of

10 laches in that plaintiff unreasonably delayed in bringing this action and such delay caused prejudice

11
12 to defendant.

13                         **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

14                                  **(Failure To Perform)**

15         As a separate and distinct affirmative defense to the Complaint, this answering defendant

16 alleges that any failure by defendant to perform resulted from plaintiff's own failure to perform its

17
18 duties and obligations, and performance by plaintiff of its duties and obligations was a condition

19 precedent to the performance of defendants' obligations to plaintiff, if any.

20                        **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21                                 **(Unwarranted Action)**

22         As a separate and distinct affirmative defense to the Complaint, this answering defendant

23 alleges that this action was not warranted by existing law as against defendant and/or was brought for

24
25 an improper purpose and defendant is entitled to sanctions for plaintiff's violation of Federal Rule of

26 Civil Procedure 11.

27 ///

28

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Performance Excused)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint fails to state a cause of action for breach of contract, and the contract, if any, was not fully performed by plaintiff, thus defendant's performance is excused.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Insufficient Knowledge/Unstated Defenses)

As a separate and distinct affirmative defense to the Complaint, this answering defendant presently has insufficient knowledge or information on which to form a belief as to whether defendant may have additional, as yet unstated defenses available. Additionally, plaintiff had not pled his claims with sufficient particularity and detail to allow defendant to determine all of the affirmative defenses available to it. Defendant, therefore, reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to state facts upon which to support a claim for exemplary or punitive damages. In addition, plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages pursuant to Civil Code § 3294, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded. Moreover, plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages pursuant to Civil Code § 3294, violates defendant's right to

protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1 §17, of the Constitution of the State of California. Moreover, plaintiff's Complaint violates defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed. Additionally, to the extent that the Complaint seeks exemplary or punitive damages, pursuant to California Civil Code Section 3294, the Complaint violates defendant's rights to procedural due process under Article 1, Section 7 of the Constitution of the State of California and, therefore, fails to state a cause of action in which either punitive and/or exemplary damages can be awarded. Finally, the Complaint to the extent that it seeks punitive or exemplary damages, pursuant to California Civil Code Section 3294, violates defendant's right to substantive due process as provided by the Constitution of the State of California and, therefore, fails to state a cause of action supporting the exemplary or punitive damages claimed. Defendant's conduct was not motivated by evil motive or intent, nor reckless or callous indifference to the rights of others, thus punitive damages are not awardable against defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Affirmative Link)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show an affirmative link between defendant and the acts which allegedly violated plaintiff's rights.

///

///

DEFENDANT BOARDWALK AUTO CENTER, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT C07-03884        16
JCS

G:\Data\DOCS\0173\03851\Answer
.FirstAmended.wpd

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Discrimination)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show unlawful discrimination by defendant, against plaintiff, with respect to a credit transaction on the basis of plaintiff's race, color, or national origin, or in violation of the Equal Credit Opportunity Act (ECOA). Any inquiry of plaintiff by defendant , if any, was made with a non-discriminatory, legitimate, legal and bona fide purpose.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Fraud, Fraudulent Inducement)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show fraud by defendant, fraudulent statements by defendant, or that defendant fraudulently induced plaintiff to enter into a lease agreement.

WHEREFORE, this answering defendant prays for judgment against plaintiff as follows:

1.      That the plaintiff takes nothing by way of his Complaint;

2.      That all costs of suit, including attorneys' fees, be awarded to the answering defendant;

3.      That judgment be entered in favor of the answering defendant; and

4.      That this Court award such further relief it deems just an proper.

///

///

///

DEFENDANT BOARDWALK AUTO CENTER, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT  C07-03884
JCS                                                                         17

G:\Data\DOCS\0173\03851\Answer
.FirstAmended.wpd

## DEMAND FOR JURY TRIAL

This answering defendant hereby demands a trial by jury in this action.

DATED: September 6, 2007

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____

    JEFFREY M. VUCINICH
    PATRICK R. CO
    Attorneys for Defendant
    BOARDWALK AUTO CENTER, INC.

DEFENDANT BOARDWALK AUTO CENTER, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT  C07-03884
JCS

18

G:\Data\DOCS\0173\03851\Answer
.FirstAmended.wpd

1

**OSAHON  OMOREGIE v. BOARDWALK AUTO CENTER, INC., et al.**
United States District Court, Northern District of California Case No. C07-03884

2

3

**PROOF OF SERVICE**

4

     I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action.  My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066.  On the date indicated below, I served the within:

5

6

**DEFENDANT BOARDWALK AUTO CENTER, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

7

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

8

9

| | |
|---|---|
| Oshahon Omoregie | Lisa M. Simonetti, Esq. |
| In Pro Per | Brian C. Frontino, Esq. |
| 42 Otsego Avenue | Stroock & Stroock & Lavan LLP |
| New Rochelle, NY 10804 | 2029 Century Park East |
| Tel: (917) 805-8309 | Los Angeles, CA 90067-3086 |
| Fax: (413) 803-5514 | Tel: (310) 556-5943 |
| e-mail: oomoregie@gmail.com | Fax: (310) 556-5959 |
| *Plaintiff in Pro Per* | e-mail: bfrontino@stroock.com |
| | *Attys for Defendants VW Credit Leasing, LTD.* |
| | *and Volkswagen Credit, Inc.* |

10

11

12

13

14

    ☐   (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth above, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

15

16

17

18

19

    ☐   (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

20

21

    ☐   (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

22

23

    ☐   (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

24

25

    ☒   (BY ECF PACER) I caused to be delivered by ECF Pacer this date each of the above documents, for which our office will maintain the ECF Pacer filing receipt, to the following:

26

27

     Executed on September 6, 2007 at San Bruno, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                       Claudia Gomez

28

G:\Data\DOCS\0173\03851\POS