# EXHIBIT "8"

1  JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
   PATRICK R. CO, ESQ. BAR#: 200160
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  1111 Bayhill Drive, Suite 300
   San Bruno, CA  94066
4  (650) 989-5400  (650) 989-5499 FAX

5  Attorneys for Defendant
   BOARDWALK AUTO CENTER, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  OSAHON OMOREGIE,                    CASE NO.:  C07-03884 JCS

12            Plaintiff,                **DEFENDANT BOARDWALK AUTO
                                        CENTER, INC.'S FIRST AMENDED
13  v.                                  ANSWER TO PLAINTIFF'S FIRST
                                        AMENDED COMPLAINT**
14  BOARDWALK AUTO CENTER, INC.;
    VW CREDIT LEASING, LTD; AND         First Amended Complaint filed August 20,
15  VOLKSWAGEN CREDIT, INC.,            2007

16            Defendants.              **JURY TRIAL DEMANDED**

17

18        COMES NOW defendant, BOARDWALK AUTO CENTER, INC., and in answer to the First

19  Amended Complaint of Plaintiff, OSAHON OMOREGIE, on file herein, admits, denies, and alleges

20  as follows:

21        1.    Answering the allegations contained in Paragraph 1, answering defendant admits

22  that plaintiff's claim for violations  under the Equal Credit Opportunity Act 15 U.S.C. §1691

23  arises from federal law.  Defendant further admits that this Court has jurisdiction over this action.

24        2.    Answering the allegations contained in Paragraph 2, answering defendant admits

25  that venue of this case is proper in the Northern District of California-San Francisco Division.

26        3.    Answering the allegations contained in Paragraph 3, defendant admits that the case

27  is properly venued in San Francisco Division of this Court or the Oakland Division of this Court,

28

1    but that since the events which give rise to this lawsuit occurred in San Mateo County, which is

2    geographically closer to San Francisco than Oakland, the San Francisco venue is more proper.

3       4.      Answering the allegations contained in Paragraph 4, answering defendant alleges

4    that it is without sufficient information or belief to enable it to answer each and every allegation of

5    that paragraph and, basing its denial on that ground, denies the allegations therein.

6       5.      Answering the allegations contained in Paragraph 5, answering defendant admits

7    that it operates a car dealership at One Bair Island Road, Redwood City, CA. Defendant further

8    admits that on or about September 2, 2005 Omoregie entered into a lease with Boardwalk Auto

9    Center for a 2005 Jetta Value Edition, VIN 3VWPG71K75M633938. Defendant admits that the

10   lease was assigned to Volkswagen Credit Leasing, Ltd. and VW Credit.

11      6.      Answering the allegations contained in Paragraph 6, answering defendant alleges

12   that it is without sufficient information or belief to enable it to answer each and every allegation of

13   that paragraph and, basing its denial on that ground, denies the allegations therein.

14      7.      Answering the allegations contained in Paragraph 7, answering defendant admits that

15   it operates a car dealership at One Bair Island Road, Redwood City, CA.  Except as expressly

16   admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the

17   remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining

18   allegations therein.

19      8.      Answering the allegations contained in Paragraph 8, answering defendant admits that

20   plaintiff Omoregie leased a Jetta. Defendant alleges that it is without sufficient information or belief

21   to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground,

22   denies the allegations therein.

23      9.      Answering the allegations contained in Paragraph 9, answering defendant admits the

24   allegations of therein.

25      10.     Answering the allegations contained in Paragraph 10, answering defendant admits the

26   allegations therein.

27

28

**DEFENDANT BOARDWALK AUTO CENTER, INC.'S FIRST
AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT C07-03884 JCS**                               2                G:\Data\DOCS\0173\03851\Answer
                                                                        .FirstAmended.wpd

11.    Answering the allegations contained in Paragraph 11, answering defendant admits the allegations therein.

12.    Answering the allegations contained in Paragraph 12, answering defendant denies the allegations therein.

13.    Answering the allegations contained in Paragraph 13, answering defendant admits that Omoregie agreed to lease a Jetta, VIN 3VWPG71K75M633938, for the terms stated in the lease contract. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the other allegations therein.

14.    Answering the allegations contained in Paragraph 14, answering defendant admits that Omoregie agreed to lease a Jetta, VIN 3VWPG71K75M633938, for the terms stated in the lease contract. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the other allegations therein.

15.    Answering the allegations contained in Paragraph 15, answering defendant admits that Volkswagen agreed to finance Omoregie's lease. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

16.    Answering the allegations contained in Paragraph 16, answering defendant specifically denies that the $199.00 lease offer applied to the Volkswagen leased by Mr. Omoregie, VIN 3VWPG71K75M633938. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the other allegations therein.

17.    Answering the allegations contained in Paragraph 17, answering defendant specifically denies that the exact lease offer stated in Exhibit E of plaintiff's complaint applied to the Jetta leased by Mr. Omoregie, VIN 3VWPG71K75M633938. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of

1  that paragraph and, basing its denial on that ground, denies the other allegations therein.

2      18.    Answering the allegations contained in Paragraph 18, answering defendant admits

3  the allegations therein.

4      19.    Answering paragraph 19 of the Complaint, Defendants specifically deny all these

5  allegations.

6      20.    Answering the allegations contained in Paragraph 20, answering defendant alleges

7  that it is without sufficient information or belief to enable it to answer each and every allegation of

8  that paragraph and, basing its denial on that ground, denies the allegations therein.

9      21.    Answering the allegations contained in Paragraph 21, answering defendant alleges

10  that it is without sufficient information or belief to enable it to answer each and every allegation of

11  that paragraph and, basing its denial on that ground, denies the allegations therein.

12      22.    Answering the allegations contained in Paragraph 22, answering defendant alleges

13  that it is without sufficient information or belief to enable it to answer each and every allegation of

14  that paragraph and, basing its denial on that ground, denies the allegations therein.

15      23.    Answering the allegations contained in Paragraph 23, answering defendant alleges

16  that it is without sufficient information or belief to enable it to answer each and every allegation of

17  that paragraph and, basing its denial on that ground, denies the allegations therein.

18      24.    Answering the allegations contained in Paragraph 24, answering defendant alleges

19  that it is without sufficient information or belief to enable it to answer each and every allegation of

20  that paragraph and, basing its denial on that ground, denies the allegations therein.

21      25.    Answering the allegations contained in Paragraph 25, answering defendant specifically

22  denies the allegations therein.

23      26.    Answering the allegations contained in Paragraph 26, answering defendant

24  specifically denies that the Jetta leased by Mr. Omoregie, VIN 3VWPG71K75M633938, qualified

25  for the lease offer stated in Exhibit E of plaintiff's complaint.

26      27.    Answering paragraph 27 of the Complaint, Defendant specifically denies all these

27  allegations.

28

28. Answering paragraph 28 of the Complaint, Defendant specifically denies all these allegations.

29. Answering paragraph 29 of the Complaint, Defendant specifically denies all these allegations.

30. Answering paragraph 30 of the Complaint, Defendant specifically denies that the vehicle leased by Omoregie qualified for the $199 lease offer.

31. Answering the allegations contained in Paragraph 31, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

32. Answering the allegations contained in Paragraph 32, answering defendant specifically denies that Omoregie suffered any damages as a result of his lease.

33. Answering the allegations contained in Paragraph 33, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

34. Answering the allegations contained in Paragraph 34, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

**FIRST CAUSE OF ACTION/COUNT**

**DISCRIMINATION IN VIOLATION OF ECOA**

**(AGAINST BOARDWALK AUTO CENTER, INC.)**

35. Answering the allegations contained in Paragraph 35, answering defendant incorporates by reference its responses to Paragraphs 1 through 34, inclusive, as if said responses were fully set forth herein.

36. Answering the allegations contained in Paragraph 35, answering defendant specifically denies each and every allegation contained within.

**SECOND CAUSE OF ACTION/COUNT**

**DISCRIMINATION IN VIOLATION OF ECOA**

1

(AGAINST VOLKSWAGEN CREDIT, INC.)

2       37.     The allegations contained in Paragraph 36 are directed at defendants other than the

3   answering defendant and therefore no response is required from this answering defendant.

4                    **THIRD CAUSE OF ACTION/COUNT**

5              **DISCRIMINATION IN VIOLATION OF ECOA**

6                    **(AGAINST VW CREDIT LEASING, LTD.)**

7       38.     The allegations contained in Paragraph 37 are directed at defendants other than the

8   answering defendant and therefore no response is required from this answering defendant.

9                    **FOURTH CAUSE OF ACTION/COUNT**

10                   **FRAUD/FRAUDULENT INDUCEMENT**

11                   **(AGAINST BOARDWALK AUTO CENTER, INC.)**

12      39.     Answering the allegations contained in Paragraph 38, answering defendant

13  incorporates by reference its responses to Paragraphs 1 through 36, inclusive, as if said responses were

14  fully set forth herein.

15      40.     Answering the allegations contained in Paragraph 38, answering defendant specifically

16  denies each and every allegation contained within.

17                   **FIFTH CAUSE OF ACTION/COUNT**

18                   **FRAUD/FRAUDULENT INDUCEMENT**

19                   **(AGAINST VOLKSWAGEN CREDIT, INC.)**

20      41.     Answering the allegations contained in Paragraph 39, answering defendant specifically

21  denies that Omoregie was fradulently induced into entering the lease. Defendant specifically denies

22  that Zemmama made any fraudulent statements to Omoregie. As the other allegations contained in

23  Paragraph 39 are directed at defendants other than the answering defendant  no response is required

24  from this answering defendant as to those other allegations.

25                   **SIXTH CAUSE OF ACTION/COUNT**

26                   **FRAUD/FRAUDULENT INDUCEMENT**

27                   **(AGAINST VW CREDIT LEASING, LTD.)**

28

42.    Answering the allegations contained in Paragraph 40, answering defendant specifically denies that Omoregie was fradulently induced into entering the lease.  Defendant specifically denies that Zemmama made any fraudulent statements to Omoregie.  As the other allegations contained in Paragraph 40 are directed at defendants other than the answering defendant  no response is required from this answering defendant as to those other allegations.

### PRAYER(S) FOR RELIEF

43.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 41, answering defendant denies that Plaintiff is entitled rescission of the lease agreement.

44.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 42, answering defendant denies that Plaintiff is entitled to damages in any amount.

45.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 43, answering defendant denies that Plaintiff is entitled to punitive damages arising from alleged violations of the ECOA.

46.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 44, answering defendant denies that Plaintiff is entitled to punitive damages arising from alleged fraud.

47.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph 45, answering defendant denies that Plaintiff is to any relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the complaint fails to state a cause of action against this answering defendant in that the lease offer did not apply to the vehicle ultimately leased by plaintiff, and that there was no discriminatory conduct on the part of defendant or its employees.

### SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault–Plaintiff)

As a separate and distinct affirmative defense to the Complaint, this answering defendant

alleges that plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by plaintiff, in that the plaintiff negotiated the very terms of the lease that he entered into. Under principles of comparative fault, plaintiff must bear sole, or partial responsibility for its alleged injuries, damages, or other alleged loss, if any, using a percentage allocation of plaintiff's fault or negligence.

### THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault–Third Parties)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the happening of the incidents complained of, and loss and damage, if any, which the plaintiff allegedly sustained, was caused wholly or in part by the fault of persons, firms, corporations, or entities other than this answering defendant, and such fault is imputed to the plaintiff and either eliminates or comparatively reduces the percentage of fault, if any, of defendant with respect to the matters complained of in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused the injuries, if any, in that plaintiff with full knowledge, negotiate the very terms of the lease that he complains of.

### FIFTH AFFIRMATIVE DEFENSE

### (Superseding Cause/Sole Proximate Cause)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the damages, if any, suffered by plaintiff were caused by the acts and/or omissions of persons or entities other than answering defendants, which acts were the superseding and/or sole proximate cause of plaintiff's alleged damages. Accordingly, any recovery by plaintiff from

1   answering defendant should be barred or reduced to the extent of such responsibility.

2   ## SIXTH AFFIRMATIVE DEFENSE

3   ### (Lawful Acts)

4   As a separate and distinct affirmative defense to the Complaint, this answering defendant

5   alleges that at all times relevant herein, each of the acts alleged to have been committed by the

6   answering defendant was committed in good faith and in the exercise of a good faith belief that

7   said acts were proper and lawful and within its legal responsibility and discretion, in that defendant

8   believes that the vehicle plaintiff leased was not an ad car requiring the terms of the $199 lease

9   offer from Volkswagen.

10

11  ## SEVENTH AFFIRMATIVE DEFENSE

12  ### (Plaintiff's Intentional Acts)

13  As a separate and distinct affirmative defense to the Complaint, this answering defendant

14  alleges that plaintiff by his own conduct, induced and intentionally caused and brought about the

15  conduct of which plaintiff complains, and the injuries, loss and damages complained of, and plaintiff's

16  intentional conduct either bars or reduces any potential recovery, in that plaintiff agreed to the terms

17  of the lease which he entered into, and knew that the vehicle he leased was not an ad car.

18

19  ## EIGHTH AFFIRMATIVE DEFENSE

20  ### (Plaintiff's Consent/Ratification)

21  As a separate and distinct affirmative defense to the Complaint, this answering defendant

22  alleges that plaintiff consented to, authorized and ratified the acts complained of in the complaint and

23  that said consent was both express and implied, in that plaintiff negotiated and agreed to the terms of

24  the lease.

25  ## NINTH AFFIRMATIVE DEFENSE

26  ### (Unclean Hands)

27

28  DEFENDANT BOARDWALK AUTO CENTER, INC.'S FIRST
AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED          9
COMPLAINT C07-03884 JCS

G:\Data\DOCS\0173\03851\Answer
.FirstAmended.wpd

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's causes of action are barred by virtue of the doctrine of unclean hands, in that he negotiated and knowingly entered into the lease with knowledge of the terms therein.

## TENTH AFFIRMATIVE DEFENSE

### (Mitigation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff has failed to mitigate his alleged damages, if any, which he claims to have sustained, and its recovery, if any, should be barred or diminished accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Periods of Limitation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each and every cause of action is barred by virtue of plaintiff's failure to comply with the requirements of Code of Civil Procedure §§ 335 et seq. including, but not limited to 335.1, 340.6 and 337, as well as period of limitations prescribed in 15 U.S.C. § 1691.

## TWELVTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff directed, ordered, approved and ratified defendant's conduct and plaintiff is therefore estopped from asserting any claim based thereon, in that he negotiated and agreed to the terms of the lease.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant Entitled To Attorneys' Fees)

As a separate and distinct affirmative defense to the Complaint, this answering defendant

1    alleges that plaintiff's action is frivolous, unreasonable and without foundation and therefore

2    defendant is entitled to attorneys' fees and costs, in that the vehicle leased by plaintiff was not

3    subject to the lease offer by Volkswagen since it was a different vehicle, and that neither defendant

4    nor its employees discriminated in any way against plaintiff, and plaintiff negotiated and agreed to

5

6    the terms of the lease, and that plaintiff knew that the vehicle he leased was not in fact an ad car

7    before bringing this lawsuit.

8                    ## FOURTEENTH AFFIRMATIVE DEFENSE

9                         ### (No Proximate Causation)

10   As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges

11   that at all times herein mentioned, there is no proximate causation between any act or omission by

12   answering defendant and plaintiff's alleged damages.

13

14                    ## FIFTEENTH AFFIRMATIVE DEFENSE

15          ### (No Negligent or Fraudulent Misrepresentation or Inducement)

16   As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges

17   that it had no knowledge of the alleged falsity of any representations complained of by plaintiff.  In

18   addition, answering defendant alleges that it believed to be true the representations, if any, made

19   by this answering defendant to or concerning plaintiff and plaintiff had reasonable grounds for

20

21   believing any and all representations made by this defendant to plaintiff, and that they were true

22   representations.  Moreover, answering defendant suppressed no facts or representations which it

23   was bound to disclose, and gave no information or other facts which were likely to mislead for

24

25   want of communication of said first mentioned facts or representations.  Furthermore, defendant

26   alleges that with respect to the acts, omissions and other conduct complained of by plaintiff, and

27   with respect to the resulting actions taken, or other actions not taken by plaintiff, there does not

28

1   exist and/or was not justifiable reliance by plaintiff. Finally, answering defendant entertained and

2   had no interest to practice deceit upon and/or defraud or oppress plaintiff by making any

3   representations complained of by plaintiff and/or by making any actual representations, if any, by

4   this defendant to plaintiff. This defense is based on the fact that the vehicle plaintiff leased was

5   not an ad car, and that plaintiff, a Harvard graduate and Stanford law graduated, negotiated the

6 

7   very terms of the lease upon which he is complaining.

8               **SIXTEENTH AFFIRMATIVE DEFENSE**

9           **(Defendants' Full Performance Under Contract)**

10   As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that

11 

12   prior to the commencement of this action, this answering defendant duly performed, satisfied and

13   discharged all duties and obligations that it may have owed to the plaintiff arising out of any and all

14   agreements, representations or contracts made by it or on behalf of this answering defendant and this

15   action is therefore barred by the provisions of California Civil Code Section 1473.

16              **SEVENTEENTH AFFIRMATIVE DEFENSE**

17 

18                 **(Set-Off/Reduction)**

19   As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that

20   plaintiff's Complaint is barred and the amount plaintiff may recover is reduced, because this

21   answering defendant is entitled to a set-off from any recovery to the extent of the value of all benefits

22   received by, available to, paid, incurred, or payable on plaintiff's behalf, and for the value of services

23   rendered and costs advanced by this answering defendant on plaintiff's behalf in the event of a finding

24 

25   of any liability in favor of plaintiff.

26              **EIGHTEENTH AFFIRMATIVE DEFENSE**

27                  **(Waiver)**

28

1   As a separate and distinct affirmative defense to the Complaint, this

2   answering defendant alleges that without acknowledging that defendant committed any of the acts

3   alleged in the Complaint, or that such matters occurred in the manner alleged, or at all, defendant

4   contends that plaintiff, both expressly and through his conduct, waived the right to complain of the

5   conduct alleged in the Complaint.

6

7   **NINETEENTH AFFIRMATIVE DEFENSE**

8   **(Doctrine of Laches)**

9   As a separate and distinct affirmative defense to the Complaint, this

10  answering defendant alleges that each cause of action in the Complaint are barred by the doctrine of

11  laches in that plaintiff unreasonably delayed in bringing this action and such delay caused prejudice

12  to defendant, in that plaintiff claims to have learned of the alleged Volkswagen lease offer only a few

13  days after signing the lease.

14

15  **TWENTIETH AFFIRMATIVE DEFENSE**

16  **(Unwarranted Action)**

17  As a separate and distinct affirmative defense to the Complaint, this answering defendant

18  alleges that this action was not warranted by existing law as against defendant and/or was brought

19  for an improper purpose and defendant is entitled to sanctions for plaintiff's violation of Federal

20  Rule of Civil Procedure 11.

21

22  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

23  **(Insufficient Knowledge/Unstated Defenses)**

24  As a separate and distinct affirmative defense to the Complaint, this answering defendant presently has

25  insufficient knowledge or information on which to form a belief as to whether defendant may have

26  additional, as yet unstated defenses available.  Additionally, plaintiff had not pled his claims with

27

28

DEFENDANT BOARDWALK AUTO CENTER, INC.'S FIRST
AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED          13          G:\Data\DOCS\0173\03851\Answer
COMPLAINT C07-03884 JCS                                              .FirstAmended.wpd

1  sufficient particularity and detail to allow defendant to determine all of the affirmative defenses

2  available to it. Defendant, therefore, reserves the right to assert additional defenses in the event

3  discovery indicates that they would be appropriate.

4  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

5
6  #### (No Punitive Damages)

7  As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that

8  the Complaint, and each alleged cause of action thereof, fails to state facts upon which to support a

9  claim for exemplary or punitive damages. In addition, plaintiff's Complaint, to the extent that it seeks

10  exemplary or punitive damages, violates defendant's right to procedural due process under the

11
12  Fourteenth Amendment of the United States Constitution, and the Constitution of the State of

13  California, and therefore fails to state a cause of action upon which either punitive or exemplary

14  damages can be awarded. Moreover, plaintiff's Complaint, to the extent that it seeks exemplary or

15  punitive damages pursuant to Civil Code § 3294, violates defendant's right to protection from

16  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article

17
18  1 §17, of the Constitution of the State of California. Moreover, plaintiff's Complaint violates

19  defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of

20  the United States Constitution and the Constitution of the State of California, and therefore fails to

21  state a cause of action supporting the punitive or exemplary damages claimed. Additionally, to the

22  extent that the Complaint seeks exemplary or punitive damages, pursuant to California Civil Code

23  Section 3294, the Complaint violates defendant's rights to procedural due process under Article 1,

24
25  Section 7 of the Constitution of the State of California and, therefore, fails to state a cause of action

26  in which either punitive and/or exemplary damages can be awarded. Finally, the Complaint to the

27  extent that it seeks punitive or exemplary damages, pursuant to California Civil Code Section 3294,

28

1   violates defendant's right to substantive due process as provided by the Constitution of the State of

2   California and, therefore, fails to state a cause of action supporting the exemplary or punitive damages

3   claimed.  Defendant's conduct was not motivated by evil motive or intent, nor reckless or callous

4   indifference to the rights of others, thus punitive damages are not awardable against defendant.

5

6                              **TWENTY-THIRD AFFIRMATIVE DEFENSE**

7                                        **(No Discrimination)**

8   As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that

9   the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts

10  sufficient to show unlawful discrimination by defendant, against plaintiff, with respect to a credit

11  transaction on the basis of plaintiff's race, color, or national origin, or in violation of the Equal Credit

12  Opportunity Act (ECOA), in that the exact lease offer stated in Exhibit E of plaintiff's complaint did

13  not apply to the Jetta leased by Mr. Omoregie, VIN 3VWPG71K75M633938, and that defendant nor

14  its employees participated in any discriminatory conduct toward plaintiff.  Any inquiry of plaintiff by

15  defendant, if any, was made with a non-discriminatory, legitimate, legal and bona fide purpose.

16

17                              **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

18                                  **(No Fraud, Fraudulent Inducement)**

19  As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that

20  the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts

21  sufficient to show fraud by defendant, fraudulent statements by defendant, or that defendant

22  fraudulently induced plaintiff to enter into a lease agreement.

23

24  WHEREFORE, this answering defendant prays for judgment against plaintiff as follows:

25  1.  That the plaintiff takes nothing by way of his Complaint;

26  2.  That all costs of suit, including attorneys' fees, be awarded to the answering defendant;

27

28

DEFENDANT BOARDWALK AUTO CENTER, INC.'S FIRST
AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED                15
COMPLAINT C07-03884 JCS

G:\Data\DOCS\0173\03851\Answer
.FirstAmended.wpd

3.  That judgment be entered in favor of the answering defendant; and

4.  That this Court award such further relief it deems just an proper.

### DEMAND FOR JURY TRIAL

This answering defendant hereby demands a trial by jury in this action.

DATED: October    , 2007

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____

JEFFREY M. VUCINICH
PATRICK R. CO
Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

DEFENDANT BOARDWALK AUTO CENTER, INC.'S FIRST
AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT  C07-03884 JCS

16

G:\Data\DOCS\0173\03851\Answer
.FirstAmended.wpd