Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>                      Plaintiff,<br><br>vs.<br><br>BOARDWALK AUTO CENTER, INC. and<br>VW CREDIT LEASING, LTD. and<br>VW CREDIT, INC.,<br><br>                      Defendants. | Case No. 07-cv-03884 PJH<br><br>DECLARATION OF OSAHON OMOREGIE |

1. I, Osahon Omoregie, declare as follows:

2. I am the Plaintiff in this action.

3. On August 7, 2007, I contacted S&R Service in order to have Defendant Boardwalk Auto Center, Inc. ("Boardwalk") served with process. I sent S&R Service an email containing the documents to be served on Boardwalk. Exhibit A is a copy of the email and a print out of the attachments. The documents provided to S&R Services were: Summons, First Amended Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, Standing Order, Notice of Rule Discontinuing Service by Mail, Standing Order for all Judges of

the Northern District of California: Consent of Joint Case Management Statement, Notice of Assignment of Case to United States Magistrate Judge for Trial, Consent to Proceed Before a United States Magistrate Judge, Declination to Proceed Before a United States Magistrate Judge and Request for Reassignment to United States District Judge, U.S. District Court Northern California: ECF Registration Information Handout.  On the same day, I received confirmation that Boardwalk had been served with process.  Exhibit B is a copy of the email confirmation I received.

      4.      On August 14, 2007, I contacted S&R Service in order to have Defendants VW Credit, Inc. (VWC) and VW Credit Leasing, Ltd. (VWL) individually served with process.  I sent S&R Service an email containing the documents to be served on Boardwalk. Exhibit C is a copy of the email and a print out of the attachments.  The documents provided to S&R Services were: Summons, First Amended Complaint ("FAC"), Order Setting Initial Case Management Conference and ADR Deadlines, Standing Order, Notice of Rule Discontinuing Service by Mail, Standing Order for all Judges of the Northern District of California: Consent of Joint Case Management Statement, Notice of Assignment of Case to United States Magistrate Judge for Trial, Consent to Proceed Before a United States Magistrate Judge, Declination to Proceed Before a United States Magistrate Judge and Request for Reassignment to United States District Judge, U.S. District Court Northern California: ECF Registration Information Handout.  On the same day, I received confirmation that both defendants had been served with process.  Exhibit D are a copies of the email confirmations I received.

      5.      On August 14, 2007, after receiving confirmation that all three defendants had been physically served with processes (Boardwalk on August 8), I emailed separate copies of the FAC and motion to e-file to all defendants.

DECLARATION OF OSAHON OMOREGIE - 2

6. The following day, I mailed the FAC, the motion to e-file, and proofs of service from all three defendants to the Clerk. Included was a return envelope with sufficient postage and extra copies of all documents sent.

7. Though Brian Frontino ("Frontino"), counsel for VWC and VWL, sent me an email that contained a copy of the executed waiver of service form, I only became aware of the form on August 23, 2007, when notified from a family member who was checking my mail. The August 17, 2007 email was viewed on a blackberry. I only believed there was one attachment, which was the letter sent by Frontino. I could not read the entire letter, but understood that the sender was conveying that they were counsel for VWL and VWC.

8. The deliveries that contained the waiver of service forms sent to all defendants on July 31, 2007 also included notices, which identified the particular individual defendant the waiver was directed towards. Exhibit E is a copy of the notices made before the deliveries were sent. Exact copies of all documents were sent to each defendant.

9. Exhibit F is a copy of the material I received in a delivery from CT Corp on August 13, 2007.

10. Exhibit G is a copy of an email correspondence I had with Frontino on September 5, 2007.

11. On July 31, 2007, I sent the following documents to all three defendants: Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, Standing Order, Notice of Rule Discontinuing Service by Mail, and Standing Order for all Judges of the Northern District of California: Consent of Joint Case Management Statement.

12. On August 6, 2007, I became aware that General Order 45 (V)(D) required a copy of the ECF Registration Information Handout also be served on all defendants. I thus sent a copy

of ECF Registration Information Handout along with Notice of Assignment of Case to United States Magistrate Judge for Trial, Consent to Proceed Before a United States Magistrate Judge, Declination to Proceed Before a United States Magistrate Judge and Request for Reassignment to United States District Judge, and a letter from the Court regarding the deadline to decide whether to proceed before a Magistrate Judge, which I had received from the Court.  I was unsure whether the forms regarding assignment to a Magistrate Judge were required to be served, however, I decided it would be better to provide the defendants with more information regarding the case.

13.	In my preparation of the request of entry of default filed on September 5, 2007, I used the checklist provided in 4-27 <u>MB Practice Guide: Fed Pretrial Civ. P. in CA</u> as a template. § 27.03.  As the checklist is focused more on defaults that occur as a result of defendant's failure to respond to the original complaint, I modified the checklist accordingly and thus submitted a certification of service for the FAC in lieu of a proof of service for the original complaint.  As the proof of service had been on file with the Court, this appeared to me to be the most appropriate course of action.

14.	I did not believe the waiver of service form to be relevant in my application for a default.

15.	I informed defendants of the request for entry of default because this was suggested by 4-27 <u>MB Practice Guide: Fed Pretrial Civ. P. in CA</u>.

16.	Though I am an attorney, I am not admitted to practice.

17.	Exhibit H are records sent to me by the United States Postal Service.  These records show that the waiver of service form was sent to Boardwalk on July 31, 2007.  The records show that on August 2, 2007, Seiffe, at 10:58 a.m., on behalf of Boardwalk accepted

delivery of the waiver of service form. The records also show that Boardwalk, at 10:57 a.m. also refused delivery of the waiver of service form that same day.

18. The delivery referred to in Paragraph 17 was returned to me on August 7, 2007. I am still in possession of the postmarked and refusal stamped delivery. I believe the discrepancy in times shown in Paragraph 17 was due to human error. I am still in possession of this delivery.

19. Exhibit I is a copy of an email correspondence I had with Clay Coelho on August 17-8, 2007.

20. Exhibit J is a copy of an email correspondence I had with Clay Coelho on August 22, 2007. When I read the first email in this correspondence I believed it showed that Coelho had not been reviewing the court docket and that he had not actually read the motion to e-file.

21. I did not feel that it was appropriate for Coelho to rely on me to determine what was filed or explain my motions.

22. On September 5, 2007, I filed for entry of default at 7:17 am Pacific Time. I then informed Boardwalk that I had applied for default and that I would also be seeking for Rule 11 sanctions against Rose, Vucinich, and Clapp at 8:01 am Pacific Time. Exhibit K is a copy of the email notification given to Boardwalk. Exhibit L is a copy of the CM/ECF notice of electronic filing provided to me upon filing of the request for entry of default.

23. I have never called Clapp.

24. I never refused to send Clapp a copy of the FAC. When Clapp informed me that they did not have a copy I decided to research the case law on the issue to determine the proper course of action. However, before I was done, the issue became moot because Clapp responded to the FAC. I was also not contact by anyone from Clapp on September 5 or 6.

25. Upon learning of Boardwalk's misrepresentation to me on September 2, 2007, I immediately attempted to contact Boardwalk. After nearly a dozen calls, I finally was able to get in touch with someone at Boardwalk on October 25, 2005. From October 25, 2005 to June 15, 2007, I attempted to resolve this matter with Boardwalk during various meetings and correspondences. Boardwalk was repeatedly told that if a settlement could not be reached, I would seek the aid of the Court in resolving this matter. On September 13, 2006 and June 15, 2007, I sent letters to the representatives of all three defendants notifying them of all the issues and warning that a suit would be brought if these issues could not be resolved. I waited to bring this suit because I initially attempted to resolve this matter without court intervention. .

26. Though I was not able to respond to Josh Rose before Boardwalk's first answer was filed, I would have declined the request for additional time unless I was provided with an extraordinarily compelling reason why Boardwalk obtained new counsel on the day their answer was due and why Coelho had done apparently no work on this case.

27. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 24, 2007.

By: /s/ Osahon Omoregie

Pro Se