# Exhibit C

## Osahon Omoregie

**From:**        Osahon Omoregie [oomoregie@gmail.com]
**Sent:**        Tuesday, August 14, 2007 1:02 PM
**To:**          'rob@srprocessservice.com'
**Subject:**     Service of summons and first amended complaint
**Attachments:** Summons and first amended complaint (and supplemental documents).pdf

Please find attached the summons and first amended complaint (and supplemental
documents) that I would like served.  The case was filed in a federal district court.
The information for the corporations that I would like served is below.  My contact
Information is at the bottom of this email.  Please fax me a copy of the proof of service
as soon as the corporations are served.

Wilmington Trust Company
Registered Agent for
VW Credit Leasing, Ltd.
Rodney Square North
1100th N. Market Street
Wilmington, DE 19890

C T Corporation System
Agent for Service of Process for
Volkswagen Credit, Inc.
818 West Seventh St
Los Angeles, CA 90017

Please contact me when you receive this email.

Thanks,
Osahon Omoregie
_____
Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

Osahon Omoregie

v.

Boardwalk Auto Center, Inc., and
VW Credit Leasing, Ltd., and
Volkswagen Credit Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

C07-03884 JCS

E-filing

TO: (Name and address of defendant)

Boardwalk Auto center, Inc., and
VW credit Leasing, Ltd., and
Volkswagen Credit Inc.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY
10804

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

DATE _____

JUL 3 0 2007

(BY) DEPUTY CLERK

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| OSAHON OMOREGIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-cv-03884-JCS |
| | ) | |
| vs. | ) | FIRST AMENDED COMPLAINT |
| | ) | |
| BOARDWALK AUTO CENTER, INC. and | ) | DEMAND FOR JURY TRIAL |
| VW CREDIT LEASING, LTD. and | ) | |
| VW CREDIT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

1.    **Jurisdiction.**  This court has jurisdiction over this complaint because at least one claim arises under the laws of the United States and all claims in this complaint arise from a common nucleus of operative facts.

2.    **Venue.**  Venue is appropriate in this court because at least one of the defendants resides in this district, and a substantial amount of the acts giving rise to this lawsuit occurred in this district.

3.    **Intradistrict Assignment.**  This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events which give rise to this lawsuit occurred in San Mateo County.

1    4.    Plaintiff Osahon Omoregie ("Omoregie") is an African American of Nigerian

2  national origin.  On September 2, 2005, Omoregie was a graduate of Harvard University and a

3  second-year law student at Stanford Law School.

4    5.    On September 2, 2005, at or about 3:00 p.m., at One Bair Island Road, Redwood

5  City, San Mateo County, California, Omoregie entered into an agreement to lease a 2005 new

6  Jetta Value Edition ("Jetta") from defendant Boardwalk Auto Center, Inc. ("Boardwalk") who

7  immediately thereafter assigned the lease to defendants VW Credit Leasing, Ltd. and VW Credit,

8  Inc. (together "Volkswagen").  Exhibit A is the lease agreement.  Exhibit B describes the Jetta.

9    6.    On August 30, 2005, Omoregie obtained a quote for a promotional offer on a

10  2005 Nissan Altima 2.5s Automatic ("Altima") from another dealership.  The offered rate was

11  $199 per month.  Exhibit C.

12    7.    On September 2, 2005, Omoregie arrived at Boardwalk's One Bair Island Road

13  location to discuss the lease of an Altima at the promotional rate of $199 per month.

14    8.    After test driving an Altima, Omoregie test drove a Jetta and became interested in

15  leasing a Jetta.

16    9.    While test driving the Jetta, Del El-Hassani ("El-Hassani"), an employee at

17  Boardwalk, told Omoregie that he believed an offer similar to the Altima $199 per month offer

18  was available for the Jetta through Volkswagen, however, El-Hassani indicated he was not

19  entirely certain.

20    10.    During the negotiation of the lease of the Jetta, Omoregie specifically asked

21  Mourad Zemmama ("Zemmama"), an Assistant Sales Manager at Boardwalk, if a $199 per

22  month promotional offer was available for the Jetta.

FIRST AMENDED COMPLAINT                                                    2

1    11.    Zemmama, stated that he was unsure and would check with his manager, David

2  Horn, Boardwalk's General Manager.  Zemmama then left the room.

3    12.    On Zemmama's return, he stated that after consulting with his manager, he was

4  certain that a $199 per month promotional offer was not currently available for the Jetta and to

5  their knowledge no such promotional offer had ever existed for any Jetta.

6    13.    Zemmama then offered to lease Omoregie a Jetta for $299 a month.  As a result of

7  subsequent negotiations, Omoregie agreed to lease a Jetta for $216 a month, subject to his not

8  being able to locate proof of a $199 per month promotional offer online with the use of a

9  Boardwalk computer.

10    14.    Omoregie then preformed a search for a $199 per month promotional offer with

11  the aid of a Boardwalk computer.  Omoregie was unable to find such an offer and subsequently

12  leased a Jetta for $219.62 per month.

13    15.    During the negotiation, Zemmama stated that after contacting Volkswagen

14  regarding Omoregie, Volkswagen had agreed to finance Omoregie's lease.  Zemmama then

15  provided Omoregie with a document regarding Volkswagen.  Exhibit D.

16    16.    On or about September 4, 2005, Omoregie learned that in fact a $199 per month

17  promotional offer was being offered for the Jetta on September 2, 2005 by Volkswagen for

18  which Omoregie would have been eligible.

19    17.    Exhibit E details the Jetta offer.  Exhibit E was provided to Omoregie by Sidi

20  Lalou, General Manager of Sales at Boardwalk, on or about November 18, 2005, during a

21  meeting.

22    18.    Boardwalk was in possession of Exhibit E, or a substantially similar document, on

23  September 2, 2005.

FIRST AMENDED COMPLAINT                                                                    3

19.    From October 25, 2005 to October 6, 2006, various members of Boardwalk's staff, El-Hassani, Horn, and Lalou, engaged in activities designed to cover up the fraud committed on September 2, 2005.

20.    On September 13, 2006 and June 15, 2007, Omoregie notified Volkswagen of the events that occurred on September 2, 2005 and those referred to in Paragraph 19.  Volkswagen refused to disgorge the profits they received or take any other remedial action.

21.    As a result of the actions of the defendants, Omoregie has suffered great mental anguish, humiliation, and embarrassment.

22.    Omoregie is a responsible consumer and prior to September 2, 2005 had maintained an excellent credit history with a high credit score.  Omoregie's Experian credit rating on August 29, 2005 was 774.  Exhibit F.

23.    The effective annual percentage rate on Omoregie lease was 2.40%.

24.    The effective annual percentage rate on the promotional offer offered by Volkswagen was 1.08%.

25.    The effective annual percentage rate on Omoregie's lease was at a higher rate—122% higher—than was held out to other similarly situated members of the public.

26.    Omoregie was qualified for the interest rate discussed in Paragraph 24.

27.    Boardwalk and Volkswagen had advanced knowledge of the circumstances which gave rise to this complaint; and this advanced knowledge showed a conscious disregard of the rights and safety of others.

28.    Boardwalk and Volkswagen authorized or ratified the bad conduct described in this complaint.

FIRST AMENDED COMPLAINT                                                                                    4

1    29.    The acts of Boardwalk and Volkswagen giving rise to this complaint were

2    oppressive and/or malicious in nature.

3    30.    Omoregie was qualified for the $199 per month promotional offer on the Jetta

4    offered by Volkswagen.

5    31.    To date, Omoregie has incurred costs of $9691.96 under obligations imposed by

6    the lease.

7    32.    Omoregie has suffered $4,000,000.00 in damages as a result of mental anguish,

8    humiliation, and embarrassment suffered as a result of the defendants' actions.

9    33.    Boardwalk regularly extends or arranges for the extension of credit and thus is a

10    creditor under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. (2007) ("ECOA").

11    34.    VW Credit Leasing, Ltd. and VW Credit, Inc. regularly extend or arrange for the

12    extension of credit and thus are creditors under the ECOA.

13    35.    **Count 1.**  Boardwalk unlawfully discriminated against Omoregie with respect to a

14    credit transaction on the basis of Omoregie's race, color, or national origin in violation of the

15    ECOA.

16    36.    **Count 2.**  VW Credit, Inc. unlawfully discriminated against Omoregie with

17    respect to a credit transaction on the basis of Omoregie's race, color, or national origin in

18    violation of the ECOA.

19    37.    **Count 3.**  VW Credit Leasing, Ltd. unlawfully discriminated against Omoregie

20    with respect to a credit transaction on the basis of Omoregie's race, color, or national origin in

21    violation of the ECOA.

FIRST AMENDED COMPLAINT                                                                          5

1      38.   **Count 4.**  Boardwalk fraudulently induced Omoregie into entering the lease

2  described in Paragraph 5.  The fraudulent statements were made by Zemmama as described in

3  Paragraph 12.

4      39.   **Count 5.**  VW Credit, Inc. unlawfully aided and abetted in the fraudulent

5  inducement of Omoregie into entering the lease described in Paragraph 5.  The fraudulent

6  statements were made by Zemmama as described in Paragraph 12.  Volkswagen was aware, or

7  had sufficient facts to put an ordinary prudent person on notice, that a fraud had been committed.

8  Volkswagen enabled and received the fruits of that fraud.

9      40.   **Count 6.**  VW Credit Leasing, Ltd. unlawfully aided and abetted in the fraudulent

10  inducement of Omoregie into entering the lease described in Paragraph 5.  The fraudulent

11  statements were made by Zemmama as described in Paragraph 12.  Volkswagen was aware, or

12  had sufficient facts to put an ordinary prudent person on notice, that a fraud had been committed.

13  Volkswagen enabled and received the fruits of that fraud.

14      41.   **Prayer for relief 1.**  Omoregie respectfully requests that this Court rescind the

15  lease agreement described in Paragraph 5.

16      42.   **Prayer for relief 2.**  Omoregie respectfully requests that this Court award

17  Omoregie actual damages in the amount of $4,009,691.96.

18      43.   **Prayer for relief 3.**  Omoregie respectfully requests that this Court impose

19  punitive damages against all three defendants for their violation of the ECOA to the statutory

20  maximum of $10,000.00 per defendant for a total of $30,000.00.

21      44.   **Prayer for relief 4.**  Omoregie respectfully requests that this Court impose

22  punitive damages against all three defendants for their fraud in the amount of no less than

23  $10,000,000.00 per defendant for a total amount of no less than $30,000,000.00; or if the Court

FIRST AMENDED COMPLAINT                                                    6

1   deems it proper, punitive damages against any defendant in an amount greater and/or a total

2   amount greater than $10,000,000.00 and $30,000,000.00 respectively.

3          45.     **Prayer for relief 5.**  Omoregie respectfully requests that this Court grant

4   Omoregie such other and further general relief as this Court finds necessary and proper.

Respectfully submitted,

By: _____

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

FIRST AMENDED COMPLAINT

**Volkswagen Credit**
Contact us at (800) 428-4034

# CALIFORNIA
# MOTOR VEHICLE LEASE AGREEMENT



Exhibit A
2 pages
Redacted

| APPROVAL NO. | LESSOR NAME AND BUSINESS ADDRESS | LESSEE(S) NAME AND GARAGING ADDRESS(ES) |
|---|---|---|
| BULLETIN NO. (for internal use only) | BOARDWALK AUTO CENTER, INC ONE BAIR ISLAND RD REDWOOD CITY CA 94063 | OSAHON O OMOREGIE |
| LEASE DATE 09/02/2005 | DEALER NUMBER: | COUNTY: SAN MATEO |

| Lessee Billing Address (if different from above) | Primary Residential Address (if different from above) |
|---|---|
| STREET ADDRESS, CITY, STATE, ZIP CODE AND COUNTY  N/A | STREET ADDRESS, CITY, STATE, ZIP CODE AND COUNTY  N/A |

*You", (the "Lessee" and "Co-Lessee", if applicable) agree to lease from Lessor the following Vehicle. If more than one Lessee executes this Lease, each Lessee will be individually liable for the entire amount owing under this Lease. Lessor will assign this Lease and leased Vehicle to VW Credit Leasing, Ltd., its assignee (the "Holder").

## Description of Leased Vehicle

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE IDENTIFICATION NUMBER | ODOMETER READING | | | |
|---|---|---|---|---|---|---|---|---|
| 2005 | VOLKSWAGEN | JETTA | SD 5SP M | | 44 | ☐ NEW | ☐ USED | ☐ DEMO |

Primary use of Vehicle is for Personal, Family or Household purposes unless the following box is checked:  ☐ Primary use of Vehicle is for Business, Commercial or Agricultural purpose

### Description of Trade-in Vehicle or Other Property

| YEAR: MAKE: MODEL: | Agreed-Upon Value of Vehicle .................... $ N/A |
|---|---|
| OTHER: | Agreed-Upon Value (Other): ................... + $ N/A |
| | Amount Owed on Trade-in .................... − $ N/A |
| | Net Trade-in Allowance ...................... = $ N/A |

### YOUR PAYMENT CALCULATIONS

**1 Amount Due at Lease Signing or Delivery** (Itemized below)*
$ 2000.00

**2 Monthly Payments.**
A. Your first Monthly Payment of $ 237.74 is due 09/02/2005 followed by 35 payments of $ 237.74 due on the 7th of each month, beginning on 10/07/2005
B. The total of Your Monthly Payments is $ 8558.64

**3 Other Charges** (Not part of Your Monthly Payment)
A. Turn-in Fee (if You do not purchase the Vehicle) $ 350.00
B. N/A $ N/A
C. Total $ 350.00

**4 Total of Payments** (The amount You will have paid by the end of the Lease)
$ 10670.90
(Section 1 plus Section 2(B) plus Section 3(C) minus Section 5(A)(3) minus Section 5(A)(4)).

## 5 *Itemization of Amount Due at Lease Signing or Delivery

**A. Amount Due at Lease Signing or Delivery:**
1. Capitalized Cost Reduction ..................... $ 873.97
2. Taxes on Capitalized Cost Reduction ............ 72.10
3. First Monthly Payment ........................ 237.74
4. Refundable Security Deposit .................. N/A
5. Acquisition Fee .............................. 575.00
6. Title Fees .................................. N/A
7. Registration Fees ........................... N/A
8. License Fees ................................ 185.00
9. Sales Tax ................................... 47.44
10. Documentary Fee ............................ N/A
11. OPTIONAL DMV ELECTRONIC FILING FEE ......... 0.00
12. CA TIRE FEE ............................... 8.75
13. N/A ...................................... N/A
14. N/A ...................................... N/A
15. Total .................................. ➤ 2000.00

**B. How the Amount Due at Lease Signing or Delivery will be Paid:**
1. Net Trade-in Allowance ...................... $ N/A
2. Rebates and Noncash Credits ................. N/A
3. Amount to be Paid in Cash ................... 2000.00
4. Amount to be Paid by Credit Card ............ N/A
5. Total .................................. ➤ $ 2000.00

## 6 Your Monthly Payment is Determined as Shown Below:

**A. Gross Capitalized Cost.** The agreed upon value of the Vehicle ($ 18191.81 ) and any items You pay over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) ........................ $ 18236.81

**B. Capitalized Cost Reduction.** The amount of any Net Trade-in Allowance, Rebate, Noncash Credit, or Cash You pay that reduces the Gross Capitalized Cost ............................. − 873.97

**C. Adjusted Capitalized Cost.** The amount used in calculating Your Base Monthly Payment .......................... = 17362.84

**D. Residual Value.** The value of the Vehicle at the end of the Lease used in calculating Your Base Monthly Payment ......... − 10458.00

**E. Depreciation and any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term ..................... = 6904.84

**F. Rent Charge.** The amount charged in addition to the Depreciation and any Amortized Amounts ......................... + 1001.48

**G. Total of Base Monthly Payments.** The Depreciation and any Amortized Amounts plus the Rent Charge ..................... = 7906.32

**H. Lease Payments.** The number of payments in Your Lease [the number of months in Your Lease ("Lease Term")] ....... ÷ 36

**I. Base Monthly Payment** ........................... = 219.62

**J. Monthly Sales/Use Tax** ......................... + 18.12

**K.** ......................................... +

**L. Total Monthly Payment ("Monthly Payment")** ..... = $ 237.74

**Early Termination.** You may have to pay a substantial charge if You end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier You end the Lease, the greater this charge is likely to be.

**7 Excessive Wear and Use.** You may be charged for Excessive Wear based on our standards for normal use and for mileage in excess of _3000_ miles for the Lease Term with a maximum odometer reading of _30044_ at a rate of $0. _15_ per mile. You will not receive a credit or rebate if You drive the Vehicle for less mileage than allowed. ☐ If box is checked, above mileage includes _N/A_ miles over the Lease Term purchased at $0. _N/A_ per mile, which is included in Your Monthly Payment. X _____  X _____
LESSEE INITIALS    CO-LESSEE INITIALS

**8 Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the Lease Term for a Purchase Option Amount of $ _10458.00_ plus a Purchase Option Fee of $ ___ plus all amounts You owe under the Lease, plus any official fees and taxes imposed in connection with the purchase of the Vehicle.

**9 Other Important Terms.** See the front and back of this Lease for additional information on Early Termination, Purchase Options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

**10** *Itemization of Gross Capitalized Cost*

A. Agreed Upon Value of Vehicle at Lease Signing ............... $   18191.81

B. Agreed Upon Value of Accessories and Optional Equipment
to be Added After Lease Signing:

| | | |
|---|---|---|
| N/A | $ | N/A |
| N/A | $ | N/A |
| N/A | $ | N/A |
| N/A | $ | N/A |
| N/A | $ | N/A |
| N/A | $ | N/A |
| N/A | $ | N/A |

C. Premiums for Insurance Policies:

| | | |
|---|---|---|
| N/A | $ | N/A |
| N/A | $ | N/A |

D. Service Contracts:

| | | |
|---|---|---|
| N/A | $ | N/A |
| N/A | $ | N/A |

E. Charge for Optional Debt Cancellation ........................... $   N/A
F. Outstanding Prior Credit or Lease Balance ...................... $   N/A
G. Acquisition Fee ......................................................... $   N/A
H. Sales Tax ................................................................. $   N/A
I. Initial License, Title and Registration Fees ..................... $   N/A
J. Documentary Fee (Not a Government Fee) ..................... $   45.00
K. Other:

| | | |
|---|---|---|
| N/A | $ | N/A |
| N/A | $ | N/A |

L. *Gross Capitalized Cost* ........................................ $   18236.81

**11** *Estimated Official Fees and Taxes.* **The total estimated amount You will pay during the Lease Term for official fees, vehicle registration, certificate of title, license fees and taxes, including personal property tax, whether included with Your Monthly Payment or assessed otherwise, is $ 1335.61 . The actual total of fees and taxes may be higher or lower depending on the**

**12** *Service Contract.* **Although You are not required to do so, You agree to purchase a contract for certain services and repairs of the Vehicle, if initialed below.** The term of this protection will be   N/A   months from the Lease Date or from the date of Vehicle delivery or until the Vehicle's odometer shows   N/A   miles, whichever occurs first. If You have decided to purchase this protection, You have reviewed the terms of the contract which describe the details of this protection and understand a copy of the completed contract will be sent to You as soon as practicable.

NAME AND ADDRESS OF SERVICE CONTRACT PROVIDER
N/A

You choose to purchase a Service Contract for $   N/A   and pay for it during the Lease Term as part of the Monthly Payment; or You have paid cash for the Service Contract.

X _____    X _____
    LESSEE INITIALS               CO-LESSEE INITIALS

**13** *Warranties.* **This Vehicle is covered by a limited warranty or extended warranty if indicated below:**
☐ Standard New Vehicle Limited Warranty provided by the manufacturer.
☐ Used Vehicle Limited Warranty provided by the manufacturer.
☐ Remainder of Standard New Vehicle Limited Warranty provided by the manufacturer (if used Vehicle).
☐   N/A

You acknowledge that You are leasing the Vehicle from Lessor "AS-IS". EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, LESSOR MAKES NO PROMISE AS TO THE MERCHANTABILITY, SUITABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OF THE VEHICLE. This means that there is no promise that the Vehicle will be fit for use for any particular purpose or even that it will be fit for the normal purpose for which a vehicle is used.

**14** *Insurance Verification.* **You must maintain the insurance coverage described in the Vehicle Insurance paragraph. You affirm that such insurance is in force on the date of this Lease; insurance details are as follows:**

My Insurance Company   ████████████
Policy Number   ████████████
Effective Date   09/02/2005   Expiration Date   03/02/2006
Agent's Name _____
Agent's Address _____
Phone Number _____
Initials of Dealer Employee who verified insurance coverage X _____
Agency Contact Name and Title   N/A
You must instruct Your Agent to send the Policy, Endorsement or Certificate to:

tax rates in effect or the value of the Vehicle at the time a fee or tax is assessed.     VOLKSWAGEN CREDIT, P.O. BOX 650300, COCKEYSVILLE, MD 21065-0300

**15** *Other Agreements Between You and Lessor.* **This space is provided by Lessor to memorialize trade-in, turn-in and other agreements with You that are not documented elsewhere in the Lease. Except as provided below, You agree that there are no other agreements between You and Lessor relating to the Lease.**

LESSOR MAY RESCIND THIS CONTRACT IF IT CAN NOT BE ASSIGNED. IF LESSOR ELECTS TO RESCIND, RESCIND, YOU WILL BE NOTIFIED WITHIN 10 DAYS UPON SUCH NOTICE YOU MUST IMMEDIATELY RETURN VEHICLE. *YOU*

You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You.

**THERE IS NO COOLING OFF PERIOD**
California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, You cannot later cancel this Lease simply because You change Your mind, decided the Vehicle costs too much, or wish You had acquired a different Vehicle. You may cancel this Lease only with the agreement of the Lessor or for legal cause, such as fraud.

Notice to Lessee: (1) Do not sign this Lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this Lease; (3) Warning - Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

**You acknowledge that You have read this Lease and have been given a filled in copy of this Lease at the time of signing.**

**LESSEE SIGNATURE(S)**

LESSEE SIGNATURE (INCLUDE TITLE, IF BUSINESS)         CO-LESSEE SIGNATURE
X _____       X _____

This form is designed to comply with existing law as of the date printed at the top right of this form. Changes to the law may render this form obsolete. Before using this form, contact Volkswagen Credit to determine if a new form is available.

**LESSOR SIGNATURE**

The authorized signature of the Lessor has the effect of: (1) Accepting the terms and conditions of this Lease, and (2) Assigning to Holder as indicated in the assignment below all rights, title and interest in and to the Vehicle and this Lease, including all amounts to become due under it, subject to the provisions of the Direct Lease Finance Plan Agreement between Lessor and Holder.

| LESSOR | AUTHORIZED REPRESENTATIVE | TYPE/PRINT NAME OF AUTHORIZED REPRESENTATIVE |
|---|---|---|
| BOARDWALK AUTO CENTER, INC | X | |

**GUARANTY**

The undersigned unconditionally guarantees payment to Holder of all liabilities and indebtedness of the above Lessee under the terms of this Lease and full performance under the terms of this Lease. Holder shall not be required to exhaust any recourse or take any action against Lessee before being entitled to payment by the undersigned of all amounts hereby guaranteed. If Lessee defaults, Holder shall have the right to approve any extensions, renewals, modifications or compromises of any indebtedness, liability or obligation under the terms of this Lease without waiving its rights against the undersigned. The undersigned agrees to pay all expenses (including, but not limited to, attorneys' fees and legal expenses) incurred by Holder if it has to enforce this Guaranty. The undersigned acknowledges having received a copy of this Lease.

| GUARANTOR (PRINT NAME) | | SIGNATURE X | | | DATE |
|---|---|---|---|---|---|
| STREET | | CITY | STATE | ZIP CODE | TELEPHONE NUMBER ( ) |

**THIS LEASE CONTINUES ON THE REVERSE SIDE. PLEASE READ BOTH SIDES FOR TERMS AND CONDITIONS.**
LESSEE/CUSTOMER

# 2005 new JETTA Value Edition

**Exhibit B**

Exterior: Platinum Gray    Interior: Velour Anthracite

**Manufacturer's Suggested Retail Price:** $17,900.00

**STANDARD FEATURES** (unless replaced by options)

**PERFORMANCE/HANDLING**
- 2.5 liter, 150 horsepower, 170 lbs-ft torque, in-line
  5 cylinder engine, Partial Zero Emissions Vehicle
- Front wheel drive
- Electro-mechanical power steering
- Independent strut front suspension
- Multilink independent rear suspension
- Anti-Slip Regulation (ASR)
- Electronic Differential Lock (EDL)
- Anti-lock Braking System (ABS)
- 195/65/R15 H, all season tires

**SAFETY/DURABILITY**
- Driver and front passenger front airbag supplemental
  restraint system
- Driver and front passenger side airbag supplemental
  restraint system
- Side Curtain Protection (TM) head airbags,
  front and rear
- 3-point safety belts, all seating positions
- Lower Anchors and Tethers for CHildren (LATCH)
- Child safety rear door locks
- Daytime running lights
- Height adjustable front safety belts
- Adjustable active front seat head restraints
- Side protection beams
- Front and rear power assisted disc brakes

**COMFORT/CONVENIENCE**
- Air conditioning, CFC-free with pollen and dust filter
- Cruise control
- Power windows with pinch protection
- Folding key with remote keyless locking
- Power/heatable outside mirrors
- Height adjustable, telescoping steering column
- Center armrest with storage
- Adjustable intermittent front wipers
- Front and rear carpeted floor mats
- Adjustable height and lumbar for front seats
- Split folding rear seat w/ valet lockout
- Dual front visor vanity mirrors
- Front and rear reading lights
- Remote release for fuel filler flap
- Remote release for trunk w/ valet lockout
- Power central locking system

**SPECIAL FEATURES  AT NO CHARGE**
- 15" steel wheels with full wheel covers
- In-dash, single CD player
- Anti-theft alarm system for vehicle and radio
- Immobilizer theft deterrent system

**WARRANTY INFORMATION**
- Volkswagen New Vehicle Limited Warranty
  4 years/50,000 miles (whichever occurs first)
- Powertrain Limited Warranty
  5 years/60,000 miles (whichever occurs first)
- Limited Warranty against Corrosion Perforation
  12 years/unlimited mileage
    Please ask your dealer for a copy of the
    Volkswagen warranty booklet for details.
**ROADSIDE ASSISTANCE**
- 4 years/unlimited mileage
- Provided by a third party supplier

**PACKAGES/OPTIONS**

| | |
|---|---|
| Platinum Gray | No Charge |
| Velour Anthracite | No Charge |
| Splash Guards  (Set Of 4) | $160.00 |
| 5 Speed Manual Transmission | No Charge |

| | |
|---|---|
| Destination Charge | $615.00 |

better to get you into a Volkswagen than us?  Volkswagen Credit

| | |
|---|---|
| **Total Price:** | **$18,675.00** |

Fuel, license, title fees, taxes and dealer installed
accessories are not included.

**Osahon Omoregie**

| | |
|---|---|
| **From:** | Falore Nissan - SRIKAR REDDY [sreddy@users.ccleads.com] |
| **Sent:** | Tuesday, August 30, 2005 11:47 AM |
| **To:** | Osahon Omoregie |
| **Subject:** | Re: Your New Vehicle Purchase Request |

**Exhibit C**
**2 pages**

Hi Osahon...

Right now we have a Special on leasing 2005 Altima 2.5s Autoamtic.

Here are the details....

Drive off $1999 which includes first month payment.

$199+tax monthly payment for 24 months.

Roughly your payment with tax would be $216 per month and it is 12000 miles per year lease.

This lease offer may end tommorow, this is special lease from Nissan for 24 months only.


Any questions let me know.

You can reach me on 408-735-6888 or 408-234-4624(cell)

Thanks

REDDY


-----Original Message-----
From: Osahon Omoregie
Sent: August 30, 2005 10:39:45 AM PDT
To: Falore Nissan - SRIKAR REDDY
Subject: Re: Your New Vehicle Purchase Request

Hello Srikar,

Thank you very much for your email. I am actually interested in quotes on how much it would cost to lease this car for either 24 or 36 months. Could you please tell me how much I would need to put down and how much I would then have to pay each month including all applicable fees and tax. I am planning on purchasing a car tomorrow (either an Altima or a comprable care, i.e., Civic or Corolla) and I would like to determine which dealerships to visit, so your quote would be very helpful. If it helps to determine the quotes my credit rating is 774 on Experian. Please let me know as soon as possible so I can plan accordingly.

Thank you very much,

Osahon Omoregie

***Falore Nissan - SRIKAR REDDY*** <sreddy@users.ccleads.com> wrote:

Dear Osahon,

Thank you for your interest in our new 2005 Nissan Altima, here at Falore Nissan. My name is SRIKAR REDDY and I am the Fleet Manager. We are committed to providing our Internet consumers with a simple, efficient and enjoyable shopping experience. Moreover, here at Falore Nissan you can be assured of receiving the premier service in the Sunnyvale area.

The Altima that you requested is in stock. Our Internet sale price for that vehicle is $$17995+Fees (After Rebate) plus all applicable taxes and fees as required by law.

When would be the best time for you to see and test drive this vehicle:
Today or tomorrow?
Morning or afternoon?
Appointment time?
Location (dealership/home/office)?

Please let me know at your earliest convenience (via e-mail or phone). Also, please include the two most convenient phone numbers to reach you at so I can reconfirm this appointment. If I have not heard from you by the end of business today, I will try to touch base prior to leaving the dealership.

Once again, thank you for your inquiry and for choosing Falore Nissan.

Sincerely,
SRIKAR REDDY
Fleet Manager
408-735-6888
reddysreekar@yahoo.com

Start your day with Yahoo! - make it your home page

```
1    COMPANY NAME          VW CREDIT INC.
2       ADDRESS            1401 FRANKLIN BLVD
3       CITY               LIBERTYVILLE
4       STATE              IL          5 ZIP 60048
6       COUNTY

7    TITLING NAME          VOLKSWAGEN CREDIT
8       ADDRESS            1401 FRANKLIN BLVD.
9       CITY               LIBERTYVILLE
10      STATE              IL         11 ZIP 60048
12      COUNTY

13   TITLING LIEN NAME     VOLKSWAGEN CREDIT
14      ADDRESS            1401 FRANKLIN BLVD.
15      CITY               LIBERTYVILLE
16      STATE              IL         17 ZIP 60048
18      COUNTY


  (LINE#)(M=MODIFY)(F3=PREV)(F4=NEXT)
SHIFT F1=FKEYS
```

## MY2005 new Jetta Sedan
## Available Leases - July 6 - Sept. 6, 2005

| | new Jetta Value Edition | | new Jetta 2.5L | | new Jetta 2.5L with Package 1 | | new Jetta 2.5L with Package 2 | |
|---|---|---|---|---|---|---|---|---|
| | 49 State | New York | 49 State | New York | 49 State | New York | 49 State | New York |
| MSRP (Base) | $17,900.00 | $17,900.00 | $20,390.00 | $20,390.00 | $22,350.00 | $22,350.00 | $25,050.00 | $25,050.00 |
| Automatic Transmission | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Destination Charges | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 |
| Total MSRP | $18,515.00 | $18,515.00 | $21,005.00 | $21,005.00 | $22,965.00 | $22,965.00 | $25,665.00 | $25,665.00 |
| Customer Down Payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| Invoice | $17,049.00 | $17,049.00 | $18,779.00 | $18,779.00 | $20,569.00 | $20,569.00 | $23,036.00 | $23,036.00 |
| VCI Lease Bonus | $450.00 | $450.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 |
| Memo: Available Gross | $851.00 | $851.00 | $1,611.00 | $1,611.00 | $1,781.00 | $1,781.00 | $2,014.00 | $2,014.00 |
| Dealer Discount | $86.66 | $86.66 | $700.05 | $700.05 | $926.58 | $926.58 | $1,152.27 | $1,152.27 |
| Capitalized Cost | $16,908.34 | $16,908.34 | $18,384.95 | $18,384.95 | $20,118.42 | $20,118.42 | $22,592.73 | $22,592.73 |
| | | | | | | | | |
| RV % 12K | 55% | 55% | 54% | 54% | 54% | 54% | 54% | 54% |
| Residual Value $ | $10,183.25 | $10,183.25 | $11,342.70 | $11,342.70 | $12,401.10 | $12,401.10 | $13,859.10 | $13,859.10 |
| Term | 36 | 36 | 36 | 36 | 36 | 36 | 36 | 36 |
| Program Rate | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 |
| Monthly Payment | $199.00 | $199.00 | $209.00 | $209.00 | $229.00 | $229.00 | $259.00 | $259.00 |
| | | | | | | | | |
| Total Monthly Payments | $7,164.00 | $7,164.00 | $7,524.00 | $7,524.00 | $8,244.00 | $8,244.00 | $9,324.00 | $9,324.00 |
| | | | | | | | | |
| Down payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| 1st month payment | $199.00 | $199.00 | $209.00 | $209.00 | $229.00 | $229.00 | $259.00 | $259.00 |
| Security Deposit | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Acquisition fee | $575.00 | $575.00 | $575.00 | $575.00 | $575.00 | $575.00 | $575.00 | $575.00 |
| Total due at signing | $1,844.00 | $2,069.00 | $1,954.00 | $2,179.00 | $1,974.00 | $2,199.00 | $2,004.00 | $2,229.00 |

Excludes tax, title, license, and other fees.

28-Jun-05

Exhibit F
2 pages
Redacted

# YOUR CREDIT REPORT

**Name:** Omoregie, Osahon
**Address:** ███████████
**City, State Zip:** ███████████

**Report #:** ███████████                    **Date Of Report:** 2005-08-29

## CREDIT INFORMATION

**Account:** █████████    **Acct #:** ██████    **Type:** ███████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | ██████ | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

| Bureau | Days Past Due 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| EFX | | | | 2004-04 | ██████ |
| XPN | 0 | 0 | 0 | 2002-12 | ██████ |
| TUC | 0 | 0 | 0 | 2004-04 | ██████ |

**Comments:** ███████████

---

**Account:** █████████    **Acct #:** ██████    **Type:** ███████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | ██████ | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

| Bureau | Days Past Due 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| EFX | | | | 1999-12 | ██████ |
| XPN | 0 | 0 | 0 | 2002-12 | ██████ |
| TUC | 0 | 0 | 0 | 2000-08 | ██████ |

**Comments:** ███████████

---

**Account:** █████████    **Acct #:** ██████    **Type:** ███████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | ██████ | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

AVE

XPN
XPN
XPN
XPN
XPN
XPN
XPN
XPN
XPN
XPN
XPN



# CREDIT SCORES

## Your **Equifax** Credit Score



150 ▬▬▬▬▬▬▬▬▬▬ 930
                    ▲
                   738

### Your Credit Score Factors

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Total balance of personal finance accounts is too high
- Not enough bank installment debt experience

## Your **Experian** Credit Score



150 ▬▬▬▬▬▬▬▬▬▬ 930
                       ▲
                      774

### Your Credit Score Factors

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Not enough bank installment debt experience
- Installment account balances too high in proportion to credit limits

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



OSAHON OMOREGIE,

      Plaintiff (s),

    v.

BOARDWALK AUTO CENTER, INC.,
ET AL.,

      Defendant(s).

No. **C 07-03884 JCS**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/30/2007 | Complaint filed | |
| 10/12/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 10/26/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 11/2/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

# STANDING ORDER

1.      Civil Law and Motion is heard on Fridays, at 9:30 a.m.  Criminal Law and Motion is heard on Fridays, at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.      Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m.  Case Management Conferences will no longer be recorded, unless requested by the parties.

3.      In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties.  The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4.      Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691.  All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5.      In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters.  After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.  The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc.  Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court.  This Joint Letter shall include a description of every issue in dispute and,

1

1   with respect to each such issue, a detailed summary of each party's final substantive position

2   and their final proposed compromise on each issue.  Upon receipt of the Joint Letter the Court

3   will determine what future proceedings are necessary.

4

5        6.    In all "e-filing" cases, when filing papers in connection with any motion for

6   determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

7   chambers a printed copy of the papers by the close of the next court day following the day the

8   papers are filed electronically.  **These printed copies shall be marked "Chambers Copy" and**

9   **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

10  **marked with the judge's name, case number and "E-Filing Chambers Copy."  Parties**

11  **shall not file a paper copy of any document with the Clerk's Office that has already been**

12  **filed electronically.**

13

14       7.    Any proposed stipulation or proposed order in a case subject to electronic filing

15  shall be sent by email to **jcspo@cand.uscourts.gov.**  This address is to be used only for

16  proposed orders unless otherwise directed by the Court.

17       IT IS SO ORDERED.

18

19  Dated: May 29, 2007

20                                            _____

21                                            JOSEPH C. SPERO
                                              United States Magistrate Judge

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


**NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**


This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel by mail.  If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.


Dated: May 30, 2003

_____
JOSEPH C. SPERO
United States Magistrate Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. _Jurisdiction and Service_: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. _Facts_: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. _Legal Issues_: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. _Motions_: All prior and pending motions, their current status, and any anticipated motions.

5. _Amendment of Pleadings_: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. _Evidence Preservation_: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. _Disclosures_: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. _Discovery_: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. _Class Actions_: If a class action, a proposal for how and when the class will be certified.

10. _Related Cases_: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. _Relief_: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C07-03884    JCS

## NOTICE OF ASSIGNMENT OF CASE

# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge JOSEPH C. SPERO.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MagAssnNtc-2-03.wpd

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JCS

No. C 07-03884

_____ ,

                    Plaintiff(s),                    **CONSENT TO PROCEED BEFORE A
                                                      UNITED STATES MAGISTRATE JUDGE**

        v.

_____ ,

                    Defendant(s).
_____/

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____          _____
                                      Signature

                                      Counsel for _____
                                      (Plaintiff, Defendant or indicate "pro se")

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JCS

,

Plaintiff(s),

v.

,

Defendant(s).

/

NO. C07 - 03884

**DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____        Signature _____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45.  This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form.  Follow ALL the instructions on the form carefully.  If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below.  You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records).  If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free.  If you need to establish or check on an account, visit:  **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically.  Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website:  **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |
| Name of SERVER | TITLE |

| *Check one box below to indicate appropriate method of service* |
|---|

☐     Served Personally upon the Defendant. Place where served:


☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
       Name of person with whom the summons and complaint were left:


☐     Returned unexecuted:


☐     Other *(specify):*


## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____          _____
                    *Date*                                         *Signature of Server*


                                                    _____
                                                            *Address of Server*


(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# Exhibit D

**Osahon Omoregie**

| | |
|---|---|
| **From:** | RDOLLEN@aol.com |
| **Sent:** | Tuesday, August 14, 2007 3:21 PM |
| **To:** | oomoregie@gmail.com |
| **Subject:** | Deleware proof of service |
| **Attachments:** | deleware proof of service.pdf |

Here is the proof of service from Deleware

---

Get a sneak peek of the all-new AOL.com.

**Osahon Omoregie**

**From:**           RDOLLEN@aol.com
**Sent:**           Tuesday, August 14, 2007 9:40 PM
**To:**             oomoregie@gmail.com
**Subject:**        CT Corp pos
**Attachments:**    ct corp pos.pdf

Here is your proof from ct corp

Get a sneak peek of the all-new AOL.com.