# Exhibit E

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A) Jamie G. Kopf

as  (B) Agent for Service of Process          of (C) Boardwalk Auto Center, Inc.

       A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C07-03884 _____.

       This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ____30____ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

       If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

       If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

       I affirm that this request Is being sent to you on behalf of the plaintiff, this ___31___ day of ____July____, 2007 ___.


                             Signature of Plaintiff's Attorney
                             or Unrepresented Plaintiff


A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) CT Corporation System

as  (B) Agent for Service of Process          of (C) Volkswagen Credit, Inc.

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C07-03884 _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ___30___ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this ___31___ day of ___July___, ___2007___.


Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A)  Wilmington Trust Company

as  (B)  Registered Agent                          of (C)  VW Credit Leasing, Ltd.

   A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) C07-03884 _____.

   This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ___30___ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

   If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

   If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

   I affirm that this request Is being sent to you on behalf of the plaintiff, this __31__ day of ___July___, __2007__.


_____
Signature of Plaintiff's Attomey
Or Unrepresented Plaintiff


A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

# Exhibit F

CT
a Wolters Kluwer business

CT
818 West Seventh Street
2nd Floor
Los Angeles, CA 90017

213 627 8252 tel
www.ctlegalsolutions.com

August 03, 2007

Osahon Omoregie
42 Ostego Ave,
New Rochelle, NY  10804

Re:  Osahon Omoregie, Pltf.. vs. Boardwalk Ato Center, Inc., et al. including Volkswagen Credit, Inc., Dfts.

Case No.  C0703884

Dear Sir/Madam:

We are herewith returning the Notice(s), Waiver, Complaint, Exhibits, Attachment(s), Order Settin Initial Case Management Conference which we received regarding the above captioned matter.

Volkswagen Credit, Inc. is not listed on our records or on the records of the State of CA.

Very truly yours,


Jere Keprios
Senior Process Specialist

Log# 512462365

cc:  California, U.S. District Court, Northern





U.S. POSTAGE
PALO ALTO, CA
JUL 30, 07
$5.31
00031261-04

90017

UNITED STATES
POSTAL SERVICE

0000

CERTIFIED MAIL

7005 3110 0002 6685 2949

**TO:**

C T CORPORATION SYSTEM
Agent for Service of Process for
Volkswagen Credit, Inc.
818 WEST SEVENTH ST
LOS ANGELES, CA 90017

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY
10804

Handle with Care

Scotch

Bubble Mailer

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) <u>CT Corporation System</u>

as   (B) <u>Agent for Service of Process</u>  of (C) <u>Volkswagen Credit, Inc.</u>

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) <u>Northern</u> District of <u>California</u>

and has been assigned docket number (E) <u>C07-03884</u>.

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) <u>30</u> days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this <u>31</u> day of <u>July</u>, <u>2007</u>.

<u>                       </u>
Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A)  CT Corporation System _____

as  (B)  Agent for Service of Process _____ of (C)  Volkswagen Credit, Inc. _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E)  C07-03884 _____.

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ____30____ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request Is being sent to you on behalf of the plaintiff, this ____31____ day of _____ July _____, 2007 ____.


_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff


A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

✎AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an

answer or motion under Rule 12 is not served upon you within 60 days
after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____    _____
(DATE)                            (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
        (TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives
service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later
object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time,
a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY
10804

C T CORPORATION SYSTEM
Agent for Service of Process for
Volkswagen Credit, Inc.
818 WEST SEVENTH ST
LOS ANGELES, CA 90017

1  Osahon Omoregie
2  42 Otsego Ave.
3  New Rochelle, NY 10804
4  (917) 805-8309
5  (413) 803-5514 (FAX)
6  oomoregie@gmail.com
7
8  Plaintiff
9
10                    UNITED STATES DISTRICT COURT
11
12                  NORTHERN DISTRICT OF CALIFORNIA
13
14                         OAKLAND DIVISION
15
16
17  OSAHON OMOREGIE,                    )
18                                      )
19                    Plaintiff,        )      Case No. _____
20                                      )
21  vs.                                 )      COMPLAINT
22                                      )
23  BOARDWALK AUTO CENTER, INC. and     )      DEMAND FOR JURY TRIAL
24  VW CREDIT LEASING, LTD. and         )
25  VOLKSWAGEN CREDIT, INC.,            )
26                                      )
27                    Defendants.       )
28  _____    )
29
30        1.    **Jurisdiction.** This court has jurisdiction over this complaint because at least one

31  claim arises under the laws of the United States and all claims in this complaint arise from a

32  common nucleus of operative facts.

33        2.    **Venue.** Venue is appropriate in this court because at least one of the defendants

34  resides in this district, and a substantial amount of the acts giving rise to this lawsuit occurred in

35  this district.

36        3.    **Intradistrict Assignment.** This lawsuit should be assigned to the Oakland

37  Division of this Court because a substantial part of the events which give rise to this lawsuit

38  occurred in San Mateo County.


Complaint

1    4.    Plaintiff Osahon Omoregie ("Omoregie") is an African American of Nigerian

2    national origin. On September 2, 2005, Omoregie was a graduate of Harvard University and a

3    second-year law student at Stanford Law School.

4    5.    On September 2, 2005, at or about 3:00 p.m., at One Bair Island Road, Redwood

5    City, San Mateo County, California, Omoregie entered into an agreement to lease a 2005 new

6    Jetta Value Edition ("Jetta") from defendant Boardwalk Auto, Inc. ("Boardwalk") who

7    immediately thereafter assigned the lease to defendants VW Credit Leasing, Ltd. and

8    Volkswagen Credit, Inc. (together "Volkswagen"). Exhibit A is the lease agreement. Exhibit B

9    describes the Jetta.

10    6.    On August 30, 2005, Omoregie obtained a quote for a promotional offer on a

11    2005 Nissan Altima 2.5s Automatic ("Altima") from another dealership. The offered rate was

12    $199 per month. Exhibit C.

13    7.    On September 2, 2005, Omoregie arrived at Boardwalk's One Bair Island Road

14    location to discuss the lease of an Altima at the promotional rate of $199 per month.

15    8.    After test driving an Altima, Omoregie test drove a Jetta and became interested in

16    leasing a Jetta.

17    9.    While test driving the Jetta, Del El-Hassani ("El-Hassani"), an employee at

18    Boardwalk, told Omoregie that he believed an offer similar to the Altima $199 per month offer

19    was available for the Jetta through Volkswagen, however, El-Hassani indicated he was not

20    entirely certain.

21    10.    During the negotiation of the lease of the Jetta, Omoregie specifically asked

22    Mourad Zemmama ("Zemmama"), an Assistant Sales Manager at Boardwalk, if a $199 per

23    month promotional offer was available for the Jetta.

2

Complaint

1    11.    Zemmama, stated that he was unsure and would check with his manager, David

2    Horn, Boardwalk's General Manager. Zemmama then left the room.

3    12.    On Zemmama's return, he stated that after consulting with his manager, he was

4    certain that a $199 per month promotional offer was not currently available for the Jetta and to

5    their knowledge no such promotional offer had ever existed for any Jetta.

6    13.    Zemmama then offered to lease Omoregie a Jetta for $299 a month. As a result of

7    subsequent negotiations, Omoregie agree to lease a Jetta for $216 a month, subject to his not

8    being able to locate proof of a $199 per month promotional offer online with the use of a

9    Boardwalk computer.

10    14.    Omoregie then preformed a search for a $199 per month promotional offer with

11    the aid of a Boardwalk computer. Omoregie was unable to find such an offer and subsequently

12    leased a Jetta for $216 per month.

13    15.    During the negotiation, Zemmama stated that after contacting Volkswagen

14    regarding Omoregie, Volkswagen had agreed to finance Omoregie's lease. Zemmama then

15    provided Omoregie with a document regarding Volkswagen. Exhibit D.

16    16.    On or about September 4, 2005, Omoregie learned that in fact a $199 per month

17    promotional offer was being offered for the Jetta on September 2, 2005 by Volkswagen for

18    which Omoregie would have been eligible.

19    17.    Exhibit E details the Jetta offer. Exhibit E was provided to Omoregie by Sidi

20    Lalou, General Manager of Sales at Boardwalk, on or about November 18, 2005, during a

21    meeting.

22    18.    Boardwalk was in possession of Exhibit E, or a substantially similar document, on

23    September 2, 2005.

3

Complaint

1       19.     Omoregie is a responsible consumer and prior to September 2, 2005 had

2   maintained an excellent credit history with a high credit score.  Omoregie's Experian credit

3   rating on August 29, 2005 was 774.  Exhibit F.

4       20.     The effective annual periodic interest rate on Omoregie lease was 2.40%.

5       21.     The effective annual periodic interest rate on the promotional offer offered by

6   Volkswagen was 1.08%.

7       22.     The interest rate on Omoregie's lease was at a higher rate than was held out to

8   other similarly situated members of the public.

9       23.     Omoregie was qualified for the interest rate discussed in Paragraph 21.

10      24.     Omoregie was qualified for the $199 per month promotional offer on the Jetta

11  offered by Volkswagen.

12      25.     The difference in value of the $199 per month promotional offer offered by

13  Volkswagen and the lease Omoregie signed was $2461.95 (not accounting for time value).

14      26.     To date, Omoregie has incurred costs of $9453.95 under obligations imposed by

15  the lease.

16      27.     Boardwalk regularly extends or arranges for the extension of credit and thus is a

17  creditor under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 (2007) ("ECOA").

18      28.     VW Credit Leasing, Ltd. and Volkswagen Credit, Inc. regularly extend or arrange

19  for the extension of credit and thus are creditors under the ECOA.

20      29.    **Count 1.** Boardwalk unlawfully discriminated against Omoregie with respect to a

21  credit transaction on the basis of Omoregie's race, color, or national origin in violation of the

22  ECOA.

Complaint

1    30.    **Count 2.** Volkswagen unlawfully discriminated against Omoregie with respect to

2    a credit transaction on the basis of Omoregie's race, color, or national origin in violation of the

3    ECOA.

4    31.    **Count 3.** Boardwalk fraudulently induced Omoregie into entering the lease

5    described in Paragraph 5. The fraudulent statements were made by Zemmama as described in

6    Paragraph 12.

7    32.    **Count 4.** Volkswagen unlawfully aided and abetted in the fraudulent inducement

8    of Omoregie into entering the lease described in Paragraph 5. The fraudulent statements were

9    made by Zemmama as described in Paragraph 12. Volkswagen was aware, or had sufficient

10    facts to put an ordinary prudent person on notice, that a fraud had been committed. Volkswagen

11    enabled and received the fruits of that fraud.

12    33.    **Prayer for relief.** Omoregie desires the recession of the lease agreement

13    described in Paragraph 5. Omoregie desires compensatory damages in the amount of $9453.95.

14    Omoregie desires that punitive damages be award against all three defendants for their violation

15    of the ECOA to the statutory maximum of $10,000.00 per defendant for a total of $30,000.00.

16    Omoregie desires that punitive damages be awarded against all three defendants for their fraud in

17    the amount of no less than $1,000,000.00 per defendant for a total of no less than $3,000,000.00.

Complaint

1

2

3

4

5

6

7

Respectfully submitted,

By: _____

42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Complaint

Volkswagen Credit

Contact us at (800) 428-4034

# CALIFORNIA
# MOTOR VEHICLE LEASE AGREEMENT



**Exhibit A
2 pages
Redacted**

| APPROVED FOR | LESSOR/NAME AND MAILING ADDRESS | LESSEE(S) NAME AND GARAGING ADDRESS(ES) |
|---|---|---|
| LEASE NUMBER AS SHOWN ABOVE | | |
| LEASE DATE | | |
| | DEALER NUMBER | OTHER |

**Lessee Billing Address** (if different from above)

**Primary Residential Address** (if different from above)

"You", the Lessee" and "Co-Lessee" (Applicable) agree to lease from Lessor the shown Vehicle. If more than one Lessee, obligations of each Lessee shall be individual, joint and several under this Lease. Lessor will assign this Lease and leased Vehicle to VW Credit Leasing, Ltd., or its incorporated Holders.

## Description of Leased Vehicle

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | ODOMETER READING | NEW | USED | DEMO |
|---|---|---|---|---|---|---|---|

Primary use of Vehicle is for Personal, Family or Household purposes unless the following box is checked ☐     Primary use of Vehicle is for Business, Commercial or Agricultural purpose

## Description of Trade-in Vehicle or Other Property

| YEAR | MAKE | MODEL | | |
|---|---|---|---|---|
| OTHER | | | Agreed-Upon Value of Vehicle | $ |
| | | | Agreed-Upon Value of (Other) | + $ |
| | | | Amount Owed on Trade-In | − $ |
| | | | Net Trade-in Allowance | = $ |

| 1 Amount Due at Lease Signing or Delivery "Itemized below" | 2 Monthly Payments | 3 Other Charges (Not part of Your Monthly Payments) | 4 Total of Payments (The amount You will have paid by the end of the Lease) |
|---|---|---|---|
| $ | A. Your first Monthly Payment of $ _____ is due _____, followed by _____ payments of $ _____ due on the _____ of each month, beginning on _____. | A. Turn-in Fee, if You do not purchase the Vehicle $ _____ | |
| | B. The total of Your Monthly Payments is $ _____ | B. _____ | $ |
| | | C. Total $ | |

## 5 *Itemization of Amount Due at Lease Signing or Delivery

**A. Amount Due at Lease Signing or Delivery:**
1. Capitalized Cost Reduction ........................................... $
2. Taxes on Capitalized Cost Reduction ..........................
3. First Monthly Payment ...................................................
4. Refundable Security Deposit ......................................
5. Acquisition Fee ..............................................................
6. Title Fees .......................................................................
7. Registration Fees ..........................................................
8. License Fees ..................................................................
9. Sales Tax .......................................................................
10. Documentary Fee .........................................................
11. 
12. 
13. 
14. 
15. Total .............................................................................

**B. How the Amount Due at Lease Signing or Delivery will be Paid:**
1. Net Trade-in Allowance .................................................. $
2. Rebates and Noncash Credits .....................................
3. Amount to be Paid in Cash ..........................................
4. Amount to be Paid by Credit Card ...............................

## 6 Your Monthly Payment is Determined as Shown Below:

**A. Gross Capitalized Cost.** The agreed upon value of the Vehicle ($ _____ ) and any items You pay over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) ........ $

**B. Capitalized Cost Reduction.** The amount of any Net Trade-in Allowance, Rebate, Noncash Credit, or Cash You pay that reduces the Gross Capitalized Cost ........ −

**C. Adjusted Capitalized Cost.** The amount used in calculating Your Base Monthly Payment ........ =

**D. Residual Value.** The value of the Vehicle at the end of the Lease used in calculating Your Base Monthly Payment ........ −

**E. Depreciation and any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term ........ =

**F. Rent Charge.** The amount charged in addition to the Depreciation and any Amortized Amounts ........ +

**G. Total of Base Monthly Payments.** The Depreciation and any Amortized Amounts plus the Rent Charge ........ =

**H. Lease Payments.** The number of payments in Your Lease [the number of months in Your Lease (Lease Term)] ........ ÷

**I. Base Monthly Payment** ........ =

**J. Monthly Sales Use Tax** ........ +

**K.** ........

**L. Total Monthly Payment** ("Monthly Payment") ........ = $

**Early Termination.** You may have to pay a substantial charge if You end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier You end the Lease, the greater this charge is likely to be.

## 7 Excessive Wear and Use. You may be charged for Excessive Wear based on our standards for normal use and for mileage in excess of _____ miles for the Lease Term with a maximum potential for wear/mileage charge of _____ at a rate of $0 _____ per mile. You will not receive a credit or rebate if You drive the Vehicle for less mileage than allowed. ☐ If this is checked, excess mileage includes _____ miles over the Lease Term purchased at $0 _____ per mile, which is included in Your Monthly Payment.

## 8 Purchase Option at End of Lease Term. You have an option to purchase the Vehicle at the end of the Lease Term for a Purchase Option Amount of $ _____ plus a Purchase Option Fee of $ _____ plus any amounts then due under the Lease, plus any official fees and taxes imposed in connection with the purchase of the Vehicle.

## 9 Other Important Terms. See the front and back of this Lease for additional information on Early Termination, Purchase Options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

**10** *Itemization of Gross Capitalized Cost*

A. Agreed Upon Value of Vehicle at Lease Signing .................................. $
B. Agreed Upon Value of Accessories and Optional Equipment
   to be Added After Lease Signing ....................................................... $
   ................................................................................................ $
   ................................................................................................ $
   ................................................................................................ $
   ................................................................................................ $
   ................................................................................................ $
   ................................................................................................ $
   ................................................................................................ $

C. Premiums for Insurance Policies ....................................................... $
   ................................................................................................ $

D. Service Contracts ........................................................................... $
   ................................................................................................ $

E. Charge for Optional Debt Cancellation ................................ $ ........ N/A
F. Outstanding Prior Credit or Lease Balance ..................................... $
G. Acquisition Fee ............................................................................... $
H. Sales Tax ...................................................................................... $
I. Initial License, Title and Registration Fees ...................................... $
J. Documentary Fee (Not a Government Fee) ...................................... $
K. Other ............................................................................................ $
   ................................................................................................ $
   ................................................................................................ $

   **Gross Capitalized Cost** ................................................................ $

**11** *Estimated Official Fees and Taxes.* The total estimated amount You will pay during the Lease Term for official fees, vehicle registration, certificate of title, license fees and taxes, including personal property tax, whether included with Your Monthly Payment or assessed otherwise, is $_____. The actual total of fees and taxes may be higher or lower depending on the tax rate in effect or the value of the Vehicle at the time a fee or tax is assessed.

**12** *Service Contract.* Although You are not required to do so, You agree to purchase a contract for certain services and repairs of the Vehicle, itemized below. The form of this protection will be _____ from the Lease Date or from the date of Vehicle delivery or until the Vehicle's odometer shows _____ miles, whichever occurs first. If You have declined to purchase this protection, You will be received the terms of the contract which describe the details of this protection and understand a copy of the completed contract will be sent to You as soon as practicable.

NAME AND ADDRESS OF SERVICE CONTRACT PROVIDER

You choose to purchase a Service Contract for $_____ and pay for it during the Lease Term as part of the Monthly Payment. Or You have paid cash for the Service Contract.

LESSOR INITIALS    X _____    CO-LESSOR INITIALS X

**13** *Warranties.* This Vehicle is covered by a limited warranty or extended warranty as indicated below.

☐ Standard New Vehicle Limited Warranty provided by the manufacturer.
☐ Used Vehicle Limited Warranty provided by the manufacturer.
☐ Remainder of Standard New Vehicle Limited Warranty provided by the manufacturer of used Vehicle

You acknowledge that You are leasing the Vehicle from Lessor "AS-IS", EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE. LESSOR MAKES NO PROMISE AS TO THE MERCHANTABILITY, SUITABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OF THE VEHICLE. This means that there is no promise that the Vehicle will be fit for use for any particular purpose or even that it can be used for the normal purpose for which a vehicle is used.

**14** *Insurance Verification.* You must maintain the insurance coverage described in the Vehicle Insurance paragraph. You affirm that such insurance is in force on the date of this Lease. Insurance details are as follows:

My Insurance Company _____
Policy Number _____
Effective Date _____    Expiration Date _____
Agent's Name _____
Agent's Address _____
Phone Number _____
Initials of Dealer Employee who verified insurance coverage X _____
Agency Contact Name and Title _____
You must instruct your Agent to send the Policy, Endorsement or Certificate to

---

tax rate in effect or the value of the Vehicle at the time a fee or tax is assessed.    **VOLKSWAGEN CREDIT, P.O. BOX 650300, COCKEYSVILLE, MD 21065-0300**

**15** *Other Agreements Between You and Lessor.* This space is provided by Lessor to memorialize tradein, tradein and other agreements with You that are not documented elsewhere in the Lease. Except as provided below, You agree that there are no other agreements between You and Lessor relating to the Lease.

**You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You.**

**THERE IS NO COOLING OFF PERIOD**

California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, You cannot later cancel this Lease simply because You change Your mind, decided the Vehicle costs too much, or wish You had acquired a different Vehicle. You may cancel this Lease only with the agreement of the Lessor or for legal cause, such as fraud.

**Notice to Lessee: (1) Do not sign this Lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this Lease; (3) Warning - Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.**

**You acknowledge that You have read this Lease and have been given a filled in copy of this Lease at the time of signing.**

LESSEE SIGNATURE(S)

X _____    X _____

This form is designed to comply with existing laws as of the date printed at the top right of the form. Changes in the law may render this form obsolete. Before using this form, contact Volkswagen Credit to determine if this form is available.

CO-LESSEE SIGNATURE(S)

X _____

The authorized signature of the Lessor has the effect of (1) Accepting the terms and conditions of this Lease, and (2) Assigning to Holder as indicated below all rights, title and interest in and to the Vehicle and this Lease, including all amounts to become due under it, subject to the provisions of the Direct Lease Finance Plan Agreement between Lessor and Holder.

GUARANTY

The undersigned unconditionally guarantees payment to Holder of all liabilities and indebtedness of the above Lessee under the terms of this Lease and full performance under the terms of this Lease. Holder shall not be required to exhaust any recourse or take any action against Lessee before being entitled to payment by the undersigned. If Lessor defaults, Holder shall have the right to pursue any extensions, renewals, modifications or compromises of any indebtedness, variety or obligation under the terms of this Lease without waiving its rights against the undersigned. The undersigned agrees to pay all expenses, including, but not limited to, attorneys' fees and legal expenses incurred by Holder if it has to enforce this Guaranty. The undersigned acknowledges having received a copy of this Lease.

X _____

**THIS LEASE CONTINUES ON THE REVERSE SIDE. PLEASE READ BOTH SIDES FOR TERMS AND CONDITIONS.**

# 2005   new JETTA  Value Edition

Exhibit B

Exterior: Platinum Gray     Interior: Velour Anthracite

**Manufacturer's Suggested Retail Price:**     $17,900.00

STANDARD FEATURES (unless replaced by options)

## PERFORMANCE/HANDLING
- 2.5 liter, 150 horsepower, 170 lbs-ft torque, in-line
  5 cylinder engine, Partial Zero Emissions Vehicle
- Front wheel drive
- Electro-mechanical power steering
- Independent strut front suspension
- ... 4link independent rear suspension
      Slip Regulation (ASR)
- Electronic Differential Lock (EDL)
- Anti-lock Braking System (ABS)
- 195/65/R15 H, all season tires

## SAFETY/DURABILITY
- Driver and front passenger front airbag supplemental
  restraint system
- Driver and front passenger side airbag supplemental
  restraint system
- Side Curtain Protection (TM) head airbags,
  front and rear
- 3-point safety belts, all seating positions
- Lower Anchors and Tethers for CHildren (LATCH)
- Child safety rear door locks
- Daytime running lights
- Height adjustable front safety belts
- Adjustable active front seat head restraints
- Side protection beams
- Front and rear power assisted disc brakes

## COMFORT/CONVENIENCE
- Air conditioning, CFC-free with pollen and dust filter
  ...se control
- Power windows with pinch protection
- Folding key with remote keyless locking
- Power/heatable outside mirrors
- Height adjustable, telescoping steering column
- Center armrest with storage
- Adjustable intermittent front wipers
- Front and rear carpeted floor mats
- Adjustable height and lumbar for front seats
  Split folding rear seat w/ valet lockout
  Dual front visor vanity mirrors
  Front and rear reading lights
  Remote release for fuel filler flap
  Remote release for trunk w/ valet lockout
  Power central locking system

## SPECIAL FEATURES  AT NO CHARGE
- 15" steel wheels with full wheel covers
- In-dash, single CD player
- Anti-theft alarm system for vehicle and radio
- Immobilizer theft deterrent system

### WARRANTY INFORMATION
- Volkswagen New Vehicle Limited Warranty
  4 years/50,000 miles (whichever occurs first)
- Powertrain Limited Warranty
  5 years/60,000 miles (whichever occurs first)
- Limited Warranty against Corrosion Perforation
  12 years/unlimited mileage
      Please ask your dealer for a copy of the
      Volkswagen warranty booklet for details.
          ROADSIDE ASSISTANCE
- 4 years/unlimited mileage
- Provided by a third party supplier

### PACKAGES/OPTIONS

| | |
|---|---:|
| Platinum Gray | No Charge |
| Velour Anthracite | No Charge |
| Splash Guards. (Set Of 4) | $160.00 |
| 5 Speed Manual Transmission | No Charge |

Destination Charge     $615.00

better to get you into a Volkswagen than us?     Volkswagen
                                                  Credit

**Total Price:**     **$18,675.00**
Fuel, license, title fees, taxes and dealer installed
accessories are not included.

**Osahon Omoregie**

Exhibit C
2 pages

| | |
|---|---|
| From: | Falore Nissan - SRIKAR REDDY [sreddy@users.ccleads.com] |
| Sent: | Tuesday, August 30, 2005 11:47 AM |
| To: | Osahon Omoregie |
| Subject: | Re: Your New Vehicle Purchase Request |

Hi Osahon...

Right now we have a Special on leasing 2005 Altima 2.5s Autoamtic.

Here are the details....

Drive off $1999 which includes first month payment.

$199+tax monthly payment for 24 months.

Roughly your payment with tax would be $216 per month and it is 12000 miles per year lease.

This lease offer may end tommorrow. this is special lease from Nissan for 24 months only.


Any questions let me know.

You can reach me on 408-735-6888 or 408-234-4624(cell)

Thanks

REDDY


-----Original Message-----
From: Osahon Omoregie
Sent: August 30, 2005 10:39:45 AM PDT
To: Falore Nissan - SRIKAR REDDY
Subject: Re: Your New Vehicle Purchase Request

Hello Srikar.

Thank you very much for your email. I am actually interested in quotes on how much it would cost to lease this car for either 24 or 36 months. Could you please tell me how much I would need to put down and how much I would then have to pay each month including all applicable fees and tax. I am planning on purchasing a car tomorrow (either an Altima or a comprable care. i.e.. Civic or Corolla) and I would like to determine which dealerships to visit. so your quote would be very helpful. If it helps to determine the quotes my credit rating is 774 on Experian. Please let me know as soon as possible so I can plan accordingly.

Thank you very much.

Osahon Omoregie

*Falore Nissan - SRIKAR REDDY* <                         > wrote:

Dear Osahon,

Thank you for your interest in our new 2005 Nissan Altima, here at Falore Nissan. My name is
SRIKAR REDDY and I am the Fleet Manager. We are committed to providing our Internet consumers
with a simple, efficient and enjoyable shopping experience. Moreover, here at Falore Nissan you can be
assured of receiving the premier service in the Sunnyvale area.

The Altima that you requested is in stock. Our Internet sale price for that vehicle is $$17995+Fees
(After Rebate) plus all applicable taxes and fees as required by law.

When would be the best time for you to see and test drive this vehicle:
Today or tomorrow?
Morning or afternoon?
Appointment time?
Location (dealership/home/office)?

Please let me know at your earliest convenience (via e-mail or phone). Also, please include the two
most convenient phone numbers to reach you at so I can reconfirm this appointment. If I have not heard
from you by the end of business today, I will try to touch base prior to leaving the dealership.

Once again, thank you for your inquiry and for choosing Falore Nissan.

Sincerely,
SRIKAR REDDY
Fleet Manager
408-735-6888

SEP 2, 2005    TITLING INFORMATION              Store 01 FANDIC1  PORT 5009  TITL

**Exhibit D**

```
    1   COMPANY NAME         VW CREDIT INC.
    2      ADDRESS           1401 FRANKLIN BLVD
    3      CITY              LIBERTYVILLE
    4      STATE             IL            5 ZIP 60048
    6      COUNTY

    7   TITLING NAME         VOLKSWAGEN CREDIT
    8      ADDRESS           1401 FRANKLIN BLVD.
    9      CITY              LIBERTYVILLE
   10      STATE             IL           11 ZIP 60048
   12      COUNTY

   13   TITLING LIEN NAME    VOLKSWAGEN CREDIT
   14      ADDRESS           1401 FRANKLIN BLVD.
   15      CITY              LIBERTYVILLE
    5      STATE             IL           17 ZIP 60048
   18      COUNTY


    (LINE#)(M=MODIFY)(F3=PREV)(F4=NEXT)
 SHIFT F1=FKEYS
```

**Exhibit E**

## MY2005 new Jetta Sedan
### Available Leases - July 6 - Sept. 6, 2005

| | new Jetta Value Edition | | new Jetta 2.5L | | new Jetta 2.5L with Package 1 | | new Jetta 2.5L with Package 2 | |
|---|---|---|---|---|---|---|---|---|
| | 49 State | New York | 49 State | New York | 49 State | New York | 49 State | New York |
| MSRP (Base) | $17,900.00 | $17,900.00 | $20,390.00 | $20,390.00 | $22,350.00 | $22,350.00 | $25,050.00 | $25,050.00 |
| Automatic Transmission | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Destination Charges | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 | $615.00 |
| Total MSRP | $18,515.00 | $18,515.00 | $21,005.00 | $21,005.00 | $22,965.00 | $22,965.00 | $25,665.00 | $25,665.00 |
| Customer Down Payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| Invoice | $17,049.00 | $17,049.00 | $18,779.00 | $18,779.00 | $20,569.00 | $20,569.00 | $23,036.00 | $23,036.00 |
| VCI Lease Bonus | $450.00 | $450.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 | $750.00 |
| Memo: Acceptable Gross | $857.00 | $857.00 | $1,611.00 | $1,611.00 | $1,751.00 | $1,751.00 | $2,014.00 | $2,014.00 |
| Dealer Discount | $86.95 | $86.65 | $780.05 | $709.05 | $826.58 | $826.58 | $1,152.27 | $1,152.27 |
| Capitalized Cost | $16,905.34 | $16,906.34 | $18,384.95 | $18,394.95 | $20,116.42 | $20,118.42 | $22,592.73 | $22,592.73 |
| RV % 12K | 55% | 55% | 54% | 54% | 54% | 54% | 54% | 54% |
| Residual Value $ | $10,183.25 | $10,183.25 | $11,342.70 | $11,342.70 | $12,401.10 | $12,401.10 | $13,859.10 | $13,859.10 |
| Term | 36 | 36 | 36 | 36 | 36 | 36 | 36 | 36 |
| Program Rate | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 | 0.00045 |
| Monthly Payment | $199.00 | $199.00 | $209.00 | $209.00 | $229.00 | $229.00 | $259.00 | $259.00 |
| Total Monthly Payments | $7,164.00 | $7,164.00 | $7,524.00 | $7,524.00 | $8,244.00 | $8,244.00 | $9,324.00 | $9,324.00 |
| Down payment | $1,070.00 | $1,070.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 | $1,170.00 |
| 1st month payment | $199.00 | $199.00 | $209.00 | $209.00 | $229.00 | $229.00 | $259.00 | $259.00 |
| Security Deposit | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Acquisition fee | $575.00 | $800.00 | $575.00 | $800.00 | $575.00 | $800.00 | $575.00 | $800.00 |
| Total due at signing | $1,844.00 | $2,069.00 | $1,954.00 | $2,179.00 | $1,974.00 | $2,199.00 | $2,004.00 | $2,229.00 |

Excludes tax, license, and other fees.

Your Credit Report

> **Exhibit F**
> **2 pages**
> **Redacted**

## YOUR CREDIT REPORT

Name:        Omoregie, Osahon
Address:      ██████████████
City, State Zip:  ██████████████

Report #: ██████████████

Date Of Report: 2005-08-29

## CREDIT INFORMATION

Account: ██████████  Acct #: ██████████  Type: ██████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | ██████████████████████████████████████████████████ | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

| Bureau | Days Past Due 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| EFX | | | | 2004-04 | |
| XPN | 0 | 0 | 0 | 2002-12 | |
| TUC | 0 | 0 | 0 | 2004-04 | |

Comments: ██████████████

Account: ██████████  Acct #: ██████████  Type: ██████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | ██████████████████████████████████████████████████ | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |

| Bureau | Days Past Due 30 | 60 | 90+ | History Date | 24 Month History |
|---|---|---|---|---|---|
| EFX | | | | 1999-12 | |
| XPN | 0 | 0 | 0 | 2002-12 | |
| TUC | 0 | 0 | 0 | 2000-08 | |

Comments: ██████████████

Account: ██████████  Acct #: ██████████  Type: ██████████

| Bureau | Tradeline Type | Date Open | High Limit | Mo. Pmnt. | Acct. Bal. | Last Reported | Account Status | Amount Past Due |
|---|---|---|---|---|---|---|---|---|
| EFX | ██████████████████████████████████████████████████ | | | | | | | |
| XPN | | | | | | | | |
| TUC | | | | | | | | |



## CREDIT SCORES

### Your **Equifax** Credit Score



150 [                                                    ] 930

**Your Credit Score Factors**

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Total balance of personal finance accounts is too high
- Not enough bank installment debt experience

### Your **Experian** Credit Score



150 [                                                    ] 930

**Your Credit Score Factors**

- Too many active accounts with balance
- Length of time accounts have been established is too short
- Not enough bank installment debt experience
- Installment account balances too high in proportion to credit limits

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



OSAHON OMOREGIE,

        Plaintiff (s),

   v.

BOARDWALK AUTO CENTER, INC.,
ET AL.,

        Defendant(s).

No. C 07-03884 JCS

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

     IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

     IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/30/2007 | Complaint filed | |
| 10/12/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 10/26/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil _L.R . 16-9 |
| 11/2/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm A, 15th Floor, SF at 1:30 PM | Civil_L.R. 16-10 |

# STANDING ORDER

1.     Civil Law and Motion is heard on Fridays, at 9:30 a.m.  Criminal Law and Motion is heard on Fridays, at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.     Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m.  Case Management Conferences will no longer be recorded, unless requested by the parties.

3.     In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties.  The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4.     Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691.  All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5.     In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters.  After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.  The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc.  Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court.  This Joint Letter shall include a description of every issue in dispute and,

1  with respect to each such issue, a detailed summary of each party's final substantive position

2  and their final proposed compromise on each issue.  Upon receipt of the Joint Letter the Court

3  will determine what future proceedings are necessary.

4

5        6.    In all "e-filing" cases, when filing papers in connection with any motion for

6  determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

7  chambers a printed copy of the papers by the close of the next court day following the day the

8  papers are filed electronically.  **These printed copies shall be marked "Chambers Copy" and**

9  **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

10  **marked with the judge's name, case number and "E-Filing Chambers Copy."  Parties**

11  **shall not file a paper copy of any document with the Clerk's Office that has already been**

12  **filed electronically.**

13

14        7.    Any proposed stipulation or proposed order in a case subject to electronic filing

15  shall be sent by email to **jcspo@cand.uscourts.gov.**  This address is to be used only for

16  proposed orders unless otherwise directed by the Court.

17        IT IS SO ORDERED.

18

19  Dated: May 29, 2007

20

                                                          JOSEPH C. SPERO

21                                                             United States Magistrate Judge

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF RULE DISCONTINUING SERVICE BY MAIL

This is an E-filing case. Pursuant to Local Rule, the Court will no longer serve any counsel by mail. If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.

Dated: May 30, 2003

JOSEPH C. SPERO
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# Exhibit G

**Osahon Omoregie**

---

| | |
|---|---|
| **From:** | Osahon Omoregie [oomoregie@gmail.com] |
| **Sent:** | Thursday, September 06, 2007 10:11 PM |
| **To:** | 'Frontino, Brian' |
| **Subject:** | RE: Omoregie v. Boardwalk Auto Center, Inc., et al. |

I have reviewed your filings further.  It appears that you are clearly attempting to perpetrate a fraud on the court.  I thus have no choice but to seek sanctions against you, your firm, and your client regardless of whether or not you withdraw you filings.

Regards,
Osahon Omoregie

-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Thursday, September 06, 2007 7:00 PM
To: 'Frontino, Brian'
Subject: RE: Omoregie v. Boardwalk Auto Center, Inc., et al.

Mr. Frontino,

You are risking sanction by the court for no apparent reason.  I have records of myself giving you notice that your clients were physically served on 8/14.  I have directed you to the entry in the docket where proof of serve on your clients is noted.  I have read over your recent filings and have seen no mention of either of these facts.  Rule 4(d)(3) (the first line) is quite clear that you are only entitled to extended time to respond if you send in your waiver before you are actually served process.  Additionally, you are filing an opposition to a request for the clerk.  The clerk has no discretion in granting defaults. Again, I must remind you that I did not file a motion.

I am writing you this email as a courtesy.  Please review your actions and discuss them with other members of your firm.  If your filings are timely withdrawn I will not pursue this matter any further.

Regards,
Osahon Omoregie

-----Original Message-----
From: Frontino, Brian [mailto:bfrontino@stroock.com]
Sent: Wednesday, September 05, 2007 5:01 PM
To: Osahon Omoregie
Subject: RE: Omoregie v. Boardwalk Auto Center, Inc., et al.

Mr. Omoregie:

You served the First Amended Complaint in the same manner that you served the Complaint. Thus, the same rules apply until an appearance has been made.

We are not receiving anything from the Court or you.  The response was not due yesterday because I provided you with a Waiver of Service.  I would be glad to come to an agreement with you as to when VW's response to the First Amended Complaint is due, but unless you immediately withdraw your motion, I intend to file an opposition today.  I would hate to start the case off on a negative note like this.  If we are going to be working together to resolve the case, it would be better if we proceed amicably.

1

Let me know how you want to proceed.

Brian C. Frontino, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Direct:      310-556-5943
Fax:  310-556-5959
Email:bfrontino@stroock.com

-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Wednesday, September 05, 2007 1:49 PM
To: Frontino, Brian
Subject: Re: Omoregie v. Boardwalk Auto Center, Inc., et al.

Mr. Frontino,

I thank you for giving me one more opportunity; but the issue is that your clients failed to respond to the First Amended Complaints that were mailed on the 14th, not the summons and complaints that were physically served on them also on the 14th.  Thus, the certificate of service was included in the declaration and the proof of service was not.

The actual proof of service was filed with the court on 8/20. Please check the court docket. Please note that the due date for the response to the complaint was yesterday. Thus, per Rule 15(a), your response to the First Amended Complaint was due yesterday.

Has your firm not been reviewing the docket?

Regards,
Osahon Omoregie

-----Original Message-----
From: "Frontino, Brian" <bfrontino@stroock.com>

Date: Wed, 5 Sep 2007 13:14:43
To:"Osahon Omoregie" <oomoregie@gmail.com>
Subject: RE: Omoregie v. Boardwalk Auto Center, Inc., et al.


Mr. Omoregie:

I have reviewed your Declaration in Support of your Motion for Entry of Default.  As your "Certificate of Service" plainly states, you served VW Credit, Inc. and VW Credit Leasing Ltd. by U.S. Mail, which is not proper service of the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4.  However, we provided you with the Waiver of Service, which gives us until October 8 to respond to the complaint.  I will ask you one more time to withdraw your motion.

Brian C. Frontino, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Direct:      310-556-5943
Fax:  310-556-5959
Email:bfrontino@stroock.com

```
-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Wednesday, September 05, 2007 1:08 PM
To: Frontino, Brian
Subject: Re: Omoregie v. Boardwalk Auto Center, Inc., et al.
```

Mr. Frontino,

Both your clients were served in person on 8/14.  The proof of services
are on file with the court.

Regards,
Osahon Omoregie

```
-----Original Message-----
From: "Frontino, Brian" <bfrontino@stroock.com>

Date: Wed, 5 Sep 2007 13:00:04
To:"Osahon Omoregie" <oomoregie@gmail.com>
Subject: RE: Omoregie v. Boardwalk Auto Center, Inc., et al.
```

Osahon:

You did not serve the Summons and Complaint in person as required by
Federal Rule of Civil Procedure 4.  Rather, you mailed the Summons and
Complaint with a Waiver of Service pursuant to Federal Rule of Civil
Procedure 4(d).  As you know, we completed the Waiver of Service and
sent that to you on August 17, 2007.  Accordingly, defendant VW Credit,
Inc. has 60 days to respond to your complaint, i.e., October 8, 2007.
Fed. R. Civ. Proc. 4(d)(3).  Immediately withdraw your motions for
default, otherwise we will seek all available remedies available to
defendant VW Credit Leasing, Ltd. aka VW Credit, Inc.

Brian C. Frontino, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Direct:     310-556-5943
Fax:   310-556-5959
Email:bfrontino@stroock.com

```
-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Wednesday, September 05, 2007 8:10 AM
To: Frontino, Brian
Subject: Omoregie v. Boardwalk Auto Center, Inc., et al.
```

I am writing to inform you that I have applied to the court to have a
default enter against your client for their favor to timely respond in
the above action.

Regards,
Osahon Omoregie
(917) 805-8309
oomoregie@gmail.com

```
======================================================================
=================================================
IRS Circular 230 Disclosure:  To ensure compliance with requirements
imposed by the IRS in Circular 230, we inform you that any tax advice
contained in this communication (including any attachment that does not
explicitly state otherwise) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
======================================================================
=================================================
```

```
======================================================================
=================================================
IRS Circular 230 Disclosure:  To ensure compliance with requirements
imposed by the IRS in Circular 230, we inform you that any tax advice
contained in this communication (including any attachment that does not
explicitly state otherwise) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.
======================================================================
=================================================
```

```
==============================================================================
==========================
IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS in
Circular 230, we inform you that any tax advice contained in this communication (including
any attachment that does not explicitly state otherwise) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or
matter addressed herein.
==============================================================================
==========================
```

# Exhibit H

## Osahon Omoregie

| | |
|---|---|
| **From:** | U.S._Postal_Service_ [U.S._Postal_Service@usps.com] |
| **Sent:** | Thursday, August 02, 2007 8:10 PM |
| **To:** | oomoregie@gmail.com |
| **Subject:** | USPS Shipment Info for 7005 3110 0002 6685 2932 |

This is a post-only message. Please do not respond.

Osahon Omoregie has requested that you receive a Track & Confirm update, as shown below.

Track & Confirm e-mail update information provided by the U.S. Postal Service.

Label Number: 7005 3110 0002 6685 2932

Service Type: Certified

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | REDWOOD CITY CA 94063 | 08/02/07 10:58am |
| Refused | REDWOOD CITY CA 94063 | 08/02/07 10:57am |
| Acceptance | STANFORD CA 94305 | 07/31/07 11:51am |

Reminder: Track & Confirm by email

Date of email request:  08/01/07

Future activity will continue to be emailed for up to 2 weeks from the Date of Request shown above. If you need to initiate the Track & Confirm by email process again at the end of the 2 weeks, please do so at the USPS Track & Confirm web site at http://www.usps.com/shipping/trackandconfirm.htm

--------------------------------------------------------------------------------

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.


For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm

1



Date: 08/03/2007

Osahon Omoregie:

The following is in response to your 08/01/2007 request for delivery information on your Certified item number 7005 3110 0002 6685 2932. The delivery record shows that this item was delivered on 08/02/2007 at 10:58 AM in REDWOOD CITY, CA 94063. The scanned image of the recipient information is provided below.

Signature of Recipient:

**Delivery Section**

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

# Exhibit I



**Osahon Omoregie <oomoregie@gmail.com>**

# Omoregie v. Boarwalk Auto Center, Inc.

**Osahon Omoregie <oomoregie@gmail.com>**                    **Sat, Aug 18, 2007 at 3:42 AM**
To: Clay Coelho <CCoelho@merrillnomura.com>

Mr. Coelho,

I am sorry, but Boardwalk was served on the 8th, and prior to that their management had refused mail
addressed to their registered agent of service advicing them of this suit; any delay in retaining you was due
solely to their own deliberate negligence. On the 29th of August, I will ask the court clerk to enter a default
judgment against Boardwalk if they have not responded to my complaint.

The proof of service against Boardwalk is currently being filed with the court. You may obtain a copy of it
there.

Regards,
Osahon Omoregie

-----Original Message-----
From: "Clay Coelho" <CCoelho@merrillnomura.com>

Date: Fri, 17 Aug 2007 15:55:45
To:<oomoregie@gmail.com>
Subject: Omoregie v. Boarwalk Auto Center, Inc.


Dear Mr. Omoregie:

 Our office has been retained to represent Boardwalk Auto Center in the above matter. We have just been
provided with a copy of the Complaint filed by you. We do not have a copy of the proof of service. Please fax
a copy of the proof of service to the fax number below. In the meantime, we request a 10 day extension of
time to respond to your Complaint. If that is acceptable to you, please let us know by Monday, August 20,
2007.
 Thank you for your anticipated cooperation.

Clay A Coelho, Esq.
Merrill, Nomura & Molineux, LLP
350 Rose Street
Danville, CA 94526
Phone: (925) 833-1000 ext. 5
Fax: (925) 833-1001
ccoelho@merrillnomura.com <mailto:ccoelho@merrillnomura.com>

[Quoted text hidden]

# Exhibit J



**Osahon Omoregie <oomoregie@gmail.com>**

# Re: Omoregie v. Boardwalk Auto Center, Inc.

**Osahon Omoregie <oomoregie@gmail.com>**                    **Wed, Aug 22, 2007 at 5:42 PM**
To: Clay Coelho <CCoelho@merrillnomura.com>

The court docket shows that both the first amended complaint and the motion to e-file were filed with the court on 8/20. Again, please check with the court before asking me.

-----Original Message-----
From: "Clay Coelho" <CCoelho@merrillnomura.com>

Date: Wed, 22 Aug 2007 14:27:03
To:"Osahon Omoregie" <oomoregie@gmail.com>
Subject: RE: Omoregie v. Boarwalk Auto Center, Inc.


Mr. Omoregie:
    You served on my client a letter attaching a First Amended Complaint with additional counts and prayers for relief. The Court does not show that you have filed the Complaint. It is appropriate for our office to communicate with you regarding the pleadings that you have served on our client.

Clay A Coelho, Esq.
Merrill, Nomura & Molineux, LLP
350 Rose Street
Danville, CA 94526
Phone:  (925) 833-1000 ext. 5
Fax:  (925) 833-1001
ccoelho@merrillnomura.com

CONFIDENTIALITY NOTICE: The information in this e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may concern confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, and have received this communication in error, please contact the sender by reply e-mail and destroy all copies of the original message.

-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Wednesday, August 22, 2007 2:23 PM
To: Clay Coelho
Subject: Re: Omoregie v. Boarwalk Auto Center, Inc.

Please check with the court to determine what has been filed.

At this point, I think it might be best if you only contact me regarding issues which the court requires we discuss or possible settlements offers.

Regards,
Osahon Omoregie

-----Original Message-----
From: "Clay Coelho" <CCoelho@merrillnomura.com>

Date: Wed, 22 Aug 2007 10:39:03

To:"Osahon Omoregie" <oomoregie@gmail.com>
Subject: RE: Omoregie v. Boarwalk Auto Center, Inc.


Mr. Omoregie:
    Thank you for confirming the date of service. We were actually able to confirm the date with the Court. We were just provided with a letter from our client attaching a First Amended Complaint that it appears that you will be filing. Your cover letter mentions a motion for leave to file the Complaint. Do you intend to file such a motion?

Clay Coelho

-----Original Message-----
From: Osahon Omoregie [mailto:oomoregie@gmail.com]
Sent: Saturday, August 18, 2007 2:03 AM
To: Clay Coelho
Subject: Re: Omoregie v. Boarwalk Auto Center, Inc.

Mr. Coelho,

I am sorry, but Boardwalk was served on the 8th, and prior to that their management had refused mail addressed to their registered agent of service advicing them of this suit; any delay in retaining you was due solely to their own deliberate negligence. On the 29th of August, I will ask the court clerk to enter a default judgment against Boardwalk if they have not responded to my complaint.

The proof of service against Boardwalk is currently being filed with the court. You may obtain a copy of it there.

Regards,
Osahon Omoregie

-----Original Message-----
From: "Clay Coelho" <CCoelho@merrillnomura.com>

Date: Fri, 17 Aug 2007 15:55:45
To:<oomoregie@gmail.com>
Subject: Omoregie v. Boarwalk Auto Center, Inc.


Dear Mr. Omoregie:

 Our office has been retained to represent Boardwalk Auto Center in the above matter. We have just been provided with a copy of the Complaint filed by you. We do not have a copy of the proof of service. Please fax a copy of the proof of service to the fax number below. In the meantime, we request a 10 day extension of time to respond to your Complaint. If that is acceptable to you, please let us know by Monday, August 20, 2007.
 Thank you for your anticipated cooperation.

Clay A Coelho, Esq.
Merrill, Nomura & Molineux, LLP
350 Rose Street
Danville, CA 94526
Phone: (925) 833-1000 ext. 5
Fax: (925) 833-1001
ccoelho@merrillnomura.com <mailto:ccoelho@merrillnomura.com>

CONFIDENTIALITY NOTICE: The information in this e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may concern confidential and privileged information. Any

unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, and
have received this communication in error, please contact the sender by reply e-mail and destroy all copies
of the original message.

# Exhibit K



**Osahon Omoregie <oomoregie@gmail.com>**

# Omoregie v. Boardwalk

**Osahon Omoregie <oomoregie@gmail.com>**          **Wed, Sep 5, 2007 at 11:01 AM**
To: jrose@clappmoroney.com, jvucinich@clappmoroney.com

Messiers Rose and Vucinich,

I am writing to inform you that I have applied for a default to be entered against your client for their failure to timely respond to my First Amended Complaint.  I am also putting you on notice that your time to freely respond to that complaint has expired.

Additionally, I have reviewed the answer to my original complaint that your firm prepared for Boardwalk.  It appears that no reasonable investigation was conducted in its preparation, many of the denials were in bad faith, many of affirmative defenses amount to frivolous legal contentions, and it was filed for an improper purpose.  I believe all of this was in violation of FRCP Rule 11.  I am thus planning to move the Court to impose sanctions against both of you, your firm, and your client.

I can serve your firm via email if you consent.  If not, I will serve your firm via regular mail.  Please let me which you prefer.

Regards,
Osahon Omoregie
(917) 805-8309
oomoregie@gmail.com

# Exhibit L

## Motions

3:07-cv-03884-JCS Omoregie v. Boardwalk Auto Center, Inc. et al

ADRMOP, E-Filing, ProSe

U.S. District Court

Northern District of California

### Notice of Electronic Filing or Other Case Activity

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document. *If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at for more information.

---

The following transaction was received from by Omoregie, Osahon entered on 9/5/2007 7:17 AM and filed on 9/5/2007

| | |
|---|---|
| **Case Name:** | Omoregie v. Boardwalk Auto Center, Inc. et al |
| **Case Number:** | 3:07-cv-3884 |
| **Filer:** | Osahon Omoregie |
| **Document Number:** | 10 |

**Docket Text:**
MOTION for Entry of Default *Against Defendant Boardwalk Auto Center, Inc.* filed by Osahon Omoregie. (Omoregie, Osahon) (Filed on 9/5/2007)

**3:07-cv-3884 Notice has been electronically mailed to:**

Osahon Osamuede Omoregie     oomoregie@gmail.com

Jeffrey Michael Vucinich     jvucinich@clappmoroney.com, cgomez@clappmoroney.com, jrose@clappmoroney.com, pco@clappmoroney.com, sharrington@clappmoroney.com

**3:07-cv-3884 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Users\OO\Docs\Boardwalk case\Case\Default entry\Boardwalk\to court\1. Request for Entry of Default.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/5/2007] [FileNumber=3722472-0] [
2801468f4728e6a9d869092993bc4bb45919bd9256cb48420ab969cb5ac09a3a51ba 32
72f77523d0ff8d1ccf70ab3536c17c6539cd3d6625e0206890dae5c2ee]]