Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOARDWALK AUTO CENTER, INC. and ) <br> VW CREDIT LEASING, LTD. and ) <br> VW CREDIT, INC., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 07-cv-03884 PJH <br><br> DECLARATION OF ROBERT HALL |

    1.    I, Robert Hall, declare as follows:

    2.    I am a registered process server independently contracted by S & R Services. My registration number is LA 5181.

    3.    I served copies of the following documents related to this action: Summons, First Amended Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, Standing Order, Notice of Rule Discontinuing Service by Mail, Standing Order for all Judges of the Northern District of California: Consent of Joint Case Management Statement, Notice of Assignment of Case to United States Magistrate Judge for Trial, Consent to Proceed Before a

DECLARATION OF ROBERT HALL - 1

United States Magistrate Judge, Declination to Proceed Before a United States Magistrate Judge and Request for Reassignment to United States District Judge, U.S. District Court Northern California: ECF Registration Information Handout.

4. I personally delivered the documents listed in Paragraph 3 to VW Credit, Inc. by personally delivering them to Margaret Wilson of CT Corp., a person authorized to receive such service of process, on August 14, 2007, at or about 3:05, at 818 West Seventh Street, Los Angeles, California, 90017.

5. I arranged for the proof of service attached as Exhibit A to be provided to Osahon Omoregie.

6. The fee charged for the service was $100.

7. At the time of service I was at least 18 years of age and not a party in this action.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2007.

By: R Hall

Robert Hall

# Exhibit A

OsahonOmoregie
Vs.
Volkswagon Credit, Inc.

## PROOF OF SERVICE

| | |
|---|---|
| DATE 8/14/07 @ 3:05pm | PLACE CT Corp.<br>818 West Seventh Street, Los Angeles, CA 90017 |

**SERVED**
Volkswagon Credit, Inc. by serving Margaret Wilson - Authorized Agent

Personal service

SERVED ON (PRINT NAME)      MANNER OF SERVICE

Robert Hall

Registered Process Server LA # 5181

SERVED BY (PRINT NAME)      TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8/14/07

DATE      SIGNATURE OF SERVER

ADDRESS OF SERVER
851 Cherry Avenue #27-105
San Bruno, CA 94066

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney=s fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.