Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-03884 PJH |
| ) | |
| vs. ) | |
| ) | |
| BOARDWALK AUTO CENTER, INC. and ) | DECLARATION OF OSAHON |
| VW CREDIT LEASING, LTD. and ) | OMOREGIE IN SUPPORT OF |
| VW CREDIT, INC., ) | PLAINTIFF'S MOTION FOR A |
| ) | CONTINUANCE |
| Defendants. ) | |
|  ) | |

I, Osahon Omoregie, declare as follows:

**1.    Reason for Requested Shortening of Time.**

Currently four motions are before the Court, some of which may be dispositive to this case. If the Court were to grant those motions any work performed in preparation and attendance of the Case Management Conference and ADR process would constitute a waste of resources for this Court and all real parties in this action. It would thus be the most efficient allocation of resources to continue the Case Management Conference, the Case Management Statement, and

the ADR requirements to some point after the hearing scheduled for November 14, 2007. If it becomes necessary to reschedule the Case Management Conference, the Case Management Statement, and the ADR requirements, such a rescheduling could be done on or after the date on which the motions are decided.

## 2. **Efforts Made to Obtain a Stipulation to the Time Change.**

On October 25, 2007, I received a notice regarding noncompliance with a Court Order from the Clerk of this Court. The notice stated that all parties had failed to file an ADR Certificate, and either a Stipulation and [Proposed] Order Selecting an ADR Process or a Notice of Need for an ADR Phone Conference as required by the Initial Case Management Scheduling Order. Upon receiving notification of our noncompliance, I immediately emailed opposing counsel pursuant to the notice to schedule a time when we could meet and confer.[1] After considering the matter further, I realized that it would be more efficient and less potentially wasteful, if the Case Management Conference, the Case Management Statement, and the ADR requirements were continued until after the hearing scheduled for November 14, 2007. I then sent counsels another email asking for a stipulation to continue the hearing. Brian Frontino, counsel for VW Credit, Inc. and VW Credit Leasing, Ltd., did not respond. Patrick Co, counsel for Boardwalk Auto Center, Inc., agreed to a continuance of the Case Management Conference to November 14, 2007, to coincide with the scheduled hearings. I informed him that this would still result in the required expenditure of resources before November 14, 2007, which could constitute a waste if some of the motions were granted. Mr. Co did not respond further. I,

---

[1] As a result of allegations of various levels of misconduct and deceit being claimed against the counsels for all three defendants and against me, I have been reluctant to directly contact opposing counsel and have begun the process of obtaining representation. I have currently not obtained representation. I, however, wished not to be in noncompliance with a Court Order, so I immediately contacted opposing counsel.

therefore, was not able to obtain a stipulation to have the above continued until after the hearings.

**3. <u>Substantial Harm or Prejudice That Would Occur If the Court Did Not Change the Time</u>.**

If the Court were not to grant these continuances, it would result in the possible wasting of resources for the Court and all real parties to this action. If the motions scheduled to be heard on November 14, 2007 are granted, it would result in all work in preparation and attendance of the Case Management Conference and ADR process constituting a waste.

**4.     i. <u>Compliance with 37-1 (a)</u>.**

This motion does not involve an underling motion involving disclosure or discovery disputes, so therefore Civil L.R. 37-1 (a) is inapplicable.

**ii. <u>Nature of the Underlying Motion and Positions of Parties</u>**.

This motion does not involve the rescheduling of an underlying motion.

**5.    <u>Previous Time Modifications</u>.**

Two previous motions that were incorrectly noticed for 9:30 a.m., a motion to direct the clerk to enter defaults and a motion for sanctions, were re-noticed to November 7, 2007 at 9:00 a.m. The Court by order has moved these two motions to November 14, 2007. Currently before the Court is a motion to hear a motion for Rule 11 sanctions on November 14, 2007.

**6.    <u>Effect the Requested Time Modification Would Have on the Schedule for the Case</u>.**

No schedule has been set for this case, thus this requested time modification would have no effect on the schedule of the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2007.

By: /s/ Osahon Omoregie

Pro Se