UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSAHON OMOREGIE,

    Plaintiff,

        v.

BOARDWALK AUTO CENTER, INC. and
VW CREDIT LEASING, LTD. and
VW CREDIT, INC.,

    Defendants.
_____/

No. C 07-3884 PJH

**ORDER DENYING PLAINTIFF'S MOTION TO ORDER THE CLERK TO ENTER DEFAULT, MOTIONS FOR SANCTIONS, AND MOTION TO STRIKE**

    Pro se plaintiff Osahon Omoregie's ("Omoregie") motions for orders directing the court clerk to enter default against all defendants, sanctioning defendants VW Credit Leasing, Inc. and VW Credit, Inc. (collectively "VW"), imposing Rule 11 sanctions upon defendant Boardwalk Auto Center, Inc. ("Boardwalk"), and striking Boardwalk's answers came on for hearing on November 14, 2007. Plaintiff Omoregie did not appear at the scheduled hearing. Defendant Boardwalk appeared by its counsel Patrick R. Co and defendant VW appeared by its counsel Brian C. Frontino.

    Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court DENIES

plaintiff's motions, for the reasons stated at the hearing, and summarized as follows:

   1.   The court DENIES the motion to direct the clerk to enter default against all defendants because the court finds that both Boardwalk and VW clearly manifested their intent to defend against plaintiff's complaint. Wilson v. Moore Assocs., Inc., 564 F.2d 366, 369 (9th Cir. 1977) ("The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit"). Moreover, judgments by default are disfavored, and the purpose of default is to protect diligent parties from delay and uncertainty caused by unresponsive parties. See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 689 (9th Cir. 1988). Here, the delay was de minimis and no uncertainty as to defendants' intent to participate in this litigation has been shown.

   2.   The court DENIES the motion for sanctions. The court finds that defendants VW acted in good faith in defending the action. Therefore, the omissions of fact or misstatements of law complained of did not rise to the level of bad faith required for the court to invoke its inherent power to sanction. United States v. Stoneberger, 805 F.2d 1391, 1392 (9th Cir. 1986) ("A specific finding of bad faith, however, must "precede any sanction under the court's inherent powers") (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)).

   3.   The court DENIES the motion for Rule 11 sanctions. The court will treat Boardwalk's proposed amended answer submitted with its opposition papers as an amended pleading for the purposes of Rule 11. Thus, the court finds that defendant Boardwalk corrected its answer within the 21 day safe harbor period provided by Rule 11. The court further orders that the proposed amended answer may be filed.

   4.   The court DENIES the motion to strike defendant Boardwalk's answer. The court finds that Boardwalk's denials, based on a lack of information or belief formed after a reasonable inquiry, were reasonable given the circumstances, and the short time frame

within which to answer. The court further finds that although they may fail on the merits, Boardwalk's affirmative defenses are sufficiently pleaded.

**IT IS SO ORDERED.**

Dated: November 15, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge