Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOARDWALK AUTO CENTER, INC. and ) <br> VW CREDIT LEASING, LTD. and ) <br> VW CREDIT, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 07-cv-03884 PJH <br><br> CASE MANAGEMENT <br> STATEMENT |

    Pursuant to Civil L.R. 16-9, Plaintiff and Defendants, through their counsels of record, attempted to file a Joint Case Management Statement; however, Plaintiff was unable, despite his reasonable efforts, to obtain the cooperation of Defendants' counsels. Pursuant to Civil L.R. 16-9(a), a declaration has been attached describing the conduct of Defendants' counsels.

CASE MANAGEMENT STATEMENT- 1

1. **Jurisdiction and Service**

This Court has jurisdiction over this action because the Equal Credit Opportunity Act, 15 U.S.C. '1691 et seq. (2007) ("ECOA") arises under the laws of the United States and all claims in this complaint arise from a common nucleus of operative facts.

No issues exist regarding personal jurisdiction or venue.

Plaintiff may upon further discovery ask for leave to attach additional defendants to his complaint; therefore, service of those defendants would be necessary.

2. **Facts**

Plaintiff leased a Volkswagen Jetta from Defendant Boardwalk on September 2, 2005. The lease was financed by Defendants Volkswagen upon the referral of Boardwalk. Plaintiff contends that an employee of Boardwalk, Mourad Zemmama, knowingly and willfully committed fraud in misrepresenting the availability of a special promotional offer available through Volkswagen. Plaintiff contends that Mr. Zemmama stated that Volkswagen was not offering such a special promotional offer on any Volkswagen Jetta. Plaintiff contends that the interest rate and other terms of his lease were significantly inferior to the interest rate and terms held out to similarly situated members of the public. Plaintiff contends that Boardwalk is liable for the fraud that occurred. Plaintiff contends that Volkswagen is liable for aiding and abetting the fraud that occurred. Plaintiff contends that he was eligible for the interest rate available under the special promotional offer. Plaintiff contends that all three defendants are creditors under the ECOA. Plaintiff contends that all three defendants discriminated against Plaintiff in the credit transaction involved in the lease in violation of the ECOA.

3.  **Legal Issues**

Plaintiff's Contentions

1) To establish liability for aiding and abetting fraud, Plaintiff must show that Defendants Volkswagen either:

    a) had sufficient knowledge of the relevant facts to put a prudent person on inquiry that a fraud was being committed and received the fruits of that fraud;

    b) had knowledge that Boardwalk's actions constituted a breach of duty and gave Boardwalk substantial assistance or encouragement; or

    c) gave Boardwalk substantial assistance in accomplishing the tortuous result and Volkswagen's own actions, separately considered, constituted a breach of duty to Plaintiff.

2) Damages for mental anguish, humiliation and embarrassment are recoverable under the ECOA.

3) Under the ECOA, once a plaintiff has established a prima facie case of discrimination, the Defendants will then have the burden of putting forth a non-discriminatory business reason for their actions.

4) To establish a prima facie case of discrimination Plaintiff need only show either:

    a) i) Plaintiff was a member of a protected class and Defendants are creditors under the ECOA, ii) that Plaintiff was discouraged from apply for a credit term or denied a credit term by Defendants, iii) that Plaintiff was qualified for the credit term, and that despite Plaintiff's qualification, Defendants discouraged the Plaintiff from obtaining the credit term or denied him the credit term, or

    b) demonstrate that Defendant's actions or policies had a disparate effect on either of the protected classes to which the Plaintiff belongs.

 5) Under the ECOA, liability can be established as to a defendant even without a showing of a specific intent to discriminate.

 6) Under the ECOA, a non-delegable duty to not discriminate is placed on all creditors involved in a credit transaction.

4. **Motions**

 There are no motions currently pending.  Plaintiff plans to file dispositive motions. Plaintiff may motion the Court for costs of service from Defendants Boardwalk and VW Credit, Inc.

5. **Amendment of Pleadings**

 Plaintiff plans to ask the Court for leave to amend his complaint to include additional theories of liability against Defendants.

 Additionally, upon further discovery, Plaintiff may ask for leave to amend his complaint to attach additional defendants.

6. **Evidence Preservation**

 Not applicable.

7. **Disclosures**

CASE MANAGEMENT STATEMENT- 4

The parties have not yet made their initial disclosures. The parties have agreed to serve initial disclosures by December 21, 2007.

8. **Discovery**

There has been no discovery to date by any party.

9. **Class Actions**

There are no class certification hearings anticipated at this time.

10. **Related Cases**

None.

11. **Relief**

Plaintiff seeks to recover his costs incurred under obligations imposed by the lease in the amount currently in excess of $9691.96.

In addition, plaintiff seeks $4,000,000.00 in damages as a result of mental anguish, humiliation, and embarrassment.

12. **Settlement and ADR**

Plaintiff has indicated a preference for non-binding arbitration or mediation and Defendants have indicated a preference for mediation if ADR is agreed to.

13. **Consent to Magistrate Judge for All Purposes**

Plaintiff has consented to proceed before a magistrate.

The Defendants have not consented to the assignment of this case to a United States Magistrate Judge for trial.

14. **Other References**

The case is not suitable for reference to binding arbitration, special master, or the judicial panel on multi-district litigation.

15. **Narrowing of Issues**

None at this time.

16. **Expedited Schedule**

The parties do not request expedited scheduling.

17. **Scheduling**

Plaintiff proposes the following schedule:

a) Discovery cut-off shall be on June 30, 2008.

b) Date of designation of experts shall be July 1, 2008.

c) October 1, 2008 as the date to hear dispositive motions.

d) Pre-Trial Conference shall be held on November 23, 2008.

e) The trial shall be set for November 24, 2008.

18. **Trial**

CASE MANAGEMENT STATEMENT- 6

All parties demand a jury trial.

19. **Disclosure of Non-Party Interested Entities or Persons**

No other persons or entities are required to be disclosed by the parties at this time.

20. **Other matters**

None.

Respectfully submitted,

By: /s/ Osahon Omoregie

Pro Se

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that service of the foregoing Case Management Statement and declaration were made upon the following counsels through the Electronic Filing System on the 13th day of December, 2007.

Jeffrey Michael Vucinich
Clapp Moroney Bellagamba & Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066

Joshua W. Rose
Clapp Moroney Bellagamba and Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066

Lisa Marie Simonetti
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086

Brian C. Frontino
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086

                                            By: /s/ Osahon Omoregie

                                            Osahon Omoregie
                                            42 Otsego Ave.
                                            New Rochelle, NY 10804