Osahon Omoregie
42 Otsego Ave.
New Rochelle, NY 10804
(917) 805-8309
(413) 803-5514 (FAX)
oomoregie@gmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| OSAHON OMOREGIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-cv-03884 PJH |
| | ) | |
| vs. | ) | |
| | ) | |
| BOARDWALK AUTO CENTER, INC. and | ) | DECLARATION OF OSAHON |
| VW CREDIT LEASING, LTD. and | ) | OMOREGIE |
| VW CREDIT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1.      I, Osahon Omoregie, declare as follows:

2.      I am the Plaintiff in this action.

3.      As of 8:03 PM Eastern Standard Time, all parties were working towards filing a Joint Case Management Statement.  Exhibits A, B, and C document our joint efforts to produce a Joint Case Management Statement.

4.      From 8:03 PM Eastern Standard Time to the filing of this declaration (approximately 1:30 AM Eastern Time), I have not been able to contact any of the counsels for Defendants.  Exhibit C documents my efforts to contact Defendants' counsels.

5.      At 11:26 PM Eastern Standard Time, I place calls to the offices of all Defendants' counsels.  I was not able to get in contact with any of Defendants' counsels.

6.      At 11:47 PM Eastern Standard Time, I also emailed all the attorney's on the ECF distribution list for this case that represent Defendants.  I appraised all of them of the situation; however, I as of the filing of this declaration, I have not received word from any of those contacted.

7.      I have filed the attached Case Management Statement now in order to ensure that it is timely filed and to remain compliant with the Clerk's Notice dated November 14, 2007 and Civil Local Rules.

8.      I believe that I have made reasonable efforts to file a Joint Case Management Statement with Defendants' counsel.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on December 13, 2007.

By: /s/ Osahon Omoregie

Pro Se

# Exhibit A



**Osahon Omoregie <oomoregie@gmail.com>**

# Omoregie v. Boardwalk

**Osahon Omoregie <oomoregie@gmail.com>**        **Wed, Dec 5, 2007 at 2:35 PM**
To: "Frontino, Brian" <bfrontino@stroock.com>

Thank you for letting me know.

On 12/5/07, Frontino, Brian <bfrontino@stroock.com> wrote:
> Mr. Omoregie:
>
> I am reviewing the CMS now.  We will send it over shortly.
>
> Brian
>
> -----Original Message-----
> From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> Sent: Wednesday, December 05, 2007 11:31 AM
> To: Frontino, Brian
> Cc: Patrick R. Co
> Subject: Re: Omoregie v. Boardwalk
>
> I inadvertently wrote ADR instead of arbitration; for that, I
> apologize.  My goal was to see what your positions were so that we
> could move forward.  Though, I disagree with what you have both said,
> it is rather pointless getting into an argument over what was said on
> the call; the odds are it was just a matter of miscommunication.  I
> originally meant to confirm that Mr. Co's email was a declination to
> proceed in nonbinding arbitration, not to start an argument.
>
> As to the location of my deposition, I think it is best that we try to
> avoid taking hard line positions that only serve to antagonize the
> other side and be open to making arrangements that are mutually
> convenient.  My statement that we can discuss the location of my
> deposition later was in that spirit.
>
> Additionally, I still need to know if you will be able to send me the
> CMS today.  If not, please let me know when you will send it, so I can
> plan accordingly.  It is not a big deal if you cannot send it today,
> however, keep in mind that we are approaching Judge Hamilton's
> deadline for submitting it.  If we will have trouble filing it on
> time, then it is best we let her know sooner rather than later.
>
> On 12/5/07, Frontino, Brian <bfrontino@stroock.com> wrote:
> > Mr. Omoregie:
> >
> > Mediation is a form of ADR, and I agree with Mr. Co.  He and I both
> > stated that we would be willing to participate in a meaningful
> > mediation, which you said you would not do.  You said you would
> > participate in non-binding arbitration only.  I responded that my
> client
> > more likely would be willing to participate in binding than
> non-binding
> > arbitration.  You indicated at that time, as you have below, that you

> > would not be willing to participate in binding arbitration.
> >
> > If I am understanding what the parties' positions are at this point,
> we
> > are in agreement that mediation is a possible form of ADR in which we
> > all are willing to participate.  I will have to confirm this with my
> > client, however.
> >
> > Your deposition will take place in the Northern District of
> California,
> > as that is where you have filed the case.  It is just a matter of
> when.
> >
> > Brian C. Frontino, Esq.
> > Stroock & Stroock & Lavan LLP
> > 2029 Century Park East, Suite 1800
> > Los Angeles, California 90067
> > Direct: 310-556-5943
> > Fax:   310-556-5959
> > Email:  bfrontino@stroock.com
> >
> > -----Original Message-----
> > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > Sent: Wednesday, December 05, 2007 10:33 AM
> > To: Patrick R. Co
> > Cc: Frontino, Brian
> > Subject: Re: Omoregie v. Boardwalk
> >
> > I am asking you both to take a definitive position on ADR and
> mediation.
> > Mr. Co, your position on mediation, but not ADR, is clear. I am open
> to
> > both; however, I would not like to participate in binding arbitration.
> >
> > We all stated on the call that we needed to see initial disclosures
> > before we could determine what we need from discovery in any detail.
> >
> > I will provide you with possible dates that I am available for
> > deposition when I am able; most likely after the CMC. We can discuss
> the
> > location of the deposition at that time.
> >
> > Sent via BlackBerry by AT&T
> >
> > -----Original Message-----
> > From: "Patrick R. Co" <PCo@clappmoroney.com>
> >
> > Date: Wed, 5 Dec 2007 10:06:11
> > To:"Osahon Omoregie" <oomoregie@gmail.com>
> > Cc:"Frontino, Brian" <bfrontino@stroock.com>
> > Subject: RE: Omoregie v. Boardwalk
> >
> >
> > Mr. Omoregie,
> >
> > That is the first time I have ever heard a plaintiff a characterize a
> > willingness to participate in mediation as a declination to
> participate

> > in ADR.  Moreover, my notes from our discussion and my recollection is
> > quite vivid with respect to your decision during the conference to not
> > participate in mediation.  It is quite vivid, because I believe that
> is
> > the only time I have ever heard a plaintiff not want to mediate. As I
> > stated during the conference and repeated a few minutes ago in my
> > e-mail, we are agreeable to a meaningful mediation.
> >
> > With respect to discovery, please outline your discovery plan in the
> > proposed CMC Statement.
> >
> > Also, please provide us with dates for your deposition hear in
> > California.  We can use our offices here in San Bruno.
> >
> >
> > -----Original Message-----
> > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > Sent: Wednesday, December 05, 2007 9:55 AM
> > To: Patrick R. Co
> > Cc: Frontino, Brian
> > Subject: Re: Omoregie v. Boardwalk
> >
> > Mr. Co, in response to your email please see below.
> >
> > 6) I directed both you and Mr. Frontino to page 12 (and fn. 11) of my
> > reply to Boardwalk's oppositions.  You both stated you would review
> the
> > law discussed on that page and get back to me.
> >
> > 3) Please see point two of my first email.
> >
> > 7) Neither you nor Mr. Frontino gave me a definitive statement on ADR.
> >  I will take your last email as a declination to participate in ADR.
> > I never stated that I was not amendable to mediation; I only stated
> that
> > I desired to participate in ADR and expressed no view on mediation.  I
> > am open to mediation.
> >
> > 5) I am not comfortable with your revised deadline.  I am planning to
> > ask for quite a bit of discovery and your new proposed deadline will
> > most likely not work.
> >
> > On 12/5/07, Patrick R. Co <PCo@clappmoroney.com> wrote:
> > >  Actually,
> > >
> > > My understanding was a bit different.
> > >
> > > 6) You were to provide us with a proposed Statement regarding issues
> > > of law; we agreed to review your understanding of the law as applied
> > > to this case, and after an opportunity to review the relevant
> > > authority, would let you know if there were any disagreements.
> > >
> > > 3) I believe that you had agreed to disclose all required
> information
> > > pursuant to Rule 26 as well.
> > >
> > > 7) We were not agreeable to an arbitration as you suggested; we
> > > suggested mediation, but you were not agreeable to mediation.

> > >
> > > 5) I've revised the deadlines somewhat, which you will see upon your
> > > receipt of the proposed CMC Statement.  In reviewing the case
> further,
> >
> > > its fairly straightforward and uncomplicated, and should not require
> a
> >
> > > prolonged discovery period.  I don't believe I'm being too
> optimistic
> > > by proposing an April and May discovery cut off.
> > >
> > > -----Original Message-----
> > > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > > Sent: Wednesday, December 05, 2007 9:01 AM
> > > To: Frontino, Brian; Patrick R. Co
> > > Subject: Omoregie v. Boardwalk
> > >
> > > I would like to confirm my understanding of what was decided during
> > > our conference call on Friday. Below, please find my understanding
> of
> > > the results of that call listed in seven points.  If your
> > > understanding differs in any way please let me know.  Additionally,
> > > please let me know if you will be able to provide the draft of the
> CMS
> > to me today.
> > >
> > > 1) By yesterday, Tuesday December 4, 2007, Mr. Frontino would
> forward
> > > me a draft of the CMS that both of you had agreed on.
> > >
> > > 2) Initial disclosures would be made on the statutory deadlines and
> > > include all that is statutorily required.
> > >
> > > 3) Both of your initial disclosures to me would include the names
> and
> > > relevant information for every individual in the employment of your
> > > clients that I came into contact with or that handled my case.
> > >
> > > 4) I would let you know when I was available for a deposition.
> > >
> > > 5) Deadlines: June 30, 2008 for all discovery; August, 2008 for all
> > > motions; beginning of November, 2008 as trial date.
> > >
> > > 6) You both would indicate if you believed our understandings
> differed
> >
> > > as to any points of law.
> > >
> > > 7) You both would inform me if your clients desired to participate
> in
> > > ADR.
> > >
> > > Again, please let me know if your understanding differed in any
> > respect.
> > >
> > > Regards,
> > > Osahon Omoregie

```
> > >
> >
> >
> ======================================================================
> ==========================================
> > IRS Circular 230 Disclosure:  To ensure compliance with requirements
> imposed by the IRS in Circular 230, we inform you that any tax advice
> contained in this communication (including any attachment that does not
> explicitly state otherwise) is not intended or written to be used, and
> cannot be used, for the purpose of (i) avoiding penalties under the
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another party any transaction or matter addressed herein.
> >
> ======================================================================
> =========================================
> >
> >
>
>
> =======================================================
=======================================================
> IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS in Circular 230,
we inform you that any tax advice contained in this communication (including any attachment that does not
explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.
> =======================================================
=======================================================
>
>
```

# Exhibit B



**Osahon Omoregie <oomoregie@gmail.com>**

# Omoregie v. Boardwalk

**Osahon Omoregie <oomoregie@gmail.com>**                    **Mon, Dec 10, 2007 at 12:36 PM**
To: "Patrick R. Co" <PCo@clappmoroney.com>, "Frontino, Brian" <bfrontino@stroock.com>

Please find attached a pdf version of my additions to the CMS (it is
the same as the word version I sent last week).  Also, please find
below the text of that attachment.  Please let me know if you have any
further questions.

Regards,
Osahon

Plaintiff's additions to CMS

1. Jurisdiction and Service
[Please add to the end of this section.]

Plaintiff has indicated that he may upon further discovery attach
additional defendants to his complaint; therefore, service of those
defendants would be necessary.


2. Facts
[Please replace this with what is presently under Plaintiff's description.]

Plaintiff leased a Volkswagen Jetta from Defendant Boardwalk on
September 2, 2005.  The lease was financed by Defendants Volkswagen.
Plaintiff contends that an employee of Boardwalk, Mourad Zemmama,
knowingly and willfully committed fraud in misrepresenting the
availability of a special promotional offer available through
Volkswagen.  Plaintiff contends that Mr. Zemmama stated that
Volkswagen was not offering such a special promotional offer on any
Volkswagen Jetta.  Plaintiff contends that the interest rate and other
terms of his lease were significantly inferior to the interest rate
and terms held out to similarly situated members of the public.
Plaintiff contends that Boardwalk is liable for the fraud that
occurred.  Plaintiff contends that Volkswagen had sufficient knowledge
of the relevant facts to put a prudent person on inquiry that a fraud
was being committed and received the fruits of that fraud, and are
thus liable for aiding and abetting the fraud that occurred.
Plaintiff contends that he was eligible for the interest rate
available under the special promotional offer.  Plaintiff contends
that all three defendants are creditors under the ECOA.  Plaintiff
contends that either by a) hiding the existence of the interest rate
available under the special promotional offer through fraud, and/or b)
not extending Plaintiff the same interest rate held out to similarly
situated members of the public, all three defendants discriminated
against Plaintiff in the credit transaction involved in the lease in
violation of the ECOA.


3. Legal Issues

[Please add these under Plaintiff's contentions. If you do not agree with them, then please state where you take issue under Defendants' contentions.]

1) It is Plaintiff's contention that to establish liability for aiding and abetting fraud, Plaintiff must show that Defendants Volkswagen had sufficient knowledge of the relevant facts to put a prudent person on inquiry that a fraud was being committed and received the fruits of that fraud.

2) It is Plaintiff's contention that damages for mental anguish, humiliation and embarrassment are claimable under the ECOA.

4) It is Plaintiff's contention that under the ECOA, once plaintiff has established a prima facia case of discrimination, the Defendants will then have the burden of putting forth a non-discriminatory business reason for their failure to extend the same credit terms to Plaintiff that were held out to similarly situated members of the public. Chiang v. Veneman, 385 F.3d 256 (3d Cir. 2004).

4) It is Plaintiff's contention that under the ECOA, liability can be established as to a defendant even without a showing of a specific intent to discriminate. Miller v. American Express, 688 F.2d 1235, 1239 (9th Cir. 1982).

5) It is Plaintiff's contention that under the ECOA, motor vehicle financing corporations cannot avoid liability under the ECOA by delegating aspects of financing transaction to their dealers. Coleman v. GMAC, 196 F.R.D. 315 (M.D. Tenn. 2000).

4. Motions
[Please add.]

Plaintiff plans to file dispositive motions. Plaintiff may motion the Court for costs of service from Defendants Boardwalk and VW Credit, Inc.

5. Amendment of Pleadings
[Please add.]

Upon further discovery, Plaintiff may amend his complaint to attach additional defendants.

6. Evidence Preservation
[Please add.]

Plaintiff has complied with evidence preservation by maintain his credit report from August 30, 2005.

11. Relief
[Please take out the section on punitive damages sort by Plaintiff.]

12. Settlement and ADR
[I have not agreed to what would be required before mediation can
occur.  Please take this out or say that, "The Defendants anticipate
the following discovery...."]


13. Consent to Magistrate Judge for all Purposes
[Please add.]

Plaintiff has consented to proceed before a magistrate.


17. Scheduling
[Please go back to the schedule that we all agreed to on the call.]

June 30, 2008 as the deadline for all discovery; August, 2008 for all
motions; beginning of November, 2008 for the trial.


19. Disclosure of Non-Party Interested Entities or Persons
[I believe that VW Credit, Inc. will have to disclosure its parent and
their parent's identity.]

On 12/10/07, Patrick R. Co <PCo@clappmoroney.com> wrote:
>  Dear Mr. Omoregie,
>
> I cannot open your attachment.  Please send in either pdf, word,
> wordperfect, or fax it to your office.
>
> -----Original Message-----
> From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> Sent: Friday, December 07, 2007 10:49 AM
> To: Patrick R. Co; Frontino, Brian
> Subject: Re: Omoregie v. Boardwalk
>
> Please find attached my additions to the CMS.  I am sure it goes without
> saying, but please DO NOT submit the CMS on my behalf without my
> explicit  authorization, which I will give once I have seen the final
> version, and of course without my signature.
>
> After reading your description of my factual contentions, I have
> realized that there may be a misunderstanding as to what I am alleging.
> Please review the changes I have made, and if you are still not sure
> what the allegations against your clients are, please feel free to email
> or call me.
>
> I do not think that it is helpful to play games with the CMS document or
> to take over a day to respond to requests to provide alternate versions
> of the document, especially when the deadline for filing it is less than
> a week away.  Once you have incorporated my changes and made your own,
> please send me a word version of the document.  If I need to make any
> additional changes, I will find a way to clearly identify my changes so
> that you will not have to review the whole document.  The purpose of the
> CMS is just to make sure that we are all on the same page, and I believe
> jointly filing it will go a long way to making sure of that.  That said,
> if either of your clients wish not to jointly file, it is better that
> you let me know now rather than later.  You have both stated that your

> clients wish to jointly file, but your actions of late have giving me
> cause to doubt this.
>
> Also, please try to avoid sending me your changes on the day that the
> CMS is due.  This will only making it more difficult and possibly
> impossible for us to either jointly file or file on time.
>
> Regards,
> Osahon Omoregie
>
>
> On Dec 7, 2007 12:14 PM, Patrick R. Co <PCo@clappmoroney.com> wrote:
> >  Mr. Omoregie,
> >
> > I had sent you the pdf so that I could make any further changes you
> > needed to the statement without having to review the entire statement
> > again.  You can make the changes and fax your proposed changes to our
> > office, or make handwritten changes on a hard copy, and pdf it back to
> >
> > me by email.
> >
> > -----Original Message-----
> > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> >
> > Sent: Wednesday, December 05, 2007 6:14 PM
> > To: Frontino, Brian
> > Cc: Patrick R. Co
> > Subject: Re: Omoregie v. Boardwalk
> >
> > Are either of you two going to be able to send me a word version of
> > this document tonight? If not, please send me one tomorrow.
> >
> > Sent via BlackBerry by AT&T
> >
> > -----Original Message-----
> > From: "Osahon Omoregie" <oomoregie@gmail.com>
> >
> > Date: Wed, 5 Dec 2007 20:42:23
> > To:"Frontino, Brian" <bfrontino@stroock.com> Cc:"Patrick R. Co"
> > <PCo@clappmoroney.com>
> > Subject: Re: Omoregie v. Boardwalk
> >
> >
> > I have just noticed that this document is in pdf format.  Can you
> > please send me a word version so that I can make edits.
> >
> > On Dec 5, 2007 6:06 PM, Frontino, Brian <bfrontino@stroock.com> wrote:
> > > Yes.  I have not yet reviewed your legal analysis in your brief
> > > again
> > in order to fill in the legal contentions section of the statement.
> > You should review the other points, however, and let us know.
> > >
> > > -----Original Message-----
> > > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > > Sent: Wednesday, December 05, 2007 3:03 PM
> > > To: Patrick R. Co; Frontino, Brian
> > > Subject: Re: Omoregie v. Boardwalk
> > >

> > >
> > > Is this the version from both of you?
> > >
> > > Sent via BlackBerry by AT&T
> > >
> > > -----Original Message-----
> > > From: "Patrick R. Co" <PCo@clappmoroney.com>
> > >
> > > Date: Wed, 5 Dec 2007 14:57:17
> > > To:"Osahon Omoregie" <oomoregie@gmail.com>
> > > Subject: Omoregie v. Boardwalk
> > >
> > >
> > > The proposed CMC Statement. Please provide us with your input.
> > >
> > > Patrick R. Co, Esq.
> > > Clapp, Moroney, Bellagamba and Vucinich
> > > 1111 Bayhill Drive, Suite 300
> > > San Bruno, California 94066
> > > 650-989-5400
> > > (fax)650-989-5499
> > >
> > >
> > >
> > ================================================================
> > == ============================================
> > > IRS Circular 230 Disclosure:  To ensure compliance with requirements
> > imposed by the IRS in Circular 230, we inform you that any tax advice
> > contained in this communication (including any attachment that does
> > not explicitly state otherwise) is not intended or written to be used,
>
> > and cannot be used, for the purpose of (i) avoiding penalties under
> > the Internal Revenue Code or (ii) promoting, marketing or recommending
>
> > to another party any transaction or matter addressed herein.
> > >
> > ================================================================
> > == ============================================
> > >
> > >
> >
>

---

   **Plaintiff's additions.pdf**
   13K

# Exhibit C



**Osahon Omoregie <oomoregie@gmail.com>**

# Omoregie v. Boardwalk; Volkswagen

**Osahon Omoregie <oomoregie@gmail.com>**                    **Thu, Dec 13, 2007 at 11:47 PM**
To: "Patrick R. Co" <PCo@clappmoroney.com>, "Frontino, Brian" <bfrontino@stroock.com>
Cc: lsimonetti@stroock.com, jvucinich@clappmoroney.com, cgomez@clappmoroney.com,
jrose@clappmoroney.com, sharrington@clappmoroney.com

Mr. Co and Mr. Frontino,

I just called both your offices, but unfortunately I was not able to
reach either of you.

I need to know whether your firms intent to jointly file the Case
Management Statement with me on your clients' behaves.  Today is the
deadline.  You have both earlier expressed your clients' desires to
jointly file (and we have a completed CMS document).  I have
previously requested that you notice me of your intentions.  I am now
cc'ing the other attorneys in your firm that are listed on the ecf
distribution list in the hopes that someone from either of your firms
will be able to respond.

Please let me know if your firms intend to jointly file the CMS with
me tonight.  If I do not hear from anyone in your firms before 12:30
am Eastern Time, I will have no choice but to assume that you do not
intend to jointly file; I will, therefore, have to separately file.

This need not be an issue, if your firms intend to separately file,
just let me know so I can act accordingly.

Regards,
Osahon Omoregie

On Dec 13, 2007 9:27 PM, Osahon Omoregie <oomoregie@gmail.com> wrote:
> Please let me know when you plan on returning the CMS and if you plan on making any change, so that I
can plan accordingly.
>
> Sent via BlackBerry by AT&T
>
> -----Original Message-----
> From: "Osahon Omoregie" <oomoregie@gmail.com>
>
> Date: Fri, 14 Dec 2007 01:12:45
> To:"Patrick R. Co" <PCo@clappmoroney.com>,"Frontino, Brian" <bfrontino@stroock.com>
> Subject: Re: Omoregie v. Boardwalk; Volkswagen
>
>
> The CMS asks for the 'relief' that I am requesting. Punitive damages are not relief they are punishment.
 Feel free to add it to your section if you want, but I don't think it is what the order setting the content for the
CMS is asking for. I don't want it in my section because it doesn't belong in the CMS. Again, I am still not
sure why you care so much.
>
> Is this the only change you both want to make?
>

> Sent via BlackBerry by AT&T
>
> -----Original Message-----
> From: "Patrick R. Co" <PCo@clappmoroney.com>
>
>
> Date: Thu, 13 Dec 2007 17:03:08
> To:"Frontino, Brian" <bfrontino@stroock.com>,"Osahon Omoregie" <oomoregie@gmail.com>
> Subject: RE: Omoregie v. Boardwalk; Volkswagen
>
>
>  I agree with Mr. Frontino.
>
> -----Original Message-----
> From: Frontino, Brian [mailto:bfrontino@stroock.com]
> Sent: Thursday, December 13, 2007 4:59 PM
> To: Osahon Omoregie
> Cc: Patrick R. Co
> Subject: RE: Omoregie v. Boardwalk; Volkswagen
>
> This is a pointless discussion.  It is not as if we are attempting to
> impose a deadline with which you have a scheduling conflict.  We are
> permitted to advise the Court, under the relief section of the
> statement, of what we believe are the allegations against our clients.
> If you prefer, we simply can move those sentences to the defendant's
> respective factual sections and simply say "plaintiff alleges in the
> complaint that he is entitled to ...."
>
> -----Original Message-----
> From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> Sent: Thursday, December 13, 2007 4:48 PM
> To: Frontino, Brian
> Cc: Patrick R. Co
> Subject: Re: Omoregie v. Boardwalk; Volkswagen
>
> I think, as we discussed on the call, it would make the most sense if
> you guys worried about your sections and I worried about mine.
>
> On 12/13/07, Frontino, Brian <bfrontino@stroock.com> wrote:
> > The Court wants to know what type of relief is requested.  The Court
> > will want to know that the plaintiff is seeking tens of millions in
> > damages.
> >
> > I am not interested in arguing the other points, so I will go along
> with
> > what you have stated.
> >
> > -----Original Message-----
> > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > Sent: Thursday, December 13, 2007 4:38 PM
> > To: Frontino, Brian
> > Cc: Patrick R. Co
> > Subject: Re: Omoregie v. Boardwalk; Volkswagen
> >
> > If it would make more sense, feel free to consider your first
> > highlight its own sentence or remove it entirely.
> >
> > I am not sure why you care what is in my section concerning damages

> > (as long as I am not asking for more).  I took out the sections that
> > you are referring to because that information did not seem like what
> > the CMS was aimed at providing to the judge.
> >
> > I took out the rebuttal information because 1) I did not agree to it
> > and 2) it is not required to be in the CMS.
> >
> > We are required to jointly determine a date on which dispositive
> > motions will be heard not a deadline for filing them.  Please see item
> > 17 of the standing order regarding the contents of CMSs.  The date I
> > proposed for the hearing of dispositve motions was the closest date to
> >
> > August 29 that would comply with Civ L R 7-2.  It is possible I
> > miscounted, please let me know if that is the case.
> >
> > Please let me know if you disagree with any of this.
> >
> > On 12/13/07, Frontino, Brian <bfrontino@stroock.com> wrote:
> > > I have highlighted the items in the blackline that I have an issue
> > with.
> > >
> > > 1.  The first highlighted item simply does not make sense.
> > > 2.  Under Section 11, Relief, I am not agreeing to remove that text
> > > because that is what is alleged in the Complaint.  Mr. Omoregie, if
> > you
> > > want to say by this Joint Case Management Statement that you are
> > > withdrawing these requests for relief, then we can say that.
> > Otherwise,
> > > they stay in.
> > > 3.  Under the section on scheduling, the rebuttal expert designation
> >
> > > deadline should remain.  I am fine with taking out the sentence
> > stating
> > > that the parties should comply with Rule 26(a)(2) because compliance
> >
> > > goes without saying.
> > > 4.  I am not agreeing to a hearing date of October 1, 2008 for
> > > dispositive motions.  I will agree to the filing deadline of August
> > > 29.
> > > Any briefing deadlines should be by code, unless otherwise
> > stipulated
> > by
> > > the parties and approved by the court, if necessary.
> > >
> > > Brian
> > >
> > > -----Original Message-----
> > > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > > Sent: Thursday, December 13, 2007 2:15 PM
> > > To: Frontino, Brian; Patrick R. Co
> > > Subject: Re: Omoregie v. Boardwalk; Volkswagen
> > >
> > > Please find attached my proposed changes to the CMS (in word and pdf
> > > format) and a blackline document showing my changes.
> > >
> > > On 12/13/07, Osahon Omoregie <oomoregie@gmail.com> wrote:
> > > > I will return my comments to you as soon as I am able. If possible
> > > before 2.

> > > >
> > > > Sent via BlackBerry by AT&T
> > > >
> > > > -----Original Message-----
> > > > From: "Frontino, Brian" <bfrontino@stroock.com>
> > > >
> > > > Date: Thu, 13 Dec 2007 11:46:31
> > > > To:oomoregie@gmail.com,"Patrick R. Co" <PCo@clappmoroney.com>
> > > > Subject: RE: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > >
> > > > Mr. Omoregie:
> > > >
> > > > Before the change in the Case Management Conference date, Mr. Co
> > > drafted the statement.  You agreed that we could proceed with that
> > > draft, as modified by the parties.  You cannot expect Mr. Co to
> remain
> > > on stand-by until midnight to file a document that should be ready
> > now.
> > > You should have expressed a desire to take the laboring oar in
> > preparing
> > > the statement and the burden of filing it by midnight tonight. If
> you
> > > cannot get us your changes by a reasonable time today, such as no
> > later
> > > than 2:00 p.m. Pacific Time, then we need to file separate
> statements.
> > > >
> > > > Please promptly advise as to when you will have your next round of
> > > > changes or that you prefer to file separately.
> > > >
> > > > Brian
> > > >
> > > > -----Original Message-----
> > > > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > > > Sent: Thursday, December 13, 2007 11:06 AM
> > > > To: Frontino, Brian; Patrick R. Co
> > > > Subject: Re: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > > I will not edit your section.
> > > >
> > > > We can efile up until midnight your time.
> > > >
> > > > Sent via BlackBerry by AT&T
> > > >
> > > > -----Original Message-----
> > > > From: "Frontino, Brian" <bfrontino@stroock.com>
> > > >
> > > > Date: Thu, 13 Dec 2007 11:03:02
> > > > To:oomoregie@gmail.com,"Patrick R. Co" <PCo@clappmoroney.com>
> > > > Subject: RE: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > >
> > > > You do not need to make any of my changes.  Patrick and I have
> > already
> > > addressed them.
> > > >
> > > > This must go out for filing by 5:00 p.m.  If we do not receive

> your
> > > changes in a time frame that assures we will meet this deadline, we
> > will
> > > file separately.
> > > >
> > > > -----Original Message-----
> > > > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > > > Sent: Thursday, December 13, 2007 10:14 AM
> > > > To: Patrick R. Co; Frontino, Brian
> > > > Subject: Re: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > > I will make the change regarding the initial disclosure date in
> the
> > > CMS then.
> > > >
> > > > Also, I would like to give you both advance notice, so that you
> may
> > > > plan accordingly, that I have proposed some changes to the CMS that
> > will
> > > > most likely require your attention and response when I return my
> > draft.
> > > > I am still working on it and will send it out as soon as I am able.
> > > >
> > > > Regards,
> > > > Osahon
> > > >
> > > > Sent via BlackBerry by AT&T
> > > >
> > > > -----Original Message-----
> > > > From: "Patrick R. Co" <PCo@clappmoroney.com>
> > > >
> > > > Date: Thu, 13 Dec 2007 09:39:40
> > > > To:<oomoregie@gmail.com>,"Frontino, Brian" <bfrontino@stroock.com>
> > > > Subject: RE: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > >
> > > > The 21st is fine with me for disclosures.
> > > >
> > > > -----Original Message-----
> > > > From: Osahon Omoregie [mailto:oomoregie@gmail.com]
> > > > Sent: Wednesday, December 12, 2007 2:02 PM
> > > > To: Frontino, Brian; Patrick R. Co
> > > > Subject: Re: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > > I am okay with extending the deadline. It may be easier though if
> we
> > > all just agree to make our initial disclosures at the CMC. If this
> > won't
> > > work, then the 21st is fine for me.
> > > >
> > > > Also, I will have my own minor changes to make to my sections, so
> I
> > > can insert your changes Mr. Frontino before I send the document back
> > to
> > > Mr. Co.
> > > >
> > > > Sent via BlackBerry by AT&T
> > > >

> > > > -----Original Message-----
> > > > From: "Frontino, Brian" <bfrontino@stroock.com>
> > > >
> > > > Date: Wed, 12 Dec 2007 13:53:34
> > > > To:"Patrick R. Co" <PCo@clappmoroney.com>,"Osahon Omoregie"
> > > > <oomoregie@gmail.com>
> > > > Subject: RE: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > >
> > > > Gentlement:
> > > >
> > > > I would like to request that we extend the deadline for Initial
> > > Disclosure to 12/21. I was not able to reach my client for the
> > > information I need until today and will not have it until next week.
> > > Obviously, you two are entitled to serve your Initial Disclosures
> > before
> > > the deadline, but I am respectfully requesting that the final
> deadline
> > > be 12/21 instead of 12/14. Thank you.
> > > >
> > > > Patrick:
> > > >
> > > > Under paragraph 5 of Volkswagen's legal contentions, please modify
> > it
> > > to read as follows:
> > > >
> > > > VOLKSWAGEN disagrees with Plaintiff's fifth legal contention to
> the
> > > extent that any violation, if proven, was committed by BOARDWALK
> > rather
> > > than VOLKSWAGEN and if VOLKSWAGEN did not know or have reasonable
> > notice
> > > of the act, policy, or practice that constituted the violation
> before
> > > becoming involved in the credit transaction, then VOLKSWAGEN is not
> > > liable to Plaintiff.
> > > >
> > > >
> > > > ----------------
> > > > From: Patrick R. Co [mailto:PCo@clappmoroney.com]
> > > > Sent: Wednesday, December 12, 2007 1:16 PM
> > > > To: Frontino, Brian; Osahon Omoregie
> > > > Subject: Omoregie v. Boardwalk; Volkswagen
> > > >
> > > >
> > > > Gentlemen,
> > > >
> > > > Here is the proposed Joint Case Management Conference Statement
> > > containing theadditions you have requested.
> > > > If this version is ageeable, please let me know, and we will file
> it
> > > with the court.
> > > >
> > > > (This version is in Wordperfect format, if further revisions are
> > > > required.)
> > > >
> > > > Patrick R. Co, Esq.

> > > > Clapp, Moroney, Bellagamba and Vucinich
> > > > 1111 Bayhill Drive, Suite 300
> > > > San Bruno, California 94066
> > > > 650-989-5400
> > > > (fax)650-989-5499
> > > >
> > > >
> > > >
> > ================================================================
> > > > ==============================================
> > > > IRS Circular 230 Disclosure: To ensure compliance with
> requirements
> > > imposed by the IRS in Circular 230, we inform you that any tax
> advice
> > > contained in this communication (including any attachment that does
> > not
> > > explicitly state otherwise) is not intended or written to be used,
> and
> > > cannot be used, for the purpose of (i) avoiding penalties under the
> > > Internal Revenue Code or (ii) promoting, marketing or recommending
> to
> > > another party any transaction or matter addressed herein.
> > > >
> > > >
> > ================================================================
> > > > ==============================================
> > > >
> > > >
> > > >
> > > >
> > ================================================================
> > > > ==============================================
> > > > IRS Circular 230 Disclosure:  To ensure compliance with
> requirements
> > > imposed by the IRS in Circular 230, we inform you that any tax
> advice
> > > contained in this communication (including any attachment that does
> > not
> > > explicitly state otherwise) is not intended or written to be used,
> and
> > > cannot be used, for the purpose of (i) avoiding penalties under the
> > > Internal Revenue Code or (ii) promoting, marketing or recommending
> to
> > > another party any transaction or matter addressed herein.
> > > >
> > ================================================================
> > > > ==============================================
> > > >
> > > >
> > > >
> > > >
> > ================================================================
> > > > ==============================================
> > > > IRS Circular 230 Disclosure:  To ensure compliance with
> requirements
> > > imposed by the IRS in Circular 230, we inform you that any tax
> advice
> > > contained in this communication (including any attachment that does

> > not
> > > explicitly state otherwise) is not intended or written to be used,
> and
> > > cannot be used, for the purpose of (i) avoiding penalties under the
> > > Internal Revenue Code or (ii) promoting, marketing or recommending
> to
> > > another party any transaction or matter addressed herein.
> > > >
> > ================================================================
> > > > ===========================================
> > > >
> > > >
> > >
> > >
> >
> ================================================================
> > ==============================================
> > > IRS Circular 230 Disclosure:  To ensure compliance with requirements
> > imposed by the IRS in Circular 230, we inform you that any tax advice
> > contained in this communication (including any attachment that does
> not
> > explicitly state otherwise) is not intended or written to be used, and
>
> > cannot be used, for the purpose of (i) avoiding penalties under the
> > Internal Revenue Code or (ii) promoting, marketing or recommending to
> > another party any transaction or matter addressed herein.
> > >
> >
> ================================================================
> > ==============================================
> > >
> > >
> >
> >
> >
> ================================================================
> ==============================================
> > IRS Circular 230 Disclosure:  To ensure compliance with requirements
> imposed by the IRS in Circular 230, we inform you that any tax advice
> contained in this communication (including any attachment that does not
> explicitly state otherwise) is not intended or written to be used, and
> cannot be used, for the purpose of (i) avoiding penalties under the
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another party any transaction or matter addressed herein.
> >
> ================================================================
> ==============================================
> >
> >
>
>
>
> ================================================================
> ==============================================
> IRS Circular 230 Disclosure:  To ensure compliance with requirements
> imposed by the IRS in Circular 230, we inform you that any tax advice
> contained in this communication (including any attachment that does not
> explicitly state otherwise) is not intended or written to be used, and

> cannot be used, for the purpose of (i) avoiding penalties under the
> Internal Revenue Code or (ii) promoting, marketing or recommending to
> another party any transaction or matter addressed herein.
> ========================================================================
> =================================================
>
>