JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
PATRICK R. CO, ESQ. BAR#: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>          Plaintiff,<br><br>v.<br><br>BOARDWALK AUTO CENTER, INC.;<br>VW CREDIT LEASING, LTD; AND<br>VOLKSWAGEN CREDIT, INC.,<br><br>          Defendants. | CASE NO.:  C07-03884 PJH<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date:        December 20, 2007<br>Time:        2:30 p.m.<br>Courtroom:  3, 17th Floor<br>               U.S. District Court<br>               Northern District of CA<br>               450 Golden Gate Avenue<br>               San Francisco, CA |

Complaint filed: 07/30/07

Pursuant to Civil L.R. 16-9,  Defendants, through their respective counsels of record, hereby provide the Court with the following Case Management Statement.  A good faith attempt to reach agreement with plaintiff on the filing of a joint case management statement was unsuccessful.

## CASE MANAGEMENT CONFERENCE

### 1.    Jurisdiction and Service

Plaintiff filed this action for violations of the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. (2007) and for fraud.  This Court has subject matter jurisdiction and supplemental jurisdiction under 28 U.S.C. §§1331 for the alleged Federal and state law violations, which allegedly occurred in Redwood City, California.

Plaintiff has indicated that he may upon further discovery name additional defendants in his

complaint; therefore, service of those defendants would be necessary.

**2 .Facts**

Defendant Boardwalk's Brief Statement of Facts

BOARDWALK contends that the vehicle leased by plaintiff OMOREGIE was not the exact same vehicle described in the promotional offer by VOLKSWAGEN, so that the vehicle was not an ad car. BOARDWALK contends that since the vehicle was not the ad car as described in the promotional offer, BOARDWALK was not required to lease the vehicle to OMOREGIE on the terms described by the promotional offer. Boardwalk further contends that its decisions were not based on any discriminatory intent.  Defendant BOARDWALK contends that it negotiated the lease terms with plaintiff OMOREGIE at arms length and both parties agreed to the terms set forth in the lease.

Defendant Volkswagen's Brief Statement of Facts

Volkswagen Credit Leasing Ltd. did not participate in Plaintiff's financing application process and, therefore, was not involved in the conduct alleged by Plaintiff in the Complaint.

Volkswagen Credit, Inc. ("Volkswagen") approved Plaintiff's financing application without knowledge of Plaintiff's race.  The financing decision made by Volkswagen was non-discriminatory. Volkswagen is informed that the vehicle leased by Plaintiff was not the exact same vehicle described in the promotional offer by Volkswagen.  Because the vehicle was not the car advertised as described in the promotional offer that Plaintiff apparently is referring to, Boardwalk was not required to lease the vehicle to Plaintiff on the terms described by the promotional offer.

**3. Legal Issues**

**Defendant Boardwalk's Contentions**

1.  Boardwalk  must establish a specific intent to discriminate, given the complaint as framed..

2.  Boardwalk agrees that where specifically proven, actual damages may include "mental anguish, humiliation or embarrassment."

3.  Boardwalk may defeat plaintiff's claim by articulating a legitimate, non-discriminatory business reason for its conduct.

///

///

1  **Defendant Volkswagen's Contentions**

2  1. To prove aiding and abetting fraud, Plaintiff must plead and prove: (a) that Volkswagen had actual

3  knowledge of Boardwalk's acts that constitute the alleged fraud; (b) that Volkswagen had knowledge

4  that its own actions would assist Boardwalk in the commission of the alleged fraud; and (c) that

5  Volkswagen did in fact provide substantial assistance to Volkswagen in the commission of the alleged

6  fraud. See In re First Alliance Mortgage Co., 471 F.3d 977, 992-93 (9th Cir. 2006).

7  2. ECOA allows for the recovery of "actual damages." 15 U.S.C. § 1691e(a). "Actual damages"

8  under ECOA may, in some instances where specifically proven, include damages for "mental anguish,

9  humiliation or embarrassment." Anderson v. United Finance Co., 666 F.2d 1274, 1277 (9th Cir.1982).

10  3. If Plaintiff makes a prima facie showing of discrimination, then Volkswagen must demonstrate

11  a business justification for the conduct -- i.e., that the practice at issue "meets a legitimate business

12  need that cannot reasonably be achieved as well by means that are less disparate in their impact."

13  4. Given the Complaint as framed, Plaintiff must establish a specific intent to discriminate.

14  5. VOLKSWAGEN disagrees with Plaintiff's fifth legal contention to the extent that any violation,

15  if proven, was committed by BOARDWALK rather than VOLKSWAGEN and if VOLKSWAGEN

16  did not know or have reasonable notice of the act, policy, or practice that constituted the violation

17  before becoming involved in the credit transaction, then VOLKSWAGEN is not liable to Plaintiff.

18  **4. Motions**

19  There are no motions currently pending. Defendants intend on filing dispositive motions.

20  Plaintiff plans to file dispositive motions. Plaintiff may motion the Court for costs of service from

21  Defendants Boardwalk and VW Credit, Inc.

22  **5.    Amendment of Pleadings**

23      Defendants do not anticipate amending their pleadings at this time.

24  **6.    Evidence Preservation**

25  Defendants contend that they have complied, and will continue to comply, with their evidence

26  preservation obligations.

27  ///

28  ///

**7.**    **Disclosures**

The parties have not yet made their initial disclosures.  The parties have agreed to serve initial disclosures by December 21, 2007.

**8.**    **Discovery**

There has been no discovery to date by any party.

**9.**    **Class Actions**

This is not a class action.

**10.**    **Related Cases**

None.

**11.**    **Relief**

Plaintiff's Contentions

Plaintiff Osahon Omoregie seeks to recover his costs incurred under obligations imposed by the lease in the amount of $9691.96. In addition, plaintiff seeks $4,000,000.00 in damages as a result of mental anguish, humiliation, and embarrassment.

Plaintiff also seeks statutory punitive damages under the Equal Credit Opportunity Act in the amount of $10,000.00 per defendant, for a total of $30,000.00. Furthermore plaintiff seeks punitive damages for fraud against all three defendants in the amount of $10,000,000.00 per defendant, for a total of $30,000.000.00 or greater if the court deems proper.

Defendants' Contentions

Defendants deny liability.  In the event liability is established, defendants contend that damages should be limited to plaintiff's out of pocket loss, if any.

**12.**    **Settlement and ADR**

The parties are not in agreement as to whether ADR is appropriate in this case or the type of ADR that is available.  Plaintiff has indicated a preference for non-binding arbitration or mediation and Defendants have indicated a preference for mediation if ADR is agreed to.

The defendants anticipate that the following discovery must take place before any meaningful mediation:

1    -plaintiff's deposition

2    -request for production of documents to plaintiff

3    - interrogatories to plaintiff

4    -requests for admissions to plaintiff

5    -Expert depositions

6  **13.    Consent to Magistrate Judge for All Purposes**

7    Plaintiff has consented to proceed before a magistrate.

8    Defendants have not consented to the assignment of this case to a United States Magistrate

9  Judge for trial.

10  **14.    Other References**

11    The case is not suitable for reference to binding arbitration, special master, or the judicial panel

12  on multi-district litigation.

13  **15.    Narrowing of Issues**

14    None at this time.

15  **16.    Expedited Schedule**

16    The parties do not request expedited scheduling.

17  **17.    Scheduling**

18    The parties propose the following schedule:

19    a.    A further case management conference will be scheduled for _____.

20    b.    Discovery shall be subject to Federal Rules of Civil Procedure and Local Rules, subject

21  to any provision below.

22    c.    Non-Expert discovery cut-off shall be on June 1, 2008.

23    d.    Expert disclosures and reports shall be exchanged on or before July 1, 2008.

24  Disclosure of rebuttal experts shall be on July 15, 2007.

25    e.    Expert Discovery cut-off shall be on August 15, 2008.

26    f.    October 1, 2008 is the date to hear dispositive motions.  Briefing deadlines will be

27  determined by the Federal Rules of Civil Procedure or by further stipulation by the parties and

28  approved by the Court if necessary.

**JOINT CASE MANAGEMENT CONFERENCE**
**STATEMENT; Case No. C07-03884 PJH**                5                G:\Data\DOCS\0173\03851\proposedCMC4.wpd

g.  Pre-Trial Conference shall be held on_____, 2008.

h.  The trial shall be set for November _____, 2008.

**18.  Trial**

All parties demand a jury trial.

**19.  Disclosure of Non-Party Interested Entities or Persons**

No other persons or entities are required to be disclosed by the parties at this time.

**20.  Other matters**

None.

<br>

Dated:

**/S/**
_____
Jeffrey M. Vucinich, Esq.
Patrick R. Co, Esq.
Attorneys for BOARDWALK AUTO CENTER, INC.

Dated:

**/S/**
_____
Lisa M. Simonetti, Esq.
Brian C. Frontino, Esq.
Attorneys forVW CREDIT LEASING, LTD.;
VOLKSWAGEN CREDIT, INC.

<br>

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition, the court orders:

a.  The parties will be referred to_____;

b.  A further case management conference will be scheduled for _____ _____.

c.  The parties shall make supplemental disclosures on or before _____ _____, and as otherwise required by law;

d.  The court will not specially set any motion at this time;

1         e.       No special limitations shall be imposed on disclosure or discovery at this time;

2         f.        Expert disclosures and opinions shall be exchanged on or before ___

3 _____.

4 g.       The deadline to complete factual shall be _____ , and the deadline for

5 expert discovery shall be _____ .

6 h.       The deadline for counsel to meet and confer regarding pretrial submissions shall be

7 _____.

8 i.       The deadline for hearing motions on the merits of the case shall be _____

9 _____.

10 j.       Pretrial material shall be submitted on or before

11

12         k.       the pretrial conference shall be on _____.

13         l.        The trial shall be set for _____.

14

15        IT IS SO ORDERED.

16

17 Dated: _____

                                   _____

18                                      UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28