# Exhibit A

OSAHON OMOREGIE
PRO SE
ONE ASTOR PLACE, APT. 6-O
NEW YORK, NY 10003
(917) 805-8309
OOMOREGIE@GMAIL.COM

Plaintiff,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, | Case No. C07-3884 PJH |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| BOARDWALK AUTO CENTER, INC., VW CREDIT, INC., VW CREDIT LEASING, LTD., VOLKSWAGEN AUTO LEASE/LOAN UNDERWRITTEN FUNDING, LLC, and VOLKSWAGEN AUTO LEASE TRUST 2006-A | |
| Defendants. | |

Plaintiff Osahon Omoregie alleges as follows:

## THE PARTIES

1. Plaintiff is an African-American citizen of Nigerian national origin. On September 2, 2005, Plaintiff was a graduate student and resided at 729 Escondido Road, Stanford, CA, 94306.

2. Defendant Boardwalk Auto Center, Inc. ("Boardwalk") is a California corporation. Boardwalk operates a car dealership at One Bair Island Road, Redwood City, CA, 94063. Boardwalk is a member of VCI's network of authorized Volkswagen dealers.

3. Defendant VW Credit, Inc. ("VCI") is a Delaware corporation. VCI is a wholly owned indirect subsidiary of Volkswagen of America, Inc., which is a wholly owned subsidiary of Volkswagen Aktiengesellschaft. VCI acts as a finance subsidiary of Volkswagen of America.

4. Defendant VW Credit Leasing, Ltd. ("VCL") is a Delaware statutory trust. VCI was the settlor and initial beneficiary of VCL. VCL was formed solely to perform the type of transaction that is at issue in this action.

5. Defendant Volkswagen Auto Lease/Loan Underwritten Funding, LLC ("VALUF"), formerly known as Volkswagen Auto Lease Underwritten Funding, LLC, is a Delaware limited liability company and a wholly owned special purpose subsidiary of VCI. VALUF was formed solely to perform the type of transaction that is at issue in this action.

6. Defendant Volkswagen Auto Lease Trust 2006-A ("VALT") is a Delaware statutory trust. VALUF was the settlor and initial beneficiary of VALT. VALT was formed solely to perform the transaction that is at issue in this action.

7. VCI, VCL, VALUF, and VALT (together the "VW Affiliates") are affiliated entities.

## JURISDICTION

8. This Court has jurisdiction over this action because at least one claim arises under the laws of the United States and all claims in this action arise from a common nucleus of operative facts.

SECOND AMENDED COMPLAINT
CASE NO. C07-3884 PJH

**VENUE AND INTRADISTRICT ASSIGNMENT**

9.      Venue is appropriate in this Court because at least one of the Defendants resides in this district, and a substantial amount of the events which give rise to this action occurred in this district.

10.      This action should be assigned to the San Francisco Division of this Court because a substantial part of the events which give rise to this action occurred in San Mateo County.

**SHORT AND PLAIN STATEMENT**

11.      This action began on or about August 3, 2006, when the VW Affiliates issued $1,500,000,000 in Auto Lease Asset Backed Securities[1] ("ABS") to the public through J.P. Morgan Securities Inc., ABN AMRO Inc., Citigroup Global Markets Inc., Greenwich Capital Markets, Inc., HSBC Securities (USA) Inc., Morgan Stanley & Co. Inc., Barclays Capital Inc., and Wachovia Capital Markets, LLC.

12.      The ABS were created from a pool of assets that was comprised of the leases of over 72,000 members of the public, including Plaintiff's lease.  As a result of their desire to issue the ABS, the VW Affiliates were willing to aid Boardwalk in the illicit and tortious conduct that surrounded the origination of Plaintiff's lease, and on information and belief, the origination of the leases of other members of the public.

13.      The part of the transaction in which Plaintiff was directly involved occurred on September 2, 2005, at or about 3 p.m., at One Bair Island Road, Redwood City, San Mateo County, California, on Boardwalk's premises, when Plaintiff leased a 2005 new Jetta Value Edition from Boardwalk, VCI, and VCL.

14.      During the negotiation of the lease, an Assistant Sales Manager for Boardwalk, Mourad Zemmama ("Zemmama"), specifically stated after consultation with Boardwalk's General Manger, David Horn ("Horn"), that an incentive offer was not available for the 2005 new Jetta Value Edition that Plaintiff eventually leased.  Upon further questioning by Plaintiff, Zemmama

---

[1] ABS are closely related to the Mortgage Backed Securities that have been in the news of late and are largely blamed for our nation's current credit and economic crises.

SECOND AMENDED COMPLAINT
CASE NO. C07-3884 PJH

1 additionally stated that such an incentive offer had never been available for any Jetta.  However,

2 Boardwalk was aware that they, VCI, and VCL were in fact then offering such an advertised

3 incentive offer on 2005 new Jetta Value Editions (inclusive of the 2005 new Jetta Value Edition

4 that Plaintiff eventually leased).

5      15.    As a result of Boardwalk's misrepresentations referred to in Paragraph 14, Plaintiff

6 entered into his current lease.

7      16.    On September 2, 2005, Plaintiff had Tier 1 credit and was qualified for the

8 advertised incentive offer offered by Boardwalk, VCI, and VCL.  On September 2, 2005,

9 Boardwalk and VCI had actual knowledge of these facts.

10     17.    The application for the financing of the lease was processed and approved by VCI,

11 who at the time possessed actual knowledge of the illicit and tortious conduct surrounding the

12 origination of Plaintiff's lease.  VCI subsequently caused VCL to finance the lease transaction.

13     18.    On or about August 3, 2006, VALUF and VALT were assigned beneficial interests

14 in Plaintiff's lease.

15     19.    Boardwalk, VCI, and VCL together leased Plaintiff his 2005 new Jetta Value

16 Edition above its advertised price.

17     20.    On September 2, 2005, Boardwalk falsely stated, and VCI and VCL have all since

18 falsely stated, that the 2005 new Jetta Value Edition leased to Plaintiff was not eligible for the

19 incentive offer offered by Boardwalk, VCI, and VCL.

20     21.    In the advertisement of the incentive offer, VCI and VCL misrepresented the

21 authority of Boardwalk to set the final terms with consumers on vehicles eligible for the incentive

22 offer offered by Boardwalk, VCI, and VCL.

23     22.    The economic difference between the lease Plaintiff obtained and what was held out

24 to the public under the incentive offer offered by Boardwalk, VCI, and VCL was at least 17.21% of

25 the value of the total payments that Plaintiff was obligated to pay the Defendants under Plaintiff's

26 lease agreement.

27

28

4

SECOND AMENDED COMPLAINT
CASE NO. C07-3884 PJH

23.     The annual percentage rate of Plaintiff's lease was 222.22% that of the annual percentage rate held out to the public under the incentive offer offered by Boardwalk, VCI, and VCL.

24.     Boardwalk acted as an agent of VCI and the VW Affiliates in regard to this transaction.

25.     VCI's acted as an agent of the other VW Affiliates in regard to this transaction.

26.     Each Defendant is vicariously liable for the actions of Boardwalk and VCI under the theory of principal-agent liability.

27.     Due to the organization and constitution of the VW Affiliates, all of the knowledge possessed by VCI can be imputed to all other VW Affiliates.

28.     A joint venture existed between the VW Affiliates.

29.     Each VW Affiliates is vicariously liable for the actions of all other VW Affiliates under the theory of joint venture liability.

30.     A joint venture existed between all Defendants.

31.     Each Defendant is vicariously liable for the actions of all other Defendants under the theory of joint venture liability.

32.     Each VW Affiliate is liable for the actions of Boardwalk and VCI under the theory of assignee liability.


**THE EQUAL CREDIT OPPORTUNITY ACT**

33.     Though the discrete events of September 2, 2005 constitute a credit transaction under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. (the "ECOA"), the events involving all of the Defendants up to, on, or about August 3, 2006 also constitute a credit transaction under the ECOA.

34.     Exhibit A is a diagram depicting the generalized structure of the transaction.

35.     Exhibit A is Page (v) from the prospectus supplement filed by certain VW Affiliates with the Securities and Exchange Commission ("SEC") pursuant to Rule 424(b)(5) of the

1  Securities Act of 1933.  Substantially similar diagrams had been included in other SEC filings by

2  certain VW Affiliates prior to September 2, 2005.

3       36.     Boardwalk, in the ordinary course of business, including this credit transaction,

4  regularly referred applicants to creditors, and selected creditors to whom requests for credit were

5  made, all in the manner described in 12 C.F.R § 202.2(l).

6       37.     VCI, VCL, and VALUF participated in the credit decision involved in this credit

7  transaction in the manners defined in 12 C.F.R § 202.2(l).  All knew or had reasonable notice of the

8  acts, policies, or practices that constituted a violation of the ECOA before becoming involved in

9  this transaction.

10      38.     Boardwalk, VCI, VCL, and VALUF all had policies or practices in place that

11  resulted in the origination of Plaintiff's lease in violation of the ECOA.

12      39.     As regards to this credit transaction, Boardwalk, VCI, VCL, and VALUF were all

13  creditors under the ECOA.

14      40.     Boardwalk, VCI, VCL, and VALUF all discriminated against Plaintiff in this credit

15  transaction in the manners defined in 12 C.F.R §§ 202.2(n), 202.4(a), and 202.4(b).

16      41.     All the Defendants are liable for Boardwalk's conduct under the non-delegable duty

17  doctrine.

18      42.     As a result of the Defendants' action, Plaintiff suffered out-of-pocket damages and

19  damages in the form of mental anguish, humiliation, and embarrassment.

20

21                          **FRAUDULENT DECEIT**

22      43.     The representations of Zemmama referred to in Paragraph 14 constitute deceit as it

23  is defined in Cal. Civ. Code § 1710.

24      44.     Such deceit was in violation of Cal. Civ. Code § 1709.

25      45.     Zemmama, Horn, and Boardwalk were aware that those representations were false,

26  misleading, and were withholding of material facts when made.

27      46.     Zemmama made those statements in order to defraud Plaintiff by inducing reliance.

28

SECOND AMENDED COMPLAINT
CASE NO. C07-3884 PJH

1        **47.**     Plaintiff justifiably relied on the deceitful statements made by Zemmama to

2 Plaintiff's detriment.

3        **48.**     On September 2, 2005, Horn was a managing agent of Boardwalk.

4        **49.**     Boardwalk authorized the actions of Zemmama referred to in Paragraph 14.

5        **50.**     The damages Plaintiff suffered as a result of the fraudulent deceit were all financial

6 obligations imposed under the lease agreement.

7

8                         **AIDING AND ABETTING FRAUDULENT DECEIT**

9        **51.**     VCI had actual knowledge of Boardwalk's fraudulent deceit of Plaintiff.

10        **52.**     The actual knowledge possessed by VCI can be imputed to VCL.

11        **53.**     VCI and VCL substantially assisted Boardwalk in its fraudulent deceit of Plaintiff,

12 after acquiring actual knowledge of Boardwalk's intent to fraudulently deceive Plaintiff, in the

13 manner described in Paragraph 17.

14

15                       **CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

16        **54.**     The methods, acts, and practices of Boardwalk, VCI, and VCL, in regard to the

17 advertising and honoring of incentive offers, constitute unfair and deceptive business practices.

18        **55.**     The methods, acts, and practices of Boardwalk, VCI, and VCL, in regard to the

19 representation of vehicles to which incentive offers are available, constitute unfair and deceptive

20 business practices.

21        **56.**     The methods, acts, and practices of Boardwalk, VCI, and VCL, in regard to the

22 representation of the reasons for, and the existence of, price reductions, constitute unfair and

23 deceptive business practices.

24        **57.**     The methods, acts, and practices of VCI and VCL, in regard to the representation of

25 the authority of dealers to set the final terms with consumers, constitute unfair and deceptive

26 business practices.

27        **58.**     Such unfair and deceptive business practices are in violation of the Consumer Legal

28 Remedies Act, Cal. Civ. Code § 1750, et seq. (the "CLRA").

1    59.    Such unfair and deceptive business practices are ongoing in nature as to the

2  particular consumers affected.

3    60.    Plaintiff suffered from and continues to suffer from such unfair and deceptive

4  business practices.

5    61.    Plaintiff seeks injunctive relief, under CLRA § 1780(a)(2), designed to enjoin the

6  particular methods, acts, and practices of Boardwalk, VCI, and VCL that constitute unfair and

7  deceptive business practices under the CLRA.

8    62.    Damages are not being sought under the CLRA.

9

10                    **FIRST CAUSE OF ACTION**

11                  **(Discrimination under the ECOA)**

12    63.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through

13  Paragraph 62 of this Complaint as though set forth in full herein.

14    64.    Defendant Boardwalk has directly and vicariously discriminated against Plaintiff in

15  a credit transaction in violation of the ECOA.

16    65.    Defendant VCI has directly and vicariously discriminated against Plaintiff in a

17  credit transaction in violation of the ECOA.

18    66.    Defendant VCL has directly and vicariously discriminated against Plaintiff in a

19  credit transaction in violation of the ECOA.

20    67.    Defendant VALUF has directly and vicariously discriminated against Plaintiff in a

21  credit transaction in violation of the ECOA.

22    68.    Defendant VALT has vicariously discriminated against Plaintiff in a credit

23  transaction in violation of the ECOA.

24

25                    **SECOND CAUSE OF ACTION**

26                      **(Fraudulent Deceit)**

27    69.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through

28  Paragraph 68 of this Complaint as though set forth in full herein.

SECOND AMENDED COMPLAINT
CASE NO. C07-3884 PJH

1    **70.**    Defendant Boardwalk has directly and vicariously fraudulently deceived Plaintiff.

2    **71.**    Defendant VCI has vicariously fraudulently deceived Plaintiff.

3    **72.**    Defendant VCL has vicariously fraudulently deceived Plaintiff.

4    **73.**    Defendant VALUF has vicariously fraudulently deceived Plaintiff.

5    **74.**    Defendant VALT has vicariously fraudulently deceived Plaintiff.

6

7                                **THIRD CAUSE OF ACTION**

8                          **(Aiding and Abetting Fraudulent Deceit)**

9    **75.**    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through

10   Paragraph 74 of this Complaint as though set forth in full herein.

11   **76.**    Defendant VCI has directly aided and abetted in the fraudulent deceit of Plaintiff.

12   **77.**    Defendant VCL has directly and vicariously aided and abetted in the fraudulent

13   deceit of Plaintiff.

14   **78.**    Defendant VALUF has vicariously aided and abetted in the fraudulent deceit of

15   Plaintiff.

16   **79.**    Defendant VALT has vicariously aided and abetted in the fraudulent deceit of

17   Plaintiff.

18

19                                **FOURTH CAUSE OF ACTION**

20                          **(Deceptive Business Practices)**

21   **80.**    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through

22   Paragraph 79 of this Complaint as though set forth in full herein.

23   **81.**    Defendant Boardwalk has directly and vicariously employed unfair and deceptive

24   business practices against Plaintiff in a transaction which resulted in the lease of goods in violation

25   of the CLRA.

26   **82.**    Defendant VCI has directly and vicariously employed unfair and deceptive business

27   practices against Plaintiff in a transaction which resulted in the lease of goods in violation of the

28   CLRA.

9

1    83.    Defendant VCL directly and vicariously employed unfair and deceptive business

2    practices against Plaintiff in a transaction which resulted in the lease of goods in violation of the

3    CLRA.

4

5    WHEREFORE, Plaintiff prays this Court:

6    a.    enter judgments holding each of the Defendants jointly and severally liable for

7    discrimination in violation of the ECOA;

8    b.    enter judgments holding each of the Defendants jointly and severally liable for

9    fraudulent deceit;

10    c.    enter judgments holding each of the VW Affiliates jointly and severally liable for

11    aiding and abetting fraudulent deceit;

12    d.    enter judgments holding Boardwalk, VCI, and VCL jointly and severally liable for

13    their violation of the CLRA;

14    e.    enter an order, under CLRA § 1780(a)(2), permanently enjoining Boardwalk, VCI,

15    and VCL from financing or participating in the financing of vehicles in California to

16    which an incentive offer is advertised, or available, without first disclosing in

17    writing the existence of such an incentive offer, its eligibility requirements, and its

18    terms;

19    f.    enter an order, under CLRA § 1780(a)(2), permanently enjoining Boardwalk, VCI,

20    and VCL from financing or participating in the financing of vehicles in California

21    without first disclosing in writing any differences between the contract and buy rates

22    associated with each financing;

23    g.    enter orders for any other injunctive relief, under CLRA § 1780(a)(2), for the

24    purpose of enjoining the particular methods, acts, and practices of Boardwalk, VCI,

25    and VCL that constitute unfair and deceptive business practices;

26    h.    enter an order rescinding Plaintiff's lease agreement;

27    i.    enter an order awarding Plaintiff damages according to proof, together with pre-

28    judgment and post-judgment interest;

1     j.   enter an order awarding Plaintiff punitive damages from each of the Defendants

2         according to proof;

3     k.   award Plaintiff his costs in connection with this action; and

4     l.   enter orders for such other and further relief as the Court deems just and proper.

5

6                 **DEMAND FOR JURY TRIAL**

7     Plaintiff demands a trial by jury of all issues triable by right by a jury.

8

9

10 Dated: March 10, 2008

11                /s/ Osahon Omoregie

12                Osahon Omoregie

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT
CASE NO. C07-3884 PJH

# Exhibit A

Table of Contents

## SUMMARY OF STRUCTURE AND FLOW OF FUNDS

This structural summary briefly describes certain major structural components, the relationship among the parties, the flow of funds and certain other material features of the transaction. This structural summary does not contain all of the information that you need to consider in making your investment decision. You should carefully read this entire prospectus supplement and the accompanying prospectus to understand all the terms of this offering.



• The special unit of beneficial interest, or SUBI, represents a beneficial interest in specific Origination Trust assets.

• The SUBI represents a beneficial interest in a pool of closed-end Volkswagen and Audi vehicle leases and the related Volkswagen and Audi leased vehicles.

• The UTI represents Origination Trust assets not allocated to the SUBI or any other special unit of beneficial interest similar to the SUBI and the issuing entity has no rights in either the UTI assets or the asset of any other SUBI.