1 | OSAHON OMOREGIE
PRO SE
2 | ONE ASTOR PLACE, APT. 6-O
NEW YORK, NY 10003
3 | (917) 805-8309
OOMOREGIE@GMAIL.COM

Plaintiff.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| OSAHON OMOREGIE, | Case No. C07-3884 PJH |
|---|---|
| Plaintiff, | DECLARATION OF OSAHON OMOREGIE |
| v. | |
| BOARDWALK AUTO CENTER, INC., VW CREDIT, INC., and VW CREDIT LEASING, LTD., | |
| Defendants. | |

I, Osahon Omoregie, declare as follows:

1. I desire to express additional theories of relief and add additional defendants.

2. This is an action based on my allegations that in an auto leasing transaction involving Defendants Boardwalk Auto Center, Inc. ("Boardwalk"), VW Credit, Inc. ("VCI"), and VW Credit Leasing, Ltd., ("VCL"), Boardwalk, VCI, and VCL discriminated against me in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. ("ECOA"); Boardwalk defrauded me; and VCI and VCL aided and abetted Boardwalk in their commission of fraud against me.

3. I have recently learned, through documents received via discovery from Defendants and documents found through my own personal investigation, of the existence of evidence showing that Boardwalk acted as agent of VCI, VCL, VALUF, and VALT in the set of circumstances that gave rise to this suit.

    a. The documents received via discovery from Defendants and the documents found through my own personal investigation that support these facts are:
        i. the Volkswagen Financing Handbook;
        ii. my Vehicle Invoice;
        iii. my approved financing application provided to Boardwalk from VCI;
        iv. Boardwalk's sales summary form from my lease;
        v. Volkswagen Funding Package Worksheet;
        vi. prospectus for the Auto Lease Asset Backed Securities ("ABS") offering referred to in the proposed Second Amended Complaint;
        vii. supplemental prospectus for the ABS offering referred to in the proposed Second Amended Complaint;
        viii. trust Agreement of VCL between VCI and others;
        ix. certificate of formation for VALUF;
        x. limited Liability Company Agreement of VALUF between VCI and others;
        xi. trust Agreement of VALT between VALUF and others;

xii. amended and Restated Servicing Agreement between VCI, VCL, and others;

xiii. administration Agreement between VCI, VALT, and others;

xiv. underwriting Agreement for the ABS offering referred to in the proposed Second Amended Complaint;

xv. indenture for the ABS offering referred to in the proposed Second Amended Complaint;

xvi. transactional Subi Supplement 2006-A to Origination (VCL) Trust Agreement between VCI and others;

xvii. transactional Subi Supplement 2006-A to Servicing Agreement between VCI and VCL;

xviii. Subi Sale Agreement between VCI and VALUF;

xix. Subi Sale Transfer between VALUF and VALT; and

xx. VALT's 2006 10-K filed with the SEC by VCI on behalf of VALT

b. I believe that additional documents that have been requested via discovery but that the Defendants have failed to produce further support these and all other claims made in this Declaration.

**4.** I have recently learned, through documents received via discovery from Defendants and documents found through my own personal investigation, of the existence of evidence showing that Defendant VCI acted as agent of VCL, VALUF, and VALT in the set of circumstances that gave rise to this suit.

a. The documents received via discovery from Defendants and the documents found through my own personal investigation that support these facts are those listed in Paragraph 2(a).

**5.** I have recently learned, through documents received via discovery from Defendants and documents found through my own personal investigation, of the existence of evidence showing that all Defendants were operating as a joint venture in the set of circumstances that gave rise to this suit.

    a. The documents received via discovery from Defendants and the documents found through my own personal investigation that support these facts are those listed in Paragraph 2(a).

**6.** I have recently learned, through documents received via discovery from Defendants and documents found through my own personal investigation, of the existence of evidence showing that Boardwalk, VCI, and VCL violated the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., in regards to the me and the set of circumstances that gave rise to this suit.

    a. The documents received via discovery from Defendants and documents found through my own personal investigation that support these facts are those listed in Paragraph 2(a) and documents on file with the court.

**7.** I have recently learned, through documents received via discovery from Defendants and documents found through my own personal investigation, of the existence of evidence showing that VALUF violated the ECOA in regards to me and the set of circumstances that gave rise to this suit.

    a. The documents received via discovery from Defendants and the documents found through my own personal investigation that support these facts are those listed in Paragraph 2(a).

**8.** I have recently learned, through documents received via discovery from Defendants and documents found through my own personal investigation, of the existence of evidence showing a motivation for the Defendants' actions.

    a. The documents received via discovery from Defendants and documents found through my own personal investigation that support these facts are those listed in Paragraph 2(a).

**9.** The claim against the VALUF and VALT are transactionally related to the claim asserted in the original pleadings.

**10.** VALUF and VALT are also liable as Defendants to me because VALUF has directly and vicariously, and VALT vicariously, discriminated against me in a credit transaction in

1 | violation of the ECOA; VALUF and VALT have both vicariously fraudulently deceived me; and
2 | VALUF and VALT have both vicariously aided and abetted in the fraudulent deceit of me.

11. Agent of VALUF and VALT were made aware of the possibility that VALUF and VALT would be added to this action, upon the discovery of their involvement by me, on August 18, 2007, well within the 120-day period provided for service of the summons and complaint under Rule 4(m). The email in which I made agents of VALUF and VALT aware of this was previously produced by VCI and VCL as exhibits to declarations. (Frontino Decl. in Support of Defs VCI and VCL's Opp'n to Request for Entry of Default, Ex. C).

12. VAULT and VALT knew or should have known that but for my mistake concerning the identity of the proper parties, they would have been named as Defendants in the original and first amended complaints, well within the 120-day period provided for service of the summons and complaint under Rule 4(m).

13. VALUF is a Delaware limited liability company and a wholly owned special purpose subsidiary of VCI. VALUF was formed solely to perform the type of transaction that is at issue in this action.

14. VALT is a Delaware statutory trust. VALUF was the settlor and initial beneficiary of VALT. VALT was formed solely to perform the transaction that is at issue in this action.

15. All defendants were provided with early notice of my intention to amend my complaint to possibly add additional theories of relief and/or additional defendants.

16. All current Defendants were given the opportunity to stipulate to my filing of the proposed Second Amend Complaint. VCI and VCL declined and Boardwalk did not respond to multiple requests.

1  I declare under penalty of perjury that the foregoing is true and correct.

3  Executed on March 12, 2008

/s/ Osahon Omoregie
Osahon Omoregie