OSAHON OMOREGIE
PRO SE
ONE ASTOR PLACE, APT. 6-O
NEW YORK, NY 10003
(917) 805-8309
OOMOREGIE@GMAIL.COM

Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, <br><br> Plaintiff, <br><br> v. <br><br> BOARDWALK AUTO CENTER, INC., <br> VW CREDIT, INC., and <br> VW CREDIT LEASING, LTD., <br><br> Defendants. | Case No. C07-3884 PJH <br><br> PLAINTIFF'S REPLY TO DEFENDANTS VW CREDIT, INC. AND VW CREDIT LEASING, LTD.'S CONSOLIDATED OPPOSITION TO MOTIONS FOR LEAVE TO AMEND AND ADD DEFENDANTS <br><br> Date of Hearing: May 7, 2008 <br> Time of Hearing: 9:00 a.m. <br> Courtroom No. 3 |

**I. INTRODUCTION**

Plaintiff submits this Reply in response to Defendants VW Credit, Inc. ("VCI") and VW Credit Leasing, Ltd.'s ("VCL", together with VCI referred to herein as the "Defendants") Consolidated Opposition to Plaintiff's Motions for Leave to Amend (the "Motion to Amend") and to Add Defendants (the "Motion to Add") (the "Opposition"). Exhibit A to this Reply is a revised proposed Second Amended Complaint (the "Revised SAC") that Plaintiff now asks this Court give him leave to file. In addition to specifically stating that Plaintiff no longer seeks damages for mental anguish, humiliation and embarrassment under the ECOA, (Revised SAC ¶ 41), the Revised SAC differs from the one attached to Plaintiff's Motion to Amend (the "Original SAC") in that Paragraphs 11 and 12 from the Original SAC have been removed.[1] As will be explained below, the Defendants have misconstrued Plaintiff's allegations of motive for an allegation of an essential element of this action. As the pleading requirement in federal courts is one of notice pleading, Plaintiff has decided to only allege the essential elements of this action in the Revised SAC.

**II. DISCUSSION**

A.   Standard on Motions for Leave to Amend.

In their Opposition, Defendants do not fully state the standard applicable to motions for leave to amend. The correct standard is that when a party requests leave to amend, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is to be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, 316 F.3d 1048, 1051 (9th Cir. 2003). The policy of granting such motions with extreme liberality applies equally to amendments proposing to add new parties or amendments proposing to add new claims. SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002). Absent a showings of prejudice, which the opposing party bears the burden of establishing, or strong showing of the other three Foman factors, this policy is to be followed. Eminence Capital, LLC, 316 F.3d at 502. Additionally, courts are traditionally particularly reluctant to deny leave to amend to pro se litigants. Flowers v.

---

[1] Plaintiff now also prays for attorney's fees from this Court. (Revised SAC, Prayers for Relief, ¶ k).

First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002); 2-9 MB Practice Guide Fed. Pretrial Civ. Pro. in CA § 9.08[5].

B.  Plaintiff's Amendment Was Not Unduly Delayed.
      1.  Standard.

Delay by itself is not a sufficient cause for denying a motion for leave to amend. Owens v. Kaiser Found Health Plan, Inc., 244 F.3d 708, 712-713 (9th Cir. 2001). Delay justifies denial of leave to amend only when the delay causes prejudice, shows bad faith by the moving party, or precludes full consideration of the possible futility of the proposed amendment. Bowles v. Reade, 198 F.3d 752, 758-759 (9th Cir 1999). These factors do not exist in the case at bar.

      2.  No Undue Delay.

Defendants attempt to attribute knowledge of VALT and VALUF to Plaintiff at the time of filing of the FAC based on Plaintiff's education and current employment status. (Defs' Opp'n pp. 5-6). However, an undergraduate degree from Harvard University and a law degree from Stanford Law School do not imply an intimate knowledge of information available to the public through the Securities and Exchange Commission (the "SEC"). Additionally, Defendants discussion of Plaintiff's current occupation is irrelevant, as Plaintiff's original complaint (the "Complaint") and his first amended complaint (the "FAC") were filed before Plaintiff had begun his first day of work, a fact Defendants have been made aware of. (Omoregie Decl. ¶ 1). The Complaint was filed less than three months after Plaintiff graduated from law school. (Omoregie Decl. ¶ 2). The FAC was filed twenty-one days after the Complaint, partly as a result of VCI's registered agent of service's refusal to deliver a waiver of service form to VCI because Plaintiff had inadvertently referred to VCI as "Volkswagen Credit, Inc." in the Complaint. (Omoregie Decl. ¶ 3).

Defendants now argue that because of Plaintiff's education and his current employment, this Court should infer that, at the time of the filing of the FAC before Plaintiff had begun his current employment, Plaintiff possessed knowledge that Defendants have alleged one in his current position would have access to. Defendants have not demonstrated that when Plaintiff

2.            PLAINTIFF'S REPLY TO CONSOLIDATED OPPOSITION
                                    CASE NO. C07-3884 PJH

filed either the Complaint or the FAC, he actually possessed knowledge of the facts now raised in the Original SAC or the Revised SAC. In fact, at the time of the filing of the FAC, Plaintiff had no actual knowledge of these facts, the new cause of action raised, or the identities of the new defendants added to the Original SAC and the Revised SAC. (Omoregie Decl. ¶ 4).

Moreover, Defendants' argument that Plaintiff's amendment was unduly delayed is without merit. (Defs' Opp'n pp. 5-6). The Motions to Amend and Add were both filed before the last day set for such filings by this Court. (Case Management and Pretrial Order, Dec. 21, 2007). Additionally, part of the reason why a motion for leave to amend was not filed earlier was because counsel for VCI and VCL had twice asked for extensions of time to deliver Defendants' responses to Plaintiff's discovery requests. (Omoregie Decl. ¶ 5).

C.  Plaintiff's Amendment Was Not Made in Bad Faith.

Defendants have not provided sufficient evidence to demonstrate that Plaintiff's amendment is made in bad faith or in an attempt to prolong litigation. Shortly after Plaintiff filed the Complaint, Plaintiff informed Defendant's counsel that though Plaintiff was not aware of the involvement of any other Volkswagen entities, other than VCI and VCL, in the events that gave rise to this action, that if he became aware of such other entities' involvement, he might add them to this action. (Omoregie Decl. ¶ 7). Defendants only argument of bad faith is to point to Plaintiff's education and current employment, which Defendants believe demonstrates that Plaintiff had an intimate knowledge of the workings of the SEC when Plaintiff filed the Complaint and the FAC. Defendants argue that therefore Plaintiff must have known of VALT and VALUF's involvement and thus Plaintiff's statements in his motions are made in bad faith. This argument is tenuous and insufficient to establish any bad faith.

Defendants also argue that Plaintiff's request to amend his complaint is an intimidation attempt; however this is not true. Plaintiff requested the amendment because it is Plaintiff's belief that he had an additional cause of action which he should pursue and that VALT and VALUF are proper parties to this litigation. (Omoregie Decl. ¶ 6).

D.  **The Amendment Will Not Expand The Scope of This Litigation.**

The pleading standard in federal courts is one of notice pleading. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); U.S. v. Southern Cal. Edison Co., 300 F. Supp. 2d 964, 971 (E.D. Cal 2004). With the addition of a new cause of action and claims of vicarious liability against the Defendants for causes of actions already raised in the FAC, the substantive nature of this action has not changed for any of the current defendants. Defendants misconstrue Plaintiff's allegations of motive as an allegation of an essential element of this action. In the Original SAC, Plaintiff alleged that Defendants' willingness to aid Boardwalk in their alleged illegal and tortious conduct against Plaintiff was motivated by a desire on Defendants' part to obtain leases that they could essentially sell off to unsuspecting investors. (Original SAC ¶¶ 12, 13). Defendants received a large amount of fees from this sale, which were partly based on the total value of the leases sold.

The Original SAC informed Defendants of what Plaintiff believes is a motive for Defendants' actions. As an example of another theory of motive held by Plaintiff that would explain Defendants' conduct, Plaintiff points to Defendants' arrangement with their dealerships to receive 25% of any additional interest charges above the advertised promotional rates that their dealerships can obtain from unknowing consumers. Exhibit B to the Declaration of Osahon Omoregie is a page from the "Volkswagen Credit Financing Handbook," which was provided by VCI to its dealerships. Exhibit B details only a portion of this arrangement. The Volkswagen Credit Financing Handbook was obtained from Boardwalk during discovery. (Omoregie Decl. ¶ 9). Under the notice pleading standard of the Federal Rule of Civil Procedure, neither of these theories of motive need have been included in Plaintiff's complaints. Thus Plaintiff has decided, for the purpose of clarity, to remove his allegations of motive from the Revised SAC.

E.  **Plaintiff's Amendment Would Not Cause Prejudice to The Defendants.**

Defendants' argument that they are somehow prejudiced by knowledge of facts to which Plaintiff need not have raised in any of his prior complaints is without merit. Defendants support this argument with the assertion that they would have to do additional discovery and re-evaluate the legal landscape. During Plaintiff's deposition, Defendants asked extensive questions

about the new issues raised in the Original SAC and VALT and VALUF's involvement in this action. (Omoregie Decl. ¶ 10). Defendants' assertion that they would be required to do additional discovery is simply conclusory and unsubstantiated.

F.  Plaintiff's Amendments Would Not Introduce Vagueness and Ambiguity to Plaintiff's Pleading.

A complaint may state a claim for damages generally. Fed. R. Civ. P. 8(a)(3); 1-6 MB Practice Guide: Fed. Pretrial Civ. Proc. in CA, § 6.12[1][b]. The Original SAC stated the nature of the damages sought under each cause of action. (Original SAC ¶¶ 42, 50, 61, 62). The Revised SAC does this, (Revised SAC ¶¶ 40, 49, 60, 61), and goes further by explicitly stating that damages for mental anguish, humiliation and embarrassment will not be sought under the ECOA. (Revised SAC ¶ 41). Defendants have been made aware on several occasions that it is Plaintiff's contention that his damages are still accruing, (Omoregie Decl. ¶ 11); and thus Defendants are aware that any amount pled now would differ from the amount sought at trial.

The claim that Defendants would have no knowledge of what constitutes any of Plaintiff's alleged damages is inaccurate. Plaintiff has already provided Defendants with his initial disclosures, which included a then current computation of damages. Plaintiff is aware of his duty under FRCP 26(e) to supplement his initial disclosures with new information. If Plaintiff's Motion to Amend is granted, Plaintiff will promptly serve Defendants with revised initial disclosures containing new computations of damages.

G.  Plaintiff's Amendment Would Not Be Futile.

   1.  Standard.

Defendants are correct that a court may deny a motion to amend if such amendment would be futile and that denials based on futility occur when an amendment fails to state a legally sufficient claim, or would be subject to dismissal or a motion to strike. See Partington v. Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995). However, Defendants did not mention that the standard for legal sufficiency to be used in these circumstances is the same as the test applied on a Rule

12(b)(6) motion.  See SAES Getters S.p.A., 219 F. Supp. 2d at 1086.  Defendants must show that Plaintiff can prove no set of facts that support his claim.  Guerrero v. Gates, 357 F.3d 911, 916 (9th Cir. 2004).  As noted below, futility does not exist here.

        2.     The Statute of Limitation Has Not Run on Plaintiff's ECOA Claim Against VALUF and VALT.[2]

A case for relation back here is not futile.  As the Revised SAC shows, and similarly the Original SAC showed, the basis for Plaintiff's allegations of vicarious liability against VALUF and VALT arises from the conduct complained of against their alleged agents and joint ventures in the Complaint and the FAC.  (Revised SAC ¶¶ 24, 27, 29).

Moreover, the case that VALUF and VALT received notice of this action and should have been aware of Plaintiff's mistake is also not futile.  Exhibit A of the Declaration of Osahon Omoregie is an email sent by Plaintiff to Defendant's counsel on August 18, 2007, nineteen days after this action was commenced.  This email has previously been submitted to this Court by the Defendants and was referenced in Plaintiff's Motions for Leave to Amend and to Add.  (Motion to Am. ¶ 8; Motion to Add ¶ 5).  In this email, Plaintiff requested that Defendants' counsel, "[p]lease [advise] your clients that though I have only named VW Credit Leasing and VW Credit in this Complaint, I may later add other affiliated VW entities as I learn more of their involvement."  (Omoregie Decl., Exhibit A).  At the time this email was sent, Plaintiff was aware that two Volkswagen entities were involved in his lease transaction and though he possessed no actual knowledge of the involvement by other Volkswagen entities, Plaintiff desired to place the Defendants and their affiliates on notice that if he discovered that other Volkswagen entities were involved he may join them to the present action.  (Omoregie Decl. ¶ 7).

Additionally, a sufficient community of interests has been held to impute knowledge of an action from one defendant to another proposed defendant for the purposes of relation back.  G.F. Co. v. Pan Ocean Shipping Co., 23 F.3d 1498, 1502-3 (9th Cir. 1994).  Available facts exist to show that a sufficient community of interests exists between VCI and VCL on the one hand and VALUF and VALT on the other.  Such evidence consists of:

---

[2] The statute of limitations for fraudulent deceit, aiding and abetting fraudulent deceit and deceptive business practices has yet to run for any defendant.

6.     PLAINTIFF'S REPLY TO CONSOLIDATED OPPOSITION
        CASE NO. C07-3884 PJH

      (a)    VALUF being a wholly owned subsidiary of VCI;

      (b)    VALT being the settlor of VALUF and thus VCI having an indirect interest in VALT;

      (c)    a commonality of officers exists between VCI and VALUF;

      (d)    VALT and VALUF were involved in a transaction involving Plaintiff's lease with two other Volkswagen entities, VCI and VCL, that were originally joined as parties to this action;

      (e)    VCI role as administrator of VALT placed on VCI an obligation to inform VALT of lawsuits that arised to which VALT could potentially have been made a party to;

      (f)    VCI's role as servicer to the pool of lease securitized by VCI, VCL, VALT and VALUF placed on VCI an obligation to inform VALT and VALUF of lawsuits that arose in the securitized pool of leases that they all were involved in;

      (g)    VCI acted as agent to VALT and VALUF in regards to Plaintiff's lease transaction; and

      (h)    VCI, VCL, VALT and VALUF were all involved in a transaction involving the subject of this action, Plaintiff's lease. (Omoregie Decl. ¶ 12(a)-(h)).

In regards to the claim of direct liability against VALUF for its alleged violation of the ECOA, it is Plaintiff's contention that the statute of limitations from that allegation began to run on or about August 3, 2006 when VALUF was assigned an interest in Plaintiff's lease. Before VALUF was assigned an interest in Plaintiff's lease it had sufficient knowledge of the policies and practices of VCI at issue in this action to properly be called a creditor, as to Plaintiff, under the ECOA.[3] (Omoregie Decl. ¶ 12(i)). Additionally, given the nature of the relationship between VCI, VCL and VALUF, the argument that knowledge possessed by VCI and VCL can be imputed to VALUF would not be a futile one. Under this theory, VALUF could be held liable as a creditor under the ECOA and the statute of limitations for its direct violation of the ECOA would have begun to run on or about August 3, 2006, when it was assigned an interest in Plaintiff's lease. (Revised SAC ¶ 16).

---

[3] Additionally, VALUF had access to information regarding the terms of Plaintiff's lease before it was assigned an interest in Plaintiff's lease. VALUF has also been involved in similar transactions with Defendants since 2002. (Omoregie Decl. ¶ 14).

### 3. Plaintiff's Allegations of Vicarious Liability Against VALF and VALUF Do Not Require A Showing That Either VALF or VALUF Directly Engaged in The Acts That Occurred on September 2, 2005.

Defendants' attempt to create a new standard for vicarious liability that would require a showing of direct liability on a party in order to establish vicarious liability on that same party. (Opp'n pp. 10-12). With the exception of the direct allegation of liability of VALUF for the violation of the ECOA all other allegations against VALT and VALUF are based on vicarious liability. For the purposes of establishing the vicarious liability of VALT and VALUF under either an agent-principal or a joint venture theory, Plaintiff need only show that VALT and VALUF's alleged agents or joint ventures are directly liable for acts within the scope of their relationship with VALT and VALUF, and that such a relationship was an agent-principal relationship or a joint venture relationship. Extensive evidence of these relationships exists in the form of contractual agreements between various defendants and between various defendants and VALT and VALUF. (Omoregie Decl. ¶ 13).

Moreover, Plaintiff has explicitly alleged in the Revised SAC, as well as the Original SAC, that all defendants were in a joint venture, and that VCI and Boardwalk acted as the agent of VALT and VALUF. (Revised SAC ¶¶ 22, 23, 26, 28). To dispute this Defendants merely offer their assertions that it is not true. Such an assertion, supported with no actual evidence, is not sufficient for Defendants to meet their burden to establish futility.

### 4. This Court Has Personal Jurisdiction Over VALUF And VALT.

This Court's has personal jurisdiction over VALUF and VALT. Both VALUF and VALT receive or have received a steady stream of monthly payments from over 14,000 leases originated in California. (Omoregie Decl. ¶ 15). The total value of these leases was in excess of $320,000,000. (Omoregie Decl. ¶ 15). In fact, California is by far the state with the most leases handled by either VALUF and VALT. (Omoregie Decl. ¶ 15). The alleged agents and joint ventures of both parties also had and continue to have extensive contact with California that can be imputed to VALT and VALUF. (Omoregie Decl. ¶ 17).

Defendants offered insufficient evidence to prove this Court lacks personal jurisdiction over VALUF and VALT.[4]

H.  <u>VALT and VALUF Would Not Be Unduly Prejudiced by Being Joint to This Action</u>.

Defendants do not sufficiently explain the basis for their assertion that VALT and VALUF would suffer undue prejudice by being added at this time. (Opp'n p. 14). The Defendants merely ask this Court to infer that prejudice exists. (Opp'n p. 14). Although, Plaintiff believes that Defendants do not have standing to argue prejudice concerning VALT and VALUF or to oppose the Motion to Add Defendants and urges the Court not to consider Defendants' Opposition on those grounds, Defendants' actions have indicated that they have been protecting the litigation interests of VALT and VALUF. Additionally, Defendants' attempts to solicit information that would aid only VALT and VALUF indicates that Defendants have been protecting VALT and VALUF's interests in this action for some time. (Omoregie Decl. ¶ 10).

### III. CONCLUSION

For the reasons stated above, Plaintiff asks that this Court grant his motions.

Date: April 23, 2008

/s/ Osahon Omoregie
Osahon Omoregie

---

[4] Though Defendants attempt to make an issue of the fact that Plaintiff did not allege personal jurisdiction in the Original SAC, personal jurisdiction need not be alleged in a complaint. 1-6 MB Practice Guide: Fed. Pretrial Civ. Procedure in CA § 6.07[7].

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing reply and supporting declaration were made upon the following counsels through the Electronic Filing System on the 23rd day of April, 2008.

Jeffrey Michael Vucinich
Clapp Moroney Bellagamba & Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066

Joshua W. Rose
Clapp Moroney Bellagamba and Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066

Lisa Marie Simonetti
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086

Brian C. Frontino
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086

Date: April 23, 2008

/s/ Osahon Omoregie
Osahon Omoregie