1 | OSAHON OMOREGIE
PRO SE
2 | ONE ASTOR PLACE, APT. 6-O
NEW YORK, NY 10003
3 | (917) 805-8309
OOMOREGIE@GMAIL.COM

4

Plaintiff.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, | Case No. C07-3884 PJH |
| Plaintiff, | DECLARATION OF OSAHON OMOREGIE |
| v. | |
| BOARDWALK AUTO CENTER, INC., VW CREDIT, INC., and VW CREDIT LEASING, LTD., | |
| Defendants. | |

I, Osahon Omoregie, declare as follows:

1. I filed the original complaint (the "Complaint") and the First Amended Complaint (the "FAC") to this action before I had begun my first day in the structured finance department at Skadden, Arps, Slate, Meagher & Flom LLP.

2. I filed the Complaint less than three months after I graduated from law school.

3. The FAC was filed twenty-one days after the Complaint, partly as a result of VW Credit, Inc.'s ("VCI") registered agent of service's refusal to deliver a waiver of service form to VCI because I had inadvertently referred to VCI as "Volkswagen Credit, Inc." in the Complaint.

4. When I filed the FAC, I had no actual knowledge of the new facts raised in the proposed Second Amended Complaint ("SAC"), the new cause of action raised, nor identities of the new defendants added to the SAC.

5. Part of the reason why a motion for leave to amend was not filed earlier was because counsel for VCI and VW Credit Leasing, Ltd ("VCL") had asked for two extensions of time to deliver their responses to my discovery requests.

6. I requested the amendment because it is my belief that I had an additional cause of action which I should pursue and that VALT and VALUF are proper parties to this litigation.

7. On August 18, 2007, nineteen days after this action was commenced, I requested that Defendants' counsel, Brian Frontino, "[p]lease [advise] your clients that though I have only named VW Credit Leasing and VW Credit in this Complaint, I may later add other affiliated VW entities as I learn more of their involvement." At the time I sent this email, I was only aware that two Volkswagen entities were involved in my lease transaction and though I possessed no actual knowledge of the involvement by other Volkswagen entities, I desired to place VCI, VCL and their affiliates on notice that if I discovered that other Volkswagen entities were involved I might join them to the present action.

8. Exhibit A is a true and correct copy of the correspondences referred to in Paragraph 7.

**9.** I obtained the Volkswagen Credit Financing Handbook from Boardwalk during discovery in this action. Exhibit B is a true and correct copy of a page from this document.

**10.** During my deposition for this action, VCI and VCL asked me extensive questions about the new issues raised in the SAC and VALT and VALUF's involvement in this action

**11.** I have made VCI and VCL aware on several occasions that it is my contention that my damages are still accruing.

**12.** I am aware of the following facts:

a. VALUF is a wholly owned subsidiary of VCI,

b. VALT is the settlor of VALUF and thus VCI has an indirect interest in VALT;

c. a commonality of officers exists between VCI and VALUF;

d. VALT and VALUF were involved in a transaction involving my lease with two other Volkswagen entities, VCI and VCL, that were originally joined as parties to this action;

e. VCI is the administrator of VALT and this role may have placed on VCI an obligation to inform VALT of lawsuits that arised to which VALT could potentially have been made a party to;

f. VCI's is the servicer to the pool of lease securitized by VCI, VCL, VALT and VALUF this role may have placed on VCI an obligation to inform VALT and VALUF of lawsuits that arose in the securitized pool of leases that they all were involved in;

g. VCI acted as agent to VALT and VALUF in regards to my lease transaction;

h. VCI, VCL, VALT and VALUF were all involved in a transaction involving the subject of this action, Plaintiff's lease;

i. before VALUF was assigned an interest in my lease it had sufficient knowledge of the policies and practices of VCI at issue in this action to properly be called a creditor, as to me, under the ECOA.

**13.** Extensive evidence of agent-principal and joint venture relationships of the various defendants exists in the form of contractual agreements amongst the defendants.

**14.** VALUF had access to information regarding the terms of my lease before it was assigned an interest in my lease. VALUF has also been involved in similar transactions with VCI and VCL since 2002.

**15.** VALUF and VALT receive or have received a steady stream of monthly payments from over 14,000 lease originated in California in connection to the asset backed securities offering that my lease was involved in. The total value of these leases was in excess of $320,000,000. California is by far the state with the most leases handled by either VALUF and VALT.

**16.** VCI has continuous and extensive contact with California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2008

/s/ Osahon Omoregie
Osahon Omoregie