OSAHON OMOREGIE
PRO SE
ONE ASTOR PLACE, APT. 6-O
NEW YORK, NY 10003
(917) 805-8309
OOMOREGIE@GMAIL.COM

Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, | Case No. C07-3884 PJH |
| Plaintiff, | MOTION TO MODIFY THE PRETRIAL ORDER[1] |
| v. | |
| BOARDWALK AUTO CENTER, INC., VW CREDIT, INC., and VW CREDIT LEASING, LTD., | |
| Defendants. | |

---

[1] Plaintiff filed a motion requesting an extension of the non-expert discovery period on May 19, 2008. That motion requested similar relief prayed for in this motion. It has come to Plaintiff's attention that that motion was denied by this Court. On information and belief, Plaintiff believes that that motion was denied due to the Court's belief that the relief prayed for in the body of the motion differed from the relief set out in the proposed order attached thereto. Any such discrepancy was inadvertent. Plaintiff files this motion which he believes eliminates the perception of any such discrepancy.

Plaintiff Osahon Omoregie moves this Court for an order to modify the Pretrial Order of December 21, 2007 (the "Pretrial Order"), as described below. This motion is brought pursuant to Section E of the Pretrial Instructions attached to the Pretrial Order ("Pretrial Instructions") and Civil Local Rule 7-11. An accompanying declaration pursuant to Civil Local Rule 7-11(a) has been filed with this motion.

## INTRODUCTION

Plaintiff proceeds in this action Pro Se. It is Plaintiff's belief that Defendants have not been as forthcoming in responding to Plaintiff's discovery requests as they are required to by the Federal Rule of Civil Procedure. As a result, Plaintiff has not been able to obtain discovery necessary to propound further rounds of discovery necessary to support his claims. As an example, Plaintiff desires to introduce evidence of the disparate impact produced by Defendants' policies. Though requested by Plaintiff, Defendants have not produced discovery necessary for Plaintiff to obtain the necessary knowledge to meaningfully propound further rounds of discovery to obtain information to support a claim of disparate impact. As another example, though requested by Plaintiff, Defendants have not produced discovery necessary for Plaintiff to notice or take depositions of potential deponents, with information necessary to support Plaintiff's claims, in any meaningful way. Plaintiff has been attempting to obtain the necessary discovery from Defendants, however, as of yet has not been successful. Plaintiff request this motion to allow him additional time to work with Defendants, without judicial intervention, to obtain the necessary discovery he requires to support his claims. If Plaintiff's request for relief is not granted, Plaintiff will be prejudiced in the support and defense of his claims in dispositive motions and at trial. Additionally, if Plaintiff's request for relief is not granted, it is Plaintiff's belief that Defendants will benefit from their material noncompliance with their discovery obligations, while Plaintiff will be penalized for his compliance.

## STANDARD

The Pretrial Instructions states that the Pretrial Order may be changed upon a showing of good cause by a moving party. Good cause in relation to extensions of the discovery period is established by showing diligence in seeking discovery. <u>In re Imperial Credit Indus. Secs. Litig.</u>, 252 F. Supp. 2d 1005, 1017 (C.D. Cal 2003).

## GROUNDS FOR RELIEF

**1.** The Pretrial Order sets the non-expert discovery cutoff for June 30, 2008, the deadline for disclosure of experts for October 31, 2008, the expert discovery cutoff for December 19, 2008 and the date dispositive motions are to be heard on for October 1, 2008.

**2.** Through circumstances unforeseen at the time and complicated by the fact that Plaintiff represents himself pro se, Plaintiff now believes he will be unable to request or obtain all the necessary discovery he requires from Defendants by the current non-discovery cutoff. (Omoregie Decl. ¶ 11). The facts and circumstances that led to this delay are set forth in detail in the supporting declaration of Osahon Omoregie filed with this motion. Briefly, the delay has been caused by significant discovery disputes regarding discovery requests propounded by Plaintiff on Defendants and attempts to resolve these disputes informally without judicial intervention. (Omoregie Decl. ¶¶ 4-12). These disputes have prevented Plaintiff from obtaining information necessary to propound further requests for discovery critical to supporting his claims. (Omoregie Decl. ¶ 11).

**3.** Counsel for Defendant Boardwalk Auto Center, Inc. were contacted on May 7, 2008 by Plaintiff in an attempt to obtain a stipulation to extend the non-expert discovery cutoff and push back the rest of the schedule accordingly. As of the filing of this motion, they have not responded to this request. (Omoregie Decl. ¶ 2).

**4.** Counsel for Defendants VW Credit, Inc. ("VCI") and VW Credit Leasing, Ltd. ("VCL") were contacted on May 7, 2008 by Plaintiff in an attempt to obtain a stipulation to extend the non-expert discovery cutoff and push back the rest of the schedule accordingly. On May 16, 2008, they responded that they would only be willing to make such a stipulation if Plaintiff

1. accepted certain conditions and, if at a future point, counsel for Defendants VCI and VCL believed circumstances warranted an extension. On May 16, 2008, Plaintiff informed counsel for VCI and VCL that due to approaching deadlines, Plaintiff desired to apprise the Court of the need for an extension as soon as possible. Counsel for VCI and VCL were asked if they would be willing to make a stipulation without preconditions. As of the filing of this motion, they have not responded to this request. (Omoregie Decl. ¶ 3).

5. Plaintiff asks that the non-expert discovery cutoff be extended to allow Plaintiff additional time to work with Defendants to obtain the discovery he requests without judicial intervention. Plaintiff additionally asks that the dates for disclosure of experts, the expert discovery cutoff and the date dispositive motions are to be heard be correspondently moved to April 30, 2009, June 19, 2009 and April 1, 2009, respectively.

6. As the accompanying Declaration of Osahon Omoregie shows, Plaintiff has worked diligently in attempting to obtain the necessary discovery from Defendants. (Omoregie Decl. ¶¶ 4-12). The relief sought was unavoidable by Plaintiff.

This motion is based on this Motion, the accompanying Declaration of Osahon Omoregie and the pleadings and papers on file in this action.

Date: June 6, 2008

/s/ Osahon Omoregie
Osahon Omoregie

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>Plaintiff,<br><br>v.<br><br>BOARDWALK AUTO CENTER, INC.,<br>VW CREDIT, INC., and<br>VW CREDIT LEASING, LTD.,<br><br>Defendants. | Case No. C07-3884 PJH<br><br>DENYING<br>[P~~ROPOSED~~] ORDER G~~RANTING~~ PLAINTIFF'S MOTION TO MODIFY THE PRETRIAL ORDER. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      Having read the papers submitted in support of and in opposition to the motion, the Court finds that good cause exists to modify the Pretrial Order of December 21, 2007, accordingly, Plaintiff's motion is ~~GRANTED~~.

IT IS ORDERED THAT:

1. The motion is GRANTED.
2. The non-expert discovery cutoff for this action is December 31, 2008.
3. The deadline for disclosure of experts is April 30, 2009.
4. The expert discovery cutoff for this action is June 19, 2009.
5. Dispositive motions are due by July 1, 2009.

Date: 6/16/08

**DENIED**
Judge Phyllis J. Hamilton

_____
United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing motion, supporting declaration, and proposed order were made upon the following counsels through the Electronic Filing System on the 6th day of June, 2008.

Jeffrey Michael Vucinich
Joshua W. Rose
Clapp Moroney Bellagamba and Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066

Lisa Marie Simonetti
Brian C. Frontino
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086

Date: June 6, 2008

/s/ Osahon Omoregie
Osahon Omoregie