UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSAHON OMOREGIE,

        Plaintiff(s),                              No. C 07-3884 PJH

    v.                                         **CLARIFICATION OF RULING**

BOARDWALK AUTO CENTER, INC., et al.,

        Defendant(s).

_____/

        Plaintiff filed his complaint almost one year ago on July 30, 2008. The complaint was followed by plaintiff's filing of numerous motions challenging the defendants' pleadings. After substantial motion practice, and requests for continuance by plaintiff, the initial case management conference was held on December 21, 2007. Pursuant to FRCP 16, the court entered a pretrial schedule, adopting the dates for discovery cutoff and dispositive motions that were *requested by plaintiff*. Approximately one month before the discovery cutoff date, plaintiff requested first an extension of the discovery cutoff date, and second a modification of the pretrial schedule.

        Both requests were denied for the same reason – plaintiff's failure to show good cause. Plaintiff requested an extension because he "now believes that he will be unable to request or obtain all necessary discovery he requires from defendants" by the current deadline of June 30, 2008. Yet the only actual discovery request that he refers to is that on January 14, 2008 he propounded his first round of discovery on defendants. He does not say what form of discovery he sought (documents or answers to interrogatories). He does not say that their responses were untimely. He says defendants lodged objections to some of his requests and that he attempted to work with them to resolve their objections. But the

docket does not reflect that plaintiff ever filed a motion to compel, the proper procedure for unsatisfactory discovery responses should the meet and confer session not resolve the objections. In waiting until a month before the discovery cutoff date to address unsatisfactory responses, plaintiff has not proceeded with due diligence. Moreover, plaintiff has further failed to establish why a continuance of six months of all the pretrial dates is necessary.

The court has taken into account plaintiff's pro per status, but that status is only entitled to so much weight given that plaintiff is an associate at a large law firm, Skadden, Arps, Slate, Meagher & Flom LLP, and has demonstrated by his numerous prior filings a knowledge of legal procedure that a typical pro per litigant does not possess.

Plaintiff's requests remain DENIED.

**IT IS SO ORDERED.**

Dated: June 27, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge