Osahon Omoregie
One Astor Place, Apt. 6-O
New York, NY 10003

June 30, 2008

Hon. Phyllis J. Hamilton
United States District Judge
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re: Omoregie v. Boardwalk, VW Credit, Inc., and VW Credit Leasing, Ltd.,
Case No. C07-3884 PJH

Judge Hamilton,

Thank you very much for the clarification of your previous orders. I had not been aware that all the points raised by the Court would be necessary for a showing of good cause. Based on the Court's clarification of its orders, I am writing this letter to ask that the Court modify the pretrial schedule.[1] Many of the points raised by the Court were omissions made in order not to produce overly long motions. As I was not aware that the Court would need to consider such points, I did not discuss them in the prior motions. I now address each one below and ask that the Court please consider them and grant the proposed order affixed to my motion to modify the pretrial order.

As the Court noted, I am requesting an extension because I now believe that I will not be able to obtain all the discovery I require by the current discovery deadline. The discovery that I was referring to were discovery requests that I have not yet been able to propound.[2] I require responses to prior discovery requests before I can propound further discovery requests necessary to obtain evidence to support my claims. By way of example, I have not been able to propound discovery requests to obtain evidence to support a claim of disparate impact because I am unaware of, among other things, the size and scope of the information I need and the manner

---

[1] Section E of the pretrial instructions attached to the pretrial schedule states that such a request may be made in the form of a letter to the Court.

[2] Plaintiff's motion to extend non-expert discovery, p. 1, lines 25-26; plaintiff's motion to modify the pretrial order, p.1, lines 10-21 and p. 2, lines 18-20.

and location in which the Defendants store this information. I have requested discovery from all Defendants that would inform me of this and have yet to receive it. I do not desire to make overly broad discovery requests, and thus require responses from my January 14, 2008 discovery requests to propound new narrowly focused discovery requests to obtain only the information I need to support my claims. There are similarly other matters to which I require discovery responses from the Defendants before I can propound further discovery requests.

       I have not yet filed motions to compel because I am still attempting to work the discovery disputes that have arisen from my January 14, 2008 discovery requests out with the Defendants. I have been conferring with two of the Defendants via email and the third Defendant has expressed a desire to only confer via regular mail. This is the first time that I have ever tried to obtain discovery from any one and I have found it to be a very difficult process. I am obligate to try and resolve disputes that arise in this context with the Defendants and have taken this obligation very seriously. As many of the Defendants' objections seem out of place and inappropriate, I hope that I will eventually be able to obtain the discovery I require from the Defendants without having to file motions to compel. I am requesting additional time so that if this is the case, I will have sufficient time to examine the discovery I obtain and propound further rounds of discovery requests to obtain information necessary to support my claims.

       In my January 14, 2008 discovery requests, I propounded 30 admissions, 10 interrogatories and 5 document requests on Defendant Boardwalk Auto Center, Inc.; 52 admission, 11 interrogatories and 7 document requests on Defendant VW Credit, Inc.; and 3 interrogatories and 52 admission on Defendant VW Credit Leasing, Ltd.[3] A great many of the Defendants' response contained boilerplate objections without any specific references to the associated requests. It has taken me much time to research and determine how to respond to these objections. I have become aware that these types of objections are ordinarily insufficient;[4] however, I have felt that if I could work with the Defendants to gain the discovery that I require, it would not be worth bring these matters to the Court's attention. In my prior motions, I attempted to discuss these matters only to the extent necessary to obtain additional time from the Court and not in an attempt to assign blame. The Defendants have additionally claimed many privileges that they have not justified with privilege logs. I have repeatedly asked for privilege logs from all Defendants and I am still waiting to receive a comprehensive set of privilege logs from all. I received a privilege log from one Defendant this weekend that does not seem to address all of its claimed privileges. I believe that it may be possible to resolve this and other discovery issues/disputes that have arisen; however, it will take time.

       To date, no Defendant has untimely responded to my January 14, 2008 discovery requests. However, on two occasions, I granted two Defendants additional time to respond to my requests because counsel for those Defendants had complained that his firm was unable to timely responded due to illness of that counsel and his family. I have no way of knowing if this is true; however, I gave this counsel the benefit of the doubt and granted his requests for extension without question or complaint.

---

[3] I have additionally propounded further discovery since January 14, 2008.

[4] See Burlington N. & Santa Fe Ry. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005); Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal 1999).

   I requested that the entire schedule be pushed back six months so that the relative timing of events in this action would remain unchanged. I would like the opportunity to incorporate my finding from discovery into any dispositive motions that I file or oppose. Additionally, I would like the opportunity to incorporate some of the non-expert discovery I receive into expert discovery. I have thus requested that the entire schedule be pushed back. In my attempts to obtain stipulations from the Defendants, I requested that they stipulate to pushing the schedule back in accordance with an extension of non-expert discovery. All Defendants were silent as to whether they would be opposed to or prejudiced by such a shift. I believe that I will be prejudiced if such a shift does not occur.

   I had raised my status as a pro se litigant only to illustrate to the Court that I have not had much experience in playing a meaningful part in litigations. I am new to the practice of law and am not a litigator nor do I practice in California. I have done my best to research the issues that have arisen in this case and to respond in the appropriate manner. My familiarity with the legal procedure that I have demonstrated with my prior filings has only come with issue by issue research on matters that I am seeing for the first time. Such research has been very difficult, time consuming and at times unsuccessful.[5] That I would believe that I would be able to propound several rounds of discovery in six months highlights the importance of experience. I hope the Court has not interpreted my raising my pro se status as a way to gain favor; I have only raised it in hopes that the Court will consider my inexperience in these matters when considering the reasonableness of my actions and beliefs.

   As the Court has noted, I am employed full time and thus, as with most pro se litigants, I have not been able to devote to this action the time that retained counsel can normally devote to an action. I ask that the Court please consider this in determine the level of diligence I have displayed. Additionally, many other issues have arisen in this action from the time I received responses to my January 14, 2008 discovery requests: I have had to prepare and defend a motion to amend my complaint, prepare for my own deposition, review and make changes to my deposition transcript, attend a court-ordered mediation session, participate in related post-mediation discussions, and research and handle these and other issues that have arisen in this action mostly on my own. I ask that the Court please consider this in its consideration of my diligence in this action.

                           Sincerely,

                            */s/ Osahon Omoregie*

                            Osahon Omoregie

---

[5] *See* Court Order Granting Plaintiff's Motion to Shorten Time dated October 26, 2007 (Docket Entry 75).

cc:

Jeffrey Michael Vucinich
Joshua W. Rose
Clapp Moroney Bellagamba & Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066

Lisa Marie Simonetti
Brian C. Frontino
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067