UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSAHON OMOREGIE,

    Plaintiff,

    v.

BOARDWALK AUTO CENTER, INC., et al.,

    Defendants.

No. C 07-3884 PJH

**ORDER GRANTING LEAVE TO AMEND COMPLAINT AND DENYING MOTION TO ADD NEW DEFENDANTS**

Before the court are plaintiff's motions for leave to amend the complaint and to add new defendants.[1] Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS plaintiff's motion to amend the complaint, and DENIES the motion to add new defendants, for the following reasons.

**BACKGROUND**

On August 30, 2005, plaintiff Osahon Omoregie ("plaintiff") obtained a $199 per month promotional lease offer for a Nissan Altima from an unnamed dealership. See First Amended Complaint ("FAC"), ¶ 6. Shortly thereafter, on September 2, 2005, plaintiff visited defendant Boardwalk Auto Center ("Boardwalk") to inquire about the promotional offer. FAC ¶ 7. Plaintiff test drove an Altima, and during the test drive, plaintiff alleges that one of Boardwalk's employees informed plaintiff that a similar $199 offer was available on a Volkswagen Jetta. See id. at FAC ¶ 9. Plaintiff became interested in leasing a Jetta

---

[1] Plaintiff's motions were originally scheduled for hearing on May 5, 2008. However, plaintiff requested that both motions be decided without oral argument, and defendants did not oppose the request. The matter was therefore deemed submitted without argument.

instead.  FAC ¶ 8.

Plaintiff engaged in lease negotiations for the Jetta, and during the negotiation of the lease, plaintiff alleges that he specifically asked Boardwalk's Assistant Sales Manager if a $199 per month promotional offer was available on the Jetta.  FAC ¶ 10.  The Assistant Sales Manager stated that he was unsure, but that he would check with David Horn ("Horn"), Boardwalk's General Manager.  FAC ¶ 11.  After consulting with Mr. Horn, the Assistant Sales Manager informed plaintiff that he was certain a $199 promotional offer was not available on the Jetta and that, to their knowledge, no such offer ever existed.  FAC ¶ 12.  The Assistant Sales Manager permitted plaintiff to use Boardwalk's computer in order for plaintiff to locate proof of a $199 promotional offer for a Jetta.  FAC ¶ 13-14.  However, plaintiff was unable to locate such a promotional offer, and he ended up leasing a Jetta for $219.62 per month.  See id. at ¶ 14.

Two days later, on September 4, 2005, plaintiff learned that a $199 promotional offer was in fact available for the Jetta on the same day he negotiated the higher cost lease with defendant.  FAC ¶ 16.  Plaintiff further alleges that defendant Boardwalk was aware of the $199 promotional lease as of September 2, 2005, and knowingly refused to extend the offer to plaintiff.  See id. at ¶ 16-19.  More than a year later, on September 13, 2006 and then again on June 15, 2007, plaintiff notified defendant Volkswagen Credit, Inc. ("VW Credit") and Volkswagen Credit Leasing, Ltd. ("VW Credit Leasing") that various staff members of the Boardwalk Auto Center had engaged in activities designed to perpetrate a fraud against plaintiff on September 2, 2005.  FAC ¶ 19-20.  However, the Volkswagen entities refused to disgorge the profits they had received or take any other remedial action against Boardwalk.  FAC ¶ 20.

On July 30, 2007, plaintiff filed the pending action against Boardwalk, VW Credit, and VW Credit Leasing (collectively "defendants"), asserting 6 different "counts" of unlawful discrimination, and fraudulent inducement.  Shortly thereafter, on August 20, 2007, plaintiff filed his first amended complaint, which again alleges 6 "counts," as follows:  (1) unlawful

2

discrimination in violation of the Equal Credit Opportunity Act ("ECOA") against Boardwalk; (2) unlawful discrimination in violation of the ECOA against VW Credit; (3) unlawful discrimination in violation of the ECOA against VW Credit Leasing; (4) fraudulent inducement against Boardwalk; (5) unlawful aiding and abetting of fraudulent inducement, against VW Credit; and (6) unlawful aiding and abetting of fraudulent inducement, against VW Credit Leasing. See FAC, ¶¶ 35-40, 42-44. Plaintiff also seeks damages in the form of $9691.96 in actual damages, $4 million in "mental anguish," and punitive damages in the amount of $10 million per defendant, for each violation alleged against them. Id. at ¶¶ 31-32, 43-45.

Plaintiff has now filed two motions before the court: (1) a motion for leave to file a second amended complaint (in order to assert additional theories of relief); and (2) a motion to add new defendants. Defendants VW Credit and VW Credit Leasing oppose both motions.[2]

**DISCUSSION**

A.   Legal Standard

Generally, leave to amend pleadings "shall be freely given when justice so requires." See Fed. R. Civ. P. 15; see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily permitted unless the amendment is (1) futile; (2) untimely; (3) would cause undue prejudice to the defendants; or (4) is sought by plaintiffs in bad faith or with a dilatory motive. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

B.   Analysis

Plaintiff's motions collectively propose the following amendments: (1) to add two new

---

[2] While these two Volkswagen entity defendants have filed a consolidated opposition to plaintiff's motions, defendant Boardwalk has failed to file any similar opposition to the motions. Accordingly, for purposes of the instant order, the term "defendants" refers only to the two existing VW entity defendants.

3

Volkswagen entity defendants, Volkswagen Auto Lease/Loan Underwritten Funding ("VW Auto Lease Funding"), and Volkswagen Auto Lease Trust 2006-A ("VW Auto Lease Trust"); and (2) to add a new theory of relief, by way of a new claim alleging defendants' violation of the Consumer Legal Remedies Act ("CLRA"). See Pl. Reply ISO Motions to Amend Complaint and Add Defendants, Ex. A ("Proposed SAC").[3] Generally, plaintiff's proposed amendments seek to hold VW Auto Lease Funding and VW Auto Lease Trust vicariously liable to plaintiff for the actions allegedly committed by the already existing defendants, and to charge defendant Boardwalk and defendants VW Credit and VW Credit Leasing with additional liability under the CLRA. See Proposed SAC, ¶¶ 3-7, 26-30, 62-82. Defendants, for their part, oppose the proposed amendments on grounds that the amendments are untimely, futile, in bad faith, and severely prejudicial to defendants.

Preliminarily, plaintiff's motions to add new parties to the action and to add a new claim for relief, are both generally governed by the same legal standard. See, e.g., Fed. R. Civ. P. 15. As such, both motions are subject to the same four-factor test noted above, and the court analyzes both motions together. See DCD Programs, 833 F.2d at 186 (amendment generally granted unless futile; untimely; unduly prejudicial to the defendants; or sought by plaintiffs in bad faith). The court is cognizant, however, that "[a]mendments seeking to add *claims* are to be granted more freely than amendments adding *parties*."

---

[3] Plaintiff actually submitted two proposed second amended complaints – one in conjunction with his opening briefs, and then a revised proposed second amended complaint in conjunction with his reply brief. The revised second amended complaint differs from the earlier proposed SAC, in that it omits plaintiff's earlier request for damages for mental anguish, humiliation and embarrassment, omits earlier paragraphs 11 and 12 (which contained the allegations relating to VW Auto Lease Funding and VW Auto Lease Trust's asset-backed securities via the pooling of lease assets), and adds a prayer for attorney's fees. Ordinarily, the court would be hesitant to accept plaintiff's revised proposed SAC, in view of the fact that plaintiff only submitted it on reply and defendants have not had an opportunity to address it. However, given that the revised proposed SAC primarily differs from the earlier proposed SAC by *omitting* certain allegations to which defendants objected in their opposition brief, rather than adding allegations to which an opposition would undoubtedly be made, the court concludes that there is no prejudice to defendants by considering the revised proposed SAC on its merits. Accordingly, the instant order is addressed to the allegations of plaintiff's revised proposed SAC.

4

1  See Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991); see
2  also Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 43 F.3d 1054, 1069 (6th Cir.
3  1995)(amendment to add party over one year after complaint filed denied as too prejudicial
4  to new party).

5        Applying the above analysis to plaintiff's proposed amendments here, the court
6  finds, as an initial matter, that plaintiff's motions are timely.  The court's own pretrial order
7  in the case established March 31, 2008 as the deadline for the parties to file a stipulation or
8  motion to amend the pleadings.  The instant motions were both filed on March 12, 2008 –
9  approximately 2 weeks before that deadline.  Moreover, contrary to defendants' assertion,
10 there is no evidence that establishes that plaintiff's new theory of relief or the proposed
11 defendants' identities were known to him at any point well prior to the filing of plaintiff's
12 motions.  Indeed, defendants' only basis for this assertion is the fact that plaintiff is an
13 associate at a large firm in the area of structured finance, and the supposition that plaintiff
14 had access to publicly filed SEC documents, including a July 27, 2006 prospectus that
15 contains information supporting plaintiff's proposed amendments.  This speculative
16 argument is insufficient, without affirmative evidence, to establish any undue delay on
17 plaintiff's part in bringing the instant motions.

18       Nor does the court perceive any evidence of bad faith.  Defendants contend that
19 "plaintiff's actions may only be viewed as an attempt to intimidate and harass [VW Credit] in
20 bad faith by adding what plaintiff styles as 'VW Affiliates.'"  See Opp. Br. at 13:27-14:1.
21 Once again, however, defendants present no evidence – aside from their assumption that
22 plaintiff was aware of his new claims and the new parties "long ago" – that would
23 affirmatively demonstrate this to be the case.  Accordingly, the court is not persuaded that
24 this factor tips in favor of denying leave to amend.

25       Turning next to the futility factor, this is the primary focus of defendants' opposition.
26 Defendants' arguments in this vein are not focused on plaintiff's proposal to add a new
27 CLRA claim against existing defendants, but rather on plaintiff's proposal to add VW Auto
28

5

Lease Funding and VW Auto Lease Trust as defendants.  Namely, defendants assert that the addition of these new defendants would be futile because the statute of limitations has run on plaintiff's ECOA claim as to these defendants, and because the remaining claims alleging fraudulent inducement and aider and abettor liability against them also fail.[4]

Beginning with the statute of limitations argument, defendants argue, and plaintiff appears to concede, that plaintiff's ECOA claim is subject to a two year statute of limitations, and that the lease transaction originally alleged by plaintiff as the basis for his ECOA claim – i.e., plaintiff's signing of the Jetta lease – took place on September 2, 2005.  See 15 U.S.C. § 1691e(f)(ECOA has a two-year statute of limitations that begins to run on the date of the occurrence of the violation); FAC, ¶¶ 5, 7, 20.  Accordingly, the statute of limitations on plaintiff's ECOA claims against the existing defendants ran out on September 2, 2007.  Plaintiff's original complaint, which was filed on July 30, 2007, was therefore timely.  Plaintiff's proposed ECOA claim against VW Auto Lease Funding and VW Auto Lease Trust, however, is not, since it is being proposed more than six months after the September 2, 2007 deadline.

Plaintiff first tries to overcome this statute of limitations problem with the argument that the statute of limitations against VW Auto Lease Funding and VW Auto Lease Trust did not actually begin to run until August 3, 2006, the date when plaintiff alleges that the two entities "were assigned beneficial interests in Plaintiff's lease."  See Proposed SAC, ¶ 16.  While plaintiff's proposed amended ECOA claim continues to acknowledge that "the discrete events of September 2, 2005 constitute a credit transaction under [ECOA]," it now additionally alleges that "the events involving all of the [d]efendants up to, on, or about

---

[4] Defendants also argue that personal jurisdiction is lacking over VW Auto Lease Funding and VW Auto Lease Trust.  However, as plaintiff correctly notes, defendants have offered insufficient evidence at this juncture to press their argument.  Defendants' only proof that the proposed entities' minimum contacts with the State of California are lacking, for example, is the lack of allegations in the Proposed SAC establishing minimum contacts.  Such allegations are not required, however.  Accordingly, the lack thereof without more does not warrant a finding by the court that personal jurisdiction would be lacking over VW Auto Lease Funding and VW Auto Lease Trust.

6

August 3, 2006 also constitute a credit transaction under the ECOA." See id. at ¶ 31. According to plaintiff, this would make any claims filed before August 3, 2008 – including those at issue here – timely.

This argument does not withstand scrutiny, however. ECOA prohibits certain discriminatory actions by creditors involved in credit transactions, and furthermore permits individuals aggrieved by violations of the statute to institute private suits in federal court, as plaintiff has tried to do here. See 15 U.S.C. § 1691e(a); see also 12 C.F.R. § 202.2. However, ECOA also defines "creditor" as a person "who regularly extends, renews, or continues credit," or who "regularly participates in a credit decision, including setting the terms of the credit." See id. ECOA further provides that, while a "creditor" can also include a creditor's "assignee," as plaintiff argues with respect to VW Auto Lease Funding and VW Auto Lease Trust here, the assignee must also have known or "had reasonable notice of the act, policy, or practice that constituted the violation before becoming involved in the credit transaction." See 12 C.F.R. § 202.2(l).

Plaintiff attempts to plead an ECOA claim against the proposed VW entities here by alleging: that VW Auto Lease Funding and VW Auto Lease Trust were "assigned beneficial interests" in plaintiff's lease from Boardwalk, VW Credit, and VW Credit Leasing; that VW Auto Lease Funding and VW Auto Lease Trust were involved in a "credit transaction" under ECOA; that VW Auto Lease Funding was a "creditor" who participated in the credit decision involved in this credit transaction "in the manner defined in 12 C.F.R. § 202.2(l);" and that VW Auto Lease Funding "knew or had reasonable notice of the acts, policies, or practices that constituted a violation of the ECOA before becoming involved in the transaction" at issue. See Proposed SAC, ¶¶ 16, 31, 35.

The problem, however, is that these allegations are purely conclusory. They are wholly unsupported by any other allegations of fact that demonstrate a plausible basis for plaintiff's conclusions. Plaintiff does not, for example, allege any actions taken by either VW Auto Lease Funding and VW Auto Lease Trust prior to August 3, 2006 that would

7

explain the nature of any relationship between these two proposed defendants and the existing defendants, such that the proposed defendants can be deemed to have "participated" in any aspect of the September 2, 2005 credit transaction that is at the heart of this action, let alone deemed to have notice of the "acts, policies, or practices" at issue prior to the alleged violation that occurred. Nor does plaintiff allege any explanatory facts regarding the proposed defendants that support the conclusion that VW Auto Lease Funding and VW Auto Lease Trust are qualifying creditors under ECOA who are regularly engaged in the extension, renewal, or continuation of credit. While plaintiff's Proposed SAC alleges that VW Auto Lease Funding and VW Auto Lease Trust were "assigned beneficial interests" in plaintiff's lease, plaintiff does not allege the nature of any assignments, or the entity doing the assigning, or anything else that would support the conclusion that the proposed defendants are qualifying creditors under ECOA by virtue of any assignments made to them by other creditors. Finally, plaintiff has offered no factual allegations that explain that VW Auto Lease Funding and VW Auto Lease Trust were engaged in any actions that could be considered a "credit transaction" under ECOA.

In other words, there are simply no allegations that raise plaintiff's claim that VW Auto Lease Funding and VW Auto Lease Trust were involved in a "credit transaction" under ECOA, or plaintiff's claim that they were indirectly involved in the existing defendants' qualifying "credit transactions," above the speculative level. See Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007)(while plaintiff's complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); Williams ex rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 939 (9th Cir. 2008)(factual allegations must be enough to raise a right to relief above the speculative level"); see also, e.g., Lewis v. ACB Business Services, Inc., 135 F.3d 389, 408 (6th Cir. 1998)(refusing to hold that party was a "creditor" within meaning of ECOA where complaint "contains nothing more than a

bare legal conclusion in an attempt to show that [party] regularly extended, renewed, or continued credit or regularly arranged for the extension, renewal, or continuation of credit" and provided no "facts to show how [party] is an assignee of [creditor]).  As such, the court cannot conclude that plaintiff has alleged any qualifying "credit transaction" on August 3, 2006, that could have formed the basis for an ECOA claim against VW Auto Lease Funding and VW Auto Lease Trust, and triggered the statute of limitations as to them as of that date.  Thus, plaintiff's ECOA claim against them cannot be considered timely.

To the extent, moreover, that plaintiff goes on to assert that the claims against the additional VW entities can be deemed to relate back to the timely claims filed against existing defendants, this argument also fails.  An amended complaint naming a new party relates back to the filing date of the original complaint if it arose from the same conduct or transaction, and within 120 days of the original complaint, the new party had notice of the litigation such that it would not be prejudiced, and knew or should have known it was the proper defendant.  See Fed. R. Civ. P. 15(c); G.F. Co. v. Pan Ocean Shipping Co. Ltd., 23 F.3d 1498, 1501 (9th Cir.1994).  Here, neither of these conditions is met.  First, the proposed ECOA claim against VW Auto Lease Funding and VW Auto Lease Trust cannot be said to arise from the same conduct that was at issue in the original and first amended complaints since, as noted above, the credit transaction at issue in the prior complaints was the September 2, 2005 lease signing.  By contrast, the Proposed SAC alleges that the additional entities' conduct was by way of the August 3, 2006 assignment of "beneficial interests," with no allegations that sufficiently explain the relation of this assignment to the existing defendants, or the nature of relationship between the additional VW entities and the existing defendants' prior conduct.

Second, even if the new claim against the additional VW entities did arise from the same conduct or transaction, there is no evidence that the proposed defendants had notice of the instant litigation, or knew or should have known that they were the proper defendants.  At best, plaintiff points out that on August 18, 2007, and less than three weeks

after the filing of the original complaint, plaintiff sent an email to the existing VW defendants' counsel, Brian Frontino, and stated: "Please advice [sic] your clients that though I have only named VW Credit Leasing and VW Credit in this complaint, I may latter [sic] add other affiliated VW entities as I learn more of their involvement." See Declaration of Osahon Omoregie re Reply Br., ¶ 7, Ex. A.  It is unclear, however, how this notice sent to counsel for VW Credit and VW Credit Leasing could affirmatively place *VW Auto Lease Funding* and *VW Auto Lease Trust* on notice of the potential ECOA claims against them – particularly when neither one of these proposed defendants was even mentioned in the original email to Mr. Frontino.  Nor has plaintiff submitted any evidence aside from this single open-ended email to suggest that the specific VW entities plaintiff seeks to add here had actual notice of, or should have known of, the instant litigation.

     The court accordingly concludes that plaintiff's proposal to add an ECOA claim against new defendants VW Auto Lease Funding and VW Auto Lease Trust fails, since the claim is outside the limitations period, and the claim does not relate back to the claims stated in the original and first amended complaints.  As such, this claim is, indeed, futile.

     The court also reaches a similar conclusion with respect to defendants' second argument as to why plaintiff's proposal to add VW Auto Lease Funding and VW Auto Lease Trust as additional defendants is futile – i.e., that plaintiff's claims alleging vicarious fraudulent deceit as well as aiding and abetting liability against both, cannot stand.  As to the former claim, plaintiff has alleged a direct claim as to existing defendant Boardwalk only; the two proposed VW entities are alleged to have "vicariously fraudulently deceived" plaintiff.  See Proposed SAC, ¶¶ 72-73.  However, plaintiff has pled no relationship between VW Auto Lease Funding and VW Auto Lease Trust on the one hand, and defendant Boardwalk on the other, such that a vicarious liability claim for fraudulent inducement could be stated.  At most, plaintiff alleges that "Boardwalk acted as an agent of [VW Credit] and the VW Affiliates in regard to "the [September 2, 2005] transaction."  See Proposed SAC, ¶ 22.  Not only is this statement wholly conclusory and unsupported by

10

additional factual allegations, but plaintiff's complaint itself pleads that VW Auto Lease Funding and VW Auto Lease Trust did not get involved with plaintiff's lease until August 3, 2006, a fact that undercuts any allegation that the two additional defendants were involved in any actionable relationship with Boardwalk as of September 2, 2005.  As to the latter claim, defendants have correctly noted that aider and abettor liability may only be imposed on one who aids and abets the commission of an intentional tort if the person knows the other's conduct constitutes a breach of a duty, and gives substantial assistance or encouragement to the other to so act.  See In re First Alliance Mortg. Co., 471 F.3d 977, 992-93 (9th Cir. 2006).  Here, however, for the same reasons just described, plaintiff has alleged no facts that establish any substantial assistance or encouragement by VW Auto Lease Funding and VW Auto Lease Trust to Boardwalk in committing any alleged acts of fraudulent deceit against plaintiff.

In sum, and based on the foregoing, the court concludes that defendants are correct in their argument that plaintiff's request for leave to add the two new VW entity defendants would be futile, as the claims against these additional defendants are fatally deficient.  The futility factor, therefore tips in favor of denying leave to amend with respect to plaintiff's motion to add new defendants.

The court notes, however, that with respect to plaintiff's motion for leave to add a new CLRA claim, and despite the fact that defendants' arguments were not targeted at this proposed amendment specifically, the futility factor counsels in favor of granting leave to amend.  Plaintiff's proposed claim is against existing defendants Boardwalk, VW Credit, and VW Credit Leasing – all of which have already appeared, are represented in the case, and have participated in discovery.  Furthermore, the new claim is premised on the same September 2, 2005 transaction that is currently at issue in the first amended complaint, and therefore arises out of the same transactions and conduct or occurrences as the already existing claims in the action.  The new claim therefore relates back to the filing of plaintiff's previous complaints.  As such, the claim is not futile, and the liberal amendment standards

11

counsel in favor of allowing the claim to go forward.

Finally, the last factor to be considered by the court is prejudice. Prejudice is the touchstone of the inquiry under FRCP 15(a). See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)(absent prejudice, or a strong showing of any of the remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend"). Here, the prejudice factor turns on two issues: first, whether any prejudice to VW Auto Lease Funding and VW Auto Lease Trust would result from granting plaintiff's request for leave to add new defendants. Second, whether any prejudice to the existing defendants would result from granting plaintiff's request for leave to add a new CLRA claim.

The answer to both is subsumed in the foregoing discussion regarding futility. In essence, for the same reasons as those discussed above, the court concludes that VW Auto Lease Funding and VW Auto Lease Trust would suffer substantial prejudice by being required to defend themselves from plaintiff's claims at this late date, and in view of the lack of evidence showing that they have been given notice of the instant action. The existence of this prejudice tips in favor of denying plaintiff's request for leave to add new defendants. As for the existing defendants, however, who have been actively defending this complaint since its inception, there is no substantial prejudice that has been demonstrated as a result of the potential addition of a CLRA claim against them arising from the same conduct and occurrences already alleged in the pleadings. Accordingly, the lack of demonstrated prejudice as to these existing defendants tips this factor in favor of granting plaintiff's motion for leave to add a new claim.

C.     Conclusion

For the above reasons, plaintiff's motion for leave to amend the complaint in order to add VW Auto Lease Funding and VW Auto Lease Trust as defendants is DENIED. The motion for leave to amend the complaint to state a new CLRA claim against the existing defendants, however, is GRANTED.

Plaintiff shall file a Second Amended Complaint that conforms with the instant order,

no later than August 22, 2008.  The amended complaint shall not enlarge upon the allegations of the revised second amended complaint submitted with plaintiff's reply brief.

To the extent discovery is necessary with respect to plaintiff's new CLRA claim, plaintiff may propound discovery no later than September 5, 2008.  Defendants shall respond to the discovery requests no later than September 29, 2008.  Discovery is not re-opened for any other purposes or claims.  The hearing date for dispositive motions is continued from October 1, 2008 to November 12, 2008.

**IT IS SO ORDERED**.

Dated: August 13, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge