OSAHON OMOREGIE
PRO SE
ONE ASTOR PLACE, APT. 6-O
NEW YORK, NY 10003
(917) 805-8309
OOMOREGIE@GMAIL.COM

Plaintiff,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE, | Case No. C07-3884 PJH |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| BOARDWALK AUTO CENTER, INC., VW CREDIT, INC., VW CREDIT LEASING, LTD., | |
| Defendants. | |

Plaintiff Osahon Omoregie alleges as follows:

## THE PARTIES

**1.** Plaintiff is an African-American citizen of Nigerian national origin. On September 2, 2005, Plaintiff was a graduate student and resided at 729 Escondido Road, Stanford, CA, 94306.

**2.** Defendant Boardwalk Auto Center, Inc. ("Boardwalk") is a California corporation. Boardwalk operates a car dealership at One Bair Island Road, Redwood City, CA, 94063. Boardwalk is a member of VCI's network of authorized Volkswagen dealers.

**3.** Defendant VW Credit, Inc. ("VCI") is a Delaware corporation. VCI is a wholly owned indirect subsidiary of Volkswagen of America, Inc., which is a wholly owned subsidiary of Volkswagen Aktiengesellschaft. VCI acts as a finance subsidiary of Volkswagen of America.

**4.** Defendant VW Credit Leasing, Ltd. ("VCL") is a Delaware statutory trust. VCI was the settlor and initial beneficiary of VCL. VCL was formed solely to perform the type of transaction that is at issue in this action.

## JURISDICTION

**5.** This Court has jurisdiction over this action because at least one claim arises under the laws of the United States and all claims in this action arise from a common nucleus of operative facts.

## VENUE AND INTRADISTRICT ASSIGNMENT

**6.** Venue is appropriate in this Court because at least one of the Defendants resides in this district, and a substantial amount of the events which give rise to this action occurred in this district.

**7.** This action should be assigned to the San Francisco Division of this Court because a substantial part of the events which give rise to this action occurred in San Mateo County.

## SHORT AND PLAIN STATEMENT

**8.** Plaintiff's first interaction with the Defendants occurred on September 2, 2005, at or about 3 p.m., at One Bair Island Road, Redwood City, San Mateo County, California, on Boardwalk's premises, when Plaintiff leased a 2005 new Jetta Value Edition from Boardwalk, VCI and VCL.

**9.** During the negotiation of the lease, an Assistant Sales Manager for Boardwalk, Mourad Zemmama ("Zemmama"), specifically stated after consultation with Boardwalk's General Manger, David Horn ("Horn"), that an incentive offer was not available for the 2005 new Jetta Value Edition that Plaintiff eventually leased. Upon further questioning by Plaintiff, Zemmama additionally stated that such an incentive offer had never been available for any Jetta. However, Boardwalk was aware that they, VCI and VCL were in fact then offering such an advertised incentive offer on 2005 new Jetta Value Editions (inclusive of the 2005 new Jetta Value Edition that Plaintiff eventually leased).

**10.** As a result of Boardwalk's misrepresentations referred to in Paragraph 9, Plaintiff entered into his current lease.

**11.** On September 2, 2005, Plaintiff had Tier 1 credit and was qualified for the advertised incentive offer offered by Boardwalk, VCI and VCL. On September 2, 2005, Boardwalk and VCI had actual knowledge of these facts.

**12.** The application for the financing of the lease was processed and approved by VCI, who at the time possessed actual knowledge of the illicit and tortious conduct surrounding the origination of Plaintiff's lease. VCI subsequently caused VCL to finance the lease transaction.

**13.** Boardwalk, VCI and VCL together leased Plaintiff his 2005 new Jetta Value Edition above its advertised price.

**14.** On September 2, 2005, Boardwalk falsely stated, and VCI and VCL have all since falsely stated, that the 2005 new Jetta Value Edition leased to Plaintiff was not eligible for the incentive offer offered by Boardwalk, VCI and VCL.

**15.** In the advertisement of the incentive offer, VCI and VCL misrepresented the authority of Boardwalk to set the final terms with consumers on vehicles eligible for the incentive offer offered by Boardwalk, VCI and VCL.

**16.** The economic difference between the lease Plaintiff obtained and what was held out to the public under the incentive offer offered by Boardwalk, VCI and VCL was at least 17.21% of the value of the total payments that Plaintiff was obligated to pay the Defendants under Plaintiff's lease agreement.

**17.** The annual percentage rate of Plaintiff's lease was 222.22% that of the annual percentage rate held out to the public under the incentive offer offered by Boardwalk, VCI and VCL.

**18.** Boardwalk acted as an agent of VCI and VCL in regard to this transaction.

**19.** VCI acted as an agent of VCL in regard to this transaction.

**20.** VCI and VCL are vicariously liable for the actions of Boardwalk under the theory of principal-agent liability.

**21.** VCL is vicariously liable for the actions of Boardwalk and VCI under the theory of principal-agent liability.

**22.** Due to the organization and constitution of VCI and VCL, all of the knowledge possessed by VCI can be imputed to VCL.

**23.** A joint venture existed between VCI and VCL.

**24.** VCI and VCL are vicariously liable for the actions of one another under the theory of joint venture liability.

**25.** A joint venture existed between all Defendants.

**26.** Each Defendant is vicariously liable for the actions of all other Defendants under the theory of joint venture liability.

**27.** VCL is liable for the actions of Boardwalk and VCI under the theory of assignee liability.

## THE EQUAL CREDIT OPPORTUNITY ACT

**28.** The events of September 2, 2005 constitute a credit transaction under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. (the "ECOA").

**29.** Exhibit A is a diagram depicting the generalized structure of the transaction.

**30.** Exhibit A is page v from the prospectus supplement filed by VCI and VCL with the Securities and Exchange Commission ("SEC") pursuant to Rule 424(b)(5) of the Securities Act of 1933. Substantially similar diagrams had been included in other SEC filings by VCI and VCL prior to September 2, 2005.

**31.** Boardwalk, in the ordinary course of business, including this credit transaction, regularly referred applicants to creditors, and selected creditors to whom requests for credit were made, all in the manner described in 12 C.F.R § 202.2(l).

**32.** VCI and VCL participated in the credit decision involved in this credit transaction in the manners defined in 12 C.F.R § 202.2(l). Both knew or had reasonable notice of the acts, policies or practices that constituted a violation of the ECOA before becoming involved in this transaction.

**33.** Boardwalk, VCI and VCL all had policies or practices in place that resulted in the origination of Plaintiff's lease in violation of the ECOA.

**34.** As regards to this credit transaction, Boardwalk, VCI and VCL were all creditors under the ECOA.

**35.** Boardwalk, VCI and VCL all discriminated against Plaintiff in this credit transaction in the manners defined in 12 C.F.R §§ 202.2(n), 202.4(a) and 202.4(b).

**36.** All the Defendants are liable for Boardwalk's conduct under the non-delegable duty doctrine.

**37.** As a result of the Defendants' action, Plaintiff suffered out-of-pocket damages.

**38.** Plaintiff is not seeking damages in the form of mental anguish, humiliation and embarrassment.

## FRAUDULENT DECEIT

**39.** The representations of Zemmama referred to in Paragraph 9 constitute deceit as it is defined in Cal. Civ. Code § 1710.

**40.** Such deceit was in violation of Cal. Civ. Code § 1709.

**41.** Zemmama, Horn and Boardwalk were aware that those representations were false, misleading and withheld material facts when made.

**42.** Zemmama made those statements in order to defraud Plaintiff by inducing reliance.

**43.** Plaintiff justifiably relied on the deceitful statements made by Zemmama to Plaintiff's detriment.

**44.** On September 2, 2005, Horn was a managing agent of Boardwalk.

**45.** Boardwalk authorized the actions of Zemmama referred to in Paragraph 9.

**46.** The damages Plaintiff suffered as a result of the fraudulent deceit were all financial obligations imposed under the lease agreement.

## AIDING AND ABETTING FRAUDULENT DECEIT

**47.** VCI had actual knowledge of Boardwalk's fraudulent deceit of Plaintiff.

**48.** The actual knowledge possessed by VCI can be imputed to VCL.

**49.** VCI and VCL substantially assisted Boardwalk in its fraudulent deceit of Plaintiff, after acquiring actual knowledge of Boardwalk's intent to fraudulently deceive Plaintiff, in the manner described in Paragraph 12.

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT

**50.** The methods, acts and practices of Boardwalk, VCI and VCL, in regard to the advertising and honoring of incentive offers, constitute unfair and deceptive business practices.

**51.** The methods, acts and practices of Boardwalk, VCI and VCL, in regard to the representation of vehicles to which incentive offers are available, constitute unfair and deceptive business practices.

**52.** The methods, acts and practices of Boardwalk, VCI and VCL, in regard to the representation of the reasons for, and the existence of, price reductions, constitute unfair and deceptive business practices.

**53.** The methods, acts and practices of VCI and VCL, in regard to the representation of the authority of dealers to set the final terms with consumers, constitute unfair and deceptive business practices.

**54.** Such unfair and deceptive business practices are in violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. (the "CLRA").

**55.** Such unfair and deceptive business practices are ongoing in nature as to the particular consumers affected.

**56.** Plaintiff suffered from and continues to suffer from such unfair and deceptive business practices.

**57.** Plaintiff seeks injunctive relief, under CLRA § 1780(a)(2), designed to enjoin the particular methods, acts and practices of Boardwalk, VCI and VCL that constitute unfair and deceptive business practices under the CLRA.

**58.** Damages are not being sought under the CLRA.

## FIRST CAUSE OF ACTION

### (Discrimination under the ECOA)

**59.** Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through Paragraph 58 of this Complaint as though set forth in full herein.

**60.** Defendant Boardwalk has directly and vicariously discriminated against Plaintiff in a credit transaction in violation of the ECOA.

**61.** Defendant VCI has directly and vicariously discriminated against Plaintiff in a credit transaction in violation of the ECOA.

**62.** Defendant VCL has directly and vicariously discriminated against Plaintiff in a credit transaction in violation of the ECOA.

## SECOND CAUSE OF ACTION

### (Fraudulent Deceit)

**63.** Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through Paragraph 62 of this Complaint as though set forth in full herein.

**64.** Defendant Boardwalk has directly and vicariously fraudulently deceived Plaintiff.

**65.** Defendant VCI has vicariously fraudulently deceived Plaintiff.

**66.** Defendant VCL has vicariously fraudulently deceived Plaintiff.

## THIRD CAUSE OF ACTION

### (Aiding and Abetting Fraudulent Deceit)

**67.** Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through Paragraph 66 of this Complaint as though set forth in full herein.

**68.** Defendant VCI has directly aided and abetted in the fraudulent deceit of Plaintiff.

**69.** Defendant VCL has directly and vicariously aided and abetted in the fraudulent deceit of Plaintiff.

# FOURTH CAUSE OF ACTION

## (Deceptive Business Practices)

**70.** Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through Paragraph 69 of this Complaint as though set forth in full herein.

**71.** Defendant Boardwalk has directly and vicariously employed unfair and deceptive business practices against Plaintiff in a transaction which resulted in the lease of goods in violation of the CLRA.

**72.** Defendant VCI has directly and vicariously employed unfair and deceptive business practices against Plaintiff in a transaction which resulted in the lease of goods in violation of the CLRA.

**73.** Defendant VCL directly and vicariously employed unfair and deceptive business practices against Plaintiff in a transaction which resulted in the lease of goods in violation of the CLRA.

WHEREFORE, Plaintiff prays this Court:

    a. enter judgments holding each of the Defendants jointly and severally liable for discrimination in violation of the ECOA;

    b. enter judgments holding each of the Defendants jointly and severally liable for fraudulent deceit;

    c. enter judgments holding each of VCI and VCL jointly and severally liable for aiding and abetting fraudulent deceit;

    d. enter judgments holding Boardwalk, VCI and VCL jointly and severally liable for their violation of the CLRA;

    e. enter an order, under CLRA § 1780(a)(2), permanently enjoining Boardwalk, VCI and VCL from financing or participating in the financing of vehicles in California to which an incentive offer is advertised, or available, without first disclosing in writing the existence of such an incentive offer, its eligibility requirements and its terms;

    f.   enter an order, under CLRA § 1780(a)(2), permanently enjoining Boardwalk, VCI and VCL from financing or participating in the financing of vehicles in California without first disclosing in writing any differences between the contract and buy rates associated with each financing;

    g.   enter orders for any other injunctive relief, under CLRA § 1780(a)(2), for the purpose of enjoining the particular methods, acts and practices of Boardwalk, VCI and VCL that constitute unfair and deceptive business practices;

    h.   enter an order rescinding Plaintiff's lease agreement;

    i.   enter an order awarding Plaintiff damages according to proof, together with pre-judgment and post-judgment interest;

    j.   enter an order awarding Plaintiff punitive damages from each of the Defendants according to proof;

    k.   award Plaintiff his costs and attorney's fees in connection with this action; and

    l.   enter orders for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable by right by a jury.

Dated: August 22, 2008

                              /s/ Osahon Omoregie
                              Osahon Omoregie

# Exhibit A

**Table of Contents**

## SUMMARY OF STRUCTURE AND FLOW OF FUNDS

    This structural summary briefly describes certain major structural components, the relationship among the parties, the flow of funds and certain other material features of the transaction. This structural summary does not contain all of the information that you need to consider in making your investment decision. You should carefully read this entire prospectus supplement and the accompanying prospectus to understand all the terms of this offering.



- The special unit of beneficial interest, or SUBI, represents a beneficial interest in specific Origination Trust assets.
- The SUBI represents a beneficial interest in a pool of closed-end Volkswagen and Audi vehicle leases and the related Volkswagen and Audi leased vehicles.
- The UTI represents Origination Trust assets not allocated to the SUBI or any other special unit of beneficial interest similar to the SUBI and the issuing entity has no rights in either the UTI assets or the asset of any other SUBI.

OSAHON OMOREGIE
PRO SE
ONE ASTOR PLACE, APT. 6-O
NEW YORK, NY 10003
(917) 805-8309
OOMOREGIE@GMAIL.COM

Plaintiff,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>            Plaintiff,<br><br>     v.<br><br>BOARDWALK AUTO CENTER, INC.,<br>VW CREDIT, INC.,<br>VW CREDIT LEASING, LTD.,<br><br>            Defendants. | Case No. C07-3884 PJH<br><br>**VENUE AFFIDAVIT OF OSAHON OMOREGIE** |

1.     I, Osahon Omoregie, am the Plaintiff in the above action.

2.     The lease transaction that is the subject of this action occurred at One Bair Island Road, Redwood City, San Mateo County, California.

Dated: August 22, 2008

*[signature]*
Osahon Omoregie

Sworn to before me
this 22nd day of August 2008.

*[signature]*

ALEXANDRA MELGAR
Notary Public, State of New York
No. 01ME6119085
Qualified in Queens County
Commission Expires Nov. 22, 2008

Notary Public

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing complaint and affidavit were made upon the following counsels through the Electronic Filing System on the 22nd day of August, 2008.

Jeffrey Michael Vucinich
Joshua W. Rose
Clapp Moroney Bellagamba and Vucinich
1111 Bayhill Drive
Suite 300
San Bruno, CA 94066

Lisa Marie Simonetti
Brian C. Frontino
Stroock & Stroock & Lavan LLP
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086

Date: August 22, 2008

/s/ Osahon Omoregie
Osahon Omoregie