JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR#: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE,<br><br>    Plaintiff,<br><br>v.<br><br>BOARDWALK AUTO CENTER, INC.;<br>VW CREDIT LEASING, LTD; AND<br>VOLKSWAGEN CREDIT, INC.,<br><br>    Defendants. | CASE NO.: C07-03884 JCS<br><br>**DEFENDANT BOARDWALK AUTO CENTER, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Second Amended Complaint filed August 20, 2008<br><br>**JURY TRIAL DEMANDED** |

COMES NOW defendant, BOARDWALK AUTO CENTER, INC., and in answer to the Second Amended Complaint of Plaintiff, OSAHON OMOREGIE, on file herein, admits, denies, and alleges as follows:

1.  Answering the allegations contained in Paragraph 1, defendant admits that plaintiff is an African-American. As to all other allegations in paragraph 1, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

2.  Answering the allegations contained in Paragraph 2, answering defendant admits that it is a licensed California Corporation and that it operates a car dealership at One Bair Island Road, Redwood City, CA. Defendant further admits that at all relevant times, it was an authorized

1. Volkswagen dealer. Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

3. Answering the allegations contained in Paragraph 3, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

4. Answering the allegations contained in Paragraph 4, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

5. Answering the allegations contained in Paragraph 5, Defendant further admits that this Court has jurisdiction over this action.

6. Answering the allegations contained in Paragraph 6, answering defendant admits that venue of this case is proper in the Northern District of California-San Francisco Division.

7. Answering the allegations contained in Paragraph 7, defendant admits that the case is properly venued in San Francisco Division of this Court.

8. Answering the allegations contained in Paragraph 8, answering defendant admits that it operates a car dealership at One Bair Island Road, Redwood City, CA. Defendant further admits that on or about September 2, 2005 Omoregie entered into a lease with Boardwalk Auto Center for a 2005 Jetta Value Edition, VIN 3VWPG71K75M633938. Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

9. Answer the allegations contained in Paragraph 9, answering defendant admits that the terms of the lease were negotiated between defendant's employees and plaintiff. Defendant further admits that financing from Volkswagen was available on 2005 Jetta Value Editions, and that plaintiff received that financing from Volkswagen. Defendant denies the remaining allegations therein.

10. Answering the allegations contained in Paragraph 10, answering defendant admits that

plaintiff entered into the lease in which he agreed to lease a Jetta, VIN 3VWPG71K75M633938, for the terms stated in the lease contract. Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

11. Answering the allegations contained in Paragraph 11, answering defendant admits that plaintiff had "Tier 1 Credit". Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

12. Answering the allegations contained in Paragraph 15, answering defendant admits that Volkswagen agreed to finance plaintiff's lease for the Jetta with VIN 3VWPG71K75M633938. Defendant alleges that it is without sufficient information or belief to enable it to answer each and every other allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

13. Answering the allegations contained in Paragraph 13, answering defendant denies the allegations therein.

14. Answering the allegations contained in Paragraph 14, answering defendant denies the allegations therein.

15. Answering the allegations contained in Paragraph 15, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

16. Answering the allegations contained in Paragraph 16, answering defendant denies the allegations therein.

17. Answering the allegations contained in Paragraph 17, answering defendant denies the allegations therein.

18. Answering the allegations contained in Paragraph 18, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

19. Answering the allegations contained in Paragraph 19, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

20. Answering the allegations contained in Paragraph 20, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

21. Answering the allegations contained in Paragraph 21, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

22. Answering the allegations contained in Paragraph 22, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

23. Answering the allegations contained in Paragraph 23, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

24. Answering the allegations contained in Paragraph 24, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

25. Answering the allegations contained in Paragraph 25, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

26. Answering the allegations contained in Paragraph 26, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

27. Answering paragraph 27 of the Complaint, Defendant denies any liability. Defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations

therein.

28. Answering paragraph 28 of the Complaint, Defendant admits that the lease entered into by plaintiff with it was a credit transaction.

29. Answering paragraph 29 of the Complaint, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

30. Answering paragraph 30 of the Complaint, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

31. Answering the allegations contained in Paragraph 31, defendant admits that it refers applicants to creditors and selected creditors. Defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

32. Answering the allegations contained in Paragraph 32, defendant denies that any of its acts, policies or practices constituted a violation of the ECOA. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

33. Answering the allegations contained in Paragraph 33, answering defendant denies that its policies or practices resulted in violation of the ECOA. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

34. Answering the allegations contained in Paragraph 34, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

35. Answering the allegations contained in Paragraph 35, specifically denies the allegations therein.

36. Answering the allegations contained in Paragraph 36, answering defendant specifically

denies each and every allegation contained within.

    37. Answering the allegations contained in Paragraph 37, answering defendant denies that plaintiff suffered any damages as a result of defendant's conduct.

    38. Answering the allegations contained in Paragraph 34, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

    39. Answering the allegations contained in Paragraph 39, defendant denies that any acts of Zemmama constituted fraudulent deceit. As to all other allegations, this answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

    40. Answering the allegations contained in Paragraph 40, defendant denies that any acts of Zemmama constituted fraudulent deceit. As to all other allegations, this answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

    41. Answering the allegations contained in Paragraph 41, answering defendant specifically denies that Zemmama made any fraudulent statements to plaintiff. Answering defendants specifically deny that Boardwalk, Horn, or Zemmama were aware that any representations made were false or misleading, and specifically deny that any material facts were withheld.

    42. Answering the allegations contained in Paragraph 42, answering defendant specifically denies the allegations contained therein.

    43. Answering the allegations contained in Paragraph 43, answering defendants deny that any deceitful statements were made by Zemmama. As to all other allegations, this answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

    44. Answering the allegations contained in Paragraph 44, answering defendant admits that David Horn was a manager of Boardwalk. As to all other allegations, this answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of

that paragraph and, basing its denial on that ground, denies the allegations therein.

45. Answering the allegations contained in Paragraph 45, answering defendant incorporates its response to paragraph 9, and specifically denies all remaining allegations.

46. Answering the allegations contained in Paragraph 46, answering defendant denies that any of its employees committed fraudulent deceit. Defendant admits that financial obligations were imposed on plaintiff as a result of the lease. Defendant specifically denies all remaining allegations.

47. Answering the allegations contained in Paragraph 47, answering defendant denies it committed fraudulent deceit. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

48. Answering the allegations contained in Paragraph 48, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

49. Answering the allegations contained in Paragraph 49 defendant denies that it intended to fraudulently deceive plaintiff, and denies that it committed fraudulent deceit. Defendant further denies that it received any assistance from VCI and or VCL in the commission of any alleged fraudulent deceit. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

50. Answering the allegations contained in Paragraph 49, defendant specifically denies all allegations against it therein. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

51. Answering the allegations contained in Paragraph 51, defendant specifically denies all allegations against it therein. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

52. Answering the allegations contained in Paragraph 52, defendant specifically denies all allegations against it therein. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

53. Answering the allegations contained in Paragraph 53, they are directed at defendants

1  other than the answering defendant and therefore no response is required from this answering defendant.

54.  Answering the allegations contained in Paragraph 54, defendant specifically denies all allegations against it therein. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

55.  Answering the allegations contained in Paragraph 51, defendant specifically denies all allegations against it therein. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

56.  Answering the allegations contained in Paragraph 51, defendant specifically denies all allegations against it therein. As to all other allegations, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

57.  Answering the allegations contained in Paragraph 57, answering defendant denies that it engages in any unfair and or deceptive practices under the CLRA. As to all other allegations, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

58.  As to all other allegations, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

59.  Answering the allegations contained in Paragraph 59, answering defendant incorporates by reference its responses to Paragraphs 1 through 38, inclusive, as if said responses were fully set forth herein.

60.  Answering the allegations contained in Paragraph 60, answering defendant specifically denies the allegations contained therein.

61.  Answering the allegations contained in Paragraph 62 they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

62.  Answering the allegations contained in Paragraph 63 they are directed at defendants

other than the answering defendant and therefore no response is required from this answering defendant.

63. Answering the allegations contained in Paragraph 63, answering defendant incorporates by reference its responses to Paragraphs 1 through 62, inclusive, as if said responses were fully set forth herein.

64. Answering the allegations contained in Paragraph 64 answering defendant specifically denies the allegations contained therein.

65. Answering the allegations contained in Paragraph 65 they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

66. Answering the allegations contained in Paragraph 66 they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

67. Answering the allegations contained in Paragraph 67, answering defendant incorporates by reference its responses to Paragraphs 1 through 66, inclusive, as if said responses were fully set forth herein.

68. Answering the allegations contained in Paragraph 65 they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

69. Answering the allegations contained in Paragraph 65 they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

70. Answering the allegations contained in Paragraph 70, answering defendant incorporates by reference its responses to Paragraphs 1 through 66, inclusive, as if said responses were fully set forth herein.

71. Answering the allegations contained in Paragraph 71 answering defendant specifically denies the allegations contained therein.

72. Answering the allegations contained in Paragraph 72 they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

73. Answering the allegations contained in Paragraph 73 they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

a. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph a, answering defendant denies that Plaintiff is entitled to a judgment based on discrimination under the ECOA;

b. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph b, answering defendant denies that Plaintiff is entitled to damages in any amount based on fraudulent deceipt;

c. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph c, they are directed at defendants other than the answering defendant and therefore no response is required from this answering defendant.

d. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph d, answering defendant denies that Plaintiff is entitled to judgment based on the alleged violations of the CLRA.

e. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph e, answering defendant denies that Plaintiff is entitled to any injunctive relief under the CLRA;f. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph f;

f. Answering defendant denies that Plaintiff is entitled to any injunctive relief under the CLRA;

g. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph g, answering defendant denies that Plaintiff is entitled to any injunctive relief under the CLRA;

h. Answering the allegations contained in Plaintiff's prayer for relief at Paragraph h,

answering defendant denies that Plaintiff is entitled to rescission;

    i.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph i, answering defendant denies that Plaintiff is entitled to any damages whatsoever;

    j.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph j, answering defendant denies that Plaintiff is to any punitive damages;

    k.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph k, answering defendant denies that Plaintiff is entitled to any attorneys fees or costs;

    l.    Answering the allegations contained in Plaintiff's prayer for relief at Paragraph l, answering defendant denies that Plaintiff is entitled to any damages or relief whatsoever from this lawsuit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the complaint fails to state a cause of action against this answering defendant for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Comparative Fault–Plaintiff)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by plaintiff, in that the plaintiff negotiated the very terms of the lease that he entered into. Under principles of comparative fault, plaintiff must bear sole, or partial responsibility for its alleged injuries, damages, or other alleged loss, if any, using a percentage allocation of plaintiff's fault or negligence.

///

///

### THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault–Third Parties)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the happening of the incidents complained of, and loss and damage, if any, which the plaintiff allegedly sustained, was caused wholly or in part by the fault of persons, firms, corporations, or entities other than this answering defendant, and such fault is imputed to the plaintiff and either eliminates or comparatively reduces the percentage of fault, if any, of defendant with respect to the matters complained of in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused the injuries, if any, in that plaintiff with full knowledge, negotiate the very terms of the lease that he complains of.

### FIFTH AFFIRMATIVE DEFENSE

### (Superseding Cause/Sole Proximate Cause)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the damages, if any, suffered by plaintiff were caused by the acts and/or omissions of persons or entities other than answering defendants, which acts were the superseding and/or sole proximate cause of plaintiff's alleged damages. Accordingly, any recovery by plaintiff from answering defendant should be barred or reduced to the extent of such responsibility.

### SIXTH AFFIRMATIVE DEFENSE

### (Lawful Acts)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that at all times relevant herein, each of the acts alleged to have been committed by the answering defendant was committed in good faith and in the exercise of a good faith belief that said acts were

proper and lawful and within its legal responsibility and discretion.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Intentional Acts)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff by his own conduct, induced and intentionally caused and brought about the conduct of which plaintiff complains, and the injuries, loss and damages complained of, and plaintiff's intentional conduct either bars or reduces any potential recovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Consent/Ratification)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff consented to, authorized and ratified the acts complained of in the complaint and that said consent was both express and implied, in that plaintiff negotiated and agreed to the terms of the lease.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's causes of action are barred by virtue of the doctrine of unclean hands, in that he negotiated and knowingly entered into the lease with knowledge of the terms therein.

## TENTH AFFIRMATIVE DEFENSE

### (Mitigation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff has failed to mitigate his alleged damages, if any, which he claims to have sustained, and its recovery, if any, should be barred or diminished accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Periods of Limitation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each and every cause of action is barred by virtue of plaintiff's failure to comply with the

requirements of California Code of Civil Procedure §§ 335 et seq. including, but not limited to 335.1, 340.6 and 337, as well as period of limitations prescribed in 15 U.S.C. § 1691.

## TWELVTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff directed, ordered, approved and ratified defendant's conduct and plaintiff is therefore estopped from asserting any claim based thereon.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant Entitled To Attorneys' Fees)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's action is frivolous, unreasonable and without foundation and therefore defendant is entitled to attorneys' fees and costs.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that at all times herein mentioned, there is no proximate causation between any act or omission by answering defendant and plaintiff's alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Negligent or Fraudulent Misrepresentation or Inducement)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that it had no knowledge of the alleged falsity of any representations complained of by plaintiff. In addition, answering defendant alleges that it believed to be true the representations, if any, made by this answering defendant to or concerning plaintiff and plaintiff had reasonable grounds for believing any and all representations made by this defendant to plaintiff, and that they were true representations. Moreover, answering defendant suppressed no facts or representations which it was bound to disclose, and gave no information or other facts which were likely to mislead for want of communication of said first mentioned facts or representations. Furthermore, defendant alleges that with respect to the acts,

omissions and other conduct complained of by plaintiff, and with respect to the resulting actions taken, or other actions not taken by plaintiff, there does not exist and/or was not justifiable reliance by plaintiff. Finally, answering defendant entertained and had no interest to practice deceit upon and/or defraud or oppress plaintiff by making any representations complained of by plaintiff and/or by making any actual representations, if any, by this defendant to plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Defendants' Full Performance Under Contract)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that prior to the commencement of this action, this answering defendant duly performed, satisfied and discharged all duties and obligations that it may have owed to the plaintiff arising out of any and all agreements, representations or contracts made by it or on behalf of this answering defendant and this action is therefore barred by the provisions of California Civil Code Section 1473.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Set-Off/Reduction)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that plaintiff's Complaint is barred and the amount plaintiff may recover is reduced, because this answering defendant is entitled to a set-off from any recovery to the extent of the value of all benefits received by, available to, paid, incurred, or payable on plaintiff's behalf, and for the value of services rendered and costs advanced by this answering defendant on plaintiff's behalf in the event of a finding of any liability in favor of plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Waiver)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that without acknowledging that defendant committed any of the acts alleged in the Complaint, or that such matters occurred in the manner alleged, or at all, defendant contends that plaintiff, both expressly and through his conduct, waived the right to complain of the conduct alleged in the Complaint.

///

### NINETEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each cause of action in the Complaint are barred by the doctrine of laches in that plaintiff unreasonably delayed in bringing this action and such delay caused prejudice to defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Unwarranted Action)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that this action was not warranted by existing law as against defendant and/or was brought for an improper purpose and defendant is entitled to sanctions for plaintiff's violation of Federal Rule of Civil Procedure 11.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Insufficient Knowledge/Unstated Defenses)

As a separate and distinct affirmative defense to the Complaint, this answering defendant presently has insufficient knowledge or information on which to form a belief as to whether defendant may have additional, as yet unstated defenses available. Additionally, plaintiff had not pled his claims with sufficient particularity and detail to allow defendant to determine all of the affirmative defenses available to it. Defendant, therefore, reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to state facts upon which to support a claim for exemplary or punitive damages. In addition, plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary

damages can be awarded. Moreover, plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages pursuant to Civil Code § 3294, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1 §17, of the Constitution of the State of California. Moreover, plaintiff's Complaint violates defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed. Additionally, to the extent that the Complaint seeks exemplary or punitive damages, pursuant to California Civil Code Section 3294, the Complaint violates defendant's rights to procedural due process under Article 1, Section 7 of the Constitution of the State of California and, therefore, fails to state a cause of action in which either punitive and/or exemplary damages can be awarded. Finally, the Complaint to the extent that it seeks punitive or exemplary damages, pursuant to California Civil Code Section 3294, violates defendant's right to substantive due process as provided by the Constitution of the State of California and, therefore, fails to state a cause of action supporting the exemplary or punitive damages claimed. Defendant's conduct was not motivated by evil motive or intent, nor reckless or callous indifference to the rights of others, thus punitive damages are not awardable against defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Discrimination)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show unlawful discrimination by defendant, against plaintiff, with respect to a credit transaction on the basis of plaintiff's race, color, or national origin, or in violation of the Equal Credit Opportunity Act (ECOA), in that defendant nor its employees participated in any discriminatory conduct toward plaintiff. Any inquiry of plaintiff by defendant, if any, was made with a non-discriminatory, legitimate, legal and bona fide purpose.

///

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Fraud, Fraudulent Inducement)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the Complaint, and each alleged cause of action thereof, fails to allege and/or has not stated facts sufficient to show fraud by defendant, fraudulent statements by defendant, or that defendant fraudulently induced plaintiff to enter into a lease agreement.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering defendants allege that plaintiff has failed to meet and fulfill the requirements and requisites for pursuing an action under the Consumer Legal Remedies Act, including, but not limited to, failing to provide adequate notice under Civil Code §1782 and failed to satisfy the requirements under §1781.

WHEREFORE, this answering defendant prays for judgment against plaintiff as follows:

1. That the plaintiff takes nothing by way of his Complaint;
2. That all costs of suit, including attorneys' fees, be awarded to the answering defendant;
3. That judgment be entered in favor of the answering defendant; and
4. That this Court award such further relief it deems just an proper.

## DEMAND FOR JURY TRIAL

This answering defendant hereby demands a trial by jury in this action.

DATED: September 8, 2008

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____
PATRICK R. CO
Attorneys for Defendant
BOARDWALK AUTO CENTER, INC.

**OSAHON OMOREGIE v. BOARDWALK AUTO CENTER, INC., et al.**
United States District Court, Northern District of California Case No. C07-03884 PJH

### PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**DEFENDANT BOARDWALK AUTO CENTER, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

| | |
|---|---|
| Oshahon Omoregie<br>In Pro Per<br>One Astor Place, Apt. 6-O<br>New York, NY 10003<br>Tel: (917) 805-8309<br>e-mail: oomoregie@gmail.com<br>***Plaintiff in Pro Per***<br><br>*****SERVE EVERYTHING BY E-FILE AND U.S. MAIL** | Lisa M. Simonetti, Esq.<br>Brian C. Frontino, Esq.<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East<br>Los Angeles, CA 90067-3086<br>Tel: (310) 556-5943<br>Fax: (310) 556-5959<br>e-mail: bfrontino@stroock.com<br>***Attys for Defendants VW Credit Leasing, LTD. and Volkswagen Credit, Inc*** |

[X] (BY UNITED STATED MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the address listed above and (specify one).

(1) ☐ deposited the seal envelope with the United States Postal Service, with the postage fully pre-paid.

(2) ■ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] (BY PERSONAL SERVICE) I personally delivered the documents to the persons at the addresses as set forth above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

[ ] (BY FAX TRANSMISSION) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers set forth above. No error was reported by the fax machine that I used. A copy of the record of transmission, which I printed out, is attached.

[ ] (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons set forth above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

G:\Data\DOCS\0173\03851\POS

| | | |
|---|---|---|
| 1 | [X] | (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed as noted above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| 4 | [ ] | (BY MESSENGER SERVICE) I served the documents by placing then in an envelope or package addressed to the persons at the addresses as noted above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)* |

Executed on September 11, 2008 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Claudia Gomez*

G:\Data\DOCS\0173\03851\POS