1  STROOCK & STROOCK & LAVAN LLP
   LISA M. SIMONETTI (State Bar No. 165996)
2  BRIAN C. FRONTINO (State Bar No. 222032)
   2029 Century Park East
3  Los Angeles, California 90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   lacalendar@stroock.com

Attorneys for Defendants
  VW CREDIT, INC. and
  VW CREDIT LEASING, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OSAHON OMOREGIE | Case No. 07-CV-03884-PJH |
| Plaintiff, | **ANSWER OF DEFENDANTS VW CREDIT, INC. AND VW CREDIT LEASING, LTD. TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| BOARDWALK AUTO CENTER, INC. and VW CREDIT INC., VW CREDIT LEASING, LTD., | Action Filed: July 30, 2007 |
| Defendants. | |

Defendants VW Credit, Inc. and VW Credit Leasing, Ltd. (together, "VCI"), hereby answer the Second Amended Complaint (the "SAC") filed by plaintiff Osahon Omoregie ("Plaintiff") as follows:

## THE PARTIES

1. Answering Paragraph 1 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, neither admits nor denies the allegations contained therein.

2. Answering Paragraph 2 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, neither admits nor denies the allegations contained therein.

3. Answering Paragraph 3 of the SAC, VCI admits that VW Credit, Inc. is a Delaware corporation and that VW Credit, Inc. is a wholly-owned subsidiary of Volkswagen of America, Inc.

4. Answering Paragraph 4 of the SAC, VCI admits that VW Credit Leasing, Ltd. is a Delaware statutory trust.

## JURISDICTION

5. Answering Paragraph 5 of the SAC, VCI admits that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

6. Answering Paragraph 6 of the SAC, VCI admits that venue is proper in this District.

7. Answering Paragraph 7 of the SAC, VCI neither admits nor denies the allegations contained therein.

## SHORT AND PLAIN STATEMENT

8. Answering Paragraph 8 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

9. Answering Paragraph 9 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

ANSWER OF DEFENDANTS VW CREDIT, INC. AND VW CREDIT LEASING, LTD.
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; Case No. 07-CV-03884-PJH
LA 51080121v1

10. Answering Paragraph 10 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

11. Answering Paragraph 11 of the SAC, VCI admits that Plaintiff qualified for VCI's Tier 1 financing. VCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, on that basis, denies the remaining allegations contained therein.

12. Answering Paragraph 12 of the SAC, VCI admits that VCI approved the financing for the 2005 Volkswagen Jetta sedan ("Jetta") that Plaintiff sought to lease from defendant Boardwalk Auto Center, Inc. ("Boardwalk") and that VW Credit Leasing, Ltd. ultimately became the legal owner of the Jetta after completion of Plaintiff's lease from Boardwalk. Except as expressly admitted, VCI denies the remaining allegations contained in Paragraph 12.

13. Answering Paragraph 13 of the SAC, VCI denies the allegations contained therein as to VCI.

14. Answering Paragraph 14 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of the SAC, VCI denies the allegations contained therein.

16. Answering Paragraph 16 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

17. Answering Paragraph 17 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of the SAC, VCI denies the allegations contained therein.

19. Answering Paragraph 19 of the SAC, VCI denies the allegations contained therein.

20. Answering Paragraph 20 of the SAC, VCI denies the allegations contained therein.

21. Answering Paragroph 21 of the SAC, VCI denies the allegations contained therein.

22. Answering Paragraph 22 of the SAC, VCI denies the allegations contained therein.

23. Answering Paragraph 23 of the SAC, VCI denies the allegations contained therein.

24. Answering Paragraph 24 of the SAC, VCI denies the allegations contained therein.

25. Answering Paragraph 25 of the SAC, VCI denies the allegations contained therein.

26. Answering Paragraph 26 of the SAC, VCI denies the allegations contained therein.

27. Answering Paragraph 27 of the SAC, VCI denies the allegations contained therein.

## THE EQUAL CREDIT OPPORTUNITY ACT

28. Answering Paragraph 28 of the SAC, VCI admits that the Equal Credit Opportunity Act, 15 U.S.C. §1691, et seq. ("ECOA") applies to credit transactions. Except as expressly alleged herein, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, denies the allegations contained therein.

29. Answering Paragraph 29 of the SAC, VCI denies the allegations contained therein.

30. Answering Paragraph 30 of the SAC, VCI admits that Exhibit A and other similar diagrams are sometimes provided by VCI to the Securities and Exchange Commission ("SEC") in various filings that are required by the SEC.

31. Answering Paragraph 31 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

32. Answering Paragraph 32 of the SAC, VCI denies that it knew or had reasonable notice of the acts, policies or practices that constituted a violation of ECOA in connection with Plaintiff's lease. VCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and, on that basis, denies the remaining allegations contained therein.

33. Answering Paragraph 33 of the SAC, VCI denies the allegations contained therein as to VCI. VCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 and, on that basis, denies the remaining allegations contained therein.

34. Answering Paragraph 34 of the SAC, VCI admits that it is a creditor under the ECOA. Except as expressly alleged herein, VCI lacks knowledge or information as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies the allegations contained therein.

35. Answering Paragraph 35 of the SAC, VCI denies the allegations contained therein as to VCI. VCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and, on that basis, denies the remaining allegations contained therein.

36. Answering Paragraph 36 of the SAC, VCI denies the allegations contained therein.

37. Answering Paragraph 37 of the SAC, VCI denies the allegations contained therein.

38. Answering Paragraph 38 of the SAC, VCI admits the allegations contained therein.

## FRAUDULENT DECEIT

39. Answering Paragraph 39 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

40. Answering Paragraph 40 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

41. Answering Paragraph 41 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

42. Answering Paragraph 42 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

43. Answering Paragraph 43 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

44. Answering Paragraph 44 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, neither admits nor denies the allegations contained therein.

45. Answering Paragraph 45 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, neither admits nor denies the allegations contained therein.

46. Answering Paragraph 46 of the SAC, VCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

## AIDING AND ABETTING FRAUDULENT DECEIT

47. Answering Paragraph 47 of the SAC, VCI denies the allegations contained therein.

48. Answering Paragraph 48 of the SAC, VCI denies the allegations contained therein.

49. Answering Paragraph 49 of the SAC, VCI denies the allegations contained therein.

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT

50. Answering Paragraph 50 of the SAC, VCI denies the allegations contained therein.

51. Answering Paragraph 51 of the SAC, VCI denies the allegations contained therein.

52. Answering Paragraph 52 of the SAC, VCI denies the allegations contained therein.

53. Answering Paragraph 53 of the SAC, VCI denies the allegations contained therein.

54. Answering Paragraph 54 of the SAC, VCI denies the allegations contained therein.

55. Answering Paragraph 55 of the SAC, VCI denies the allegations contained therein.

56. Answering Paragraph 56 of the SAC, VCI denies the allegations contained therein.

57. Answering Paragraph 57 of the SAC, VCI admits that Plaintiff seeks injunctive relief under the CLRA § 1780(a)(2), but denies that Plaintiff is entitled to any relief whatsoever, including, without limitation, injunctive relief.

58. Answering Paragraph 58 of the SAC, VCI admits the allegations contained therein.

//

//

//

- 5 -

## FIRST CAUSE OF ACTION

### (Discrimination under the ECOA)

59. Answering Paragraph 59 of the SAC, VCI incorporates its responses to Paragraphs 1 through 58, above.

60. Answering Paragraph 60 of the SAC, this Paragraph contains no allegations directed to VCI. Accordingly, VCI neither admits nor denies the allegations contained in Paragraph 60.

61. Answering Paragraph 61 of the SAC, VCI denies the allegations contained therein.

62. Answering Paragraph 62 of the SAC, VCI denies the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Fraudulent Deceit)

63. Answering Paragraph 63 of the SAC, VCI incorporates its responses to Paragraphs 1 through 62, above.

64. Answering Paragraph 64 of the SAC, this Paragraph contains no allegations directed to VCI. Accordingly, VCI neither admits nor denies the allegations contained in Paragraph 64.

65. Answering Paragraph 65 of the SAC, VCI denies the allegations contained therein.

66. Answering Paragraph 66 of the SAC, VCI denies the allegations contained therein.

## THIRD CAUSE OF ACTION

### (Aiding and Abetting Fraudulent Deceit)

67. Answering Paragraph 67 of the SAC, VCI incorporates its responses to Paragraphs 1 through 66, above.

68. Answering Paragraph 68 of the SAC, VCI denies the allegations contained therein.

69. Answering Paragraph 69 of the SAC, VCI denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

### (Deceptive Business Practices)

70. Answering Paragraph 70 of the SAC, VCI incorporates its responses to Paragraphs 1 through 69, above.

71. Answering Paragraph 71 of the SAC, this Paragraph contains no allegations directed to VCI. Accordingly, VCI neither admits nor denies the allegations contained in Paragraph 71.

72. Answering Paragraph 72 of the SAC, VCI denies the allegations contained therein.

73. Answering Paragraph 73 of the SAC, VCI denies the allegations contained therein.

**PRAYER**

74. Answering Paragraph 73a to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI.

75. Answering Paragraph 73b to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI.

76. Answering Paragraph 73c to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI.

77. Answering Paragraph 73d to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI.

78. Answering Paragraph 73e to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI, including injunctive relief.

79. Answering Paragraph 73f to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI, including injunctive relief.

80. Answering Paragraph 73g to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI, including injunctive relief.

81. Answering Paragraph 73h to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to rescission of the Agreement, including rescission.

82. Answering Paragraph 73i to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI, including actual damages or any other damages, pre-judgment or post-judgment interest.

83. Answering Paragraph 73j to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI, including actual and/or punitive damages or any other damages.

84. Answering Paragraph 73k to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI, including costs and/or attorney's fees.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

85. Answering Paragraph 73l to Plaintiff's Prayer for Relief, VCI denies that Plaintiff is entitled to any relief whatsoever as against VCI.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the SAC and all claims alleged therein, VCI alleges as follows on information and belief:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

86. The SAC, and each purported claim alleged therein, fails to state a claim against VCI.

### SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

87. The SAC, and each purported claim alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including without limitation 15 U.S.C. § 1691e(f) and California Civil Code Section 1783.

### THIRD AFFIRMATIVE DEFENSE

### Failure to Mitigate

88. To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the SAC, which VCI denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

### Good Faith/Reasonable Commercial Standards

89. With respect to the matters alleged in the SAC, VCI at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements, thus precluding Plaintiff from any recovery as against VCI.

### FIFTH AFFIRMATIVE DEFENSE

### Estoppel

90. The SAC is barred, in whole or in part, by Plaintiff's conduct, actions and inactions which amount to and constitute an estoppel of the claims and any relief sought thereby.

### SIXTH AFFIRMATIVE DEFENSE

### Waiver

91. The SAC, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the SAC.

### SEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

92. Plaintiff's claims in the SAC are barred, in whole or in part, by virtue of Plaintiff's conduct, actions or inactions, under the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

### Laches

93. Plaintiff has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to VCI, and such claims therefore are barred pursuant to the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

### Consent

94. By the Plaintiff's conduct, acts and/or omissions, Plaintiff consented to and acquiesced in VCI's alleged conduct.

### TENTH AFFIRMATIVE DEFENSE

### Independent/Intervening Conduct

95. Plaintiff is barred from recovery in that the harm alleged in the SAC was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of VCI.

### ELEVENTH AFFIRMATIVE DEFENSE

### Contributory Negligence

96. VCI alleges that, if Plaintiff sustained any loss as a result of the matters alleged in the SAC, such loss, if any, was caused and contributed to by Plaintiff's conduct, and such conduct

- 9 -

on his part constitutes a bar to any recovery or, in the alternative, recovery, if any, should be reduced in proportion to the extent such conduct was a cause of his loss, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**Constitutional Limitations on Punitive Damages**

97. The claims for punitive damages are barred, in whole or in part, by the Excessive Fines and/or Due Process Clauses of the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**Ratification**

98. The SAC, and each purported claim therein, is barred by Plaintiff's conduct, actions and inactions under the doctrine of ratification.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Business Justification**

99. VCI did not consider Plaintiff's racial background in connection with his application for financing with VCI. Rather, VCI's decision was based solely on legitimate business needs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Bona Fide Error**

100. Plaintiff's claim for violation of the Consumers Legal Remedies Act is barred, in whole or in part, because any alleged wrongful conduct on the part of VCI, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Alternative Choice of Goods and Services**

101. Plaintiff's claim for violation of the Consumers Legal Remedies Act is barred, in whole or in part, because Plaintiff had meaningful choices available to him at all relevant times.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**Reservation of Rights to Assert Additional Affirmative Defenses**

102. VCI reserves the right to assert such other and further affirmative defenses as may be appropriate through the course of the litigation.

WHEREFORE, VCI prays as follows:

1. That Plaintiff take nothing by this action;

2. That judgment be entered against Plaintiff and in favor of VCI;

3. That VCI be awarded its costs incurred in this action, including, where applicable under the law, its reasonable attorneys' fees; and

4. That this Court grant such other relief as the Court deems just and proper.

Dated:  September 11, 2008   STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
BRIAN C. FRONTINO


By:   /s/ Brian C. Frontino
            Brian C. Frontino

Attorneys for Defendants
   VW CREDIT, INC. and VW CREDIT
   LEASING, LTD.

- 11 -

ANSWER OF DEFENDANTS VW CREDIT, INC. AND VW CREDIT LEASING, LTD.
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; Case No. 07-CV-03884-PJH

LA 51080121v1

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )  ss
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On September 11, 2008, I served the foregoing document(s) described as: **ANSWER OF DEFENDANTS VW CREDIT, INC. AND VW CREDIT LEASING, LTD. TO PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Osahon Omoregie | Patrick R. Co, Esq. |
| 42 Otsego Avenue | Clapp Moroney Bellagamba Vucinich |
| New Rochelle, New York 10804 | 1111 Bayhill Drive, Suite 300 |
| Telephone: (917) 805-8309 | San Bruno, California 94066 |
| Facsimile: (413) 803-5514 | Telephone: (650) 989-5400 |
| oomoregie@gmail.com | Facsimile: (650) 989-5499 |
| | pco@clappmoroney.com. |

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☒ **(VIA ELECTRONIC CASE FILING)** I filed electronically the documents listed above, using the United States District Court's, Northern District of California electronic case filing service, on September 11, 2008. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 11, 2008, at Los Angeles, California.

| | |
|---|---|
| Brian C. Frontino | /s/ Brian C. Frontino |
| [Type or Print Name] | [Signature] |

- 12 -
ANSWER OF DEFENDANTS VW CREDIT, INC. AND VW CREDIT LEASING, LTD.
TO PLAINTIFF'S SECOND AMENDED COMPLAINT; Case No. 07-CV-03884-PJH

LA 51080121v1