United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSAHON OMOREGIE,

    Plaintiff,

    v.

BOARDWALK AUTO CENTER, INC., et al.,

    Defendants.

_____/

No. C 07-3884 PJH

**ORDER DENYING MOTION TO STAY**

    The court is in receipt of plaintiff's motion to stay, filed October 23, 2008. Plaintiff has brought the motion as an administrative motion pursuant to Civil Local Rule 7-11, and in it, seeks to stay the entirety of the underlying litigation pending "plaintiff's submission and the final resolution of plaintiff's motion for the recusal of [the undersigned]."

    Preliminarily, the court notes that Civil Local Rule 7-11, which is meant to cover requests for relief in connection with "miscellaneous administrative matters" – such as motions to exceed otherwise applicable page limitations or motions to file documents under seal – is not the appropriate vehicle by which to request a stay of all litigation proceedings. Rather, plaintiff should have filed a properly noticed motion pursuant to Civil Local Rule 7-1 et seq. and the 35 day briefing schedule set forth therein, in order provide all affected parties with the opportunity to be fully heard on the matter. Notwithstanding plaintiff's procedural error, however, the court will nonetheless construe plaintiff's administrative motion as a motion properly filed pursuant to the local rules, in view of the fact that defendant filed an opposition to the motion. Plaintiff's objection to defendant's opposition, is in essence a reply brief, which is not permitted by Civil Local Rule 7-11, the route plaintiff chose by which to proceed.

Turning to the merits of plaintiff's request for a stay, the court notes that plaintiff's request for a stay is premised on the court's resolution of plaintiff's motion for recusal. No recusal motion, however, has been filed, despite several letters from plaintiff dating back to July of this year, indicating his intention to file such motion in the near future. It is not enough for plaintiff to reiterate his intention to file a motion with the court by way of improper letter filings on the docket. A motion must actually be filed with the court, in order for it to be considered a pending matter that is at issue in the underlying proceedings, and in order for the court to consider altering the underlying proceedings in light of that motion. To that end, the court will not grant the extraordinary relief requested by plaintiff here, based on a non-existent motion whose impact on the litigation cannot yet be determined. If plaintiff wishes the court to consider his motion for recusal as grounds for a stay of this litigation, the motion for recusal must be filed with the court. Otherwise, the underlying litigation remains active, and will continue to be adjudicated as such.

To the extent, moreover, that plaintiff seeks a stay of proceedings in order to halt the dispositive motion schedule currently in place, the court notes that the deadline for filing dispositive motions expired on October 8, 2008 – more than two weeks prior to the filing of plaintiff's motion to stay. And while both defendants duly filed their motions for summary judgment, neither a dispositive motion nor a *pre-deadline* request for additional time was filed by plaintiff. Plaintiff's last request for a stay of the proceedings or a continuance of pretrial deadlines was based on his need for additional discovery. The court notes additionally that plaintiff has filed no opposition to the defendants' motions.

In sum, given that plaintiff's motion to stay is contingent upon the filing of plaintiff's not-yet-filed motion for recusal, the motion to stay is DENIED. When and if such motion is filed, the court will handle it as required by the federal and local rules. The pending summary judgment motions remain on calendar for hearing on November 12, 2008. Although plaintiff did not oppose the motions within the time permitted by the local rules, he may, of course, appear at the hearing to oppose the motions in person.

Finally, the court again reminds plaintiff that it is improper to communicate with the court for purposes of seeking relief in the underlying action via informal letters posted on the docket. As the court instructed plaintiff in its order dated July 8, 2008, if plaintiff or any other party wishes to seek action by the court, he must do so by formal or informal motion pursuant to the applicable civil local rule. The docket is not a bulletin board for the private use of litigants. Notwithstanding this instruction and the striking of a prior letter, plaintiff continues to post letters on the docket rather than file the type of motions permitted by the rules of this court. Accordingly, the court ORDERS as follows:

**Plaintiff shall not post letters on the docket for this case**. In his motion seeking permission to participate in this court's Electronic Case Filing program as a pro se litigant, plaintiff declared that he was able to meet all the technical requirements of electronic filing and he agreed to abide by all e-filing and other rules and orders of the court. If plaintiff violates this order of the court, his e-filing privileges will be terminated. Further, **plaintiff shall not send letters to the court by regular mail or otherwise**. The court does not correspond with litigants on cases before it.

**IT IS SO ORDERED.**

Dated: October 31, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

3