UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSAHON OMOREGIE,

    Plaintiff,

    v.

BOARDWALK AUTO CENTER, INC., et al.,

    Defendants.

No. C 07-3884 PJH

**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE**

Before the court is plaintiff Osahon Omoregie's ("plaintiff) motion to continue the hearing date for dispositive motions. Plaintiff seeks an order modifying the Pretrial Scheduling Order to extend the hearing date on dispositive motions from November 12, 2008 to January 28, 2009, or to any other date that the court determines will allow him sufficient time to prepare, file, and notice a motion for recusal.[1] Plaintiff filed this motion as an administrative motion pursuant to Section E of the Pretrial Order and Civil Local Rule 7-11 on November 4, 2008, one week before the hearing on dispositive motions and after failing to file an opposition to the pending motions. Pursuant to Rule 7-11, one defendant responded as permitted on November 7, 2008, noting only its view that plaintiff had again improperly utilized Rule 7-11 for a motion that is not an administrative matter.

**DISCUSSION**

A.    Legal Standard

A district court's pretrial scheduling order shall not be modified absent a showing of

---

[1] On August 13, 2008, the court continued the hearing date for dispositive motions from October 1, 2008 to November 12, 2008 to permit time for any additional discovery necessitated by the granting of plaintiff's motion to amend.

"good cause." Fed.R.Civ.P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Johnson, 975 F.2d at 609 (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 amendment)).  The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification.  Id.  If the moving party is not diligent, the inquiry ends.  Id.

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order.  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609.

B.      Legal Analysis

The court notes that this motion was filed only four days after the court denied plaintiff's motion to stay the proceedings based on the same ground advanced here.  In this motion to continue, plaintiff offers one justification in support of his request to modify the Pretrial Scheduling Order.  Plaintiff asserts that the Pretrial Scheduling Order should be modified because he needs additional time to file a motion for recusal in order to adequately explain the approximately one hundred and forty-six acts and omissions on the part of the undersigned that necessitate recusal.  Plaintiff has failed to show good cause to modify the Pretrial Scheduling Order.  Specifically, plaintiff has failed to demonstrate diligence in complying with the order's deadlines or in seeking to amend the order once it

became apparent that he could not comply with it.  For instance, plaintiff did not provide a persuasive explanation as to why he could not file his motion for recusal, or an opposition to defendants' motions for summary judgment, before the dispositive motion deadline. While plaintiff has filed several letters with the court dating back to July of this year, indicating his intent to file a motion for recusal, he has not articulated a compelling reason why he could not file this motion earlier.  Plaintiff's motion is completely devoid of an explanation as to why his motion for recusal would require months to prepare particularly given the number and length of other motions he has found time to prepare.  In addition, plaintiff did not provide a persuasive explanation as to why an extension of time was not sought earlier.  Indeed, requesting the court to modify the Pretrial Scheduling Order to continue the dispositive motion hearing deadline approximately one week before the hearing on grounds that he claims to have been aware of as early as July, does not reflect diligence.  And given that he previously advised the court that such motion would be filed by October 22, 2008, the deadline for his opposition to the pending motions, the court has no basis for determining when the motion will be filed.

As plaintiff was advised in this court's last order, to the extent that he seeks the undersigned's recusal he must file a motion.  The court is aware that plaintiff takes issue with every ruling the court has made and every line that it has written, but the court is unaware of how the court's rulings and orders necessitate recusal, and thus a motion is required.  Given that plaintiff has had sufficient time to file a motion, his repeated intention to do so is cannot serve as a basis for obtaining through a request for a continuance what he could not obtain through his request for a stay.

Plaintiff's motion to continue is DENIED.

**IT IS SO ORDERED**.

Dated: November 10, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

3