IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAHON OMOREGIE, | No. C 07-3884 PJH |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF'S ECOA CLAIM, AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE** |
| v. | |
| BOARDWALK AUTO CENTER, INC., et al., | |
| Defendants. | |

Plaintiff Osahon Omoregie ("plaintiff") brought this action against defendants Boardwalk Auto Center, Inc. ("Boardwalk"), VW Credit, Inc. ("VCI") and VW Credit Leasing, Ltd. ("VCL") (collectively "defendants") alleging claims for unlawful discrimination in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq.*, fraudulent inducement, and violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ.Code §§ 1750 *et seq*. Before the court are defendants' motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff did not file a written opposition. Plaintiff did, however, appear at the November 12, 2008 hearing to orally oppose the motion. Having carefully read the parties' papers and considered their oral arguments and relevant legal authority, the court hereby GRANTS defendants' motion for summary judgment on plaintiff's ECOA claim, and DISMISSES

plaintiff's state law claims without prejudice, for the reasons stated below.

**BACKGROUND**

Plaintiff is an African-American citizen of Nigerian national origin. He is also a Stanford Law School graduate and an associate at Skadden, Arps, Slate, Meagher & Flom LLP. He proceeds here pro se. Boardwalk is an automobile dealership located in Redwood City, California, in the business of selling and leasing various automobiles. VCI is a Delaware corporation, in the business of arranging financing for automobile purchases and leases through various dealerships in the United States, including Boardwalk. VCL is a Delaware statutory trust, with no employees or business operations. VCL holds the title to vehicles leased through VCI.

On August 30, 2005, plaintiff obtained a $199 per month promotional lease offer for a Nissan Altima ("Altima") from an unnamed dealership. Shortly thereafter, on September 2, 2005, plaintiff visited defendant Boardwalk Auto Center ("Boardwalk") to inquire about the promotional offer. Plaintiff test drove an Altima, but because Boardwalk did not have the color he wanted, he became interested in leasing a Volkswagen Jetta ("Jetta") instead. During the negotiation of the lease, plaintiff claims that Boardwalk's Assistant Sales Manager, Mourad Zemmama ("Zemmama") specifically told him, after consultation with Boardwalk's General Manager, David Horn ("Horn"), that an incentive offer similar to the one for the Altima was not available for the Jetta plaintiff wanted to lease. Zemmama then permitted plaintiff to use Boardwalk's computer in order for him to locate proof of a $199 promotional offer for a Jetta. However, because plaintiff was unable to locate such an offer, he ended up leasing his Jetta for $219.62 per month, plus tax.

Two days later, on September 4, 2005, plaintiff learned that a $199 promotional offer was in fact available for certain Jetta's on the same day he negotiated the higher cost lease

2

with Boardwalk. According to plaintiff, Zemmama told him that this promotional offer had never been available for any Jetta, even though Boardwalk knew that such an offer was in fact available. Plaintiff claims that Boardwalk falsely represented that he was not eligible for this promotional offer. As a result of Boardwalk's misrepresentation, plaintiff contends that he leased his Jetta above its advertised price. Plaintiff also contends that, in the advertisement of the promotional offer, VCI and VCL ("VW defendants") misrepresented the authority of Boardwalk to set the final terms with consumers on vehicles eligible for the incentive offered by defendants.

On July 30, 2007, plaintiff filed the pending action against defendants, alleging 6 different "counts" of unlawful discrimination, and fraudulent inducement. Shortly thereafter, on August 20, 2007, plaintiff filed his first amended complaint, which again alleged 6 "counts," as follows: (1) unlawful discrimination in violation of the ECOA, against Boardwalk; (2) unlawful discrimination in violation of the ECOA, against VCI; (3) unlawful discrimination in violation of the ECOA, against VCL; (4) fraudulent inducement, against Boardwalk; (5) unlawful aiding and abetting of fraudulent inducement, against VCI; and (6) unlawful aiding and abetting of fraudulent inducement, against VCL. Plaintiff sought damages in the form of $9691.96 in actual damages, $4 million in "mental anguish," and punitive damages in the amount of $10 million per defendant, for each violation alleged against them.

On August 22, 2008, plaintiff filed his second amended complaint, alleging 4 "counts," as follows: (1) unlawful discrimination in violation of ECOA, against all defendants; (2) unlawful fraudulent deceit, against all defendants; (3) unlawful aiding and abetting of fraudulent deceit, against the VW defendants; and (4) unlawful deceptive business practices in violation of the CLRA, against all defendants. Plaintiff, however,

3

omitted from the SAC those allegations of the FAC that expressly set forth the monetary loss that he was alleging, as well as the amounts in statutory penalties and punitive damages that he was alleging. Instead, the SAC generally alleges that plaintiff is entitled to "damages according to proof" and "punitive damages from each of the defendants according to proof."

Boardwalk and the VW defendants now move separately for summary judgment or, in the alternative, summary adjudication. Plaintiff did not file an opposition to the motion.

## DISCUSSION

A.   Legal Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. See id. at 325; Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 987 (9th Cir. 2006). "Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." Miller, 454 F.3d at 987 (internal quotation marks omitted).

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494-95, n. 4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that

there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. See United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995) (court may not grant judgment for moving party without consideration of whether motion and supporting papers satisfy Fed.R.Civ.P. 56), rev'd on other grounds sub nom. Degen v . United States, 517 U.S. 820 (1996).

B.  Legal Analysis

　　1.  Motion to Seal

VCI filed a motion to seal seeking an order from this court allowing it to file under seal the Dealer Agreement entered into between it and Boardwalk pursuant to Local Rule 79-5. VCI claims that "good cause" exists to file this document under seal because it contains confidential and proprietary business information. However, because this is a dispositive motion, a showing of good cause will not suffice; VCI must offer compelling reasons to support a sealing order. See Kamakana v. City of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (compelling reasons must be shown to seal judicial records attached to a dispositive motion). Applying this standard to the Dealer Agreement, the court finds that VCI has not offered sufficient "compelling reasons" to warrant a sealing order. See id. at 1180. Although VCI asserts that the Dealer Agreement reveals critical proprietary information, the document does not actually appear to directly reveal such information. Accordingly, VCI's motion to seal is DENIED.

　　2.  ECOA Claim

Plaintiff's first claim for relief alleges discrimination under the ECOA based on allegations that defendants discriminated against him in a credit transaction by offering him

financing on less favorable terms and conditions than other credit applicants. Defendants maintain that summary judgment is appropriate with respect to this claim because plaintiff failed to offer any evidence demonstrating that he was discriminated against regarding the terms and conditions of the loan he received.

The ECOA's stated purpose is to protect credit applicants and debtors from arbitrary denial or termination of credit. Arikat v. JP Morgan Chase & Co., 430 F.Supp.2d 1013, 1025 (N.D. Cal. 2006). "It establishes 'as clear national policy that no credit applicant shall be denied . . . on the basis of characteristics that have nothing to do with his or her creditworthiness.' " Miller v. American Express Co., 688 F.2d 1235, 1239 (9th Cir. 1982). Under the ECOA, it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age . . ." 15 U.S.C. § 1691(a)(1). "The term 'applicant' means any person who applies to a creditor directly for an extension, renewal, or continuation of credit, . . ." 15 U.S.C. § 1691a(b). "The term 'creditor' means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). The regulations define "discriminate against an applicant" to mean to treat an applicant less favorably than other applicants. 12 C.F.R. § 202(n). Credit "discrimination" within the meaning of the ECOA occurs when a regulation promulgated under the ECOA is violated. Miller, 688 F.2d at 1239. No showing of any specific intent to discriminate is required. Id.

In the present case, even assuming that plaintiff is an "applicant" and defendants are "creditors" as defined by the ECOA, this claim does not survive summary judgment because plaintiff failed to offer any evidence of discrimination demonstrating that he was

6

treated less favorably than other similarly situated credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age. Plaintiff, for instance, did not offer evidence linking defendants' loan practices to race, color, or national origin discrimination. Nor did he offer evidence demonstrating that individuals with similar economic qualifications received more favorable loans than him. In fact, the undisputed evidence before the court indicates that plaintiff was given "Tier 1" credit, the most favorable financing available at the time for any consumer, based on an entirely automated process that did not take into account race, creed, color, national origin, sex, or sexual orientation. See Decl. of Smithling ¶ 5, Exhs. B, C; Decl. of Horn ¶¶ 9, 10, 12, Exh. 4. Accordingly, because the record does not reveal anything suggesting that the terms and conditions of the loan offered to plaintiff were based on any of the reasons enumerated in § 1691, summary judgment is appropriate on this claim in favor of defendants.

3.  Supplemental Jurisdiction

Because summary judgment is appropriate on plaintiff's federal claim, only state law claims remain. Thus, the question is whether the court should exercise supplemental jurisdiction over plaintiff's remaining state law claims. The Ninth Circuit uses a two-part analysis to determine whether it is appropriate for a court to exercise its discretion to decline supplemental jurisdiction. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (en banc). First, a court must look to whether the case falls under one of the four enumerated circumstances under 28 U.S.C. 1367(c). Id. at 1001. Second, the court must consider whether the values of economy, convenience, fairness, and comity are served by retention of supplemental jurisdiction. Id. " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.' " Id. (quoting

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1998)).

In the present case, because all the federal claims that served as a basis for jurisdiction have been dismissed, this court has discretion under § 1367(c)(3) to decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).  Thus, the remaining question is whether the values of economy, convenience, fairness, and comity are served by retention of supplemental jurisdiction.  As to economy, the court finds that it has not invested so much judicial energy in this case to justify retention of jurisdiction.  Substantial resources have not been invested in plaintiff's state law claims such that dismissal of these claim will result in duplication of any work by the undersigned.  As to convenience, the court is unaware of any reason why it would be more convenient to have this case proceed in this court rather than in state court.  As to fairness, the court finds that a state forum will provide just as fair a proceeding as a federal one.  Finally, as to comity, the court finds that this factor weighs in favor of declining jurisdiction insofar as the remaining claims arise under state law.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (needless decisions of state law should be avoided as a matter of comity).

In sum, this court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.  The court has dismissed the federal claim that served as a basis for jurisdiction and the values of judicial economy, convenience, fairness, and comity, on balance, indicate that this case properly belongs in state court.  As such, the court dismisses plaintiff's state law claims.  These claim are dismissed without prejudice; plaintiff may proceed with these claims in state court if he so elects.  See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) (dismissal of pendent state claims following dismissal of related federal claims must be without prejudice), overruled on other grounds by Acri, 114 F.3d at 1000.

8

## CONCLUSION

For the reasons stated above, defendants' motions for summary judgment are GRANTED on plaintiff's ECOA claim. Plaintiff's remaining state law claims are DISMISSED without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 12, 2008

PHYLLIS J. HAMILTON
United States District Judge